# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MENG HUANG,

       Plaintiff,

v.

THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,

       Defendants.

Case No: 2:19-cv-1976

Judge James L. Graham

Magistrate Judge: Chelsey M. Vascura

## DEFENDANTS THE OHIO STATE UNIVERSITY AND DR. GIORGIO RIZZONI'S ANSWER TO PLAINTIFF'S COMPLAINT

Now come Defendants The Ohio State University and Dr. Giorgio Rizzoni (hereinafter "Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint, states as follows:

### I. Introduction:

1. Defendants admit that Dr. Rizzoni is tenured professor in the College of Engineering and Director of OSU's Center for Automotive Research. Defendants deny the remainder of the allegations in paragraph 1.

2. Defendants admit that Dr. Rizzoni was initially Plaintiff's Ph.D. Advisor. Defendants deny the remainder of the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit that after Plaintiff complained regarding Dr. Rizzoni, OSU performed an investigation. Defendants deny the remainder of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit that an investigation report was issued and deny the remainder of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit that Dr. Rizzoni continues in his positions with the University. Defendants deny the remainder of the allegations in paragraph 9.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

## II. Jurisdiction and Venue:

11. Defendants deny the allegations in paragraph 11 of Plaintiff's Complaint as it contains no factual allegations against them, but merely attempts to state conclusions of law which do not require a response.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendants admit the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendants neither admit nor deny the allegations contained in paragraph 17 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

18.     Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

### III.     Parties:

20.     Defendants neither admit nor deny the allegations contained in paragraph 20 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

21.     Defendants admit the allegations contained in paragraph 21 of Plaintiff's Complaint, except that Defendants deny that the University is "governed by the Ohio Department of Higher Education."

22.     Defendants admit that the University has issued and updated a strategic plan and that the plan speaks for itself.  Defendants deny the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendants admit the allegations contained in paragraph 24 of Plaintiff's Complaint.

## IV.     Facts:

### A.     Rizzoni Recruited Ms. Huang in China

25.     Defendants neither admit nor deny the allegations contained in paragraph 25 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

26.     Defendants admit that Dr. Rizzoni responded to a communication from Plaintiff.  Defendants deny the remainder of the allegations in paragraph 26 of Plaintiff's Complaint and further state that any written communications speak for themselves.

27.     Defendants admit the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     Defendants admit that Dr. Rizzoni met with Plaintiff in China.  Defendants deny the remainder of the allegations contained in paragraph 28 of Plaintiffs' Complaint as characterized by Plaintiff.

29.     Defendants admit that Dr. Rizzoni had dinner with Plaintiff in China.  Defendants deny the remainder of the allegations contained in paragraph 29 as characterized by Plaintiff.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendants admit that Plaintiff was offered a Graduate Research Associate position.  Defendants neither admit nor deny the remainder of the allegations contained in paragraph 31 as they are without sufficient knowledge to formulate a response.

32.     Defendants admit that Dr. Rizzoni and Plaintiff had email communications. Defendants deny the remainder of the allegations contained in paragraph 32 of Plaintiff's Complaint as characterized by Plaintiff and further state that all written communications speak for themselves.

## B.     Ms. Huang Arrives in Columbus

33.     Defendants admit that Dr. Rizzoni met with Plaintiff in September 2014 in his office and drove Plaintiff to and from the meeting.  Defendants deny the remainder of the allegations contained in paragraph 33 as characterized by Plaintiff.

34.     Defendants deny the allegations contained in paragraph 34 as characterized by Plaintiff.

35.     Defendants deny the allegations contained in paragraph 35 as characterized by Plaintiff and further deny knowledge of Plaintiff's thought process.

36.     Defendants admit that Dr. Rizzoni had multiple meetings with Plaintiff during her matriculation at the University.  Defendants deny the remainder of the allegations contained in paragraph 36 as characterized by Plaintiff.

37.     Defendants admit that Dr. Rizzoni offered to drive Plaintiff to and from meetings on occasion.  Defendants deny the remainder of the allegations contained in paragraph 37 as characterized by Plaintiff.

