UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MENG HUANG,

   Plaintiff,

 v.            Civil Action 2:19-cv-1976
                Judge James L. Graham
                Magistrate Judge Chelsey M. Vascura

OHIO STATE UNIVERSITY, *et al.*,

   Defendants.

## PRELIMINARY PRETRIAL ORDER

The Court conducted a telephonic preliminary pretrial conference on April 21, 2020. All parties were represented by counsel.

### Rule 26(a)(1) Initial Disclosures

The parties have agreed to make initial disclosures by May 15, 2020.

### Jurisdiction and Venue

There are no contested issues related to venue or jurisdiction.

### Amendments to Pleadings and/or Joinder of Parties

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **June 1, 2020**.

### Motions

There are no pending motions.

During the conference, Defense counsel orally moved to file their Answer out of time, acknowledging that their Answer was untimely in light of the Court's February 3, 2020 Opinion and Order (ECF No. 38) resolving the pending Motion to Dismiss. Plaintiff's counsel objected, asserting that the Court should find certain affirmative defenses waived on the grounds that Defendants' Answer was untimely. The Court granted the oral motion, in light of the general rule that the Court prefers to decide a case on its merits. *See e.g., Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F.Supp.2d 671, 674 (S.D. Ohio 2009); *cf. United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983) ("[J]udgment by default is a drastic step which should be resorted to only in the most extreme cases" such that "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits."). *See also Swart v. Pitcher,* No. 92-2401, 9 F.3d 109, 1993 WL 406802, at *3 (6th Cir. Oct. 8, 1993) (Table) (finding no waiver of the affirmative defense of qualified immunity based upon the defendants' failure to file a timely answer, explaining that "defendants' filing of a late answer [does not] automatically work a waiver of the defense at all stages of litigation"). Plaintiff's counsel indicated that a motion to strike Defendants' affirmative defenses on timeliness grounds may be forthcoming.

**Allegations in the Pleadings and Jury Demand**

Plaintiff Meng Huang was both a graduate student and an employee of the Ohio State University ("OSU"). Her Ph.D. advisor, Defendant Giorgio Rizzoni, subjected her to a pattern of escalating sexual harassment. Ms. Huang alleges that Defendants retaliated against her for her protected activities and attempted to sabotage her academic career, in violation of Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments Act of 1972. Ms. Huang also alleges that Defendant Rizzoni, in his personal capacity, used his position as a tenured professor at OSU to violate her right to bodily integrity, and deprive her of her liberty and

property without due process in violation of law under the Fourteenth Amendment to the United States Constitution and contrary to her rights protected by 42 U.S.C. § 1983, causing her great emotional distress.

There is a jury demand.

**Expert Disclosures**[1]

Primary expert reports, if any, must be produced by **November 1, 2020**. Rebuttal expert reports, if any, must be produced by **December 1, 2020**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by **December 30, 2020**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

---

[1] Rebuttal/Responsive experts are strictly limited to rebutting unanticipated opinions expressed by a primary expert. When the plaintiff intends to offer no expert testimony supporting his or her claims, but the defendant chooses to offer expert testimony on them that would ordinarily constitute rebuttal/responsive testimony, the defendant's experts must make such disclosures by the first deadline.

The parties anticipate the production of ESI. The parties agree that the majority of electronically stored information is likely be in the following formats: e-mail (html); video (mpeg); and document (pdf or doc). To the extent ESI is discoverable and as limited herein, the production of ESI shall be in PDF or TIFF format, at the choice of the producing party, where feasible. The receiving party may then request any document in native form if the receiving party deems necessary. The producing party may produce documents in native form if it deems that this is appropriate based on the file type.

The parties intend to seek entry of a protective order or clawback agreement.

**Dispositive Motions**

Case dispositive motions must be filed by **February 1, 2021**.

**Settlement**

Plaintiff shall make a settlement demand by **May 1, 2020**. Defendants shall respond by **21 days following Plaintiff's demand**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **June 2020**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE