UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MENG HUANG,

      **Plaintiff,**

  v.                                          Civil Action 2:19-cv-1976
                                                     Judge James L. Graham
                                                     Magistrate Judge Chelsey M. Vascura

OHIO STATE UNIVERSITY, *et al.*,

      **Defendants.**

## ORDER

This matter came before the Court for a telephonic discovery conference on August 24, 2020.  All parties were represented by counsel.  This Order memorializes that conference.

Defendants requested the conference to resolve a number of discovery disputes.  During the conference, the Court made the following rulings:

(1)    **Number of Defendants' Interrogatories:** Plaintiff must answer all of Defendants' outstanding interrogatories, even though they combined exceed 25 in number, with the exception of Interrogatory No. 33.  Although the letter of Federal Rule of Civil Procedure 33 required Defendants to each propound separate interrogatories if they together wished to exceed the maximum number of 25 provided for by the Rule, the time, effort, resources required to answer would be the same no matter which Defendant propounded each interrogatory.  Further, because Interrogatory No. 33 has the effect of requiring Plaintiff to answer 31 contention interrogatories based on her 31 denials of Defendants' Requests for Admission, it inappropriately circumvents Rule 33's limit on the number of interrogatories (regardless of whether that was Defendants' intention).

(2)     **Plaintiff's Interrogatory No. 6 to OSU:** Defendant The Ohio State University ("OSU") need not respond to Plaintiff's Interrogatory No. 6 regarding other complaints of sexual harassment and/or assault against any OSU employees for the past ten years.  Contrary to Plaintiff's assertions, comparator evidence is not relevant to any of her remaining claims because disparate treatment is not at issue and Plaintiff need not prove she was treated differently than any other complainant.  *See Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008) (outlining elements of Title VII hostile work environment claim); *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004) (outlining elements of Title VII retaliation claim); *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 673 (6th Cir. 2013), *abrogated on other grounds by Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) (outlining elements of Title IX retaliation claim); *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (outlining elements of due process claim); *see also Prasad v. George Washington Univ.*, 323 F.R.D. 88, 96 (D.D.C. 2017) ("Nor do the allegations actually made admit of the need for comparator evidence. Plaintiff asserts that Defendant responded unreasonably to her report, not that it responded differently to her report than it did to others on the basis of her sex.")  Nor are comparators relevant to any *Fargher/Ellerth* affirmative defense that OSU may assert.  *See Clark v. United Parcel Serv.*, Inc., 400 F.3d 341, 349 (6th Cir. 2005) (analyzing the affirmative defense with reference to whether the employer's sexual harassment policy was effective in the plaintiff's case, not whether it generally effective across the company).  Any tangential relevance this interrogatory may have is outweighed by the burden OSU would incur in responding.

(3)     **Plaintiff's Interrogatory No. 11 to OSU:** OSU need not respond to Interrogatory No. 11 regarding the amount of revenue generated by the Center for Automotive Research ("CAR").  Plaintiff argues that this information will provide a motive for OSU to have conducted

a "sham" investigation in response to her complaint of sexual harassment by Defendant Rizzoni, a prominent professor of the CAR.  Some cases indicate that a sham investigation might itself constitute an adverse action for retaliation purposes, and, thus, the alleged "sham" nature of the investigation may be relevant to Plaintiff's retaliation claims.  *See Thompson v. Quorum Health Res., LLC*, 485 F. App'x 783, 792 (6th Cir. 2012) ("sham" investigation was relevant evidence of pretext in an FCA retaliation case); *Brown v. City of Allen Park*, No. 17-12403, 2018 WL 3839373, at *15 (E.D. Mich. Aug. 13, 2018) (assigning one of accused sexual harassers to investigate sexual harassment complaint would dissuade reasonable employees from making further complaints, satisfying Title VII's adverse action standard for retaliation).  However, Plaintiff does not need an exact dollar amount of revenue generated by Dr. Rizzoni to make her point that OSU might have been motivated to discount her complaint.  Again, any relevance is outweighed by the burden of production.

