UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MENG HUANG,

      Plaintiff,

  v.                                          Civil Action 2:19-cv-1976
                                              Judge James L. Graham
                                              Magistrate Judge Chelsey M. Vascura

THE OHIO STATE UNIVERSITY, *et al.*,

      Defendants.

**OPINION AND ORDER**

    Plaintiff, Meng Huang, brings this action asserting claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972 against The Ohio State University ("OSU") and Dr. Giorgio Rizzoni, a professor of the Center for Automotive Research in OSU's College of Engineering.  This matter is before the Court on Plaintiff's Motion to Recuse Magistrate Judge (ECF No. 59).  Plaintiff argues that the undersigned's recusal is required by 28 U.S.C. § 455 due to her employment as an adjunct professor at OSU's Moritz College of Law.

    Under § 455, a federal judge must disqualify herself from a proceeding where "[her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Recusal under this statute involves an objective inquiry:

> [§ 455(a)] is "not based on the subjective view of a party," *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (citation omitted), and rather imposes an objective standard: a judge must disqualify himself "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (citation omitted).

*Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016) (internal quotation marks and citations omitted). When the objective appearance-of-partiality standard presents a close question, "the judge must recuse [herself]." *Union Planters Bank v. L & J Dev. Co., Inc.*, 115 F.3d 378, 383 (6th Cir. 1997) (quoting *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993)). Nonetheless, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (emphasis omitted). The burden is on the moving party to justify disqualification. *Burley*, 834 F.3d at 616 (citing *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999)).

Here, Plaintiff's sole argument is that the undersigned's adjunct teaching of a single section[1] of a one-credit class on Depositions at OSU's Moritz College of Law creates the appearance of partiality such that I cannot fairly preside over the non-dispositive aspects of her claims against OSU and its tenured employee, Dr. Rizzoni. Plaintiff makes clear that she was aware that I taught classes as an adjunct at the College of Law in the past, and did not previously move for recusal based on my past teaching activities. (Mot. 3, ECF No. 59-1.) Plaintiff has thus waived any right to seek my recusal based on past teaching activities. *See Valente v. Univ. of Dayton*, No. 3:08-CV-225, 2008 WL 11352577, at *5 (S.D. Ohio Nov. 26, 2008). However, Plaintiff asserts that she only recently discovered that I am currently teaching at OSU's College of Law, which is what prompted the present motion. (Mot. 3, ECF No. 59-1.)

Plaintiff relies on a provision from the Guide to Judiciary Policy, which states:

> A judge who teaches at a law school should recuse from all cases involving that educational institution as party. The judge should recuse (or remit) from cases involving the university, as well as those involving the law school, where the judge's impartiality might reasonably be questioned in view of the size and

---

[1] Plaintiff's Motion incorrectly asserts that I am currently teaching two sections of this class. Moreover, my teaching of the one-credit class for the Fall 2020 semester has recently concluded, and I have no ongoing contract with OSU or the College of Law. Any future teaching activities have yet to be determined.

> cohesiveness of the university, the degree of independence of the law school, the nature of the case, and related factors.

Guide to Judiciary Policy, Vol. 2, Ch. 3, Compendium of Selected Opinions, § 3.4-3(a). As noted by Magistrate Judge Kemp of this Court, "this opinion is not a model of clarity, particularly as it relates to the phrases 'that educational institution' and 'the university.'" *Szeinbach v. Ohio State Univ.*, No. 2:08-CV-822, 2015 WL 12991136, at *2 (S.D. Ohio July 8, 2015). Judge Kemp went on to reason that this provision does not require recusal when the university as a whole is a defendant, as opposed to the law school specifically:

> Is the 'educational institution' the law school itself? That appears to be the most logical reading, especially in light of the added language suggesting that the relationship between the law school and its affiliated university is a factor to consider. That language makes no sense if recusal is required every time a university which has a law school is a party to a case.

