UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MENG HUANG,

      Plaintiff,

v.

OHIO STATE UNIVERSITY, *et al.*,

      Defendants.

Civil Action 2:19-cv-1976
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter came before the Court for a telephonic discovery conference on November 19, 2020. All parties were represented by counsel. This Order memorializes that conference.

The parties requested the conference to resolve a number of discovery disputes. During the conference, the Court made the following rulings:

**(1)  Plaintiff's Notice of Deposition to OSU under Federal Rule of Civil Procedure 30(b)(6):** Plaintiff's Rule 30(b)(6) deposition notice to OSU included several topics that the undersigned has previously ruled are outside the scope of discovery for Plaintiff's remaining claims. (*See* Order dated August 25, 2020 (ECF No. 56) (holding that (1) other complaints of sexual harassment or assault against OSU employees, (2) the Sexual Civility and Empowerment Unit, and (3) exact dollar amounts of Dr. Rizzoni's financial contributions to OSU were not relevant).) Plaintiff requested reconsideration of the August 25, 2020 Order in light of an order the undersigned issued compelling discovery on similar topics in *Doe v. Ohio State Univ.*, Case No. 2:16-cv-171, 2018 WL 4958958 (S.D. Ohio Oct. 15, 2018). However, the undersigned specifically addressed *Doe* in the August 25, 2020 Order. (ECF No. 56, p. 3.)

Further, Plaintiff failed to object to that Order within fourteen days of its issue; therefore, Plaintiff has waived any objection to those rulings.  Finally, Plaintiff has raised no new issues of fact or law.  The undersigned therefore declines Plaintiff's invitation to reconsider the prior rulings.  Accordingly, OSU need not produce a witness pursuant to Rule 30(b)(6) for topics 8, 9, 10, 11, or 14 listed in Plaintiff's Notice of Deposition.

**(2)** **Length of Dr. Rizzoni's Deposition:** Plaintiff requests additional time beyond the seven hours permitted by Federal Rule of Civil Procedure 30(d)(1) for Dr. Rizzoni's deposition.  The parties dispute whether Defendants' counsel agreed to produce Dr. Rizzoni for two full days of deposition (*i.e.*, 14 hours).  Dr. Rizzoni has already been deposed for seven hours, and Defendants ended the deposition once seven hours had elapsed.  Defendants agreed during the conference to produce Dr. Rizzoni for one additional hour.  It is **ORDERED** that if Plaintiff wishes to depose Rizzoni beyond the one additional hour, Plaintiff may do so for up to one further additional hour (i.e., two total additional hours, for a total deposition duration of nine hours), with Defendants' attorney's fees for the ninth hour to be paid by Plaintiff.

**(3)** **Plaintiff's Production of Witness Declarations**: Plaintiff produced to Defendants, at close of business the Friday before Dr. Rizzoni's Monday-morning deposition, the declarations of three witnesses that Plaintiff intended to use (and did use) at Dr. Rizzoni's deposition on October 26, 2020.  Defendants contend that Plaintiff should be precluded from relying on these declarations at any future point in the case due to their belated production under Federal Rule of Civil Procedure 37(c).  Rule 37(c)(1) provides that if a party fails to timely supplement its initial disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  But here, Plaintiff hasn't missed any deadlines for supplementing her

initial disclosures; discovery remains ongoing until February 1, 2021, and the declarations were not disclosed so late that Defendants would not have the opportunity to review them and conduct related discovery; and Plaintiff hasn't attempted to use any information from these witnesses on a motion, at a hearing, or at trial from which they could be excluded.  Rule 37(c)(1) simply does not apply, and the undersigned finds no discovery violation in connection with these declarations.

    **(4)** **Plaintiff's Reliance on Federal Rule of Civil Procedure 33(d)**: In response to numerous interrogatories, Plaintiff responded by referring Defendants to several hundred pages of documents produced in discovery.  As these documents do not comprise Plaintiff's business records, answering interrogatories by reference to these documents is inappropriate.  Plaintiff's suggestion in several answers that Defendants should comb through hundreds of pages to guess at which individuals referred to therein Plaintiff might call as witnesses is especially misguided.  Accordingly, Plaintiff is **ORDERED** to supplement her answers to Interrogatory Nos. 28(a), 28 (b), 30(a), 30 (b), 32(a), 32(b), 36(a), 36(b), 36(d), 36(e), 36(g), 36(h), 36(j), 36(m), 36(n), 39(a), 39(b), 39(c) and 39(d) with full responses to the interrogatories in narrative form.

However, Plaintiff need not supplement her response to "Interrogatory 36(f)" as requested by Defendants, because that "Interrogatory" is, in substance, a document request.  Accordingly, Plaintiff's response in the form of referring Defendants to documents was appropriate.

    **(5)** **Plaintiff's Damages Calculations**: In response to Defendants' interrogatory requesting a computation of each category of damages sought by Plaintiff, Plaintiff responded that she "has not and is not obligated to calculate statutory, punitive, special damages, attorneys' fees or unknown damages as this is within the province of the jury."  Plaintiff is incorrect.  A

party must serve "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered" as part of a party's initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(iii). Pursuant to the undersigned's Preliminary Pretrial Order, initial disclosures were due May 15, 2020.  (ECF No. 45.)  Plaintiff should have provided this information unprompted without Defendants having to issue an interrogatory.  During the conference, Plaintiff's counsel represented that Plaintiff's damages calculations are not yet finalized because Plaintiff intends to rely on expert testimony as to damages.  Even so, Plaintiff is **ORDERED** to supplement her response to Interrogatory No. 31 with whatever calculations she currently has.  Plaintiff may state that she will supplement her response with further information obtained in discovery pursuant to Federal Rule of Civil Procedure 26(e).

The parties also dispute whether Plaintiff has provided quarterly reports to Defendants disclosing her to-date accrued attorney's fees and costs as required by the Preliminary Pretrial Order (ECF No. 45).  To the extent Plaintiff has not done so, she is **ORDERED** to produce all quarterly reports to date.

**(6)** **Plaintiff's Deletion of Files from her BuckeyeBox**: Defendants sought to compel Plaintiff to respond further to interrogatories concerning Plaintiff's deletion of files from her BuckeyeBox, a file storage and sharing system hosted by OSU.  Defendants contend that these interrogatories "relate directly to Plaintiff's destruction of evidence related to claims in this lawsuit."  However, Plaintiff's response to the interrogatories stated that "the only data which Plaintiff removed from her BuckeyeBox is irrelevant to the allegations contained within the

Complaint and pursuant to the OSU policy regarding BuckeyeBox for graduating students." Defendants have not rebutted Plaintiff's relevance objection, and were not able to offer any evidence of spoliation of relevant evidence at the conference beyond speculation. Accordingly, Plaintiff need not supplement her responses to Interrogatory Nos. 35(b)–(e). Defendants remain free to question Plaintiff regarding the contents of the deleted files at Plaintiff's deposition.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE