### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**MENG HUANG,**

          **Plaintiff,**

    **v.**                                   **Civil Action 2:19-cv-1976**
                                            **Judge James L. Graham**
                                            **Magistrate Judge Chelsey M. Vascura**

**OHIO STATE UNIVERSITY, *et al.*,**

          **Defendants.**

### OPINION AND ORDER

This case arises out of Plaintiff's claims that Defendants The Ohio State University ("OSU") and its employee, Dr. Giorgio Rizzoni ("Dr. Rizzoni"), discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681, *et seq.*, and 42 U.S.C. § 1983.  This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint.  (ECF No. 79.)  For the following reasons, Plaintiff's Motion is **DENIED**.

### I.      BACKGROUND

Plaintiff commenced this case on August 31, 2018, in the District Court for the Eastern District of Michigan.  (ECF No. 1.)  The case was transferred to this Court on May 14, 2019.  (ECF No. 26.)  Plaintiff's original Complaint contained seventeen counts, all but four of which were dismissed on February 3, 2020, on Defendants' motion.  (Op. & Order, ECF No. 38.)  The remaining claims are as follows: (1) sex- and race-based harassment in violation of Title VII against OSU; (2) retaliation in violation of Title VII against OSU; (3) retaliation in violation of

Title IX against OSU; and interference with Plaintiff's due process rights under 42 U.S.C. § 1983 against Dr. Rizzoni.  (*Id.*)

On April 21, 2020, the Court entered a scheduling order in which the parties agreed that "Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than June 1, 2020"; that "all discovery shall be completed by December 30, 2020"; and that "dispositive motions shall be filed by February 1, 2020." (ECF No. 45.)  The fact discovery and dispositive motions deadlines were subsequently extended to March 1, 2021, and April 30, 2021, respectively (ECF Nos. 73, 81), and the deadline for expert discovery was extended to April 1, 2021 (ECF No. 75); however, the deadline for motions to amend the pleadings remained unchanged from June 1, 2020.

On March 12, 2021, Plaintiff filed the present Motion seeking leave to amend her Complaint.  (ECF No. 79.)  Plaintiff asserts amendment is necessary to remove claims dismissed by the Court and to "include facts developed during discovery and through documents made available to the public since the filing of her original Complaint."  (Mot. ¶ 10, ECF No. 79.)  Defendants oppose amendment, arguing that Plaintiff has failed to meet the "good cause" standard for pleading amendments after the case schedule deadline under Federal Rule of Civil Procedure 16.  (Mem. in Opp'n, ECF No. 85.)  Specifically, Defendants argue that the purportedly new facts learned by Plaintiff were available to her many months before and Plaintiff has not provided any explanation for her delay in seeking amendment.  (*Id.*)  Defendants further contend they will be prejudiced if Plaintiff is permitted to amend her Complaint after the close of fact discovery and on the eve of dispositive motions.  (*Id.*)

## II.  STANDARD OF REVIEW

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P.

16(b)(3)(A).  When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)).  "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment."  *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

### III.    ANALYSIS

Plaintiff has failed to establish good cause to modify the case schedule.  Although Federal Rule of Civil Procedure 15(a)(2) directs the Court to "freely give leave when justice so requires," this standard is of secondary importance where, as here, the Court has already entered a scheduling order under Rule 16 and the deadline to amend the pleadings has passed.  *Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

Under the more stringent "good cause" standard of Rule 16, Plaintiff must demonstrate that she acted diligently in attempting to comply with the June 1, 2020 deadline to amend the pleadings.  Plaintiff has not done so.  Many of the purportedly new facts she wishes to add to her Complaint relate to information that has been publicly available for years: "the Department of Education conducted two investigations into OSU's sexual harassment policies and procedures

