TRIAL PROCEDURE CIVIL JURY TRIAL

JUDGE JAMES L. GRAHAM
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

### INTRODUCTION

A lawsuit in which you represent a party has been assigned to me for trial. You will want to know what is expected of you and your opponent. the following procedures are designed to deal with your case promptly and efficiently without impeding your ability to present you client's case fully and fairly.

### COUNSEL TABLES

The parties will occupy the counsel table chosen or agreed to before the opening of the first session of the trial.

### APPEARANCES

Counsel will enter their appearance with the Court Reporter and the Courtroom Deputy Clerk before the start of the opening session of the trial.

### COURT SESSIONS

Trials will be held Monday through Friday of each week.

Friday sessions may be shortened or cancelled because the Court regularly schedules final pretrial conferences and criminal matters on that day. Counsel should inquire regarding Friday's schedule.

Morning session begins at 9:00 a.m. and will recess at approximately 10:30 a.m. for 15 minutes.

Noon recess will be at approximately 12:00.

Afternoon session begins at 1:00 p.m. and will recess at approximately 3:15 for 15 minutes.

Court will adjourn at approximately 4:30 p.m.

The parties and all counsel will be present at counsel tables at all sessions **before** the jury is brought into the courtroom and will remain at counsel tables until **after** the jury leaves the courtroom at the end of all sessions. the parties and counsel will stand upon the entrance and exit of the jury.

### TELEPHONE MESSAGES

Telephone messages for trial counsel received by the Court's staff will be posted on the message board in the reception area of the Courts chambers. Counsel should check the board during recess.

## ADDRESSES BY COUNSEL

Counsel will address the Court and the jury in the following manner:

    (a) Voir dire examination, opening statements and closing arguments will be conducted from the lectern facing the jury.

    (b) All addresses to the Court will be made from the lectern facing the Court.

    (c) Counsel shall stand when addressing the Court for any reason.

## EXAMINATION OF WITNESSES

Counsel shall conduct their examination from the lectern.

In advance of trial, counsel will instruct his or her witnesses to answer questions with courtesy. Evasive answers, answering a question with a question or disrespect to opposing counsel will not be permitted.

Counsel are expected to extend equal courtesy to all witnesses. Counsel will wait until the witness has finished an answer before asking the next question. Multiple questions and repetitious questions will not be permitted. Counsel may not by and action, inflection or expression indicate disbelief of any witness's answer. Counsel shall admonish their clients and witnesses to desist from such conduct.

Witness shall be treated with fairness and consideration. They shall not be shouted at, ridiculed or otherwise abused. The untruthful or hostile witness can be examined firmly and extensively without abuse.

When a party has more than one attorney, only one may conduct the direct or cross examination of a given witness.

Counsel shall not approach a witness without asking the permission of the Court. When permission is granted for the purpose of working with an exhibit, counsel should resume the examination from the lectern when finished with the exhibit.

Counsel are responsible for witnesses speaking so that their testimony will be easily heard by all members of the jury.

Upon completing his or her examination of the witness, counsel shall advise the Court, after which the Court will advise opposing counsel to proceed.

During examination of a witness, counsel will first obtain permission of the Court if he/she wishes to confer with co-counsel.

## OBJECTIONS

Counsel will stand when making an objection and will make the objection directly and only to the Court.

When objecting, state only that you are objecting and if requested by the Court, state the grounds. Objections shall not be used for the purpose of making speeches, repeating testimony, or to attempt to guide a witness or influence the jury.

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court. Either counsel may request a bench conference.

## DECORUM

Colloquy, or argument between counsel will not be permitted. All remarks shall be addressed to the Court.

Counsel shall maintain a professional and dignified atmosphere throughout the trial.

Appearance, mannerisms, or habits that are designed to arouse the sympathy or prejudice of the jury are an impediment to an impartial trial and will not be permitted.

During a trial, counsel shall not exhibit familiarity with witnesses, jurors, or opposing counsel and shall avoid the use of first names. No juror shall be addressed individually or by name.

During opening statements and final arguments, all persons at counsel table shall remain seated and be respectful so as not to divert the attention of the Court or the jury.

Do not ask the Court Reporter to mark testimony. All requests for re-reading of questions or answers shall be addressed to the Court.

## EXHIBITS

Counsel will assemble and mark **all exhibits and deliver them to the Courtroom Deputy prior to the commencement of the trial.**

**Joint** exhibits will bear **ROMAN NUMERALS**.
**Plaintiff's** exhibits will bear **ARABIC NUMBERS**.
**Defendant's** exhibits will be identified with **LETTERS**.
Third party exhibits may be numbered with Arabic numbers and an identifying letter prefix.

Where defendant's exhibits will exceed 52, defense counsel will promptly advise opposing counsel and in such event, both sides will identify exhibits with Arabic numbers and the letter prefix "P" for plaintiff's exhibits and "D" for defendants exhibits.

**EXHIBITS continued**

Counsel should have a list of all exhibits and supply the Court, the Courtroom Deputy, the Court Reporter and opposing counsel with a copy of the same.

Counsel will not approach the witness to tender an exhibit. Each exhibit will be placed before the witness by the Courtroom Deputy.

In formulating a question to a witness dealing with an exhibit, counsel shall specify the exhibit number/letter or designation so that the record will be clear.

Counsel shall provide copies of exhibits to the Court and opposing counsel prior to the commencement of the trial.

Exhibits with are produced for the first time during trial, as in the case of exhibits used for impeachment, shall be tendered to the Courtroom Deputy for marking and then displayed to opposing counsel.

Each counsel is responsible for any exhibits secured from the Courtroom Deputy. At the end of the trial all exhibits that have been admitted shall be returned to the Courtroom Deputy

**DEPOSITIONS**

Counsel will confer in advance of trial and attempt to resolve objections by agreement. If any objections remain for ruling, counsel shall jointly prepare a list of objections identifying the page number and line(s) of the deposition where the objection will be found and stating in one sentence the grounds for the objection. This procedure applies to both written and video tape depositions. Thus video tape depositions which contain objections must be accompanied by a full or partial transcript. The jointly prepared list of objections and grounds for the same shall be delivered to the Court prior to the commencement of the trial.

Video tape presentation must include all equipment and a method for editing the sound to delete testimony as to which the Court has sustained an objection.

**DEMONSTRATIVE EVIDENCE**

If any sketches, models, diagrams, or other demonstrative evidence of any kind will be used during the trial, they must be exhibited to opposing counsel one week prior to trial. Objections to the same must be submitted to the Court prior to the commencement of trial. Demonstrative evidence prepared solely for the purpose of final argument shall be displayed to opposing counsel at the earliest possible time but in no event later that one-half hour before the commencement of the arguments.

Counsel must supply his/her own easel, flip charts, etc. for trial.

## JURY

The Court will seat a jury of ten (10) members. In accordance with Fed. R. Civ. P. 48, all jurors shall participate in the verdict unless excused pursuant to Rule 47(c). Unless the parties otherwise stipulate, the verdict shall be unanimous and no verdict shall be taken from a jury reduced in size to fewer than six (6) members.

## VOIR DIRE EXAMINATION

The whole panel of prospective jurors seated in the jury box and in the rear of the Courtroom will be examined and accepted or challenged for cause in one continuous examination.

Each prospective juror is assigned a number by the Clerk's Office. Counsel can obtain a list of the jurors names, questionnaires, and juror numbers on the Wednesday prior to the trial from the Clerk's Office.

Counsel will be informed of the names and numbers of jurors on the list, that are not present for jury duty, prior to the commencement of the trial.

Ten (10) prospective jurors will be seated in the jury box in numerical order in accordance with the diagram attached hereto marked "Exhibit A."

When a prospective juror seated in the jury box is excused he or she will be replaced by the next available juror from the rear of the courtroom in chronological order. When challenging a juror, counsel should refer to the juror by name and number.

The Court will conduct a comprehensive voir dire examination tailored to the issues in the case being tried. Counsel are encouraged to submit prior to trial, questions they would like the Court to include in its voir dire examination. Copies of such questions should be served on opposing counsel.

Counsel may supplement the Court's examination, but they may not repeat in the same or in some other form, any question already put to the panel by the Court.

Counsel must address their questions to the whole panel in general and may not question an individual juror unless it develops from a question put to the whole panel that the answer of a specific juror justifies further inquiry.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaire forms which are on file in the Clerk's Office. Counsel should examine these questionnaires prior to the commencement of trial. Counsel may inquire regarding any omission in a jurors answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

### CHALLENGES

The entire panel shall be challenged for cause, jurors seated in the jury box and those seated in the rear of the Courtroom. Any jurors seated in the jury box who have been excused for cause will be replaced by the next available juror from the rear of the courtroom.

### PEREMPTORY CHALLENGES

Each party will shall be entitled to three peremptory challenges. 28 U.S.C. 1870.

The parties will exercise their peremptory challenges alternately with the plaintiff exercising the first challenge. If either party "passes", that challenge will be counted as used.

Peremptory challenges will be directed only to the prospective jurors seated in the jury box. When a juror is excused, he or she will be replaced by the next available juror from the rear of the courtroom.

Law Clerks

OVERFIOW JURY SEATING

Row 3 Seating Right to Left

Row 2 Seating Right to Left

Row 1 Seating Right to Left

Counsel Tables

Judge Graham

Deputy

Lectern

Counsel Tables

Witness Box

STAGE

Row 1 Seating Left to Right

Row 2 Seating Left to Right

Row 3 Seating Left to Right

JURY BOX

| Seat 1 | Seat 2 | Seat 3 | Seat 4 | Seat 5 | Seat 6 | Alt 1 |
|---|---|---|---|---|---|---|
| Seat 7 | Seat 8 | Seat 9 | Seat 10 | Seat 11 | Seat 12 | Alt 2 |