IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>        Plaintiff,<br><br>  vs.<br><br>THE OHIO STATE UNIVERSITY and GEORGIO RIZZONI,<br><br>        Defendants. | Case No. 1:20-cv-1976<br><br>Hon. Judge James L. Graham<br>Mag. Judge Chelsey M. Vascura<br><br>**Plaintiff Meng Huang's Motion for Reconsideration of February 3, 2020 Opinion and Order (ECF Doc. 38)** |

Pursuant to Federal Rules of Civil Procedure 54(b), and this Court's April 22, 2022 Order (ECF Doc. 129), Plaintiff Meng Huang, respectfully moves this Court to reconsider its February 3, 2020 Opinion and Order (ECF Doc. 38) denying in part and granting in part Defendants Ohio State University and Giorgio Rizzoni's Motion to Dismiss. Dr. Huang seeks reconsideration of the Court's dismissal of Count B of her Complaint, which alleges that Ohio State was deliberately indifferent to the sexually hostile environment created by Dr. Rizzoni.

WHEREFORE, Plaintiff requests that this Court enter an order amending its February 3, 2020 Opinion and Order and reinstating Count B of the Complaint as to Ohio State.

                                                  Respectfully submitted,

                                                  */s/ Joseph Coburn*
                                                  Peter Pattakos (0082884)
                                                  Joseph Coburn (0088532)
                                                  THE PATTAKOS LAW FIRM LLC
                                                  101 Ghent Road
                                                  Fairlawn, Ohio 44333
                                                  Phone: 330.836.8533
                                                  Fax: 330.836.8536
                                                  peter@pattakoslaw.com
                                                  jcoburn@pattakoslaw.com

                                                  *Attorneys for Plaintiff Meng Huang*

**Memorandum in Support of Plaintiff's Motion for Reconsideration of
February 3, 2020 Opinion and Order**

Reconsideration of this Court's February 3, 2020 Opinion and Order is appropriate because the Court's dismissal of Count B is based on application of the Sixth Circuit's decision in *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, 944 F.3d 613 (6th Cir. 2019) which sets forth a post-notice harassment element in student-on-student harassment cases—a requirement that the Sixth Circuit in *Wamer v. Univ. of Toledo*, 27 F.4th 461 (6th Cir. 2022) held is not applicable to teacher-student harassment cases like this one. Because Dr. Huang has pleaded facts sufficient to support a cognizable Title IX deliberate indifference claim under the framework set forth in *Wamer*, Count B of the complaint should be reinstated.

In its opinion and order dismissing Count B, this Court held that the Sixth Circuit's opinion in *Kollaritsch* required Dr. Huang to allege facts showing that she suffered sexual harassment after Dr. Huang's initial report of Dr. Rizzoni's harassment to Ohio State. 2/3/2020 Opinion & Order, ECF Doc. 38, PageID 485. Applying *Kollaritsch*, the Court concluded that Dr. Huang's deliberate indifference claim failed because "she does not allege that she was subjected to further sexual harassment after notifying Ohio State of her complaint." *Id.*, PageID 486.

As the Court's April 22, 2022 Order recognizes, the Sixth Circuit recently held that *Kollaritsch*'s requirement that a plaintiff-student allege facts showing that her "injury is attributable to . . . post-actual-knowledge *further* harassment" does not apply to deliberate indifference claims predicated on teacher-student sexual harassment. *Wamer*, 27 F.4th 461, 463 ("[T]he *Kollaritsch* test is not applicable to claims of deliberate indifference to teach-student sexual harassment.").[1] In *Wamer*, "[t]he district court assumed that *Kollaritsch* applied and dismissed the case . . . because Wamer's complaint did not allege any additional instances of harassment occurring after her complaint to

---

[1] On May 10, 2022, the Sixth Circuit denied the University of Toledo's petition for rehearing *en banc*. *See Wamer v. Univ. of Toledo*, Case No. 2-4219, ECF Doc. 35-1 (May 10, 2022).

UT's Title IX Office" *Id.*, 466.² The Sixth Circuit held that the trial court erred in its assumption and proceeded to analyze why teacher-student harassment cases should be subject to a less stringent standard than student-student harassment cases. *Id.*, 470–71. First, it recognized that the more stringent *Kollaritsch* standard was necessary in student-on-student harassment cases but not in teacher-student cases because "a school quite obviously 'subjects' its student to harassment and discrimination when it fails to respond to harassment by its agent (a teacher or professor)," but "a school can only be seen to be responsible for the impacts of student-on-student harassment in more limited circumstances." *Id.*, 470. Second, the *Wamer* court said that "there are important policy reasons for imposing a less stringent standard in cases alleging teacher-student harassment," including that harassment is "more easily . . . presumed" where the teacher is the culprit "because teachers are at the core of a student's access to and experience of education." *Id.*, 471.

> When a student has been sexually harassed by a teacher or professor, that student's ability to benefit from the educational experience provided by the school is often undermined unless the school steps in to remedy the situation because the student is put in the position of choosing to forego an educational opportunity in order to avoid contact with the harasser, or to continue attempting to receive the educational experience tainted with the fear of further harassment or abuse.

*Id.*

Under *Wamer*, "a plaintiff can satisfy the [deliberate indifference] causation requirement" by showing that "following the school's unreasonable response" either "(a) the plaintiff experienced an additional instance of harassment or (b) an objectively reasonable fear of further harassment caused

---

² In *Wamer*, the Sixth Circuit noted that "[i]t is not entirely clear from the district court's opinion whether its dismissal of Wamer's complaint was based solely on the conclusion that Wamer did not plead facts satisfying the *Kollaritsch* test" and proceeded to analyze additional grounds on which the trial court might have dismissed the complaint (and concluded that the trial court erred on these grounds, too). *Id.*, 472. Here, the Court's opinion is clear that the only basis upon which it dismissed Dr. Huang's deliberate indifference claim was the apparent failure to plead facts to satisfy *Kollaritsch's* requirement of post-notice harassment. *See* 2/3/2020 Opinion & Order, ECF Doc. 38, PageID 484–86.

the plaintiff to take specific reasonable actions to avoid harassment, which deprived the plaintiff of the educational opportunities available to other students." *Id.* Here, the complaint easily satisfies (b).

Dr. Huang alleges that after reporting Dr. Rizzoni's harassment, in order to both continue her PhD education at Ohio State and avoid Dr. Rizzoni, she was forced to (1) secure a new advisor unconnected to Dr. Rizzoni and Ford Motor Company (Compl., ECF Doc. 1, ¶¶ 149-50 (PageID 41-42)); (2) retake the candidacy examination and to do so in front of a new committee that did not include Dr. Rizzoni (*Id.*, ¶ 149); (3) secure a new appointment and funding sources within the Mechanical and Aerospace Engineering Department (*Id.*, ¶ 150); and (4) change her dissertation topic from one connected to Dr. Rizzoni's Ford research to one unrelated to Dr. Rizzoni and Ford (*Id.*, ¶ 151). These actions—taken to ensure that she could complete her PhD education while avoiding any further harassment from Dr. Rizzoni—caused Dr. Huang substantial harm. She lost the opportunity to study in her chosen field, and to work under Ford's research contract at Ohio State and with Ford's research team. *Id.*, ¶¶ 149–51. She was forced to stay away from the Center for Automotive Research and lost access to the research occurring within the center. *Id.*, ¶ 184 (PageID 49). And she lost access to Dr. Rizzoni's "network of contacts in the automotive industry that he uses to help his students find internships and jobs." *Id.*, ¶ 161 (PageID 44). The steps Dr. Huang took after making her sexual harassment report are similar in nature to those that the student in *Wamer* took—"switch[ed] majors and enroll[ed] primarily in online classes[] to avoid encountering her harasser" (*Wamer*, 27 F.4th 461, 471)—and which the Sixth Circuit found satisfied the causation element of a deliberate indifference claim in a teacher-student harassment case.

When analyzed under the *Wamer* deliberate indifference framework, Plaintiff's complaint satisfies the "less stringent standard" for teacher-student deliberate indifference claims. Because the Sixth Circuit has now clearly held that the *Kollaritsch* framework relied upon by the Court in its February 3, 2020 Order & and Opinion is inapplicable to Dr. Huang's deliberate indifference claim against Ohio State, the Court should amend its order and reinstate Count B against Ohio State.

Respectfully submitted,

*/s/ Joseph Coburn*
Peter Pattakos (0082884)
Joseph Coburn (0088532)
THE PATTAKOS LAW FIRM LLC
101 Ghent Road
Fairlawn, Ohio 44333
Phone: 330.836.8533
Fax: 330.836.8536
peter@pattakoslaw.com
jcoburn@pattakoslaw.com

*Attorneys for Plaintiff Meng Huang*

**Certificate of Service**

The foregoing document was filed on May 11, 2022, using the Court's e-filing system, which will serve copies on all necessary parties.

*/s/ Joseph Coburn*
*Attorney for Plaintiff*