# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br>　　　　　Plaintiff,<br>v.<br>THE OHIO STATE UNIVERSITY and<br>GIORGIO RIZZONI,<br>　　　　　Defendants. | Case No: 2:19-cv-1976<br><br>Judge James L. Graham<br><br>Magistrate Judge: Chelsey M. Vascura |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

This Court previously dismissed Plaintiff's Title IX claim alleging deliberate indifference at the motion to dismiss stage because she failed to state a claim under controlling law. While the law regarding this claim has changed in the Sixth Circuit, the viability of Plaintiff's Title IX deliberate indifference claim has not. Applying the test outlined in *Wamer v. University of Toledo,* 27 F. 4th 461 (6th Cir. 2022) does not change the outcome of this Court's prior ruling.

**A.** ***Wamer* May Have Changed the Standard Applicable to Plaintiff's Claims but it does not Change the Result. Plaintiff's Claims Still Fail.**

The *Wamer* case, like this case, involved allegations that a university was deliberately indifferent in failing to reasonably respond to a student's claims of sexual misconduct against her professor. That is where the similarities end. In *Wamer,* the Plaintiff's allegations – and the Sixth Circuit's analysis – focused on the university's complete failure to act upon receipt of the plaintiff's allegations of sexual misconduct and failure to engage in an investigation of her complaints. *Wamer*, 27 F. 4th at 471-

472 ("[The university] prematurely closed its investigation . . ." and "did nothing . . . to investigate her allegations. . . ."). Because the university in *Wamer* failed to take any action, the plaintiff/student was forced to take action which limited her educational options and opportunities. Id. Notable is the fact that several faculty members later complained about the same professor as the *Wamer* plaintiff and that the University ultimately realized the plaintiff's complaints were legitimate and terminated his employment. Id. at 472. That scenario is exactly the opposite of what happened in this case, even if you take all the allegations made by Plaintiff Huang as true.

Here, upon receipt of Plaintiff's complaint of sexual misconduct against Dr. Rizzoni the University immediately suspended Dr. Rizzoni and barred him from campus, undertook a wide-ranging investigation which involved interviews of 39 witnesses, including every witness whom Plaintiff requested to be interviewed, and took 3 months to complete. (Compl., ¶¶ 138, 141, 152-53). The University thereafter issued a 38-page report examining each of Plaintiff's allegations and analyzing all the evidence adduced during the extensive investigation. Id., ¶ 152. Plaintiff was also represented by her own attorney during the investigation. Id., ¶ 143; see also, OSU's Investigation Report (ECF # 105-15).[1] Because Plaintiff's claims here are so

---

[1] It is well settled that a Court, even on a motion to dismiss, can consider documents outside of the pleadings where documents are "referred to in the complaint and central to the claims contained therein." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680–681 (6th Cir. 2011). It is beyond dispute that OSU's investigation and report is referenced prominently in the Complaint and central to many of Plaintiff's claims. The Complaint refers to the

2

dissimilar to those made in *Wamer,* the application of *Wamer* here does not change the outcome of this Court's prior ruling on Defendants' motion to dismiss.

Further, Plaintiff's Motion for Reconsideration wholly skips over the analysis from *Wamer* that is relevant to her motion. She jumps immediately to the actions she claims that *she took* following her allegations against Dr. Rizzoni but omits the only relevant analysis – what actions the *University* took in response to her complaint. As outlined by the *Wamer* Court, even under a less stringent standard than that which applied in the past, Plaintiff "must still allege that: (1) she was sexually harassed by a teacher or professor, (2) an official with authority to take corrective action had actual notice of the harassment, (3) the school's response was clearly unreasonable, and (4) the school's deliberate indifference caused her to suffer discrimination." *Wamer*, 27 F. 4th at 471. Plaintiff jumps immediately to element number 4, by arguing that the University was deliberately indifferent, which she claims caused her to retake her Ph.D. candidacy examination, be assigned a new advisor, change her dissertation topic, secure funding for her research, stay away from CAR and lose her opportunity for post-graduation employment at Ford.[2] (Mot. to Reconsider, ECF # 131, PAGEID#

---

investigation/investigation report 21 times. (Compl., ¶¶ 6, 7, 138, 141-144, 147, 152, 153-159, 170, 177, 196, 200, 212).

[2] It is an exercise in restraint for Defendants to discuss the allegations in Plaintiff's Complaint in the context of a motion to dismiss because discovery has revealed that many of Plaintiff's claims are demonstrably false and directly contradicted by record evidence. For instance, Plaintiff alleges in her Complaint that she was denied the opportunity for post-graduation employment at Ford and she relies on this allegation in her motion for reconsideration. (Mot. to Reconsider, PAGEID# 6633). In her deposition, however, Plaintiff was forced to admit that this allegation is untrue and that she was offered her dream job at Ford after her graduation,

3

6633).³

But Plaintiff fails to raise a question of fact related to the third element of the test – that the University's response to her complaint against Dr. Rizzoni was "clearly unreasonable." The *Wamer* Court's analysis focused on facts which are inapposite to those here, that the university in *Wamer* "did nothing" to investigate the plaintiff's claims, closed its investigation "prematurely" and took no further action with respect to the plaintiff's sexual misconduct allegation. *Wamer,* 27 F. 4th at 472. Here, even taking Plaintiff's own allegations as true, she admits that the University did an extensive investigation, even if she was not satisfied with the outcome. (Compl., ¶¶ 138, 141, 152-53). Following the investigation, Plaintiff admits in her Complaint that the University continued to provide a "reasonable response," even though the University found her allegations to be baseless. In addition to the extensive investigation, Plaintiff admits that the University took additional action to address her claims, as follows:  1.) Even though the first Ph.D. candidacy committee denied her the opportunity to retake her candidacy exam (Id., ¶ 131), the University reversed that decision, assigned her a new advisor and allowed her to retake the exam (Id., ¶ 149-50); 2.) The University made it possible for her to continue her research and

---

but she turned down the job at Ford to take a higher paying job in California. (Plf. Depo., ECF # 105-1, PAGEID #s 5540-41).

³ Although Plaintiff alleges that *she* took these actions following her complaints to the University, it cannot be disputed that it was actually the University which took action. Plaintiff cannot assign herself an advisor, cannot dictate whether she be allowed to retake her candidacy examination and cannot fund her own research. It was the University which took these actions, not Plaintiff. This is a further distinction from the plaintiff in *Wamer.*

4

secured a source of funding for her research (Id., ¶ 150); 3.) The University gave her access to her research database, even though that research belonged to Ford. (Id., ¶150).

Even taking all of Plaintiff's allegations as true, Plaintiff fails to raise a question of fact about whether the University's response to her complaint was "clearly unreasonable."  Reasonable minds could not conclude that the University's response was *clearly unreasonable*, even viewing the allegations in the light most favorable to Plaintiff. As such, her claims do not survive a motion to dismiss and this Court's original decision on the motion to dismiss Plaintiff's Title IX deliberate indifference claim should be affirmed.

Respectfully submitted,

By: /s/ Christina L. Corl
Christina L. Corl (0067869)
Plunkett Cooney
300 E. Broad Street, Suite 590
Columbus, OH 43215
(614) 629-3018
ccorl@plunkettcooney.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this **13th day of June 2022**, I filed the foregoing document with the Clerk of Court via the Court's electronic filing system.  All parties shall also be notified and received service via electronic mail, through the Court's ECF system.

/s/ Christina L. Corl
Christina L. Corl  (0067869)

Open.25577.83339.28973079-1