IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | |
| Plaintiff, | Case No. 2:19-cv-1976 |
| v. | Judge James L. Graham |
| THE OHIO STATE UNIVERSITY, *et al.,* | Magistrate Judge Chelsey M. Vascura |
| Defendants. | |

**OPINION AND ORDER**

On April 22, 2022, the Court issued an Order inviting Plaintiff's counsel to file a motion for reconsideration concerning the Court's February 3, 2020, Opinion and Order dismissing Plaintiff's deliberate indifference claim (ECF No. 38) in light of the Sixth Circuit's decision in *Wamer v. Univ. of Toledo,* 27 F.4th 461 (6th Cir. 2022). (ECF No. 129.) This matter is now before the Court on Plaintiff Meng Huang's Motion for Reconsideration of February 3, 2020, Opinion and Order (ECF No. 38). (ECF No. 131.)  For the reasons that follow, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

This case involves several claims against Defendants The Ohio State University ("OSU" or "Ohio State") and Giorgio Rizzoni, a tenured professor at OSU's College of Engineering, director of OSU's Center for Automotive Research ("CAR"), and Ford Motor Chair in Electromechanical Systems surrounding Rizzoni's alleged unwanted sexual advances against Plaintiff while he served as her Ph.D. advisor.

1

This Court previously dismissed Plaintiff's deliberate indifference claim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). At that time, under *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, 944 F.3d 613, 621 (6th Cir. 2019), Plaintiff was required to plead at least one additional incident "of [sexual] harassment after the school has actual knowledge and implements a response, [] to state a claim." *Id.* As Plaintiff did not allege that she was subjected to further sexual harassment by Rizzoni after notifying Ohio State of her complaint, the Court found that she did not adequately plead a deliberate indifference claim under Title IX.

Following the Court's February 3, 2020, dismissal of Plaintiff's deliberate indifference claim, the Sixth Circuit determined that the standard previously articulated in *Kollaritsch* did not apply to teacher-student harassment claims. *Wamer,* 27 F.4th at 470. In light of the Sixth Circuit's decision in *Wamer,* the Court invited Plaintiff's counsel to file the instant motion. It is fully briefed and ripe for adjudication.

## II.     STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 59, a court may alter the judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

The Court previously evaluated Plaintiff's deliberate indifference claim at the motion to dismiss stage. Defendants moved to dismiss this claim for Plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). When considering a motion under Rule 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal,* 556 U.S. at 679; *Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007); *Twombly,* 550 U.S. at 555–56. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

### III. DISCUSSION

At the motion to dismiss stage, the Court construes Plaintiff's allegations as true. Plaintiff was a graduate student in OSU's Mechanical Engineering Ph.D. program from 2014 to 2017 and assigned to work under Rizzoni on a Ford research contract involving the analysis of battery aging for electric vehicles. (*See* Compl. ¶ 27, ECF No. 1 at 9.) Plaintiff alleges that while Rizzoni was her Ph.D. advisor, he subjected her to a pattern of escalating sexual harassment and retaliation, culminating in Rizzoni's sabotage of her Ph.D. candidacy exam and her prospective career with Ford.

On December 8, 2017, Plaintiff took her oral examination before a candidacy committee of graduate professors from the Mechanical Engineering department, including Rizzoni. (*See id.* at ¶ 127.) On December 11, 2017, Rizzoni informed Plaintiff that not only did the committee fail her, but that she would not be permitted to take the exam a second time, could not continue her Ph.D. study, and would not be funded for the Spring 2018 semester. (*Id.* at ¶ 131.) According to Plaintiff, Mechanical Engineering Department Coordinator Janeen Sands told Plaintiff that her options were to either leave by the end of the December 2017 semester or switch to the master's degree program and pay her own tuition. (*Id.* at ¶ 132.)

On December 12, 2017, Plaintiff reported "Rizzoni's long-term sexual harassment, [] threats, and manipulation of her candidacy exam" to the chair of the Mechanical and Aerospace Engineering Department ("MAE") and to MAE's human resources representative. (*Id.* at ¶¶ 137–38.) On December 13, 2017, Plaintiff filed a complaint with OSU's Title IX Office. (*Id.*)

Ohio State assigned an investigator to investigate Plaintiff's complaint and suspended Rizzoni during its investigation. (*Id.* at ¶¶ 141, 146.) Initially, Plaintiff's access to the CAR building was also suspended, and she could not access her research. (*Id.* at ¶145.) But before OSU concluded its investigation, Plaintiff was assigned a new advisor, given funding for the Spring 2018 semester, access to her research, allowed to continue with the "same research proposal she had presented previously," and permitted to retake her Ph.D. candidacy exam. (*Id.* at ¶¶ 148–49.) On March 23, 2018, Plaintiff passed her candidacy exam. (*Id.* at ¶ 149.)

On March 28, 2018, Ohio State issued a 38-page report of its investigation of Plaintiff's complaint, which included interviews of 39 witnesses, but found that there was insufficient evidence to support Plaintiff's complaint. (*Id.* at ¶ 152.)

Count B of Plaintiff's Complaint alleges that Ohio State was deliberately indifferent to the sexually hostile environment created by Rizzoni. Plaintiff claims that after reporting Rizzoni's sexual harassment, Ohio State performed a sham investigation designed to shield Rizzoni and protect its financial interests since Rizzoni generates significant funding for OSU. (*Id.* at ¶ 6.) Plaintiff further claims that as a result of Ohio State's deliberate indifference and protection of Rizzoni, she was forced to stay away from CAR and lost valuable educational and career opportunities. (*Id.* at ¶ 184.)

Since the Court issued its February 3, 2020, Opinion and Order, there has been an intervening change in the controlling law surrounding deliberate indifference cases of teacher-

student harassment. Despite this change, Plaintiff "must still allege that: (1) she was sexually harassed by a teacher or professor, (2) an official with authority to take corrective action had actual notice of the harassment, (3) the school's response was clearly unreasonable, and (4) the school's deliberate indifference caused her to suffer discrimination." *Wamer,* v. 27 F.4th at 471 (citations omitted). But now, under *Wamer*, "a plaintiff can satisfy the causation requirement by showing that (1) following the school's unreasonable response (2) (a) the plaintiff experienced an additional instance of harassment *or* (b) an objectively reasonable fear of further harassment caused the plaintiff to take specific reasonable actions to avoid harassment, which deprived the plaintiff of the educational opportunities available to other students." *Id* (emphasis added).

Though Plaintiff pled that she was sexually harassed by an OSU professor, that she notified Ohio State officials of the harassment, and that Ohio State's response was unreasonable under the circumstances, this Court previously determined that Plaintiff did not plead the causation necessary to state a viable deliberate indifference claim under Title IX, because Plaintiff failed to plead that she experienced an additional instance of harassment following Ohio State's response to her complaint.

Under *Wamer*'s new causation standard, the Court must now determine whether Plaintiff adequately pled that following OSU's response to her complaint, she experienced an objectively reasonable fear of further harassment which caused her to take specific reasonable actions to avoid the harassment and deprived her of the educational opportunities available to other students. *Id*. But even after applying *Wamer's* less stringent standard, the Court finds that Plaintiff still has not pled the causation necessary to support a viable deliberate indifference claim against Ohio State.

When imposing a less stringent causation standard for cases involving teacher-student harassment, the Sixth Circuit explained that:

5

> When a student has been sexually harassed by a teacher or professor, that student's ability to benefit from the educational experience provided by the school is often undermined unless the school steps in to remedy the situation because the student is put in the position of choosing to forego an educational opportunity in order to avoid contact with the harasser, or to continue attempting to receive the educational experience tainted with the fear of further harassment or abuse.
>
> *Id.*

Here, Plaintiff does not claim that after notifying Ohio State of Rizzoni's alleged sexual harassment that she ever experienced fear of further harassment by Rizzoni that caused her to take specific reasonable actions to avoid the harassment, which deprived her of any educational opportunities. Instead, according to Plaintiff's Complaint, Rizzoni was suspended from CAR during Ohio State's investigation of her complaint, and before Ohio State concluded its investigation and while Rizzoni remained suspended from campus, Plaintiff's funding was reinstated, she was assigned a new Ph.D. advisor, and she was permitted to retake her Ph.D. candidacy exam, which she passed, after presenting the same research proposal from her December 2017 exam. It therefore follows that even construing Plaintiff's Complaint in the light most favorable to her and accepting her allegations as true, she was never put in the position of choosing whether to give up an educational opportunity to avoid contact with Rizzoni or to continue her Ph.D. study while fearing further harassment or abuse. For these reasons, Plaintiff once again fails to plead the causation necessary to state a viable deliberate indifference claim, and her claim will not be reinstated.

## IV. CONCLUSION

For the reasons stated above, Plaintiff Meng Huang's Motion for Reconsideration of February 3, 2020, Opinion and Order (ECF No. 38) (ECF No. 131) is **DENIED**.

6

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: July 26, 2022