# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| | Jury Trial Demanded |
| Defendants. | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND REQUESTS FOR PRODUCTION OF DOCUMENTS
### DIRECTED TO DEFENDANT THE OHIO STATE UNIVERSITY

### GENERAL INSTRUCTIONS

1. Plaintiff, Meng Huang, through her undersigned counsel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, requests that Defendant the Ohio State University answer its First Set of Interrogatories, in writing and under oath, and produce and permit Plaintiff to inspect and to copy the documents requested in its First Request for Production of Documents within thirty (30) days of service hereof.

2. In responding to these Discovery Requests, you are requested to furnish all information, items and documents known or available to you regardless of whether such information, items and documents are directly in your possession or that of your agents, representatives or experts.

3. If any requested document or item is no longer in your possession, custody or control, then you must state the following:

1

    (a)    What was done with the document or item;

    (b)    When such document or item was created;

    (c)    The identity and address of the current custodian;

    (d)    The reasons for transfer or disposal; and

    (e)    The identity and address of the person who decided to transfer or dispose of the document or item.

4.    You shall respond to these Discovery Requests fully and completely.

5.    These Discovery Requests shall be deemed continuing in nature, so as to require supplemental responses and production if you or anyone on your behalf obtains additional information, items and/or documents, or if additional information, items and/or documents become available to you, between the time the responses are served and the termination of any trial on the matters in this action.

6.    If anything has been deleted or redacted from a document produced in response to these Discovery Requests, then you must state the following in your response:

    (a)    Specify the nature of the material deleted or redacted;

    (b)    Specify the reason for the deletion or redaction; and

    (c)    Identify the person responsible for the deletion or redaction.

7.    If objection is made to responding to any request, or any portion thereof, or to disclosing any information contained therein, on the basis of any claim of privilege, you must specify in your response the nature of such information, items or documents, along with the nature of the privilege claimed, so that the Court may rule on the propriety of the objection. Specifically, you should state the following:

    (a)    The title of the document or item;

    (b)    The nature of the document or item;

    (c)    The author or sender;

(d) The addressee;

(e) The date of the document or item;

(f) The name of each person to whom the original or a copy was shown or circulated;

(g) The name(s) appearing on any circulation list relating to the document or item;

(h) The basis upon which privilege is claimed; and

(i) A summary statement of the subject matter of the document or item in sufficient detail to permit the court to rule on the propriety of the objection.

A privilege log, as detailed above, shall be served no later than thirty (30) days from issuance of these Discovery Requests.

8. Documents and items should be produced with an appropriate indication as to the paragraph under which they are being produced, meaning the response or answer should designate specifically which documents are responsive to that Interrogatory or Request, including identifying the applicable bates stamp numbers.

9. Documents are to be produced with sequential and unique Bates labeling, except where such labeling is impracticable because the document comprises electronically stored information being produced in native form.

## **DEFINITIONS**

The following definitions apply to these Discovery Requests.

1. "You," "your," or "Defendant" means Defendant the Ohio State University ("OSU"), and its present or former officers, trustees, directors, agents, attorneys, employees and representatives.

2. "Huang" or "Plaintiff" shall mean Plaintiff Meng Huang.

3. "ESI" shall mean any Electronically Stored Information.

4. The terms "Action" or "Proceeding" mean this proceeding, as captioned above.

3

5.     The term "person" means any natural person, individual, firm, corporation, partnership, sole proprietorship, estate, trust, trust estate, joint venture, association or any other form of business entity of any nature or character, together with the partners, trustees, officers, directors, employees, attorneys or agents thereof.

6.     The term "document" or "documents" as used herein is to be construed broadly and shall mean any kind of written, recorded or graphic matter in any form of physical media, however produced or reproduced, of any kind of description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, including, but not limited to: agreements, communications, correspondence, telegrams, cables, telex messages, electronic mail messages ("email"), memoranda, records, books, summaries of records or personal conversations or interviews, desk calendars, appointment books, diaries, journals, forecasts, statistical statements, tabulations, accountants' work papers, graphs, charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or conferences, reports or summaries of interviews or telephone conversations, reports or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or trade letters, press releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and back), check stubs or receipts, sound recordings, data processing records, microfilm, photographs, maps, financial statements or reports thereof, promissory notes, loan agreements, loan files and all notes contained with loan files, revolving credit agreements, deeds of trust, guaranty agreements or indemnification agreements, real estate contracts for sale or lease, pleadings, invoices, revenue summaries, bills, receipts, contracts, or any other documents or writings of whatever description, including any information contained in any computer (even if not previously printed out) within

4

the custody or control of you or any of your employees, agents, including attorneys, accountants, investment bankers or advisors, or any other person acting or purporting to act on your behalf.

8. The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: written contacts (whether by letter, memoranda, telegram, telex, or other document), electronic or computer contacts, and oral contacts (whether by face-to-face meeting, telephone conversations, or otherwise).

9. The term "identify" or "identity" when used with respect to persons or employees (current or former), means to state: (1) the social security number, name, date of birth, and last-known residential address(es) and residential telephone number(s) of any such individual(s); (2) the precise identification of each person's employer, rate of pay and job title of any such individual while working for Plaintiff; and (3) whether each person is a current or former employee (4) the job description, job title and department assignment of each employee (5) an indication of whether each employee has or had authority to speak as an agent for Defendant, and (6) a description of why each employee is or was authorized to speak for Defendant, and (7) the name of the present or last-known employer, place of employment or business, and job title of any such individual.

11. The term "identify," when used with respect to a document or documents, means: (1) to specify the nature of the document (e.g., letter, memorandum, etc.); (2) to state the date appearing on the document, or if no date appears, the date on which such document was prepared; (3) to describe in general the subject matter of the document; (4) to state each person who wrote, signed, dictated, or otherwise participated in the preparation of the document; (5) to state each person who was an addressee thereof and all other persons receiving copies thereof; (6) to state the present location of the document; (7) to state its exact title; and (8) the bates stamp assigned to

that document. If any such document was, but is no longer in the possession of you or subject to your control, state whether: (a) it is missing or lost; (b) it was destroyed; (c) it was voluntarily or involuntarily transmitted or transferred to other persons and identify such other persons; or (d) it was otherwise disposed of and describe the circumstances of such disposal. In each instance, explain the circumstances surrounding the authorization for such disposition, and state the date or approximate date thereof. If any of the above information is not available, state any other means of identifying such document. Attachment of a true and correct copy of any document to your answers to this interrogatory shall constitute sufficient identification of the document.

12. The term "identify," when used with respect to a statement, contact or communication, means: (1) to state whether it was written or oral, and if written to identify each document comprising or evidencing such statement, contact or communication; (2) to state the date and place of such statement, contact or communication; (3) to identify each person participating therein and each person who was present at the place or places of such statement, contact or communication; and (4) the substance of the communication.

13. The term "identify," when used with respect to an act, incident, event, meeting, conduct, occurrence or dealing, means: (1) to state the date(s) and place(s) thereof; (2) to identify all individuals involved and the nature of their involvement and all witnesses thereto; (3) to identify all communications pertaining thereto; (4) to provide a description and to state the substance thereof; and (5) to state the effect, result of disposition thereof.

14. The term "identify," when used with respect to an individual or individuals, means to state: (1) the social security number, name, and present or last-known address(es) and telephone number(s) of any such individual(s); (2) the name of the present or last-known employer, place of employment or business, and job title of any such individual; and (3) if any such individual was

6

affiliated at any time with any party to this litigation, by employment or other contractual relationship, stock ownership or otherwise, to state the nature and dates of such affiliation.

15. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these interrogatories and document requests information or documents which might otherwise be considered to beyond their scope.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all individuals you believe may have any knowledge, information, or documents concerning or relevant to any of the factual allegations of Plaintiff's complaint, and describe in detail the knowledge, information, and documents that person may have.

**ANSWER:**

**INTERROGATORY NO. 2**: Identify all individuals employed, retained, hired, or contracted with or by OSU that were involved in the investigation into the Plaintiff's sexual harassment complaint against Defendant Rizzoni, and identify their training, their experience, prior to this investigation, in conducting sexual harassment investigations, their role in the investigation, to whom they spoke during the investigation, and their role in determining the findings or conclusions related to the investigation.

**ANSWER:**

**INTERROGATORY NO. 3**: Identify all witnesses interviewed by OSU as part of the investigation of Plaintiff's sexual harassment complaint and provide a list of all written witness

statements, interview notes, photographs, videotapes or audiotapes memorializing interviews with witnesses.

**ANSWER:**

**INTERROGATORY NO. 4**: Identify all individuals involved in the decision to award Defendant Rizzoni with a plaque in his honor and to host a reception for him on October 4, 2019, and describe their specific roles in making the decision.

**ANSWER:**

**INTERROGATORY NO. 5**: Identify all documents, communications, photographs, or other evidence reviewed by OSU or any individual identified in your Answer to Interrogatory No. 1 during the investigation into Plaintiff's complaint of sexual harassment, including, but not limited to the source of the item, such as the individual that provided or obtained each such item.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify and describe all formal or informal complaints of sexual harassment and/or assault against any professors, instructors, faculty or staff, by any person from January 1, 2010 to the present. In answering this interrogatory, identify the persons who made the complaint, the persons accused, the dates such complaints were made, the nature of the complaints, whether the complaints were investigated, whether there was any disciplinary or corrective action taken by OSU and if so, the nature of it, and identify any lawsuits or legal proceedings of any kind related to any such complaint.

**ANSWER:**

**INTERROGATORY NO. 7**: Identify and describe all complaints of any nature received by OSU against Defendant Rizzoni. In answering this interrogatory, identify the date of the complaint, the nature of the accusations, whether the accusation was investigated, the conclusion of investigation, whether there was any disciplinary or corrective action taken by OSU, and if so, the nature thereof, and identify any lawsuits or legal proceedings of any kind that was filed related to any such complaint.

**ANSWER:**

**INTERROGATORY NO. 8**: Identify all policies, procedures, manuals, and training implemented, utilized, or provided by OSU, for the benefit of its faculty members regarding sexual harassment and prohibiting retaliation for reporting sexual harassment, including without limitation, any training provided by OSU to Defendant Rizzoni, the dates of such training and when any policies, procedures, or manuals were provided to him.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all persons responsible, as of the time of the alleged sexual harassment, for training faculty members regarding sexual harassment.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify and provide copies of all documents referring or relating to any actual or contemplated disciplinary or corrective action by Defendant OSU in response to Plaintiff's complaint of sexual harassment.

**ANSWER:**

**INTERROGATORY NO. 11:**  Identify the amount of income, grants, scholarships, revenue or other forms of monetary gain received by OSU on an annual basis through the CAR program from 2010 to the present.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents referred to or reviewed in drafting your Answers to the Plaintiff's First Set of Interrogatories Directed to Defendant the Ohio State University.

**ANSWER:**

2. All documents in Plaintiff's personnel file.

**ANSWER:**

3. All statements taken in connection with investigation of Plaintiff's complaint or allegations contained within this lawsuit, including, but not limited to, written statements, recorded statements, and correspondence setting forth a witness's recollections or other information provided by the witness.

**ANSWER:**

4. All documents relating to the investigation of Plaintiff's complaint or allegations contained within this lawsuit, including, but not limited to investigator's notes, summaries, reports, records, or other evidence obtained or reviewed.

**ANSWER:**

5. The complete investigation file and records pertaining to Plaintiff's complaint about Defendant Rizzoni.

**ANSWER:**

6. The complete investigation files for any and all complaints of sexual harassment or sexual assault by Richard Strauss.

**ANSWER:**

7. The complete investigation files for any and all complaints of sexual harassment identified or filed against OSU from 2010 to current.

**ANSWER:**

8. All written policies or guidance on conducting investigation utilized by the investigators in connection with the investigation.

**ANSWER:**

9. The complete personnel file of Defendant Rizzoni, including, but not limited to, hiring documents, policy receipt and training certificates, performance evaluations, disciplinary records, and documents relating to any matters alleged in the Complaint.

**ANSWER:**

10. All documentation, communications, recordings, photographs, memoranda, notes, or any other material regarding Plaintiff in OSU's possession.

**ANSWER:**

11. All communications regarding Plaintiff's complaint against Defendant Rizzoni.

**ANSWER:**

12. All notes, written communications, memoranda of verbal communications, statements, files and other documents, which in any manner pertain to, or form part of the basis for, Plaintiff's new advisor and candidacy exam committee for Plaintiff's candidacy exam on March 23, 2018.

**ANSWER:**

13. All documents, communications, memoranda, notes, or other material regarding the decision to create a plaque and hold a reception for Defendant Rizzoni on October 4, 2019.

**ANSWER:**

14. All policies, manuals, handbooks, training materials, presentations, and recordings related to sexual harassment utilized by OSU from January 1, 2010 to the present.

**ANSWER:**

15. All policies, manuals, handbooks, training materials, presentations, recordings, or other materials related to complaint procedures for reporting incidents of sexual harassment utilized by OSU from January 1, 2010 to the present.

**ANSWER:**

16. All policies, manuals, handbooks, training materials, presentations, recordings, or other materials related to investigations into complaints or reports sexual harassment utilized by OSU from January 1, 2010 to present.

**ANSWER:**

17. All documents reflecting, referring or relating to any policy prohibiting retaliation against an employee and/or student for reporting sexual harassment utilized by OSU from January 1, 2010 to present.

**ANSWER:**

18. All documents reflecting, referring or relating to steps taken by Defendant OSU to monitor the effectiveness of its procedures for distributing or communicating its sexual harassment policies.

**ANSWER:**

19. All manual, policies, or other documents regarding procedures or requirements for obtaining a Ph.D. in the Department of Mechanical and Aerospace Engineering at OSU, including, but not limited to, any personal policies or procedures of Defendant Rizzoni setting forth his requirements or expectations for Ph.D. candidates to complete and obtain a Ph.D. from OSU from January 2010 to present.

**ANSWER:**

20. All communications with Ford Motor Company or any representative of Ford Motor Company regarding any complaints, reports, or allegations of sexual harassment or assault by Defendant Rizzoni.

**ANSWER:**

21. All communications between you and any third parties concerning Plaintiff.

**ANSWER:**

22. All documents submitted by you or on your behalf and/or received by you, in relation to your responses to the charge filed by Plaintiff with the Equal Employment Opportunity Commission.

**ANSWER:**

13

Date: April 7, 2020

                                                    *s/ Bruce C. Fox*
Bruce. C. Fox (PA 42576)
Michael E. Hooper (0073188), Trial Attorney
Andrew J. Horowitz (PA 311949)
Qiwei Chen (PA 322789)
Obermayer Rebmann
Maxwell & Hippel LLP
BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219
(412) 288-2461
bruce.fox@obermayer.com
Michael.hooper@obermayer.com
andrew.horowitz@obermayer.com
qiwei.chen@obermayer.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 7, 2020, a copy of the foregoing First Set of Interrogatories and Request for Production of Documents Directed to Defendant the Ohio State University was served via electronic mail to the following recipients:

Christina L. Corl (0067869)
**PLUNKETT COONEY**
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Tel: (614) 629-3018
Fax: (614) 629-3019
Email: CCorl@plunkettcooney.com
*Counsel for Defendants*


*s/Qiwei Chen*
