# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | |
| v. | Judge James L. Graham |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | Magistrate Judge: Chelsey M. Vascura |
| Defendants. | Jury Trial Demanded |

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT THE OHIO STATE UNIVERSITY

## GENERAL INSTRUCTIONS

1. Plaintiff, Meng Huang, through her undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant the Ohio State permit Plaintiff to inspect and to copy the documents requested in its Second Request for Production of Documents within thirty (30) days of service hereof.

2. In responding to these Discovery Requests, you are requested to furnish all information, items and documents known or available to you regardless of whether such information, items and documents are directly in your possession or that of your agents, representatives or experts.

3. If any requested document or item is no longer in your possession, custody or control, then you must state the following:

(a) What was done with the document or item;

(b) When such document or item was created;

1

  (c)  The identity and address of the current custodian;

  (d)  The reasons for transfer or disposal; and

  (e)  The identity and address of the person who decided to transfer or dispose of the document or item.

  4.  You shall respond to these Discovery Requests fully and completely.

  5.  These Discovery Requests shall be deemed continuing in nature, so as to require supplemental responses and production if you or anyone on your behalf obtains additional information, items and/or documents, or if additional information, items and/or documents become available to you, between the time the responses are served and the termination of any trial on the matters in this action.

  6.  If anything has been deleted or redacted from a document produced in response to these Discovery Requests, then you must state the following in your response:

  (a)  Specify the nature of the material deleted or redacted;

  (b)  Specify the reason for the deletion or redaction; and

  (c)  Identify the person responsible for the deletion or redaction.

  7.  If objection is made to responding to any request, or any portion thereof, or to disclosing any information contained therein, on the basis of any claim of privilege, you must specify in your response the nature of such information, items or documents, along with the nature of the privilege claimed, so that the Court may rule on the propriety of the objection. Specifically, you should state the following:

  (a)  The title of the document or item;

  (b)  The nature of the document or item;

  (c)  The author or sender;

  (d)  The addressee;

  (e)  The date of the document or item;

(f) The name of each person to whom the original or a copy was shown or circulated;

(g) The name(s) appearing on any circulation list relating to the document or item;

(h) The basis upon which privilege is claimed; and

(i) A summary statement of the subject matter of the document or item in sufficient detail to permit the court to rule on the propriety of the objection.

A privilege log, as detailed above, shall be served no later than thirty (30) days from issuance of these Discovery Requests.

8. Documents and items should be produced with an appropriate indication as to the paragraph under which they are being produced, meaning the response or answer should designate specifically which documents are responsive to that Request, including identifying the applicable bates stamp numbers.

9. Documents are to be produced with sequential and unique Bates labeling, except where such labeling is impracticable because the document comprises electronically stored information being produced in native form.

## DEFINITIONS

The following definitions apply to these Discovery Requests.

1. "You," "your," or "Defendant" means Defendant the Ohio State University ("OSU"), and its present or former officers, trustees, directors, agents, attorneys, employees and representatives.

2. "Huang" or "Plaintiff" shall mean Plaintiff Meng Huang.

3. "ESI" shall mean any Electronically Stored Information.

4. The terms "Action" or "Proceeding" mean this proceeding, as captioned above.

5. The term "person" means any natural person, individual, firm, corporation, partnership, sole proprietorship, estate, trust, trust estate, joint venture, association or any other

form of business entity of any nature or character, together with the partners, trustees, officers, directors, employees, attorneys or agents thereof.

      6.      The term "document" or "documents" as used herein is to be construed broadly and shall mean any kind of written, recorded or graphic matter in any form of physical media, however produced or reproduced, of any kind of description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, including, but not limited to: agreements, communications, correspondence, telegrams, cables, telex messages, electronic mail messages ("email"), memoranda, records, books, summaries of records or personal conversations or interviews, desk calendars, appointment books, diaries, journals, forecasts, statistical statements, tabulations, accountants' work papers, graphs, charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or conferences, reports or summaries of interviews or telephone conversations, reports or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or trade letters, press releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and back), check stubs or receipts, sound recordings, data processing records, microfilm, photographs, maps, financial statements or reports thereof, promissory notes, loan agreements, loan files and all notes contained with loan files, revolving credit agreements, deeds of trust, guaranty agreements or indemnification agreements, real estate contracts for sale or lease, pleadings, invoices, revenue summaries, bills, receipts, contracts, or any other documents or writings of whatever description, including any information contained in any computer (even if not previously printed out) within the custody or control of you or any of your employees, agents, including attorneys, accountants, investment bankers or advisors, or any other person acting or purporting to act on your behalf.

8.	The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: written contacts (whether by letter, memoranda, telegram, telex, or other document), electronic or computer contacts, and oral contacts (whether by face-to-face meeting, telephone conversations, or otherwise).

9.	The term "identify" or "identity" when used with respect to persons or employees (current or former), means to state: (1) the social security number, name, date of birth, and last-known residential address(es) and residential telephone number(s) of any such individual(s); (2) the precise identification of each person's employer, rate of pay and job title of any such individual while working for Plaintiff; and (3) whether each person is a current or former employee (4) the job description, job title and department assignment of each employee (5) an indication of whether each employee has or had authority to speak as an agent for Defendant, and (6) a description of why each employee is or was authorized to speak for Defendant, and (7) the name of the present or last-known employer, place of employment or business, and job title of any such individual.

11.	The term "identify," when used with respect to a document or documents, means: (1) to specify the nature of the document (e.g., letter, memorandum, etc.); (2) to state the date appearing on the document, or if no date appears, the date on which such document was prepared; (3) to describe in general the subject matter of the document; (4) to state each person who wrote, signed, dictated, or otherwise participated in the preparation of the document; (5) to state each person who was an addressee thereof and all other persons receiving copies thereof; (6) to state the present location of the document; (7) to state its exact title; and (8) the bates stamp assigned to that document. If any such document was, but is no longer in the possession of you or subject to your control, state whether: (a) it is missing or lost; (b) it was destroyed; (c) it was voluntarily or

involuntarily transmitted or transferred to other persons and identify such other persons; or (d) it was otherwise disposed of and describe the circumstances of such disposal.  In each instance, explain the circumstances surrounding the authorization for such disposition, and state the date or approximate date thereof.  If any of the above information is not available, state any other means of identifying such document.

12. The term "identify," when used with respect to a statement, contact or communication, means:  (1) to state whether it was written or oral, and if written to identify each document comprising or evidencing such statement, contact or communication; (2) to state the date and place of such statement, contact or communication; (3) to identify each person participating therein and each person who was present at the place or places of such statement, contact or communication; and (4) the substance of the communication.

13. The term "identify," when used with respect to an act, incident, event, meeting, conduct, occurrence or dealing, means: (1) to state the date(s) and place(s) thereof; (2) to identify all individuals involved and the nature of their involvement and all witnesses thereto; (3) to identify all communications pertaining thereto; (4) to provide a description and to state the substance thereof; and (5) to state the effect, result of disposition thereof.

14. The term "identify," when used with respect to an individual or individuals, means to state: (1) the social security number, name, and present or last-known address(es) and telephone number(s) of any such individual(s); (2) the name of the present or last-known employer, place of employment or business, and job title of any such individual; and (3) if any such individual was affiliated at any time with any party to this litigation, by employment or other contractual relationship, stock ownership or otherwise, to state the nature and dates of such affiliation.

6

15. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these document requests information or documents which might otherwise be considered to beyond their scope.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

23. All documents, communications, reports, and other evidence related to any investigation and/or review into Ohio State University's Sexual Civility and Empowerment Unit, including the investigation and/or review that led the closure of the unit in 2018.

**RESPONSE:**

24. Produce the contents all OSU-owned electronic accounts and devices (including but not limited to Outlook mailboxes, cloud storage accounts such as buckeye boxes, any computer hard drive, flash drive, CD-ROM or other electronic media, tablets, mobile devices, and computers) assigned to the following custodians, based on the following searches:

   A. Giorgio Rizzoni:
      a. Date range: December 3, 2013 to present:
      b. Search terms in any field:
         1. Meng
         2. Molly
         3. Huang
         4. Ford
         5. URP
         6. "listen to me"

       7. "make me happy"
       8. "cut your funding"
       9. "we haven't spent enough time together"
      10. Herman
      11. Knee
      12. Surgery
      13. Metoo
      14. "me too"
      15. Harassment
      16. Assault
      17. Accuse
      18. Accusation
      19. Suspend
      20. Suspension
      21. Sue
      22. Suit
      23. Investigate
      24. Investigation
      25. Investigator
      26. Karen AND Kyle
      27. Parry
      28. Fail
      29. Obey
      30. Obedient
      31. China
      32. Dyche
      33. Discipline
      34. Disciplinary

B. Jonathan Parry, Kristi Hodge, Jeffrey Bons, Kay Wolf, David Williams, and Vishwanath Subramaniam:
   a. Date range: 12/13/2017 to 6/1/2018
   b. Search terms in subject line or body of email:
      1. Meng
      2. Molly
      3. Huang
      4. Giorgio
      5. Rizzoni

C. Maryn Weimer and Jennier Humphrey
   a. Date range: 9/1/2017 to 6/1/2018
   b. Search terms in subject line or body of email:

8

1. Meng
2. Molly
3. Huang

**ANSWER:**

Date: April 29, 2020

/s/ *Andrew J. Horowitz*
Bruce. C. Fox (PA 42576)
Michael E. Hooper (0073188), Trial Attorney
Andrew J. Horowitz (PA 311949)
Qiwei Chen (PA 322789)
Obermayer Rebmann
Maxwell & Hippel LLP
BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219
(412) 288-2461)
bruce.fox@obermayer.com
Michael.hooper@obermayer.com
andrew.horowitz@obermayer.com
qiwei.chen@obermayer.com

*Attorneys for Plaintiff*

9

## CERTIFICATE OF SERVICE

    I hereby certify that on April 29, 2020, a copy of the foregoing Second Request for Production of Documents Directed to Defendant the Ohio State University was served via electronic mail to the following recipients:

Christina L. Corl (0067869)
**PLUNKETT COONEY**
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Tel: (614) 629-3018
Fax: (614) 629-3019
Email: CCorl@plunkettcooney.com
*Counsel for Defendants*

                                                    */s/Andrew J. Horowitz*