# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MENG HUANG,

Plaintiff,

v.

THE OHIO STATE UNIVERSITY, ET AL.

Defendants

Case No. 2:19-cv-1976

JUDGE: GRAHAM

RESPONSE TO MOTION FOR FEES

Attorney Joshua Engel and Engel & Martin, LLC (collectively, "Engel & Martin") respectfully submits this Response to the Motion for Fees in accordance with the Court's January 9, 2023 Order (Doc#144, Doc#151.)

1. Engel & Martin joins in the Response submitted by Obermayer. Engel and Martin writes separately to emphasize that the scope of Engel & Martin's representation of Plaintiff was, for the most part, limited to providing local counsel assistance in connection with the filing of pleadings and providing advice and insight on local Ohio practices. Obermayer acted as trial counsel and handled the litigation strategy and most of the contact with Plaintiff. Plaintiff, in her Response, makes no mention of Engel & Martin. Instead, she notes, "It was Plaintiff's *former counsel from Obermayer* who made the supposedly outrageous discovery requests, who 'required' OSU to review 200,000-odd documents, and who allegedly caused mediation to fail." (Doc#148, PageID#6795 (emphasis supplied).)

2. Engel and Martin appeared in this case as local counsel on August 12, 2020. (Doc#55.) Engel & Martin sought leave to withdraw from the representation on January 31, 2022

1

    citing, in an affidavit, that the "relationship between Plaintiff and her counsel is irretrievably broken" and that "continued representation has been rendered unreasonably difficult by the client." (Doc#121.)

3. No relief is sought against Engel & Martin. Defendant seeks fees and costs exclusively under 42 U.S.C. § 1988, only. (Doc#144, PageID#6704.) This is significant because, "§ 1988 does not authorize an award of attorneys' fees against a party's lawyers." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013), *citing Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 761 (1980).[1]

4. The alleged "scorched earth" litigation tactics Defendant complains about occurred prior to Engel & Martin's Appearance.[2] (Doc#144, PageID#6710.). *See e.g.* Plaintiff's Second Set of Requests for Production of Documents (Doc#144-2) (served on April 29, 2020); Plaintiff's Third Set of Requests for Production of Documents (Doc#144-3) (served on June 16, 2020). According to Exhibit 4 submitted by Defendant, the three largest months of billing by Defendant's Counsel are all immediately *before* the appearance of Engel & Martin. (Doc#144-4.) The majority of the discovery disputes identified by Defendant in Exhibit 5 arose before Engel & Martin appeared.[3] (Doc#144-5.) And the unsuccessful

---

[1] Defendant's Motion cites Fed. R. Civ. P. 54. Rule 54 does not authorize an award of attorney's fees. If an award of fees is authorized by statute, a party claiming entitlement to attorneys' fees and related expenses must generally move for those fees under Rule 54. Under this rule, the movant must specify the grounds on which the award is sought. Fed. R. Civ. P. 54(d)(2)(B). Defendant has identified only 42 U.S.C. § 1988. Defendant has not cited any other statutes or rules that may be applied to counsel, such as Rule 11 or 28 U.S.C. § 1927.

[2] The relevance of discovery tactics is unclear, regardless. The applicable test is for awarding attorney's fees to a defendant as a prevailing party under 42 U.S.C. § 1988(b) is whether *the action* was frivolous, unreasonable, or lacking foundation, even though it was not brought in subjective bad faith. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (*per curiam*). Whether the burden or expense of the proposed *discovery* outweighed its likely benefit would have been addressed through discovery dispute mechanisms.

[3] The August 24, 2020 discovery conference with Magistrate Judge Vascura occurred less than two weeks after the appearance of Engel & Martin. The docket does not reveal when, precisely, the parties sought the assistance of the Court that led to the August 24, 2020 discovery conference. However,

mediation in this case, noted by Defendant, occurred on June 25, 2020, prior to any involvement by Engel & Martin. (Doc#144, PageID#6714.)

5. In the absence of specific allegations of misconduct, Engel & Martin cannot respond further. Engel & Martin notes, in particular, the difficulty in responding to allegations from Plaintiff that Engel & Martin pursued actions without her consent or knowledge that claims were frivolous, unreasonable, or lacking foundation without disclosing attorney-client communications and attorney work product. Counsel further is concerned that the disclosure of such information, even if consent were implied by Plaintiff's Response, may be damaging to Plaintiff's interests.

6. Nothing in any of the submissions from Defendant or current Plaintiff's counsel suggest that Engel & Martin assisted in the pursuit of a "meritless" claim in the sense that it was groundless or without foundation, or that Engel & Martin engaged in any misconduct. The fact that plaintiff ultimately lost on some, but not all, counts "is not in itself sufficient justification for the assessment of fees." *Hughes*, 449 U.S. at 14. *See also Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986) ("An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct.").

---

counsel for the parties had been engaged in Rule 37 conferrals on these issues before the appearance of Engel & Martin.

*Wherefore*, to the extent that Plaintiff seeks costs and fees from Engel & Martin, the Motion should be denied.

Respectfully submitted,

/s/ Joshua Adam Engel
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's CM/ECF system this January 24, 2023 upon all counsel of record.

/s/ Joshua Adam Engel
Joshua Adam Engel (0075769)
