IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, <br><br> Plaintiff, <br><br> v. <br><br> THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, <br><br> Defendants. | Case No: 2:19-CV-1976 <br><br> Hon. Judge James L. Graham <br> Mag. Judge Chelsey M. Vascura |

### DECLARATION OF ANDREW J. HOROWITZ, ESQ.

I, Andrew Horowitz, declare and state as follows:

1. I represented Meng Huang in this lawsuit since the filing of the Complaint until Obermayer's withdrawal in 2022.

2. I attended the June 20, 2022 mediation in this matter. At the start of the mediation, we were surprised to learn that Defendant Rizzoni was not present. Defendants claimed that he did not need to be present because OSU was obligated to defend and indemnify him. While Rizzoni later joined at the mediator's behest, the magistrate judge later found that his initial non-participation was not bad faith on the part of Defendants.

3. Defendants never made any settlement offer in the case, despite participation in a mediation and other overtures from counsel.

4. Defendants collectively served Plaintiff with thirty-nine interrogatories, forty-eight document requests, and thirty-five requests for admission.

5. Defendants designated witnesses Hoge, Brant, Giuliani, Page, and Lawther as deponents in response to Plaintiff's Rule 30(b)(6) deposition notice.

6.	OSU did not further confer with us regarding the collection of ESI following my email with Defense Counsel of April 1, 2020 (Exhibit C to Obermayer's Memorandum), until we served OSU with a discovery request with particular ESI search parameters after OSU had already conduced an independent search and had purportedly reviewed a large volume of data.

7.	Plaintiff's proposed search parameters were provided as a starting point for meet and confer discussions. My typical practice is to serve proposed search parameters and ask defense counsel for a "hit report," a spreadsheet prepared by the defendant's ESI vendor that shows the number of potentially responsive documents captured by each search term for each custodian. The parties then typically use the information provided by the hit report to negotiate over the search parameters to reduce the number of potentially responsive documents for manual review by, for example, eliminating search terms that may be causing a large number of false hits, or adjusting date ranges.

I declare under penalty of perjury and pursuant to 28 U.S.C. §1746 that the foregoing is true and accurate to the best of my knowledge and belief.

Dated: January 25, 2023

_____
Andrew J. Horowitz