# Horowitz, Andrew

| | |
|---|---|
| **From:** | Chelsey Vascura <Chelsey_Vascura@ohsd.uscourts.gov> |
| **Sent:** | Friday, June 26, 2020 12:27 PM |
| **To:** | Horowitz, Andrew |
| **Cc:** | Fox, Bruce; Chen, Qiwei; Hooper, Michael; CCorl@plunkettcooney.com; Leigh Anne Newcomer; Jacqueline Matthews |
| **Subject:** | RE: Huang v. OSU et al - 2:19-cv-1976-JLG-CMV |

Dear counsel:

I have had to opportunity now to speak with the mediator.  He indicated that the parties appeared and participated in good faith at the mediation conference.  The mediator believes that this case did not settle in light of the parties' very differing view of the case and added that perhaps after additional discovery, mediation could be fruitful.

Mr. Fox, as defense counsel has pointed out, your letter to the Court violates Local Civil Rule 16.3(c)(1) because it does not fall within one of the exceptions identified in Rule 16(c)(3).  Please carefully review Local Civil Rule 16 and advise your co-counsel and client to keep the mediation communications confidential in accordance with the Rule.  Failure to do so could result in sanctions.

If, as the case progresses, the parties agree that Court-facilitated mediation could be productive, do not hesitate to reach out to our chambers to schedule the mediation.

Best,

Chelsey M. Vascura
United States Magistrate Judge
Joseph P. Kinneary U.S. Courthouse
85 Marconi Blvd.
Columbus, OH  43215
Tele (614) 719-3410
Fax  (614) 719-3420

**From:** Horowitz, Andrew <Andrew.Horowitz@obermayer.com>
**Sent:** Wednesday, June 24, 2020 3:16 PM
**To:** Chelsey Vascura <Chelsey_Vascura@ohsd.uscourts.gov>
**Cc:** bruce.fox_obermayer.com <bruce.fox@obermayer.com>; Chen, Qiwei <qiwei.chen@obermayer.com>; Hooper, Michael <michael.hooper@obermayer.com>; CCorl@plunkettcooney.com
**Subject:** Huang v. OSU et al - 2:19-cv-1976-JLG-CMV

Dear Judge Vascura:

Please see the attached correspondence regarding a dispute over mediation in the above matter.


  

**Andrew J. Horowitz, Esquire**

**Obermayer Rebmann Maxwell & Hippel LLP**
BNY Mellon Center
500 Grant Street | Suite 5240
Pittsburgh, PA 15219-2502
412.288-2461 tel | 412.281.1530 fax
andrew.horowitz@obermayer.com | www.obermayer.com

2



**Bruce C. Fox**

Direct Dial: (412) 288-2462
bruce.fox@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**

BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219-2502
P (412) 566-1500
F (412) 281-1530

May 24, 2020

The Honorable Chelsey M. Vascura
United States Magistrate Judge
Joseph P. Kinneary U.S. Courthouse
85 Marconi Blvd
Columbus, OH 43215
<u>*Via Electronic Mail: Chelsey_Vascura@ohsd.uscourts.gov*</u>

RE: <u>*Huang v. The Ohio State University, et al*</u>: 2:19-cv-1976-JLG-CMV

Dear Judge Vascura:

I am writing to address Defendants' failure to engage in good faith participation in the mediation session required by the Court and held on June 22, 2020 before Jeffrey W. Hutson, Esquire.

Plaintiff was very surprised to appear at the mediation--which was conducted via video over Zoom--to find Defendant Rizzoni not present. When confronted regarding this, defense counsel contended that Rizzoni was represented by one of OSU's two in-house counsel present, and that his personal presence at the mediation was not necessary because OSU planned to indemnify Rizzoni for any settlement. After Plaintiff and the Mediator insisted that Rizzoni be made present for the mediation, OSU's counsel proceeded to offer that he would call in for the Mediator's caucuses with the Defendants after the initial joint session had concluded. Plaintiff then insisted that Defendant Rizzoni should participate in the joint session, and the Mediator confirmed that Rizzoni should do so. However, when Rizzoni finally joined the session by phone, he refused to cooperate with the Mediator. When the Mediator directed him to enable his video, Professor Rizzoni curtly responded, "I'd rather not." He then pronounced that he was leaving the mediation for a meeting approximately ten minutes later of indeterminate length, and that he would not re-join until after it was completed. Although Ms. Huang appeared via video for the mediation session, neither Rizzoni nor the parties participating on behalf of OSU ever appeared by video. After the joint session in which Rizzoni and OSU parties were absent from

the video, Rizzoni evidently complied with the Mediator's demand that he participate via video in his independent caucus with Defendants. Immediately after his session with Rizzoni, however, the Mediator revealed that Defendants were refusing to make any counteroffer or negotiate in response to Plaintiff's initial demand. The Mediator therefore terminated the session.

The Court's order of April 21, 2020 (Dkt. 45) required that "principals of the parties attend" the mediation. *See id.*, at p. 4. Since Rizzoni is named as a party Defendant, his presence was required. The order is devoid of any suggestion that this requirement is not applicable where OSU agrees to indemnify an individual defendant. Further, Plaintiff is seeking injunctive relief in this case, and has been transparent throughout the litigation that the injunctive relief she seeks would prevent Defendant Rizzoni from continuing to advise Ph.D. students and serving as the Director of OSU's Center for Automotive Research. It would therefore be impossible for OSU to use indemnification to shield Defendant Rizzoni from an adverse outcome in the lawsuit.

Finally, although Plaintiff made a demand well in advance of the mediation, Defendants refused to make any offer of settlement before or during the mediation. This, combined with Defendant Rizzoni's failure to participate in the mediation, shows a lack of good faith participation by Defendants in the mediation process ordered by the Court. Plaintiff therefore respectfully requests that the Court require Rizzoni and OSU to return to mediation with instruction as to what the Court considers to be good faith participation, or take such other action as the Court deems appropriate.

Sincerely,

Bruce C. Fox, Esquire

CC: All counsel of record (via electronic mail)