

OBERMAYER

**Bruce Fox, Esquire**
Bruce.fox@obermayer.com
**Direct Dial:** (412) 288-2462

BNY Mellon Center – Suite 5240
500 Grant Street
Pittsburgh, PA 15219
P 412-566-1500
F 412-281-1530
www.obermayer.com

June 18, 2020

**VIA EMAIL (CCorl@plunkettcooney.com)**
Christina L. Corl
Plunkett Cooney
Attorneys & Counselors at Law
300 E Broad St #590
Columbus, OH 43215

     **Re: *Huang v. OSU, et al* (Case No: 2:19-cv-1976)**

Dear Ms. Corl:

     We recently received your responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents Directed to OSU, and Plaintiff's First Set of Interrogatories and Requests for Production of Documents Directed to Defendant Rizzoni. Upon review, there are several deficiencies and less than fully responsive answers that require supplementation, which I have outlined below. Please correct these deficiencies on or before June 26, 2020.

## I. INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

     As a preliminary matter, Defendants have failed to verify their responses to Plaintiff's First Set of Interrogatories Rule 33(b) requires. Rule 33(b)(1) states, "interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." Further, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The person who makes the answers must also sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5); *see United States v. Quebe99999*, 321 F.R.D. 303, 309, 2017 U.S. Dist. LEXIS 74420, *12 (S.D. Ohio. May 16, 2017)(The plain language of Rule 33(b) requires Defendants—not their attorney—to answer Plaintiff's Interrogatories.)

     Accordingly, Defendant OSU and Defendant Rizzoni must verify their responses to Plaintiff's First Set of Interrogatories to conform to the Rules.

### A. Defendant OSU's Responses to Plaintiff's Interrogatories and Requests for Production of Documents (Sets 1 and 2)



**EXHIBIT**

A

Interrogatory No. 1: This request sought the identity of individuals OSU believes to have knowledge, information, or documents relevant to the facts of this case and asks OSU to identify and describe in detail the contents of such knowledge, information or documents. OSU answered only by making reference to its initial disclosures. OSU's initial disclosures, however, identify fifty-two witnesses, with only vague and repetitive descriptions of their relevance. In doing so, OSU has obscured the identities of the witnesses it actually considers to be relevant and its reasons for the same. In addition to failing to answer the interrogatory, it violates Rule 26(a)(1). The 1993 comment to the rule explains that:

> As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties. Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed.

Because OSU has failed to reasonably disclose the identity of the persons whom it believes to be potential witnesses in a manner that adequately enables Plaintiff to identify potential deponents, it is necessary for OSU to supplement this response.

Interrogatory No. 4 (and Request for Production 13): These requests sought the identity of individuals involved in the decision to award Defendant Rizzoni with a plaque in his honor after the sexual harassment claims were filed against him and documents and correspondence relating to the same. This is relevant to whether Defendant Rizzoni felt that he could commit sexual harassment without any repercussion from OSU, and OSU's dismissive attitude towards Ms. Huang's allegations. Accordingly, please provide responses to this interrogatory and request for production of documents.

Interrogatory No. 6: This request asked Defendant OSU to identify and describe sexual harassment complaints against OSU professors, instructors, faculty or staff, by any person from January 1, 2010, as well as the disciplinary or corrective action taken by OSU. The request is relevant as to whether OSU failed to have in place policies and procedures to prevent and investigate claims of sexual harassment and proper support for victims after such report and the collection of data and monitoring of those systems. Accordingly, please provide responses to this interrogatory.

Interrogatory No. 7: This request asked OSU to identify all complaint of any nature received by OSU against Defendant Rizzoni. Defendant OSU denied that Defendant Rizzoni received complaints that are similar to Plaintiff's claims, without defining what it considers to be "similar". Defendant fails to identify other claims brought against Defendant Rizzoni. This interrogatory is relevant to whether Defendant Rizzoni felt that he could violate any OSU policies without any repercussions from OSU and to the completeness of OSU's investigation of Plaintiff's claims. Accordingly, please provide responses to this interrogatory.

Interrogatory No. 11: This request sought the amount of annual revenue received by OSU through the Center for Automotive Research (CAR), where Defendant Rizzoni serves as Director. This request is relevant as to the Plaintiff's retaliation claim against OSU as Rizzoni's productivity

provided a motive for OSU to retaliate against Rizzoni and protect him in the investigation of Plaintiff's claim. This request is also relevant as whether Defendant Rizzoni has discretionary power in cutting his PhD students' stipends and removing them from the PhD program.

Request for Production of Documents No. 4: This request sought all documents relating ot the investigation of Plaintiff's complaint or allegations contained within this lawsuit. OSU has identified bates range OSU_000648-5014. This is clearly far more than the investigative file and correspondence relating to the investigation. Under Federal Rule of Civil Procedure 34(b), a "party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." In *Sowizral v. Triple*, 2007 U.S. Dist. LEXIS 113335, *14 (S.D. Ohio. Mar. 26, 2007), this District Court ordered the respondents to list the Bates stamp numbers for the documents responsive to each document request. The Court explained that the purpose of the Rule 34(b) is to prevent "responding parties might in effect hide critical documents by inserting them among less interesting materials in hopes that they would be overlooked." *Id.* Unless Defendants can prove that they produce these documents as they are kept in the usual course of business, Defendants should supplements their responses, and list the Bates stamp numbers for the documents responsive to each request for production of documents.

Request for Production of Documents No. 11: To this Request, OSU objects that the request seeks documents that are not relevant, and then states that notwithstanding the objection, "relevant" documents will be produced. This, however, does not provide Plaintiff sufficient information to assess what exactly OSU considers to be relevant and is producing or assess what exactly, if anything, OSU is withholding based on its objections. Please clarify this response to specify what responsive documents will be produced and withheld based on objection.

Request for Production of Documents No. 18: This request sought all documents regarding OSU's efforts to monitor the effectiveness of its procedures for distributing or communicating it sexual harassment policies. This is relevant in that it goes to whether OSU took adequate steps to prevent Rizzoni's harassment of Plaintiff.

Request for Production of Documents No. 23: This request sought information relating to the investigation and review of OSU's Sexual Civility and Empowerment Unit leading to that unit's eventual closure. Plaintiff asserts that the unit's operations and closure are evidence of the University's overall attitude towards sexual harassment claims and therefore evidence that OSU conducted the investigation of her claims in bad faith with an objective of protecting Defendant Rizzoni at her expense. Please, therefore, respond to this Request.

Request for Production of Documents No. 24: This request provided proposed search terms, custodians, and date ranges for ESI searches in an invitation for OSU to meet and confer regarding the same. Instead, OSU has unilaterally crafted its own ESI searches without first meeting and conferring with Plaintiff, and has also refused to share the search parameters of the same so that Plaintiff can assess their adequacy. Instead, OSU apparently expects Plaintiff to accept at face value its assertion that the documents yielded by its search were "largely duplicative" of the documents that would be generated by Plaintiff's proposed searches. This unfairly deprives Plaintiff of any opportunity to participate in this process and allows OSU to craft searches that

omit parameters that it believes will be unfavorable. Please either: 1) perform the searches that Plaintiff has requested; or 2) provide the search parameters used by OSU so that Plaintiff can assess their adequacy and if necessary, propose narrowed additional search parameters that are not likely to be duplicative with those already performed by OSU.

### B. Defendant Rizzoni's Responses to Plaintiff's Interrogatories and Requests for Production of Documents (Sets 1 and 2)

Interrogatory No. 2: This request asked Defendant Rizzoni to identify all Ph.D. students and M.S. students he recruited and/or advised. Defendant Rizzoni's objections are invalid. He fails to explain why this request is overly burdensome. Additionally, this request is highly relevant to the issue whether Defendant Rizzoni's harassed other students he supervised without any without any repercussions from OSU, and there should be no substantial burden in providing the same. Please provide the responses.

Interrogatory No. 5: This request sought information relating to Defendant Rizzoni's trips to China since 2010. Defendant Rizzoni did not identify the dates, places of the visits. Please supplement the responses.

Interrogatory No. 7: This request asked Defendant Rizzoni to identify the candidacy exam guidelines. Defendant Rizzoni fails to identify the guidelines for the Ph.D. program for Mechanical & Aerospace Engineering. Please supplement the responses.

Interrogatory No. 8: This request asked Defendant Rizzoni to identify his Ph.D. students, to whom he assigned written questions related to their Ph.D. candidacy examination. Defendant Rizzoni fails to answer the interrogatories entirely. Please supplement the responses.

Requests for Production of Documents Nos. 3-4: To these Requests, Defendant Rizzoni objects that the requests seek documents that are not relevant, and then states that notwithstanding the objection, "relevant" documents will be produced. This, however, does not provide Plaintiff sufficient information to assess what exactly Defendant Rizzoni considers to be relevant and is producing or assess what exactly, if anything, Defendant Rizzoni is withholding based on his objections. Please clarify these responses to specify what responsive documents will be produced and withheld based on objection.

Request for Production of Documents No. 22: This request seeks all relevant ESI in possession, custody or control of Defendant Rizzoni, with the exception of his accounts on University-owned systems. In response, Defendant Rizzoni has produced a text message string between himself and Plaintiff, and appears to claim that the remaining categories of information sought by this request are irrelevant. On the contrary, this request was carefully crafted to yield relevant information, and Plaintiff insists that it be responded to completely. Since Defendant Rizzoni has stated that he has no private email account and very limited social media accounts, it does not appear that a complete response to this request would yield a voluminous amount of material or be unduly burdensome.

## C. Defendants' Privilege Log

Defendants' privilege log is woefully deficient, particularly in light of the fact that it spans 37 pages. Since Defendants' are making such expansive claims of privilege, it is necessary for Defendants to provide sufficient information for Plaintiff to evaluate these claims, test their validity, and challenge them in court if appropriate. Specifically, the log fails to identify the roles of the individuals named in the log (i.e. client, attorney, or other third person), the type of document (email, report, memorandum, letter, etc.), and fails to include the subject line of the emails omitted and a description of each document.

Additionally, Defendants appear to claim privilege for certain communications to which counsel is not a party, for example emails between Kristi Hoge and her supervisor Thomas Ramey, whom (as we understand) are not attorneys). This is generally not subject to a proper claim of privilege. *See William Powell Co. v. Nat'l Indem. Co.*, 2017 U.S. Dist. LEXIS 55148, No. 1:14-cv-00807, 2017 U.S. Dist. LEXIS 55148, *78-85(S.D. Ohio April 11, 2017). It is further apparent to Plaintiff that Defendants have withheld essentially all communications in which OSU personnel deliberate or comment on any of the evidence in the investigation. These claims of privilege are likely overbroad and we therefore need more information to evaluate them.

## II. PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

We also received your June 12, 2020 email, requesting Plaintiffs to respond to more than 25 interrogatories. The Interrogatories and Request for Production of Documents were propounded by both Defendants OSU and Rizzoni. Each Defendant independently asked the first twenty-five interrogatories and the Plaintiff answered those 25 as to each Defendant. This position is supported by *Montgomery v. Sanders*, 2011 U.S. Dist. LEXIS 141458, 2011 WL 6091802 (S.D. Ohio Dec. 7, 2011), where the Court found that the Plaintiffs were limited to the 25 Interrogatories previously sent to the Defendants and did not allow for additional Interrogatories because there were multiple plaintiffs.

Further, Defendants propounded 35 Requests for Admission to Plaintiff. The Requests for Admission were worded in such a manner as to require the denial of 31 of the requests because of the misstatement of facts or being worded in such a manner that too many facts were missing to allow for an admission or denial in response. The Requests were not designed to narrow the issues for trial, but require the Plaintiff to deny and further elaborate in an answer to Interrogatory No. 33. It appears as though these Requests for Admission were not designed to narrow the issues, but circumvent discovery limitations. *See Falzone v. Licastro*, 2011 U.S. Dist. LEXIS 103017 (N.D. Ohio Sept. 13, 2011).

Plaintiff denied Thirty-one (31) of the thirty-five (35) Requests for admissions. If required to answer Interrogatory No. 33, the Defendants would be seeking an additional thirty-one (31) Interrogatories under Interrogatory 33, totaling sixty-nine (69) Interrogatories overall. That sixty-nine does not include the five (5) discrete subparts in Interrogatory 36 contains, totaling seventy-four (74) Interrogatories. The seventy-four (74) Interrogatories exceeds the limitations on Interrogatories and far exceeds the proportionality of Rule 26.

Additionally, Plaintiff produced elaborate, detailed and supported recitations of the facts on which her allegations are based. Production of these documents provides sufficient detail and response to all of the Defendants Interrogatories. Requiring Plaintiff to answer an additional 25 of the remaining 49 Interrogatories would be repetitive, harassing, and unduly burdensome.

We ask that you provide supplemental responses by June 26, 2020. Should you wish to discuss the matter further, please do not hesitate to contact me. Thank you for your anticipated prompt attention to this request.

Very truly yours,

*/s/Bruce C. Fox*
Bruce C. Fox, Esq.



# PLUNKETT COONEY

June 26, 2020

Christina L. Corl
ccorl@plunkettcooney.com
(614) 629-3018

Bruce Fox
Andrew Horowitz
Quiwei Chen
Obermayer, Rebmann, Maxwell & Hippel, LLP
*Via Electronic Mail Only*

> RE: **Huang v. OSU et. al.**
> **U.S.D.C. case no. 2:19-cv-1976**

Dear Counsel:

Please accept this correspondence and all attachments as the Defendants' response to Plaintiff's correspondence of June 18, 2020.

**Interrogatory Verifications**

Plaintiff did not include verification sheets with her interrogatories to Defendants. Defendants have drafted verifications and will forward executed verifications to Plaintiff in the near future.

**Discovery Requests to The Ohio State University**

**Interrogatory 1**

Plaintiff's first interrogatory requested that OSU "[i]dentify all individuals you believe may have any knowledge, information, or documents concerning or relevant to any of the factual allegations of Plaintiff's complaint, and describe in detail the knowledge, information, and documents that person may have." Plaintiff objects to OSU's response, claiming that by identifying 52 witnesses, OSU "has obscured the identities of the witnesses it actually considers to be relevant and its reasons for same." The interrogatory did not ask OSU to identify witnesses it considers to be relevant. The interrogatory asked OSU to *identify all individuals* with "knowledge information or documents concerning or relevant to any of the factual allegations of Plaintiff's complaint. . . ." That is exactly what OSU has done. Descriptions of the "knowledge, information and documents that person may have" is provided as fully as possible in response to an interrogatory request. Plaintiff drafted the request, so if the information provided in response to the request is not the information Plaintiff was actually seeking, that is not the fault of OSU.



# PLUNKETT COONEY

*Correspondence to Counsel*
*June 26, 2020*
*Page 2*

Further, it has not appeared that Plaintiff is confused about who to depose in this case. Plaintiff has already informed the Court that she will be taking 20 depositions. I assume – maybe I'm wrong – that Plaintiff did not pull that number out of thin air. If Plaintiff had enough information to inform the Court of the number of depositions she would be taking in the case, then it does not appear that Plaintiff requires the input of Defendants about who to depose. In any event, Defendants have fully and completely responded to the interrogatory as propounded by Plaintiff.

### Interrogatory 4 and RFPD 13

These discovery requests seek information related to "the decision to award Defendant Rizzoni with a plaque in his honor and to host a reception for him on October 4, 2019." Defendant OSU objected to these requests. Plaintiff claims that this information is relevant as related to "repercussions from OSU" regarding claims of harassment by Dr. Rizzoni and "OSU's dismissive attitude towards Ms. Huang's allegations." Any claims by Plaintiff regarding the adequacy of OSU's response to her claims or investigation have been dismissed by the Court. As such, these requests seek irrelevant information and are, therefore, objectionable.

### Interrogatory 6

Plaintiff's Interrogatory 6 requested for OSU to "identify and describe all formal or informal complaints of sexual harassment and/or assault against any professors, instructors, faculty or staff, by any person" over the course of the past decade. OSU stands by its objection to this interrogatory. As noted by Judge Graham in another case against OSU, requests such as Plaintiff's Interrogatory number 6 are *patently unreasonable* because "The Ohio State University has scores of schools and colleges, hundreds of departments and almost 50,000 employees . . . ." *Waters v. Drake,* Case no. 2:14-cv-01704, ECF # 42 (Discovery Order of July 15, 2015). As such, this request does not comport with the Federal Rules of Civil Procedure or interpretive case law.

### Interrogatory 7

This interrogatory requested that the University "[i]dentify and describe all complaints of any nature received by OSU against Defendant Rizzoni." OSU stands by its relevancy objections. Plaintiff has failed to explain how complaints which are completely and totally unrelated to the subject matter of Plaintiff's Complaint have any relevance in this proceeding. While OSU stands by its formal objection, please be advised that the University has conducted a temporally reasonable search – since 2005 – and has no record of any complaint of any type against Dr. Rizzoni, other than the complaint filed by Plaintiff.



# PLUNKETT COONEY

*Correspondence to Counsel*
*June 26, 2020*
*Page 3*

### Interrogatory 11

Plaintiff's Interrogatory 11 requested for OSU to "[i]dentify the amount of income, grants, scholarships, revenue or other forms of monetary gain received by OSU on an annual basis through the CAR program from 2010 to the present." OSU stands by its relevancy objection. Plaintiff has failed to describe how this information is relevant to any of her remaining claims in this lawsuit.

### Request for Production 4

Plaintiff has requested the bates ranges for the Human Resources investigation file related to Plaintiff's complaint regarding Dr. Rizzoni. Please be advised that the formal investigation file maintained by OSU Human Resources was produced with bates numbers OSU_005015 to OSU_006021 and OSU_001964 to OSU_002086.

### Request for Production 11

This request seeks "[a]ll communications regarding Plaintiff's complaint against Defendant Rizzoni." The parties agreed that this documentation could be provided by OSU by July 3, 2020. Plaintiff inquires what documents Defendant OSU *intends* to produce. Defendant intends to produce "all communications regarding Plaintiff's complaint against Defendant Rizzoni," with the exception of documents protected by applicable privileges.

### Request for Production 18

Plaintiff's request seeks "[a]ll documents reflecting, referring or relating to steps taken by Defendant OSU to monitor the effectiveness of its procedures for distributing or communicating its sexual harassment policies" since the beginning of time. Plaintiff fails to describe how this information is relevant to any of her remaining claims and, even if this information was relevant, the request for any communication in the history of the University without any time limitation is grossly overbroad and not proportional to the needs of the case. OSU stands by its objections.

### Request for Production 23

Plaintiff's request seeks all information relating to the investigation and eventual closure of OSU's Sexual Civility and Empowerment Unit. First, the information Plaintiff seeks is privileged. Second, Plaintiff has not described how the investigation and closure of the unit is relevant to any of Plaintiff's remaining claims. OSU stands by its objections.



# PLUNKETT COONEY

### Request for Production 24

This request unilaterally propounded search terms to OSU for an ESI search. OSU objected on the grounds that the search produced 89,372 separate documents and that it is not reasonable or permitted under the federal rules to require a party to review 89,372 documents to respond to a single discovery question. It is ironic that Plaintiff now claims that the search terms it unilaterally propounded in a request for production "deprives Plaintiff of any opportunity to participate in [the ESI search] process . . . ." In many other similar cases involving the University, the parties have worked together to craft ESI search terms. Plaintiff, however, decided it was advisable to simply propound unilaterally crafted search terms in a discovery request, without any consultation whatsoever with OSU. Because Plaintiff propounded the terms in a formal discovery request, Plaintiff left Defendant OSU no choice but to formally respond. Plaintiff now demands that to resolve this issue OSU must either: "1.) perform the searches that Plaintiff has requested ; or 2) provide the search parameters used by OSU so that Plaintiff can assess their adequacy . . . ." To resolve the matter, OSU chooses option 1. As described in its formal response to the request, OSU *has already* "perform[ed] the searches that Plaintiff has requested." The search that OSU performed at Plaintiff's request yielded 89,372 responsive documents, which is an objectionable number of documents to review in order to respond to a single discovery question.

## Discovery Requests to Dr. Giorgio Rizzoni

### Interrogatory 2

Plaintiff seeks to have Dr. Rizzoni identify all students that he has "recruited or advised" during his nearly 30-year career with the University. Plaintiff claims that this information is "relevant to the issue whether (sic) Defendant Rizzoni harassed other students he supervised without any without any (sic) repercussions from OSU." First, Plaintiff fails to explain how that information is relevant to any of her remaining claims. Second, OSU has no records evidencing any other complaint against Dr. Rizzoni by a student or anyone else. Therefore, the identity of the students who Dr. Rizzoni advised over the past 30 years cannot possibly be relevant to the issue of "repercussions from OSU." Further, Plaintiff already identified during the OSU investigation and in her discovery responses all students she claims were "harassed" by Dr. Rizzoni. Third, the time frame of the request is grossly overbroad. Dr. Rizzoni stands by his objection.

### Interrogatory 5

This interrogatory sought information regarding the nature of Dr. Rizzoni's "trips to China" over the past decade of his tenure with the University. Over objection, Dr. Rizzoni



# PLUNKETT ▼ COONEY

*Correspondence to Counsel*
*June 26, 2020*
*Page 5*

described the general nature and purpose for his visits to China, even though this information has no relevance to any of Plaintiff's remaining claims. Plaintiff objects to Dr. Rizzoni's response and demands to know the date(s) of every trip to China over the past decade. Plaintiff fails to even attempt to describe the relevance of the dates of Dr. Rizzoni's trips to China to any of her remaining claims. Dr. Rizzoni stands by his objection to this question.

### Interrogatory 7

Interrogatory 7 requests Dr. Rizzoni to "[i]dentify all candidacy exam guidelines and rules you apply, consult, or refer to when you assess Ph.D. candidates' qualifications." Dr. Rizzoni identified the guidelines and rules in the Graduate School Handbook and the guidelines and rules of the particular Ph.D. program in which the student is enrolled. Plaintiff fails to describe how this response is insufficient.

### Interrogatory 8

Plaintiff's Interrogatory 8 requests Dr. Rizzoni to "[i]dentify your Ph.D. students, to whom you assigned written questions related to their PhD candidacy examination (the "Written Examination")." Dr. Rizzoni objected to this question because it does not make any sense, among other objections. Over objection, Dr. Rizzoni noted that the "Graduate Handbook requires a 'Written Examination' to be included in <u>every</u> Ph.D. candidacy examination. (See Graduate Handbook, Section 7.3 "Written Portion of Candidacy Examination.")." This is a perfectly acceptable response to an unclear question.

### Request for Production 3 and 4

These requests seek "[a]ll communications between you Phoebe You, from 2011 to present" and "[a]ll your calendars, diaries, notes and other documents, listing your daily schedule from January 1, 2014 to present," respectively. The parties agreed that this documentation could be provided by Dr. Rizzoni by July 6, 2020. Plaintiff now inquires what documents Defendant Dr. Rizzoni *intends* to produce. Defendant intends to produce communications or other documents which make a fact which is of consequence in determining the action more or less probable than it would be without the evidence.

### Request for Production 22

Dr. Rizzoni stands by his objection that this request – for his social media "messages, chats or posts" – seeks documents which are wholly irrelevant to this matter. In the spirit of compromise, however, please be advised: 1.) Dr. Rizzoni has made no posts of any kind



**PLUNKETT ◆ COONEY**

*Correspondence to Counsel*
*June 26, 2020*
*Page 6*

on his LinkedIn account, and; 2.) Attached as OSU_006094 to OSU_006097 are the entirety of Dr. Rizzoni's tweets on his Twitter account. There is no further information or documentation to provide.

## Defendants' Privilege Log

Plaintiff claims that Defendants' privilege log is inadequate in that it does not identify the documents withheld with enough specificity to allow Plaintiff to challenge the claims of privilege. This claim is particularly specious in light of Plaintiff's own privilege log, which consists entirely of the following:

| Document | Privilege |
|---|---|
| HUANG 263 | Attorney-Client Communication |
| HUANG 264 – 265 | Attorney-Client Communication |

In the spirit of cooperation, however, attached please find an updated privilege log which provides information which was lacking regarding non-email communications. The notation "EM," which was previously provided on the log, stands for "email" in case that was unclear. The privilege log addresses documents which were either withheld in their entirety or produced with redactions. The distinction is, and has always been, clearly noted on the log itself.

With respect to your question about communications between Kristi Hoge and Tom Ramey being identified as privileged, please direct your attention to the email chain beginning with OSU_001772, as an example. As you can see from this lengthy email chain, attorney advice was interspersed with other communications. The attorney advice was redacted from the chain. The subsequent communications between Ms. Hoge and Mr. Ramey were repeating the legal advice which was redacted earlier in the chain. That is clearly a privileged communication.

## Plaintiff's Inadequate Responses to Defendants' Interrogatories

At issue is the fact each of the two Defendants in this case, Dr. Rizzoni and OSU, are entitled under the civil rules to propound 25 interrogatories on Plaintiff, for a total of 50. Plaintiff has refused to respond to more than 25 interrogatories. Therefore, I do not understand Plaintiff's explanation as to why she refuses to respond to more than 25 interrogatories. I do know, however, that the case the Plaintiff touts as supporting her position does not do so. The fact remains that the Defendants are entitled to propound a total of 50 interrogatories and Plaintiff refuses to respond to more than 25. It seems that the parties are at an impasse on this topic.



## PLUNKETT COONEY

*Correspondence to Counsel*
*June 26, 2020*
*Page 7*

Let me know any additional questions or concerns.

Very truly yours,

Christina L. Corl

Open.25577.83339.24424389-1

---



# OBERMAYER

**Bruce Fox, Esquire**
Bruce.fox@obermayer.com
**Direct Dial:** (412) 288-2462

BNY Mellon Center – Suite 5240
500 Grant Street
Pittsburgh, PA 15219
P 412-566-1500
F 412-281-1530
www.obermayer.com

July 2, 2020

**VIA EMAIL (CCorl@plunkettcooney.com)**
Christina L. Corl
Plunkett Cooney
Attorneys & Counselors at Law
300 E Broad St #590
Columbus, OH 43215

   **Re:** *Huang v. OSU, et al* **(Case No: 2:19-cv-1976)**

Dear Ms. Corl:

   We are in receipt of your letter dated June 26, 2010 ("Defendants' letter"). We believe that there remain substantial deficiencies in Defendants' responses and production and are making further effort to confer. Moreover, we continue to believe that many of these deficiencies could be worked out with a simple phone call.

## I. INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

   Defendants' letter does not set a timetable for production of verification their responses to Interrogatories.

### A. Defendant OSU's Responses to Plaintiff's Interrogatories and Requests for Production of Documents (Sets 1 and 2)

<u>Interrogatory No. 1</u>: Both Rule 26 and the Interrogatory require Defendants to identify and <u>describe in detail</u> the knowledge each person may have. This is of paramount importance due to the large number of witnesses identified by Defendants. Defendants' repetitive, vague, and boilerplate descriptions of the 52 witnesses' knowledge are not sufficient.

<u>Interrogatory No. 4 (and Request for Production 13)</u>: Defendants' contention is that OSU's honoring and paying tribute to Rizzoni with a building plaque in the midst of this litigation is irrelevant to Plaintiff's claims. We strongly disagree for the reasons previously stated. Judge Graham's decision dismissed Plaintiff's deliberate indifference claim, but OSU's investigation and ongoing favorable treatment of Defendant Rizzoni are relevant to Plaintiff's other claims.

OMC\4829-8973-9457.v1-7/2/20

Interrogatory No. 6: The order by Judge Graham identified in Defendants' letter from *Waters v. Drake* is inapposite. The plaintiff's request to which the Court was referring was far broader than the discovery request at issue here, as it sought "all reports or communications from the beginning of time filed by any OSU employee or agent complaining of any adverse employment action or condition." Here, Plaintiff's request is limited in time and seeks information regarding complaints against OSU faculty or staff regarding sexual harassment. It also merely seeks an identification of such complaints, not all communications relating to the same. This is not an unreasonable, or unduly burdensome request.

Interrogatory No. 7: This request asked OSU to identify all complaints of any nature received by OSU against Defendant Rizzoni. OSU now claims that it has conducted a search beginning in 2005 and found no such complaints. Please supplement your responses to provide this answer in verified form.

Interrogatory No. 11: The information sought by this request is relevant, and we provided an explanation in our earlier letter. Defendants' letter provides only a conclusory assertion that Plaintiff "has failed to describe how this information is relevant."

Request for Production of Documents No. 18: Plaintiff agrees to limit the scope of her request to the time period January 1, 2014 to present. This is relevant to Plaintiff's remaining sexual harassment and retaliation claims against OSU.

Request for Production of Documents No. 23: OSU first claims that the documents sought by this Request are somehow privileged. While Plaintiff cannot fully evaluate this claim without a privilege log, we strongly suspect that this, like OSU's other claims of privilege, is overbroad. Secondly, the advocate assigned by OSU to Ms. Huang, Karen Kyle, was the Director of the SCEU. Please reconsider your objection.

Request for Production of Documents No. 24: The rationale stated in Defendants' letter turns the chronology on its head. The problem is not that Plaintiff unilaterally propounded search terms and custodians; rather the problem is that OSU first unilaterally selected search terms and custodians and to this day refuses to disclose them to Plaintiff to allow us to meaningfully confer over whether the search terms and custodians selected by OSU are sufficiently inclusive.

Regardless, OSU now claims that it has performed Plaintiff's requested search and that this search yielded 89,372 documents. OSU's obligation does not stop here. Rather, OSU is expected to engage in a meaningful dialogue with Plaintiff to adjust the search terms and custodians to capture a reasonable number of documents. While Plaintiff disagrees that this number is disproportionate, it may be possible for Plaintiff to narrow the search terms and/or custodians if OSU provides a "hit report" itemizing the number of documents captured by each search term for each custodian. Production of a hit report is common practice in conducting electronic discovery.

Finally, we received OSU's further production today, which was very minimal and mostly duplicative with the prior production. This reinforces our concern that the ESI searches performed by OSU were extremely under-inclusive.

**B. Defendant Rizzoni's Responses to Plaintiff's Interrogatories and Requests for Production of Documents (Sets 1 and 2)**

Interrogatory No. 2: As previously stated, it should not be difficult for Rizzoni to identify his previous Ph.D. advisees, which may assist Plaintiff in identifying corroborative evidence showing that Defendant Rizzoni sexually harassed other advisees.

Interrogatory No. 5: This request seeks information relevant to Plaintiff's claim that Defendant Rizzoni had a pattern or recruiting female Ph.D. students from China, suggesting a sexual proclivity for such students.

Requests for Production of Documents Nos. 3-4: Defendants' letter states that Rizzoni "intends to produce communications or other documents which make a fact which is of consequence in determining the action more or less probable than it would be without the evidence." This remains problematic. Put another way, Defendants' letter states that Defendant Rizzoni will provide only *some* of the documents sought by this Request, based on what he considers to be relevant, without further explanation. Please respond to this Request in a manner that provides transparency as to what will be produced and what will be withheld.

Request for Production of Documents No. 22: This request seeks all relevant ESI in possession, custody or control of Defendant Rizzoni, with the exception of his accounts on University-owned systems. Defendant Rizzoni has supplemented his response by providing the contents of his Twitter account. This, however, does not address text messages other than between himself and Plaintiff that may be responsive to this request. Please produce all text messages responsive to this request, regardless of whether Defendant Rizzoni somehow believes they are not relevant.

**C. Defendants' Privilege Log**

Defendants' comparison of Plaintiff's privilege log (which lists two documents totaling three pages that are emails between Ms. Huang and her attorney) to OSU's 37-page privilege log is unavailing. The expansive nature of OSU's claims of privilege create a heightened need for Plaintiff to carefully evaluate OSU's claim of privilege.

Defendants also entirely withheld emails as privileged that are clearly not privileged. For example, the document OSU_000932 was copied to Plaintiff's prior counsel, Neil Klingshirn and could not possibly be privileged in its entirety. By way of further example, OSU_001007 appears to be an email from Kay Wolf, a Vice-Provost to Jonathan Parry copying OSU's counsel. These examples are from just the first two pages of Defendants' revised privilege log. Merely copying an attorney on an email does not render it privileged. *U.S. ex. rel. Fry v. The Health All. of Greater Cincinnati*, No. 1:03-CV-167, 2009 U.S. Dist. LEXIS 122921, *7 (S.D. Ohio Dec. 11, 2009) (confirming that a non-privileged communication between corporate employees does not attain privileged status simply because an attorney is copied on it).

More concerning, however, is that given the volume of documents withheld as attorney-client and the fact that very few emails relating to the investigation or its findings were produced,

it appears highly likely that OSU's employees were including OSU's attorneys on communications regarding the investigation for the sole purpose of cloaking their deliberation and process in privilege, rather than genuinely seeking legal advice. *See Waters v. Drake,* No. 2:14-cv-1704, 2015 U.S. Dist. LEXIS 164179, *1 (S.D. Ohio. Dec. 8, 2015) ("where the dominant purpose of such communications is not to secure legal advice or information requested by counsel, but to make some type of policy or business decision, the communication cannot be insulated from discovery just by sending a copy of it to a lawyer"). We believe that this will require either the Court or a special master to conduct an *in-camera* review of the documents OSU has withheld as privileged.

## II. PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

We believe that the situation at hand is on all fours with *Montgomery v. Sanders*, 2011 U.S. Dist. LEXIS 141458, 2011 WL 6091802 (S.D. Ohio Dec. 7, 2011), where the Court found that the Plaintiffs were limited to the 25 Interrogatories previously sent to the Defendants and did not allow for additional Interrogatories because there were multiple plaintiffs. If you are aware of any relevant contrary authority, please let us know, as Defendants' letter cites none. Otherwise, we agree that we are at impasse on this topic.

## III. DEFICIENCIES IN DEFENDANTS' PRODUCTION DISCOVERED AT THE DEPOSITION OF KRISTI HOGE

Please provide the following documents referenced by Ms. Hoge at her deposition:

> a. The investigation report for the investigation Ms. Hoge referenced involving the College of Food, Agricultural and Environmental Sciences where Ms. Hoge found allegations to be founded. This is responsive to Plaintiff's Request for Production to OSU No. 7;
>
> b. All text messages between Ms. Hoge and Jonathan Parry regarding Ms. Huang and/or Defendant Rizzoni. This is responsive to Plaintiff's Request for Production to OSU nos. 3, 4, 5, 10, 11, and 12;
>
> c. The YouTube video contained within Hoge Deposition Exhibit 9;
>
> d. All drafts and version control metadata relating to OSU's investigative report of Plaintiff's allegations against Defendant Rizzoni;
>
> e. The transcript of Ms. Hoge's deposition in the prior case in which she was deposed;
>
> f. The from the recent OCR civil rights investigation training referenced by Ms. Hoge, responsive to Plaintiff's Request for Production to OSU Nos. 14-16; and

g. All written materials in Ms. Hoge's possession regarding any of her continuing education coursework that related to sexual harassment or investigations, responsive to Plaintiff's Request for Production to OSU Nos. 14-16.

Until these issues are resolved, it will be necessary to postpone Mr. Parry's deposition. Please respond by close of business on Tuesday, July 7, 2020.

Very truly yours,

*/s/Bruce C. Fox*

Bruce C. Fox, Esq.



July 13, 2020

Christina L. Corl
ccorl@plunkettcooney.com
(614) 629-3018

Bruce Fox
Andrew Horowitz
Quiwei Chen
Obermayer, Rebmann, Maxwell & Hippel, LLP
*Via Electronic Mail Only*

      **RE:    Huang v. OSU et. al.**
             **U.S.D.C. case no. 2:19-cv-1976**

Dear Counsel:

Please accept this correspondence and all attachments as the Defendants' response to Plaintiff's correspondence of July 2, 2020.

**Interrogatory Verifications**

Defendants have provided the verification for Dr. Rizzoni. Attached please find one of the verifications for the University. The second verification will be provided this week.

**Plaintiff's Second "Discovery Deficiency" Letter**

Plaintiffs' Second "Discovery Deficiency" letter largely re-hashes issues which have already been addressed by the Defendants in a previous response. With the exception of the matters addressed below, OSU stands by its prior responses and objections, which were detailed in correspondence to your attention dated June 26, 2020.

**Discovery Requests to The Ohio State University**

    **Request for Production 24**

Per your request, attached please find the ESI search drafted and utilized by the University to respond to the whole of Plaintiff's document requests to both Defendants. As we previously advised, the search yielded nearly 190,000 documents, so it turned out to be even broader than the search proposed by Plaintiff. We consider this issue to be concluded.



## PLUNKETT COONEY

*Corresp. to Plf's Counsel*
*July 13, 2020*
*Page 2*

**Privilege Log**

We are double-checking documents withheld for privilege reasons. We will provide any documents which were inadvertently or improperly withheld. So far, we have not identified any such documents.

**Issues Related to the Deposition of Kristi Hoge**

As an initial matter, and as has been repeatedly pointed out during discovery, all claims related to OSU's response to Plaintiff's complaint about Dr. Rizzoni, including all claims related to the manner and sufficiency of OSU's investigation, have been dismissed by the Court. As a result, the manner in which the investigation was conducted, the drafting of the investigation report, other HR investigations and the training of OSU's investigators have no relevance to the current proceedings. OSU continues to stand by its relevancy objections on these topics. Defendants' responses to the new issues related to the investigation contained in Plaintiff's July 2 correspondence are as follows:

a.　Plaintiff requested the investigation report for a totally unrelated matter addressed by Kristi Hoge in her deposition. Again, the University stands by its objection to producing investigation reports on unrelated matters for all the reasons previously addressed.

b.　Plaintiff requested all text messages between Kristi Hoge and Jonathan Parry "regarding Ms. Huang and/or Defendant Rizzoni." Please accept this as the second confirmation that there exist no responsive text messages.

c.　Plaintiff requested the YouTube video contained within Hoge Deposition Exhibit 9. Although, again, this information is not relevant to Plaintiff's remaining claims, we will attempt to procure the URL/ID for this video so that Plaintiff may access it on YouTube.

d.　Plaintiff requested all drafts and version control metadata for the investigation report related to Plaintiff's complaint. OSU has confirmed repeatedly that no drafts exists. In addition, again, this information is not relevant to any of Plaintiff's claims.



# PLUNKETT COONEY

e.   Plaintiff has requested the transcript of Ms. Hoge's deposition in a totally unrelated case.  Defendants stand by their objection to providing this information, as repeatedly stated herein.  In addition, Plaintiff has not propounded a discovery request to which a deposition transcript would be responsive.

f.   Plaintiff has requested "The from the recent OCR civil rights investigation referenced by Ms. Hoge." We do not understand what Plaintiff is seeking.

g.   Plaintiff requested all written materials in Ms. Hoge's possession regarding "any of her continuing education coursework." Again, this information is not relevant to any of Plaintiff's remaining claims.  In the spirit of cooperation, however, OSU has produced additional training materials, with the exception of large books which are not amenable to copying/production.   OSU has provided a link to the materials, bates numbered OSU_019047 to OSU_019374.

Let me know any additional questions or concerns.

Very truly yours,

Christina L. Corl

Open.25577.83339.24533600-1

## Horowitz, Andrew

| | |
|---|---|
| **From:** | Corl, Christina <CCorl@plunkettcooney.com> |
| **Sent:** | Monday, August 17, 2020 11:36 AM |
| **To:** | Fox, Bruce; Genard, Allison; Chen, Qiwei; Horowitz, Andrew; Joshua Adam Engel |
| **Subject:** | Huang: Resending ESI hit report on Plaintiff's proposed search terms. |

A. Custodian: rizzoni.1@osu.edu
Terms: Meng, Molly, Huang, Ford, URP, "listen to me", "make me happy", "cut your funding", "we haven't spent enough time together", Herman, Knee, Surgery, Metoo, "me too", Harassment, Assault, Accuse, Accusation, Suspend, Suspension, Sue, Suit, Investigate, Investigation, Investigator, (Karen AND Kyle), Parry, Fail, Obey, Obedient, China, Dyche, Discipline, Disciplinary
Time Period: 2013-12-03 to 2020-05-03

Search results: 66,930 items (22.2 GB); Unindexed items: 1,145 items (1.10 GB)

| Query | Items | Size |
|---|---|---|
| "Ford" | 40581 | 12.72 GB |
| "China" | 16924 | 9.61 GB |
| "Herman" | 6549 | 1.34 GB |
| "Investigator" | 3425 | 2.87 GB |
| "Investigation" | 3175 | 6.02 GB |
| "Huang" | 2960 | 2.69 GB |
| "Investigate" | 2507 | 4.13 GB |
| "URP" | 2352 | 929.86 MB |
| "Meng" | 2288 | 1.10 GB |
| "Disciplinary" | 2197 | 1.86 GB |
| "Fail" | 1649 | 3.44 GB |
| "Discipline" | 1552 | 1.69 GB |
| "Suspension" | 1520 | 3.06 GB |
| "Dyche" | 1296 | 555.59 MB |
| "Suit" | 1107 | 1.22 GB |
| "Surgery" | 1058 | 517.33 MB |
| "Sue" | 952 | 343.73 MB |
| "Molly" | 728 | 151.52 MB |
| "Knee" | 543 | 626.71 MB |
| "me too" | 490 | 93.81 MB |
| "Harassment" | 366 | 313.20 MB |
| "Parry" | 249 | 169.48 MB |
| "Assault" | 237 | 199.79 MB |
| "Suspend" | 229 | 274.09  B |
| "Obey" | 124 | 320.77 MB |
| "listen to me" | 92 | 170.64 MB |
| "Metoo" | 80 | 17.24 MB |
| "Accuse" | 66 | 51.77 MB |
| "Karen" AND "Kyle" | 62 | 50.65 MB |
| "Accusation" | 48 | 71.85 MB |
| "cut your funding" | 18 | 64.53 MB |

| | | |
|---|---|---|
| "make me happy" | 2 | 467.12 KB |
| "we haven't spent enough time together" | 0 | 0 B |
| "Obedient" | 0 | 0 B |

B. Custodians: parry.24@osu.edu, hoge.42@osu.edu, bons.2@osu.edu, wolf.4@osu.edu, williams.4219@osu.edu, subramaniam.1@osu.edu
Terms: Meng, Molly, Huang, Giorgio, Rizzoni
Time Period: 2017-12-13 – 2018-06-01

Search results: 19,798 items (3.31 GB); Unindexed items: 836 items (5.47 GB)

| Condition | Items | Size |
|---|---|---|
| "molly" | 13854 | 1.93 GB |
| "rizzoni" | 3411 | 568.33 MB |
| "huang" | 3054 | 1.11 GB |
| "meng" | 2984 | 638.14 MB |
| "giorgio" | 2113 | 487.39 MB |

| Location | Items | Size |
|---|---|---|
| hoge.42@osu.edu | 11695 | 1.00 GB |
| parry.24@osu.edu | 3302 | 459.80 MB |
| wolf.4@osu.edu | 2072 | 545.38 MB |
| subramaniam.1@osu.edu | 1981 | 1.07 GB |
| williams.4219@osu.edu | 477 | 200.10 MB |
| bons.2@osu.edu | 271 | 67.49 MB |

C. Custodians: weimer.104@osu.edu, humphrey.113@osu.edu
Terms: meng, huang, molly
Time period: 2017-09-01 – 2018-06-01

Search results: 596 items (60.41 MB); Unindexed items: 67 items (111.67 MB)

| Condition | Items | Size |
|---|---|---|
| "Meng" | 481 | 27.08 MB |
| "Huang" | 417 | 37.39 MB |
| "Molly" | 61 | 20.64 MB |

| Location | Items | Size |
|---|---|---|
| weimer.104@osu.edu | 446 | 32.55 MB |
| humphrey.113@osu.edu | 150 | 27.87 MB |



**Christina L. Corl**

Plunkett Cooney
Attorneys & Counselors at Law
T 614.629.3018    C 614.309.9212

bio | office | vcard | web

**Horowitz, Andrew**

| | |
|---|---|
| **From:** | Corl, Christina <CCorl@plunkettcooney.com> |
| **Sent:** | Monday, August 24, 2020 10:05 AM |
| **To:** | Genard, Allison |
| **Cc:** | Joshua Adam Engel; Horowitz, Andrew; Chen, Qiwei; Fox, Bruce |
| **Subject:** | RE: Huang v. OSU & Rizzoni | ESI Conferral Letter |

I have asked OSU to run the requested searches.



**Christina L. Corl**

Plunkett Cooney
Attorneys & Counselors at Law
T 614.629.3018   C 614.309.9212

bio | office | vcard | web

---

**From:** Genard, Allison <allison.genard@obermayer.com>
**Sent:** Monday, August 24, 2020 9:57 AM
**To:** Corl, Christina <CCorl@plunkettcooney.com>
**Cc:** Joshua Adam Engel <engel@engelandmartin.com>; Horowitz, Andrew <Andrew.Horowitz@obermayer.com>; Chen, Qiwei <qiwei.chen@obermayer.com>; Fox, Bruce <bruce.fox@obermayer.com>
**Subject:** Huang v. OSU & Rizzoni | ESI Conferral Letter


**[EXTERNAL]**

Christina:

Please find attached the conferral letter further elaborating on our perceived shortcomings in the current ESI search terms and how we believe this can be addressed without an undue burden to the Defendants. Thanks.

Allison



**Allison Genard, Esq.**
Associate

**Obermayer Rebmann Maxwell & Hippel LLP**
BNY Mellon Center
500 Grant Street | Suite 5240
Pittsburgh, PA 15219-2502
412.209.0870 tel | 412.281.1530 fax
Allison.Genard@obermayer.com | www.obermayer.com

  



**Allison N. Genard**

**Obermayer Rebmann Maxwell & Hippel LLP**

Direct Dial: (412) 209-0870
allison.genard@obermayer.com
www.obermayer.com

BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219-2502
P  (412) 566-1500
F  (412) 281-1530

August 24, 2020

**VIA EMAIL (CCorl@plunkettcooney.com)**
Christina L. Corl, Esq.
Plunkett Cooney
Attorneys & Counselors at Law
300 E Broad St #590
Columbus, OH 43215

Re: *Huang v. OSU, et al* (Case No: 2:19-cv-1976)

Dear Ms. Corl:

During our telephone conference on Monday, August 17, 2020, you asked us to elaborate upon our perceived shortcomings of the previous search terms utilized by the Defendants.

We believe your previous search terms and parameters fail to capture relevant communications based upon facts known to date. OSU's search terms focus largely on the characteristics of the alleged physical assaults and excludes some essential custodians for certain search terms. For example, Ms. Huang does not allege and has no evidence that Rizzoni sent her or anyone else any communications discussing the details of his physical assaults on Ms. Huang. Because the Defendant's search terms focused primarily on descriptors of the assault and not the language utilized by Rizzoni, the search terms may have failed to capture relevant communications.

The search terms propounded by Ms. Huang were created based upon language utilized by Rizzoni in his email communications with Ms. Huang. For example, the search terms "listen to me", "make me happy", and "cut your funding" are taken from specific language used by Rizzoni to threaten Ms. Huang. Additionally, the name "Molly" was a search term because it is a nickname used by Meng while at OSU.

The search terms proposed in "B" focus on the OSU investigation into Plaintiff's allegations. Clearly, any such communications are highly relevant to Ms. Huang's claims related to the handling of the investigation and OSU's investigative report. It also appears that these search terms and custodians were not covered by any search term utilized by the Defendants.



Finally, the terms set forth under "C" are important because it is unclear what, if any, communications about Ms. Huang by Ms. Weimer or Ms. Humphrey were captured by Defendant's search terms. Communications by Ms. Weimer or Ms. Humphrey about Ms. Huang would be highly relevant to Ms. Huang's claims and events that occurred after her complaint.

In previous communications, Defendants have argued that the search terms had nearly 90,000 hits and the Defendants believed many of these documents to be duplicative of previously reviewed documents. At this time, we can narrow our previous list of search terms per custodian based upon your prior search and hit list. Additionally, according to traditional document review software, your IT Department or OSU should be able to remove all of the previously reviewed documents from the collections of the custodians and run the narrowed search terms against the remaining documents. This should result in far fewer hits and a much more limited review and address any concern you have on the new terms being overly burdensome. Please find below the revised list of custodians and search terms:

A. Giorgio Rizzoni:
   a. Date range: December 3, 2013 to present:
   b. Search terms in any field:
      1. Molly
      2. URP
      3. "listen to me"
      4. "make me happy"
      5. "cut your funding"
      6. Knee
      7. Surgery
      8. Metoo
      9. "me too"
      10. Harassment
      11. Assault
      12. Accuse
      13. Accusation
      14. Suspend
      15. Suspension
      16. Sue
      17. Suit
      18. Investigate
      19. Investigation
      20. Investigator
      21. Karen AND Kyle
      22. Parry
      23. Fail
      24. Obey
      25. Discipline
      26. Disciplinary



B. Jonathan Parry, Kristi Hodge, Jeffrey Bons, Kay Wolf, David Williams, and Vishwanath Subramaniam:
  a. Date range: 12/13/2017 to 6/1/2018
  b. Search terms in subject line or body of email:
      1. Meng
      2. Molly
      3. Huang
      4. Giorgio
      5. Rizzoni


C. Maryn Weimer and Jennifer Humphrey
  a. Date range: 9/1/2017 to 6/1/2018
  b. Search terms in subject line or body of email:
      1. Meng
      2. Molly
      3. Huang


If you would like to discuss this further, please feel free to reach out.

Very truly yours,

*/s/Bruce C. Fox*
Bruce C. Fox, Esq.