**Horowitz, Andrew**

| | |
|---|---|
| **From:** | Fox, Bruce |
| **Sent:** | Friday, April 3, 2020 10:04 PM |
| **To:** | 'Chelsey_Vascura@ohsd.uscourts.gov' |
| **Cc:** | Horowitz, Andrew; Chen, Qiwei; Hooper, Michael; 'Allison_Moran@ohsd.uscourts.gov'; CCorl@plunkettcooney.com |
| **Subject:** | Case 2:19-cv-01976-JLG-CMV Huang v. Ohio State University et al |
| **Attachments:** | Plaintiff's Exhibit A to Rule 26(f) report.pdf; Plaintiff's proposed Rule 26(f) report 4 4813-2267-4104.pdf |

Dear Judge Vascura,

    A preliminary pre-trial conference is presently scheduled in this matter for April 21, 2020. Plaintiff respectfully requests an expedited conference because the parties have been unable to engage in a productive dialogue about a discovery schedule, or even such basic items as sources and custodians of Defendants' ESI. As shown in the attached draft Rule 26(f) report, Defendants Rizonni and OSU insist on a discovery schedule that will unnecessarily protract discovery in this case—commenced on August 31, 2018—through the end of December 2020.

    While excessive delay is undesirable in any litigation, it may have particularly detrimental effects in this case. That is because the Plaintiff, Meng Huang, suffers from severe post-traumatic stress resulting from her sexual assaults by Defendant Rizzoni and retaliation by both Defendants. Ms. Huang was initially hospitalized for an extended period of time as a consequence of Defendants' misconduct, and has suffered severe and ongoing post-traumatic distress of varying levels of intensity while this case has been proceeding through the court system. As observed in studies of the topic, contact by victims of sexual assault with the court system "acts as a reminder of the sexual assault[s] during the recovery process and reliving the event[s] can cause emotional turmoil for the victim. The protracted [trial] process and repeated continuances are a primary reason why victims fail to follow through. The longer a trial date is postponed, the greater the emotional distress for the victim. Testifying in court reawakens painful feelings associated with the trauma and increases symptoms of Post-Traumatic Stress Disorder. Delays persuade the victim that she is better off dropping out of the justice system." Nat'l Judicial Educ. Program, *The Challenges of Adult Victim Sexual Assault Cases: Introduction for New Judges*, at p. 19 (2011). [1]

    Despite being made aware of the above special considerations affecting Ms. Huang's emotional well-being, OSU continues to insist on a drawn-out discovery schedule. The Parties' Correspondence regarding their Rule 26(f) conference is attached as <u>Exhibit A</u>. Defendants' proposed schedule includes, by way of example, two entire months for them to provide their Rule 26(a)(1) initial disclosures, which are ordinarily due fourteen days after the parties' Rule 26(f) conference.

    OSU counsel claims that "it is known" to this Court that "it takes a long time" for OSU to respond to discovery requests, and that this Court is accustomed to accommodating it. Whether that is correct or not, however, the Court should require OSU to comply with a reasonable discovery schedule in a timely manner in this particular case, given the above-described condition of Ms. Huang. There is no reason that OSU should be entitled to any special accommodations as counsel has suggested.

    OSU has not presented any compelling reasons that it cannot move forward with discovery at a reasonable pace. First, it was claimed that OSU is "shut down" due to COVID-19. When presented with OSU's own website stating that "OSU is open for business" with employees required to work from home,[2]

OSU counsel responded that employees did not have access to the requisite files while working from home. (Ex. A). Plaintiff then sent OSU counsel a list of basic questions about where electronic data relevant to the case is stored. *Id.* During the Parties' ensuing Rule 26(f) conference, OSU counsel indicated she was uncertain if OSU would have a response to those basic questions even before the end of the month.

While we understand that the COVID-19 crisis presents ongoing challenges, Ms. Huang is unable to tolerate further lengthy delays absent a demonstration that discovery cannot proceed forward in a normal fashion.
Finally, this morning--one day after OSU insisted it was unable to promptly respond to basic queries about the ESI in its possession and advised us that it would require two months for initial disclosures--without warning, it served Plaintiff with 39 interrogatories (not including subparts), 48 requests for production, and 35 requests for admission. This development underscores the need for an expedited conference with the Court to address a discovery schedule that is reasonable and reciprocal.

---

[1] (citing 1990 REPORT OF THE ILLINOIS TASK FORCE ON GENDER BIAS IN THE COURTS 120 (1990)), available at https://www.scribd.com/document/ 139858217/Judges-Tell-What-I-Wish-I-Had-Known-Before-I-Presided-in-an-Adult-Victim-Sexual-Assault-Case (accessed Apr. 2, 2020).
[2] https://wexnermedical.osu.edu/features/coronavirus/staff-and-students (under "Information for faculty and staff") (accessed Apr. 1, 2020).

Respectfully,


  

**Bruce C. Fox**

**Obermayer Rebmann Maxwell & Hippel LLP**
BNY Mellon Center
500 Grant Street | Suite 5240
Pittsburgh, PA 15219-2502
412.288.2462 tel | 412.281.1530 fax
bruce.fox@obermayer.com | www.obermayer.com

---

[1] Available at https://www.scribd.com/document/ 139858217/Judges-Tell-What-I-Wish-I-Had-Known-Before-I-Presided-in-an-Adult-Victim-Sexual-Assault-Case (accessed Apr. 2, 2020).
[2] https://wexnermedical.osu.edu/features/coronavirus/staff-and-students (under "Information for faculty and staff") (accessed Apr. 1, 2020).