# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>                Plaintiff,<br><br>        vs.<br><br>THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,<br><br>                Defendants. | Case No. 2:19-cv-01976<br><br>Hon. Judge James L. Graham<br>Mag. Judge Chelsey M. Vascura<br><br>**Plaintiff's Response in Opposition to Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Treating Physician Dr. Roy Lubit** |

Defendant's Motion in Limine to exclude the testimony of Plaintiff's treating physician Dr. Roy Lubit (Doc #: 162), who is misidentified in the Motion as "Plaintiff's newly identified expert," is based on a series of unwarranted assumptions and provably false premises and should be denied, as explained below. Granting this Motion would wrongly deprive Plaintiff of her right to introduce highly relevant evidence that was timely disclosed, and which is necessary to prove the full extent of the harm caused to Plaintiff by Defendant's sexual harassment that is at the core of this case.

This Court has already held that Plaintiff's allegations present triable issues as to whether she was subject to sexual harassment, in violation of her clearly established constitutional rights, by Defendant Giorgio Rizzoni, an Ohio State professor who recruited Plaintiff from China to the University's highly competitive PhD program in electrical engineering. Doc #: 143, PAGEID#: 6702–6703.

At trial, Plaintiff will testify about the damage caused by Rizzoni's alleged misconduct, and will undoubtedly be asked about her efforts to mitigate any such damage. More specifically, Plaintiff will undoubtedly be asked about any medical diagnoses or treatment she received for any such damage, and is entitled to introduce evidence from her treating physicians about these diagnoses and treatment.

The fundamental flaw of Defendant's instant Motion is not only that it asks this Honorable Court to preclude Plaintiff from answering such questions fully and honestly or otherwise entering evidence about the treatment and diagnoses she has received from Dr. Lubit, but that it essentially does so on the primary basis that Plaintiff only recently began treating with this doctor. As the evidence will show, Plaintiff was and remains in need of Dr. Lubit's treatment, which is relevant to and probative of the damage alleged in this case. Contrary to Defendant's suggestion, the fact that Plaintiff has only recently began receiving needed treatment from Dr. Lubit is simply not a basis for excluding his testimony or other evidence relating to this course of treatment. There are manifold reasons why traumatized victims of sexual assault would experience delays in obtaining treatment for such trauma, and Defendant is of course free to inquire and argue about same.

Defendant also misrepresents to this Court that Dr. Lubit's treatment of Plaintiff was not timely disclosed. *See* PAGEID #: 6910. To the contrary, as the evidence will show, Dr. Lubit was disclosed as a witness to Defendant within approximately two weeks of Plaintiff's first treatment session with him, and within a day of Plaintiff's counsel having received confirmation that Plaintiff was engaged in an ongoing course of treatment with Dr. Lubit. Indeed, in disclosing Dr. Lubit as a witness, Plaintiff's counsel offered to ensure Dr. Lubit's availability for a pre-trial deposition, and to ensure that Dr. Lubit would provide his treatment records of Plaintiff well in advance of any such deposition. *See* emails attached as **Exhibit 1**. In response to this offer, Defendant's counsel, on the same day, demanded to have these records produced within three days, and then, also on the same day, filed the instant Motion, without making any effort to schedule or conduct the offered deposition. *Id.*

Finally, Defendant makes the additional misrepresentation, in the caption of the Motion and throughout the document, that Dr. Lubit is not Plaintiff's treating physician but is actually an expert

witness.¹ This too is provably false, as the evidence again will show that Plaintiff in fact receiving needed treatment from Dr. Lubit for conditions that relate to and were in fact caused by Defendant's ongoing sexual harassment of her. Contrary to Defendant's suggestion, the fact that Dr. Lubit at times serves as an expert witness for ailing parties simply does not mean that he does not also treat patients, including, here, the Plaintiff. Here, the evidence will confirm that Dr. Lubit is a practicing psychiatrist, licensed in New York and California, the latter being Plaintiff's state of residence.

The law in this Circuit is clear that where "the treating physician is testifying qua treating physician, an expert report is not necessary ... so long as the treating physician does not purport to testify beyond the scope of their own diagnosis and treatment." *Eady v. Hanger Prosthetics & Orthotics*, N.D.Ohio No. 1:10-cv-00516, 2011 U.S. Dist. LEXIS 170913, at *9-10 (Apr. 8, 2011), quoting *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007), *Ridder v. City of Springfield*, No. 9503358, 1997 U.S. App. LEXIS 5118, 1997 WL 117024, at *4 (6th Cir. March 13, 1997). "Rule 26(a)(2)(B) by its terms provides that a party needs to file an expert report from a treating physician only if that physician was 'retained or specially employed to provide expert testimony.'" *Id.* Thus, "a treating physician may testify as to causation without filing an expert report if the determination as to causation was an integral part of treatment." *Id.* "This conclusion is supported by the obvious fact that doctors may need to determine the cause of an injury in order to treat it." *Fielden* at 869-871. In other words, as the Sixth Circuit has recognized and as the evidence here will confirm, "[i]t is within

---

[1] Defendant even goes so far as to refer to Dr. Lubit, alternatively, as Plaintiff's "fifth" and "sixth expert witness" (PAGEID #: 6907, 6909–6910) apparently based on the fact that Plaintiff's initial disclosures listed four providers in Columbus, three of whom work for Ohio State's Student Health Department, from whom Plaintiff had received treatment for conditions relating to Defendant's alleged abuse while she was still in school. PAGEID #: 6906, referencing PAGEID #: 6915–6916 (Plaintiff's Initial Disclosures). To be clear, Plaintiff does not intend to introduce "expert" testimony from any of these providers.

the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination." *Id.*

Thus, none of Defendant's arguments for excluding Dr. Lubit's testimony hold water. Plaintiff disclosed Dr. Lubit as a witness immediately upon engaging in a course of treatment with him, this treatment is relevant to the injury at issue, and Plaintiff has no intention to introduce any testimony from Dr. Lubit "beyond the scope of [his] own diagnosis and treatment." *Fielden*, 482 F.3d 866, 870. While Plaintiff does not wish to postpone the pending May 1 trial date, and believes it is doubtful that The Ohio State University's legal team lacks the resources to practicably complete Dr. Lubit's deposition in the ensuing month leading up to the trial, Plaintiff respectfully submits that the appropriate remedy for any such claimed prejudice by Defendant (*See* PAGEID# 6910) would be a brief continuance to allow the Defendant to conduct the discovery it needs as to Dr. Lubit's treatment of the Plaintiff. Plaintiff thus respectfully requests that she not be prevented from entering timely disclosed evidence of treatment for and diagnoses relating to damage that was caused by Defendant, and that the Court deny Defendant's motion (Doc #: 162) requesting same.

    Respectfully submitted,

*/s/ Peter Pattakos*
Peter Pattakos (0082884)
Gregory Gipson (0089340)
Zoran Balac (0100501)
THE PATTAKOS LAW FIRM LLC
101 Ghent Rd., Fairlawn, OH 44333
P: 330.836.8533/F: 330.836.8536
peter@pattakoslaw.com
ggipson@pattakoslaw.com
zbalac@pattakoslaw.com

*Attorneys for Plaintiff Meng Huang*

**Certificate of Service**

The foregoing document was filed on March 30, 2023, using the Court's e-filing system, which will serve copies on all necessary parties.

<i>/s/ Peter Pattakos</i><br>
<i>Attorney for Plaintiff Meng Huang</i>