IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,<br><br>　　　　　Defendants. | Case No: 2:19-cv-1976<br><br>Judge James L. Graham<br><br>Magistrate Judge: Chelsey M. Vascura |

### DEFENDANT GIORGIO RIZZONI'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF'S NEWLY IDENTIFIED EXPERT

As this Court is aware, Plaintiff seeks to add a fifth damages expert (Dr. Roy Lubit) 33 days before trial in a case that has been pending for 4 ½ years. Defendant, Dr. Rizzoni, has moved the Court to exclude this eleventh-hour witness because Plaintiff was required to identify expert witnesses per court order 25 months ago. (ECF #75, court order granting Plaintiff's second motion to extend case schedule and setting expert witness disclosures for March 1, 2021).

In her response in opposition to the motion to exclude Dr. Lubit, Plaintiff conflates two totally separate concepts. (ECF #164). Plaintiff contends that Dr. Lubit is a treating physician and that he was "timely disclosed" because Plaintiff just started treating with him a few weeks ago. Id., PAGEID #6925. *That issue is unrelated and irrelevant to whether Plaintiff complied with this Court's pretrial orders.* Using Plaintiff's logic, Plaintiff could seek psychological treatment *during* trial and then seek to call her doctor as an expert witness because she "just started treatment." Clearly, Plaintiff is free to seek whatever medical

treatment she chooses. That has nothing to do with Plaintiff's lawsuit or compliance with court orders.

Plaintiff does not cite a single case which supports her claim that she should be allowed to identify a fourth damages expert 33 days before trial. That is because no such precedent exists. See, e.g., *Becton v. Starbucks Corp.,* 2007 WL 2492178, * 1 (S.D. Ohio Aug. 29, 2007)(denying plaintiff's motion to identify a new damages expert six weeks before trial); *Burris v. Ethicon, Inc.,* 2022 WL 248557 (N.D. Ohio June 3, 2022)(denying plaintiff's motion to add an additional expert 6 weeks before trial); *Bloomfield Hills Country Club v. Travelers,* 2016 WL 5899084 (E.D. Mich. Oct. 11, 2016)(denying plaintiff's motion to identify a new expert three weeks before trial).

Further, Plaintiff fails to address a single factor in the Sixth Circuit precedent applicable to this case. [1] As noted in Defendant's Motion to Exclude, although the Court has broad discretion to modify its own pretrial orders, "[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings," and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." *Becton v. Starbucks Corp.,* 2007 WL 2492178, * 1 (S.D. Ohio Aug. 29, 2007) (Citations omitted). In evaluating whether the party seeking to identify additional experts beyond the deadline has demonstrated good cause, "[t]he party seeking an extension must

---

[1] Plaintiff further confuses Dr. Rizzoni's argument related to Plaintiff's failure to adhere to Fed. R. Civ. P. 26. Plaintiff claims she satisfied Rule 26 because she was not required to produce a "report" from Dr. Lubit under Rule 26 (a)(2)(B) because he is allegedly a treating physician. (ECF #164, PAGEID # 6926). Contrary to this claim, Dr. Rizzoni's argument is that Plaintiff *failed to disclose* an expert witness under Civil Rule 26(a)(2)(A), rather than that she failed to submit a written report under Civil Rule 26(a)(2)(B). (ECF# 163, PAGEID # 6908-09).

show that despite due diligence it could not have reasonably met the scheduled deadlines." Id., citing *Deghand v. Wal-Mart Stores,* 904 F. Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Id., citing *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id., citing *Dilmer Oil Co. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959, 980 (D.S.C. 1997). Plaintiff does not address the issue of good cause or any other legal requirement for her to be allowed to add an expert witness on the eve of trial.

Last, Plaintiff's suggestion that this Court further delay the trial in a case which has been pending for 4 ½ years is as preposterous as her legal arguments. Plaintiff testified in her deposition - which was taken more than 2 years ago in January 2021 - that she was "actively seeking therapy treatment" at that time. (Plf Depo., pg. 314). Plaintiff provides no explanation whatsoever as to why she, only weeks before trial, decided to go forward with the therapy treatment which she had allegedly been seeking for years.

For the reasons set forth above, Dr. Rizzoni respectfully requests the Court grant his Motion and exclude any testimony, admission of records or other evidence related to Plaintiff's proposed damages expert, Dr. Roy Lubit.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com

*Counsel for Defendant, Dr. Giorgio Rizzoni*

## CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this 31st day of March, 2023, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

Open.25577.83339.30839378-1