38.     Defendants admit that Dr. Rizzoni and Plaintiff visited Ford Motor Company in Dearborn, Michigan in 2015.  Defendants deny the remainder of the allegations contained in paragraph 38 as characterized by Plaintiff.

39.     Defendants neither admit nor deny the allegations contained in paragraph 39 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

40.     Defendants admit that Dr. Rizzoni and Plaintiff visited Ford Motor Company in April 2015. Defendants deny the remainder of the allegations contained in paragraph 40 of Plaintiff's Complaint.

### C.     Rizzoni Threatens Retaliation for Non-Compliance with Touching

41.     Defendants admit that Dr. Rizzoni and Plaintiff had dinner together in September 2015.  Defendants deny the remainder of the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations contained in paragraph 42 as characterized by Plaintiff.

43.     Defendants deny the allegations contained in paragraph 43 as characterized by Plaintiff.

44.     Defendants deny the allegations contained in paragraph 44 as characterized by Plaintiff.

45.     Defendants admit Dr. Rizzoni asked Plaintiff to travel with him to Ford. Defendants deny the remainder of the allegations in paragraph 45 and further deny knowledge of Plaintiff's thought process.

46.     Defendants deny the allegations contained in paragraph 46 as characterized by Plaintiff.

47.     Defendants deny the allegations contained in paragraph 47.

### D.     Rizzoni's Unwanted touching of Huang Escalates

48.     Defendants admit that Dr. Rizzoni met with Plaintiff in his office in January 2016.  Defendants deny the remainder of the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations contained in paragraph 49.

50.     Defendants deny the allegations contained in paragraph 50.

51.     Defendants admit that Dr. Rizzoni met with Plaintiff in February 2016. Defendants deny the remainder of the allegations contained in paragraph 51 as characterized by the Plaintiff.

52.     Defendants neither admit nor deny the allegations contained in paragraph 52 of Plaintiff's Complaint as they are without knowledge regarding Plaintiff's computer utilization.  Defendants admit that Dr. Rizzoni complained about Plaintiff not being present to complete her responsibilities.   Defendants deny the remainder of the allegations contained in paragraph 52.

53.     Defendants deny the allegations contained in paragraph 53.

**E.     Rizzoni Uses Huang's Relationship with Ford as Leverage**

54.     Defendants admit the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     Defendants admit that Plaintiff secured her position at Ford in large part through Dr. Rizzoni and his relationships with the Ford research team.  Defendants deny the remaining allegations contained in paragraph 55 as they are without sufficient knowledge to formulate a response.

56.     Defendants neither admit nor deny the allegations contained in paragraph 56 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

**F.     Rizzoni Retaliates with Defamation and Disparagement**

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendants neither admit nor deny the allegations contained in paragraph 58 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

59.     Defendants neither admit nor deny the allegations contained in paragraph 59 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

60.     Defendants admit that Dr. Rizzoni sent the September 21, 2016 email and state that the email communication speaks for itself.  Defendants deny the remainder of the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.     Defendants admit that Dr. Rizzoni sent the email on September 21, 2016 and state that the email communication speaks for itself.  Defendants deny the remainder of the allegations in paragraph 61.

62.     Defendants deny the allegations contained in paragraph 62 as characterized by Plaintiff.  Defendants further state that any email communications speak for themselves.

63.     Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

64.     Defendants neither admit nor deny the allegations contained in paragraph 64 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

65.     Defendants neither admit nor deny the allegations contained in paragraph 65 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     Defendants neither admit nor deny the allegations contained in paragraph 68 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

69.     Defendants admit that Dr. Rizzoni sent one or more email communications to Plaintiff and state that any written communications speak for themselves.  Defendants deny the remainder of the allegations contained in paragraph 69.

70.     Defendants admit that Plaintiff requested and received permission to travel to China.  Defendants deny the remaining allegations contained in paragraph 70 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

71.     Defendants admit that Dr. Rizzoni had email communications with Plaintiff and state that any written communications speak for themselves.  Defendants deny the remainder of the allegations contained in paragraph 71 as characterized by Plaintiff.

72.     Defendants admit that Dr. Rizzoni had email communications with Plaintiff and state that any written communications speak for themselves.  Defendants deny the remainder of the allegations contained in paragraph 72 as characterized by Plaintiff.

73.     Defendants admit that Dr. Rizzoni had email communications with Plaintiff and state that any written communications speak for themselves.

74.     Defendants admit that Ph.D. candidacy examinations are rarely failed and deny the remainder of the allegations in paragraph 74 of Plaintiff's Complaint.

75.     Defendants neither admit nor deny the allegations contained in paragraph 75 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

### G.     Further Escalation in Unwanted Sexual Advances

76.     Defendants admit the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

79.     Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

80.     Defendants admit that Dr. Rizzoni had knee surgery.  Defendants also admit that Plaintiff and Dr. Rizzoni text messaged each other.  Defendants deny the remainder of the allegations in paragraph 80 and further state that any text messages speak for themselves.

81.     Defendants admit that Dr. Rizzoni and Plaintiff exchanged text messages. Defendants deny the remainder of the allegations in paragraph 81 and further state that any text messages speak for themselves.

82.     Defendants deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83.     Defendants admit the allegations contained in paragraph 83 of Plaintiff's Complaint.

84.     Defendants neither admit nor deny the allegations contained in paragraph 84 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

85.     Defendants admit that Plaintiff visited Dr. Rizzoni's house.  Defendants admit that Dr. Rizzoni and Plaintiff were alone in the house at some point.  Defendants neither admit nor deny the remainder of the allegations contained in paragraph 85 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

86.     Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of Plaintiff's Complaint.

89.     Defendants neither admit nor deny the allegations contained in paragraph 89 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

90.     Defendants admit that Dr. Rizzoni sent an email communication to Plaintiff. Defendant denies the remainder of the allegations contained in paragraph 90 of Plaintiff's Complaint and further states that any written communications speak for themselves.

91.     Defendants admit that Dr. Rizzoni met with Plaintiff in February 2017. Defendants deny the remainder of the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.     Defendants admit that Dr. Rizzoni sent an email communication to Plaintiff. Defendant denies the remainder of the allegations contained in paragraph 92 of Plaintiff's Complaint and further states that any written communications speak for themselves.

93.     Defendants neither admit nor deny the allegations contained in paragraph 93 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

94.     Defendants deny that Dr. Rizzoni ever abused Plaintiff.  Defendants neither admit nor deny the remainder of the allegations in paragraph 94 as they are without sufficient knowledge to formulate a response.

95.     Defendants admit that Plaintiff had conference call meetings with Ford in 2017.  Defendants deny the remainder of the allegations contained in paragraph 95 of Plaintiff's Complaint.

### H.     Rizzoni Abused His Status as an OSU Professor to Coerce Ms. Huang's Submission, and then to Retaliate Against Her

96.     Defendants deny the allegations contained in paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny the allegations contained in paragraph 97 as Plaintiff merely attempts to state a conclusion of law which does not require a response.

98.     Defendants deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of Plaintiff's Complaint.

100.    Defendants admit that Plaintiff was an intern at Ford in 2017.  Defendants deny the remainder of the allegations contained in paragraph 100 of Plaintiff's Complaint as characterized by Plaintiff.

101.    Defendants neither admit nor deny the allegations contained in paragraph 101 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

102.    Defendants neither admit nor deny the allegations contained in paragraph 102 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

103.    Defendants neither admit nor deny the allegations contained in paragraph 103 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

104.    Defendants neither admit nor deny the allegations contained in paragraph 104 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

105.    Defendants admit that Plaintiff's supplemental stipend was terminated in 2017.  Defendants deny the remainder of the allegations contained in paragraph 105 as they are without sufficient knowledge to formulate a response.

106.    Defendants deny the allegations contained in paragraph 106 of Plaintiff's Complaint and further state that any written communications speak for themselves.

107.    Defendants admit that Dr. Rizzoni met with Plaintiff in August 2017. Defendants deny the remainder of the allegations contained in paragraph 107 of Plaintiff's Complaint.

108.    Defendants neither admit nor deny the allegations contained in paragraph 108 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

109.    Defendants neither admit nor deny the allegations contained in paragraph 109 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

110.    Defendants admit that Dr. Rizzoni met with Plaintiff regarding her Ph.D. candidacy exam and discussed the professors to invite to serve on her committee.

Defendants deny the remainder of the allegations contained in paragraph 110 of Plaintiff's Complaint.

111.    Defendants deny the allegations contained in paragraph 111 of Plaintiff's Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of Plaintiff's Complaint and further state that any email communications speak for themselves.

113.    Defendants admit that Dr. Rizzoni emailed Plaintiff and that those email communications speak for themselves.  Defendants deny the remainder of the allegations contained in paragraph 113 of Plaintiff's Complaint.

114.    Defendants deny the allegations contained in paragraph 114 of Plaintiff's Complaint.

115.    Defendants neither admit nor deny the allegations contained in paragraph 115 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

116.    Defendants admit that Dr. Rizzoni had communications with Plaintiff. Defendants deny the remainder of the allegations contained in paragraph 116 of Plaintiff's Complaint as characterized by Plaintiff and further state that any written communications speak for themselves.

117.    Defendants deny the allegations contained in paragraph 117 of Plaintiff's Complaint.

118.    Defendants admit that Dr. Rizzoni sent an email on November 15, 2017, and state that any written communications speak for themselves.  Defendants deny the remainder the allegations contained paragraph 118.

119.    Defendants admit that Mr. Anderson sent an email on November 16, 2017 and state that any written communications speak for themselves.  Defendants deny the remainder the allegations in 119.

120.    Defendants admit that a meeting took place and that Plaintiff was provided oral and written examination questions.  Defendants deny the remainder of the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.    Defendants admit that Dr. Rizzoni sent email communications to the Ph.D. committee and copied Plaintiff.  Defendants deny the remainder the allegations contained in paragraph 121 as characterized by Plaintiff and further state that all written communications speak for themselves.

122.    Defendants neither admit nor deny the allegations contained in paragraph 122 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

123.    Defendants admit that Dr. Rizzoni informed Plaintiff that another faculty member was added to the Ph.D. committee.  Defendants deny the remainder the allegations contained in paragraph 123.

124.    Defendants admit that Dr. Rizzoni directed Plaintiff to submit the committee names to the graduate school for approval.  Defendants deny the remainder of the allegations contained in paragraph 124.

125.    Defendants admit that Dr. Rizzoni and Anderson communicated.  Defendants deny the remainder of the allegations contained in paragraph 125 of Plaintiff's Complaint.

126.    Defendants deny the allegations contained in paragraph 126 of Plaintiff's Complaint.

127.     Defendants admit the allegations contained in paragraph 127 of Plaintiff's Complaint.

128.     Defendants deny the allegations contained in paragraph 128 of Plaintiff's Complaint.

129.     Defendants deny the allegations contained in paragraph 129 of Plaintiff's Complaint.

130.     Defendants deny the allegations contained in paragraph 130 of Plaintiff's Complaint.

131.     Defendants admit that Dr. Rizzoni communicated the committee's decision to Plaintiff in December 2017.  Defendants deny the remainder of the allegations contained in paragraph 131 of Plaintiff's Complaint and further state that written communications speak for themselves.

132.     Defendants deny the allegations contained in paragraph 133 of Plaintiff's Complaint.

133.     Defendants deny the allegations contained in paragraph 133 of Plaintiff's Complaint.

134.     Defendants deny the allegations contained in paragraph 134 of Plaintiff's Complaint as they are without specific knowledge to formulate a response.

135.     Defendants deny that Dr. Rizzoni ever abused Plaintiff. Defendants neither admit nor deny the remainder of the allegations contained in paragraph 135 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

136. Defendants neither admit nor deny the allegations contained in paragraph 136 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

137. Defendants admit that Plaintiff filed a complaint about Dr. Rizzoni. Defendants deny the remainder of the allegations contained in paragraph 137 of Plaintiff's Complaint.

I.     **OSU's Investigation was Engineered to Protect Rizzoni and Put Ms. Huang on Trial Instead of Rizzoni.  While This Occurred, Ms. Huang Experienced Further Retaliation.**

138. Defendants admit the allegations contained in paragraph 138 of Plaintiff's Complaint.

139. Defendants admit the allegations contained in paragraph 139 of Plaintiff's Complaint.

140. Defendants neither admit nor deny the allegations contained in paragraph 140 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

141. Defendants admit the allegations contained in paragraph 141 of Plaintiff's Complaint.

142. Defendants deny the allegations contained in paragraph 142 of Plaintiff's Complaint.

143. Defendants deny the allegations contained in paragraph 143 of Plaintiff's Complaint.

144. Defendants deny the allegations contained in paragraph 144 of Plaintiff's Complaint.

145.     Defendants deny the allegations contained in paragraph 145 of Plaintiff's Complaint as characterized by Plaintiff.

146.     Defendants admit that Plaintiff met with Mariyn (sic Maryn) Weimer. Defendants deny the remainder of the allegations contained in paragraph 146 of Plaintiff's Complaint as characterized by Plaintiff.

147.     Defendants deny the allegations contained in paragraph 147 of Plaintiff's Complaint.

148.     Defendants deny the allegations contained in paragraph 148 of Plaintiff's Complaint as characterized by Plaintiff

149.     Defendants admit that Plaintiff was allowed to retake her Ph.D. candidacy exam and she passed the exam in March of 2018.  Defendants deny the remainder of the allegations contained in paragraph 149 of Plaintiff's Complaint.

150.     Defendants admit that Plaintiff was given a new appointment and funding. Defendants deny the remainder of the alleagations contained in paragraph 150 of Plaintiff's Complaint as characterized by Plaintiff.

151.     Defendants deny the allegations contained in paragraph 151 of Plaintiff's Complaint.

152.     Defendants admit that Defendant OSU issued a written investigation report regarding Plaintiff's Complaint against Dr. Rizzoni in March 2018.  Defendants deny the remainder of the allegations contained in paragraph 152 of Plaintiff's Complaint and further state that the report speaks for itself.

153.    Defendants deny the allegations contained in paragraph 153 of Plaintiff's Complaint as characterized by Plaintiff and further state that the investigation report speaks for itself.

154.    Defendants deny the allegations contained in paragraph 154 of Plaintiff's Complaint as characterized by Plaintiff and further state that the investigation report speaks for itself.

155.    Defendants deny the allegations contained in paragraph 155 of Plaintiff's Complaint as characterized by Plaintiff and further state that the investigation report speaks for itself.

156.    Defendants deny the allegations contained in paragraph 156 of Plaintiff's Complaint and further state that the investigation report speaks for itself.

157.    Defendants deny the allegations contained in paragraph 157 of Plaintiff's Complaint.

158.    Defendants deny the allegations contained in paragraph 158 of Plaintiff's Complaint.

159.    Defendants admit that Parry instructed Plaintiff and all other parties to the investigation to not retaliate against anyone involved with her complaint.  Defendants deny the remainder of the allegations contained in paragraph 159 of Plaintiff's Complaint as characterized by Plaintiff.

**J.    OSU and Rizzino Caused Severe Emotional Distress and Economic Harm to Ms. Huang**

160.    Defendants deny the allegations contained in paragraph 160 of Plaintiff's Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of Plaintiff's Complaint.

162.    Defendants neither admit nor deny the allegations contained in paragraph 162 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

163.    Defendants deny the allegations contained in paragraph 163 of Plaintiff's Complaint.

164.    Defendants deny that the Plaintiff's candidacy exam was pre-textual. Defendant neither admits nor denies the remaining allegations contained in paragraph 164 as they are without sufficient knowledge to formulate a response.

165.    Defendants neither admit nor deny the allegations contained in paragraph 165 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

166.    Defendants neither admit nor deny the allegations contained in paragraph 166 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

**K.    OSU Failed to Follow its Sexual Misconduct Policy.**

167.    Defendants deny the allegations contained in paragraph 167 of Plaintiff's Complaint and further state that the policy quoted within the paragraph by Plaintiff speaks for itself and does not, therefore, require a response.

168.    Defendants deny the allegations contained in paragraph 168 of Plaintiff's Complaint.

169.     Defendants deny the allegations contained in paragraph 169 of Plaintiff's Complaint.

170.     Defendants deny the allegations contained in paragraph 170 of Plaintiff's Complaint.

171.     Defendants deny the allegations contained in paragraph 171 of Plaintiff's Complaint.

## V. Causes of Action:

### A.     Title IX – Sexual and Racial Harassment (Against OSU and Rizzoni)

172.     Defendants do not answer paragraph 172 of Plaintiff's Complaint as it contains no factual allegations against them.

173.     Defendants admit the allegations contained in paragraph 173 of Plaintiff's Complaint.

174.     Defendants deny the allegations contained in paragraph 174 of Plaintiff's Complaint.

175.     Defendants deny the allegations contained in paragraph 175 of Plaintiff's Complaint.

176.     Defendants deny the allegations contained in paragraph 176 of Plaintiff's Complaint.

177.     Defendants deny the allegations contained in paragraph 177 of Plaintiff's Complaint.

178.     Defendants deny the allegations contained in paragraph 178 of Plaintiff's Complaint.

### B.     Title IX – Hostile Environment (Against OSU and Rizzoni)

179.     Defendants do not answer paragraph 179 of Plaintiff's Complaint as it contains no factual allegations against them.

180.     Defendants deny the allegations contained in paragraph 180 of Plaintiff's Complaint.

181.     Defendants deny the allegations contained in paragraph 181 of Plaintiff's Complaint.

182.     Defendants deny the allegations contained in paragraph 182 of Plaintiff's Complaint.

183.     Defendants deny the allegations contained in paragraph 183 of Plaintiff's Complaint.

184.     Defendants deny the allegations contained in paragraph 184 of Plaintiff's Complaint.

**C.     Title VII – Sexual and Racial Harassment (Against OSU and Rizzoni)**

185.     Defendants do not answer paragraph 185 of Plaintiff's Complaint as it contains no factual allegations against them.

186.     Defendants deny the allegations contained in paragraph 186 of Plaintiff's Complaint.

187.     Defendants deny the allegations contained in paragraph 187 of Plaintiff's Complaint.

188.     Defendants deny the allegations contained in paragraph 188 of Plaintiff's Complaint.

189.     Defendants deny the allegations contained in paragraph 189 of Plaintiff's Complaint.

190.    Defendants deny the allegations contained in paragraph 190 of Plaintiff's Complaint.

191.    Defendants deny the allegations contained in paragraph 191 of Plaintiff's Complaint.

192.    Defendants admit Plaintiff filed a charge of discrimination against the University with EEOC.  Defendants neither admit nor deny the remainder of the allegations contained in paragraph 192 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

193.    Defendants deny the allegations contained in paragraph 193 of Plaintiff's Complaint.

**D.    Title IX – Retaliation (Against OSU and Rizzoni)**

194.    Defendants do not answer paragraph 194 of Plaintiff's Complaint as it contains no factual allegations against them.

195.    Defendants deny the allegations contained in paragraph 195 of Plaintiff's Complaint.

196.    Defendants deny the allegations contained in paragraph 196 and subparts (a) through (g) of Plaintiff's Complaint.

197.    Defendants deny the allegations contained in paragraph 197 of Plaintiff's Complaint.

**E.    Title VII – Retaliation (Against OSU and Rizzoni)**

198.    Defendants do not answer paragraph 198 of Plaintiff's Complaint as it contains no factual allegations against them.

199.     Defendants deny the allegations contained in paragraph 199 of Plaintiff's Complaint.

200.     Defendants deny the allegations contained in paragraph 200 and subparts (a) through (g) of Plaintiff's Complaint.

201.     Defendants deny the allegations contained in paragraph 201 of Plaintiff's Complaint.

### F. Sexual and Racial Harassment Under the Elliott-Larsen Civil Rights Act (M.C.L. § 37.2101) (against Rizzoni only)

202.     Defendants do not answer paragraph 202 of Plaintiff's Complaint as it contains no factual allegations against them.

203.     Defendants deny the allegations contained in paragraph 203 of Plaintiff's Complaint.

204.     Defendants deny the allegations contained in paragraph 204 of Plaintiff's Complaint.

205.     Defendants deny the allegations contained in paragraph 205 of Plaintiff's Complaint.

206.     Defendants deny the allegations contained in paragraph 206 of Plaintiff's Complaint.

207.     Defendants deny the allegations contained in paragraph 207 of Plaintiff's Complaint.

208.     Defendants deny the allegations contained in paragraph 208 of Plaintiff's Complaint.

209.     Defendants deny the allegations contained in paragraph 209 of Plaintiff's Complaint.

## G. Retaliation Under the Elliott-Larsen Civil Rights Act
## (M.C.L. § 37.2101) (against Rizzoni only)

210.    Defendants do not answer paragraph 210 of Plaintiff's Complaint as it contains no factual allegations against them.

211.    Defendants deny the allegations contained in paragraph 211 of Plaintiff's Complaint.

212.    Defendants deny the allegations contained in paragraph 212 and subparts (a) through (g) of Plaintiff's Complaint.

213.    Defendants deny the allegations contained in paragraph 213 of Plaintiff's Complaint.

## H. Fourteenth Amendment Due Process Under 42 U.S.C. § 1983
## (against Rizzoni only, in his personal capacity)

214.    Defendants do not answer paragraph 214 of Plaintiff's Complaint as it contains no factual allegations against them.

215.    Defendants deny the allegations contained in paragraph 215 of Plaintiff's Complaint as it merely attempts to state a legal conclusion.

216.    Defendants deny the allegations contained in paragraph 216 of Plaintiff's Complaint.

217.    Defendants deny the allegations contained in paragraph 217 of Plaintiff's Complaint.

## I. Battery (against Rizzoni only)

218.    Defendants do not answer paragraph 218 of Plaintiff's Complaint as it contains no factual allegations against them.

219.    Defendants deny the allegations contained in paragraph 219 of Plaintiff's Complaint.

220.    Defendants deny the allegations contained in paragraph 220 of Plaintiff's Complaint.

221.    Defendants deny the allegations contained in paragraph 221 of Plaintiff's Complaint.

## J. Assault (against Rizzoni only)

222.    Defendants do not answer paragraph 222 of Plaintiff's Complaint as it contains no factual allegations against them.

223.    Defendants deny the allegations contained in paragraph 223 of Plaintiff's Complaint.

224.    Defendants deny the allegations contained in paragraph 224 of Plaintiff's Complaint.

225.    Defendants deny the allegations contained in paragraph 225 of Plaintiff's Complaint.

## K. Intentional Infliction of Emotional Distress
## (against Rizzoni only)

226.    Defendants do not answer paragraph 226 of Plaintiff's Complaint as it contains no factual allegations against them.

227.    Defendants deny the allegations contained in paragraph 227 of Plaintiff's Complaint.

228.    Defendants deny the allegations contained in paragraph 228 of Plaintiff's Complaint.

229.    Defendants deny the allegations contained in paragraph 229 of Plaintiff's Complaint.

230.    Defendants deny the allegations contained in paragraph 230 of Plaintiff's Complaint.

## L. Negligent Infliction of Emotional Distress
### (against Rizzoni only)

231.    Defendants do not answer paragraph 231 of Plaintiff's Complaint as it contains no factual allegations against them.

232.    Defendants deny the allegations contained in paragraph 232 of Plaintiff's Complaint.

233.    Defendants deny the allegations contained in paragraph 233 of Plaintiff's Complaint.

234.    Defendants deny the allegations contained in paragraph 234 of Plaintiff's Complaint.

235.    Defendants deny the allegations contained in paragraph 235 of Plaintiff's Complaint.

## M. Tortious Interference with Prospective Contractual Relations
### (against Rizzoni only)

236.    Defendants do not answer paragraph 236 of Plaintiff's Complaint as it contains no factual allegations against them.

237.    Defendants deny the allegations contained in paragraph 237 of Plaintiff's Complaint.

238.    Defendants deny the allegations contained in paragraph 238 of Plaintiff's Complaint.

239.     Defendants deny the allegations contained in paragraph 239 of Plaintiff's Complaint.

240.     Defendants deny the allegations contained in paragraph 240 of Plaintiff's Complaint.

241.     Defendants deny the allegations contained in paragraph 241 of Plaintiff's Complaint.

242.     Defendants deny the allegations contained in paragraph 242 of Plaintiff's Complaint.

### N. Defamation
### (against Rizzoni only)

243.     Defendants do not answer paragraph 243 of Plaintiff's Complaint as it contains no factual allegations against them.

244.     Defendants deny the allegations contained in paragraph 244 of Plaintiff's Complaint.

245.     Defendants deny the allegations contained in paragraph 245 of Plaintiff's Complaint.

246     Defendants deny the allegations contained in paragraph 246 of Plaintiff's Complaint.

247.     Defendants deny the allegations contained in paragraph 247 of Plaintiff's Complaint.

248.     Defendants deny the allegations contained in paragraph 248 of Plaintiff's Complaint.

249.     Defendants deny any allegations or claims contained in Plaintiff's Complaint which are not specifically admitted herein.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted and Defendants are further entitled to all defenses set forth in Fed. R. Civ. Proc. 12 (b).

## SECOND DEFENSE

Plaintiff may have failed to mitigate some or all of her claimed damages, if any.

## THIRD DEFENSE

Plaintiff's Title VII claims fail because Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

## FOURTH DEFENSE

Defendants are entitled to absolute and/or qualified immunity under State and Federal law with respect to some or all of Plaintiff's causes of action.

## FIFTH DEFENSE

Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution with respect to some or all of Plaintiff's causes of action.

## SIXTH DEFENSE

Defendants at all times acted reasonably and with legitimate business/educational purposes, so Plaintiff's punitive damages claims fail as a matter of law.

## SEVENTH DEFENSE

Defendants specifically reserve the right to add additional affirmative defenses as may become necessary through the course of discovery.

WHEREFORE, Defendants The Ohio State University and Dr. Giorgio Rizzoni respectfully request this Honorable Court to dismiss Plaintiff's cause of action with prejudice and award costs and attorneys' fees so wrongfully incurred.

Respectfully submitted,

/s/ Christina L. Corl
Christina L. Corl (0067869)
Plunkett Cooney
300 East Broad St., Suite 590
Columbus, OH 43215
Tel: (614) 629-3018
Fax: (614) 629.3019
Email: CCorl@plunkettcooney.com
*Attorney for Defendants*

## RELIANCE ON JURY DEMAND

Defendants The Ohio State University and Dr. Giorgio Rizzoni, by and through counsel, hereby rely upon the Jury Demand previously entered in this case.

/s/ Christina L. Corl
Christina L. Corl (0067869)
Plunkett Cooney

## CERTIFICATE OF SERVICE

I hereby certify that on this **21st day of April, 2020**, I filed the foregoing with the Clerk of Court by via the Court's electronic filing system. All parties shall also be notified and receive service via electronic mail, through the Court's ECF system.

/s/ Christina L. Corl
Christina L. Corl (0067869)
Plunkett Cooney