(4)     **Plaintiff's Request for Production No. 18 to OSU:** OSU need not respond to this request for documents relating to its efforts to monitor the effectiveness of its sexual harassment policies.  As noted *supra*, Plaintiff's remaining claims do not relate to other complaints of sexual harassment or the broader implementation of OSU's sexual harassment policies.

(5)     **Plaintiff's Interrogatory No. 23 to OSU:** OSU need not respond to this request for documents relating to OSU's Sexual Civility and Empowerment Unit.  These documents are not relevant to Plaintiff's claims.  *See Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 4958958, at *6–7 (S.D. Ohio Oct. 15, 2018) (finding a similar document request related to the Sexual Civility and Empowerment Unit irrelevant to Plaintiff's Title IX claims).

(6) **Plaintiff's Request for Production No. 24 to OSU:** The parties represent that they have continued to meet and confer regarding the search terms Plaintiff enumerated in this request and would prefer the Court defer a ruling.

(7) **Plaintiff's Requests to OSU for documents relating to the deposition of Kristi Hoge:** After deposing Kristi Hoge, supervisor of Jonathan Parry, who was the lead investigator on Plaintiff's case, Plaintiff requested the following documents:

> (i) An investigation report generated by Ms. Hoge and referenced by her during her deposition regarding a staff member in OSU's College of Food, Agricultural and Environmental Sciences, where Ms. Hoge found the claimant's allegations of sexual harassment to be founded;
>
> (ii) All drafts and version control metadata regarding OSU's investigative report regarding Ms. Huang's claim against Defendant Rizzoni;
>
> (iii) The transcript of a deposition of Ms. Hoge from a prior sexual harassment case in which she performed an investigation, referenced by Ms. Hoge in her deposition; and
>
> (iv) The report from the Department of Education's Office of Civil Rights' recent investigation of sexual harassment at OSU, also referenced by Ms. Hoge at her deposition.

The Court finds that items (i), (iii), and (iv) are not relevant, because, as explained *supra*, other complaints of sexual harassment and OSU's policies and responses to complaints are not relevant to Plaintiff's remaining claims.  Item (ii) is reasonable and relevant and must be produced.  OSU's counsel stated during the conference that OSU did not maintain draft versions of the report, but that OSU would produce the report in native format with metadata intact.

(8) **Plaintiff's Interrogatory No. 2 to Rizzoni:** Dr. Rizzoni need not answer this interrogatory seeking the identities of his previous Ph.D. and M.S. students.  Plaintiff asserts this is necessary to establish a pattern of sexual harassment by Dr. Rizzoni of his students.  However, as explained *supra*, his treatment of other students is not relevant to Plaintiff's remaining claims.

(9) **Plaintiff's Interrogatory No. 5 to Rizzoni:** Dr. Rizzoni need not further answer this interrogatory seeking the dates, places, and purposes of his visits to China since 2010.  This interrogatory is overbroad and any tangential relevance is outweighed by the burden of responding.

(10) **Plaintiff's Request for Production No. 22 to Rizzoni:** This request seeks emails, text messages, social media messages, chats, or posts from 2013 to present relating to the following:

    (a) Travel to China;
    (b) Recruitment of graduate students;
    (c) Meng Huang (also known as "Molly");
    (d) Your suspension from OSU in 2017 and 2018;
    (e) Any sexual or romantic relationship between yourself and any person other than your wife;
    (f) This lawsuit or any media coverage relating to the same; or
    (g) OSU's investigation of Ms. Huang's allegations against you.

The Court finds that topics (a), (b), and (e) are not relevant to Plaintiff's claims.  The remaining topics, however, are relevant.  Dr. Rizzoni's counsel stated that he had already produced responsive documents reflecting communications between Dr. Rizzoni and Plaintiff, and that he will search for documents reflecting any communications with other individuals relating to topics (c), (d), (f), and (g) and either supplement his production and/or produce a privilege log identifying any documents withheld.

**IT IS SO ORDERED.**

                                      /s/ *Chelsey M. Vascura*
                                      CHELSEY M. VASCURA
                                      UNITED STATES MAGISTRATE JUDGE