*Id.*

The undersigned agrees with Judge Kemp's reasoning and finds the relevant factors do not create the appearance of partiality. OSU is a large institution of which the College of Law is one small and virtually autonomous part. There is not, to the undersigned's knowledge, any relationship between the College of Law and the College of Engineering. Nor do Plaintiff's claims relate in any way to any faculty members or other individuals affiliated with the College of Law. Moreover, a finding that recusal is required in this case would result in the "creat[ion], in the absence of any supporting case law or commentary, [of] what would amount to a rule of automatic recusal in every case involving the Ohio State University for judges who teach at the Moritz College of Law as adjuncts and on a part-time basis only." *Szeinbach*, 2015 WL 12991136, at *3. The undersigned therefore finds that recusal is not required in this case.

Plaintiff's attempts to distinguish *Szeinbach* are unavailing. Although Plaintiff is correct that Judge Kemp noted that, at the stage at which recusal was sought, all that was left was for the

Court to determine the proper award of attorney's fees, this was but one factor among many that Judge Kemp considered in declining recusal. *See Szeinbach*, 2015 WL 12991136, at *2. Nor do either of the cases Plaintiff cites in which judges recused themselves from cases against universities even state the basis for the recusal, let alone establish a rule that adjunct teaching at a law school requires recusal from all cases involving the law school's university. *See Crosby v. University of Kentucky*, 863 F.3d 545, 545 n.* (6th Cir. 2017); *Erlinder v. William Mitchell College of Law*, 0:14-CV-01477, ECF No. 3 (D. Minn. May 12, 2014).

The undersigned also takes this opportunity to put to rest Plaintiff's speculation that she "may have personal knowledge about communications among staff and faculty about sexual harassment policies, reforms enacted to correct a flawed system, procedures, and training throughout OSU," or "might also have access to documentation regarding the investigative process for complaints against faculty and staff, documents, which have been denied to Plaintiff in this matter." (Mot. 6, ECF No. 59-1.) I do not have any relevant personal knowledge or access to relevant documentation beyond the University's publicly-available anti-harassment policies. Nor am I in any practical sense a "professional colleague of Professor Rizzoni" (Mot. 7, ECF No. 59-1), with whom I have had no interaction.

Finally, the fact that other judges of this Court have sometimes recused themselves from cases against OSU does not require that result here. The recusals by Chief Judge Marbley upon which Plaintiff relies stem from his time as a member of OSU's Board of Trustees, which governs the entire university, an obviously different position than part-time adjunct professor of

4

the College of Law.[2] Plaintiff's counsel also notes that in one case involving OSU in which he was counsel, Judge Sargus "offered to *consider* recusal," but that he did not ask Judge Sargus to consider whether he should recuse because his client "felt comfortable," further explaining that "each client has different levels of comfort and trust." (Mot. 5 n.2, ECF No. 59-1 (emphasis added).) Thus, Plaintiff's counsel obviously does not believe that part-time teaching activities at the College of Law are automatically disqualifying in all cases against OSU. Moreover, counsel's reliance upon the comfort level of his client is unavailing because, as noted above, the standard for recusal is objective, not subjective, and does not vary according to the comfort levels of the parties.

In sum, the undersigned concludes that the facts of this case do not require recusal. Although I am sensitive to Plaintiff's representations regarding her posttraumatic stress and emotional trauma stemming from her time at the College of Engineering, I am also mindful that I have a duty to sit when not disqualified that is "equally as strong" as the duty to recuse when disqualified. *Laird*, 409 at 837. Accordingly, Plaintiff's Motion to Recuse Magistrate Judge (ECF No. 59) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[2]Indeed, since his resignation from OSU's Board of Trustees, Chief Judge Marbley has served as an adjunct professor at the College of Law while presiding over cases involving OSU. *See, e.g.,* 2:17-cv-919, 2:17-cv-1092, 2:18-cv-42, and 2:20-cv-4624. Like Chief Judge Marbley and Judge Kemp, Judges Sargus and Watson of this Court have served as adjunct professors at the College of Law while presiding over cases involving OSU, which reflects that they, too, agree that teaching as an adjunct at the College of Law does not disqualify them from presiding over cases involving the university. *See, e.g.*, 2:18-cv-1333 (Sargus), 2:19-cv-1054 (Sargus), 2:20-cv-1949 (Sargus), 2:20-cv-3471 (Sargus), 2:18-cv-692 (Watson), 2:18-cv-753 (Watson), 2:20-cv-5070 (Watson).