3

since 2010"; "[i]n 2014, OSU committed to improving its sexual harassment policies and procedures and enacting meaningful reform to comply with Title IX"; "several hundred former student athletes brought claims against OSU [in 2018] for sexual harassment and assault by former OSU Dr. Richard Strauss and OSU's failures to address previous complaints about Dr. Strauss and to adopt adequate sexual harassment policies and procedures to prevent sexual harassment"; and "[a]fter only three years of existence, OSU permanently shut down the Sexual Civility and Empowerment Unit in August 2018, citing re-victimization of sexual harassment victims and failure to report 57 felonies to police." (Mot. ¶¶ 15–18, ECF No. 79.) Plaintiff has offered no explanation for why these facts only recently became apparent to her. Notably, the undersigned has already expressly ruled on August 25, 2020, that the 2018 closure of the Sexual Civility and Empowerment Unit is not relevant to Plaintiff's claims. (Order 3, ECF No. 56.) Accordingly, Plaintiff was aware of these facts at least as far back when she propounded the discovery responses that prompted that ruling.

Plaintiff also seeks to add the following claim-specific facts: "1.) Rizzoni had not failed any other student for their candidacy exam; 2.) OSU had a policy that allowed students to take the candidacy exam a second time if the student failed on the first try; 3.) It was highly unlikely and uncommon for students not to be given an opportunity to retake their candidacy exam if they failed it the first time." (Pl.'s Brief 2, ECF No. 80.) Plaintiff learned these facts at some unspecified time during discovery, but asserts, without elaboration, that it became clear to her only after certain key depositions taking place in February and March 2021 that these facts should be included in the Complaint. (Reply 2, ECF No. 88.) But the test is not whether Plaintiff *realized* she wanted to amend her Complaint prior to the deadline; rather, Rule 16 requires Plaintiff to demonstrate that she *could not have*, despite the exercise of reasonable

4

diligence, sought leave to amend prior to the deadline.  *See Leary*, 349 F.3d at 906.  Plaintiff's conclusory statements that the necessity of amendment was not clear to her until after recent depositions does not suffice to demonstrate that Plaintiff could not have sought amendment prior to the June 1, 2020 deadline.

Moreover, Defendants will undoubtedly be prejudiced if amendment is permitted at this late stage, when the deadline for fact discovery has already passed and the dispositive motions deadline of May 1, 2021, is fast approaching.  The United States Court of Appeals for the Sixth Circuit Court has "repeatedly held that allowing amendment after the close of discovery creates significant prejudice."  *Gormley v. Precision Extrusions, Inc.*, 174 F. App'x 918, 921 (6th Cir. 2006) (citing *Leary,* 349 F.3d at 907; *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 835 (6th Cir. 1999); *Moore v. City of Paducah,* 790 F.2d 557, 560 (6th Cir. 1986)); *see also Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").

The cases Plaintiff relies on do not persuade the undersigned otherwise.  In *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002), the Sixth Circuit's finding of minimal prejudice was based in part on an existing stay of discovery, in contrast to the fully closed discovery period in the present action.  Similarly, amendment was permitted in *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.* owing to the "relatively early stage of the discovery process." No. 3:09-CV-01098, 2010 WL 3872802, at *3 (M.D. Tenn. Sept. 28, 2010).  And in *ProductiveMD, LLC v. 4UMD, LLC*, 2011 U.S. Dist. LEXIS 173742, at *6-7 (M.D. Tenn. Nov. 22, 2011), the court *denied* Plaintiff's motion for leave to amend the complaint after the close of discovery, even when Plaintiff claimed to have only recently discovered certain facts.  Thus, all

of Plaintiff's cited authority is consistent with the undersigned's finding that Defendants would suffer significant prejudice if amendment were permitted at this time because discovery has closed and dispositive motions are imminent. *See Miller*, 448 F.3d at 898.

In sum, in the absence of sufficient explanation for why Plaintiff could not have amended her Complaint prior to the deadline for pleading amendments, and given the significant prejudice the Defendants would suffer if Plaintiff were permitted to amend her Complaint at this time, Plaintiff's Motion is **DENIED**.

## IV.    DISPOSITION

For the foregoing reasons, Plaintiff has failed to demonstrate that good cause exists to modify the June 1, 2020 deadline to amend the pleadings.  Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 79) is therefore **DENIED**.


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE