**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| MENG HUANG,<br><br>    Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and<br>GIORGIO RIZZONI,<br><br>    Defendants. | Case No: 2:19-cv-1976<br><br>Judge James L. Graham<br><br>Magistrate Judge: Chelsey M. Vascura |

**DEFENDANT GIORGIO RIZZONI'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF'S NEWLY IDENTIFIED WITNESSES AND COMPENSATORY DAMAGES EVIDENCE AT TRIAL**

Now comes Defendant Giorgio Rizzoni ("Dr. Rizzoni") and respectfully requests this Honorable Court for an order precluding Plaintiff from calling two additional witnesses identified for the first time 30 days before trial. Dr. Rizzoni also moves the Court to preclude any testimony, calculation or other evidence regarding Plaintiff's claimed compensatory damages because Plaintiff failed to make appropriate disclosures of damages calculations per Rule 26 and failed to comply with this Court's discovery orders on the same topic.

**I.  INTRODUCTION**

This is a sexual harassment/retaliation lawsuit in which Plaintiff alleges she was subjected to mistreatment by Dr. Rizzoni, a tenured professor of mechanical and aerospace engineering at The Ohio State University's ("OSU") College of Engineering. This case was filed by Plaintiff on August 31, 2018. A jury trial is currently set to begin on May 1, 2023, fewer than 30 days from now.

### A. Newly-Identified Witnesses.

The Court entered its Preliminary Pretrial Order on April 21, 2020 (ECF #45).  That order required the parties to exchange Rule 26 initial disclosures (including naming witnesses) on May 15, 2020.  It also required that full expert disclosures be made no later than November 1, 2020.  Plaintiff subsequently *moved twice to amend the original case schedule* and, on February 4, 2021 (more than two years ago), the Court granted the second motion of Plaintiff and set expert disclosure deadlines for March 1, 2021.  (ECF # 75).

Plaintiff identified in its initial disclosures and in subsequent disclosures 4 damages experts and a liability expert. (Plf's disclosures, Exhibit A).  The damages experts were identified as Dr. Christopher Beechy, Dr. Deepika Rangwani, Sarah Phillip, CNP and Dr. Sheila Westendorf, all of whom provided medical and/or professional counseling services to Plaintiff (a/k/a treating providers).  Id.  Plaintiff has never amended or revised her initial disclosures since providing them to Defendants on April 23, 2020.

On Friday, March 31, 2023, Plaintiff sent to Defendant her portion of the Final Pretrial Order and, for the first time, identified two witnesses she intends to call at trial who have never been previously identified by Plaintiff: Denise Deschenes and Chiaothong Yong who, apparently, are treating physicians of Plaintiff.  Although Plaintiff does not identify these persons as expert witnesses,[1] their names, nonetheless, appear in Plaintiff's medical records produced during discovery.  Before March 31, Plaintiff had never identified Deschenes or Yong as witnesses whom she intended to call at the time of trial.  Plaintiff, did, however,

---

[1] The Court's form pretrial order specifically notes that expert witnesses include "treating" physicians.  It appears that Plaintiff is attempting to circumvent pretrial expert disclosure requirements by lumping all treating professionals in with lay witnesses.

identify 4 other treating physicians that she intended to call at trial – she simply did not include Deschenes or Yong in that disclosure.  Of note is the fact that Plaintiff's second supplemental discovery responses (Exhibit C) identify 15 professionals who provided care and treatment to Plaintiff and the treatment records, themselves, identify 39 professionals, but Plaintiff does not identify any witnesses other than Dr. Christopher Beechy, Dr. Deepika Rangwani, Sarah Phillip, CNP and Dr. Sheila Westendorf *as witnesses she intends to call at trial*.  (Exhibit A).  Deschenes and Yong should be excluded from testifying at trial.

### B. Evidence Relating to Compensatory Damages Never Previously Disclosed.

In addition to identifying two new witnesses for the first time fewer than 30 days before trial, Plaintiff also (for the first time) identified damages including "delayed full time employment" in the amount of $180,000 and cost for "treatment (present and future)," which includes no monetary amount.  As outlined below, Plaintiff did not disclose the calculation or evidentiary support for these "damages" in her Rule 26 disclosures or in her discovery responses, despite being ordered by the Court to do so.  She should not be allowed to seek them at trial.

Plaintiff has provided the following description of her "damages" over the course of this litigation as follows:

1. Initial Disclosures (Exhibit A): "Meng Huang has not yet calculated the value of the damages she sustained . . . ."

2. Plaintiff's Discovery Responses of May 1, 2020 (Exhibit B) when asked to describe all categories of damages, calculations of all damages, all witnesses who will testify as to damages and all documents which relates to damages: "Plaintiff

objects to this request . . . as it is overly burdensome and not proportionate to the needs of the case." (Interrogs and RFPD numbers 26 through 31).

3. Plaintiff's First Supplemental Discovery Responses of October 8, 2020 (Exhibit C) when asked to describe all categories of damages, calculations of all damages, all witnesses who will testify as to damages and all documents which relates to damages: "Plaintiff has not and is not obligated to calculate statutory, punitive, special damages, attorneys' fees or unknown damages . . . . As to compensatory damages, the Plaintiff has not calculated these damages to date and will supplement at a later date."

Upon Plaintiff refusing to provide damages information, Defendants moved the Court to order Plaintiff to comply with the civil rules. A hearing with Magistrate Judge Vascura was held on November 19, 2020 and memorialized with an Order. (ECF # 68). In that order, Judge Vascura ordered as follows:

> In response to Defendants' interrogatory requesting a computation of each category of damages sought by Plaintiff, Plaintiff responded that she "has not and is not obligated to calculate statutory, punitive, special damages, attorneys' fees or unknown damages as this is within the province of the jury." Plaintiff is incorrect. A party must serve "a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered" as part of a party's initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(iii). Pursuant to the undersigned's Preliminary Pretrial Order, initial disclosures were due May 15, 2020. (ECF No. 45.) Plaintiff should have provided this information unprompted without Defendants having to issue an interrogatory. During the conference, Plaintiff's counsel represented that Plaintiff's damages calculations are not yet finalized because Plaintiff intends to rely on expert testimony as to damages. Even so, Plaintiff is **ORDERED** to supplement her response to Interrogatory No. 31 with whatever calculations she currently has.

4

Following the Court Order compelling her to respond to discovery regarding her calculation of damages, Plaintiff provided the following Second Supplemental discovery response on January 19, 2021 (Exhibit D):

· Lost income as a result of having her graduation delayed 18 months, less amounts paid to her by OSU during that time period. We expect this amount to equal approximately $200,000.

· Lost future income due to having to pursue an alternative career rather than her anticipated career at Ford Motor Company, in order to avoid exposure to Professor Rizzoni, along with having to forego income over the course of her career derived from the opportunities that Professor Rizzoni creates for his graduates through his connections and reputation in the industry, in an amount that is presently incalculable.

· Medical expenses resulting from emotional distress, in excess of $10,000, excluding amounts paid by health insurance, with the exact amount still being calculated.

· Compensatory damages resulting from damage to Plaintiff's credit rating due to unpaid medical expenses resulting from emotional distress, in an amount that is not presently calculable.

· Compensatory damages for lost future income due to limitations that emotional distress will place on her career, an amount that is presently incalculable.

· Compensatory damages for emotional distress.

· Exemplary and punitive damages.

That is the final supplementation of damages calculations provided by Plaintiff before she submitted her proposed final pretrial order on March 31, 2023. Despite being ordered to do so by the Court, Plaintiff has never provided any sort of description of how she is calculating her "lost income," and has never identified a single witness to testify regarding her lost income.[2] Nor has she provided any further detail or calculations regarding the numerous categories of compensatory damages she claims here.

Upon receipt of Plaintiff's portion of the final pretrial order on March 31, defense counsel inquired regarding the calculation of the claimed $180,000 related to lost income because of the allegedly delayed graduation. Plaintiff responded by stating, "The evidence at trial will also show that her salary upon graduating was $180,000, which she would have received a year earlier." (Corresp. of April 3, 2023, Exhibit E). Despite prior discovery responses on the topic (Ex. D) Plaintiff does not deduct from this amount the wages "paid to her by OSU during this period." Interestingly, when Plaintiff was questioned in her deposition regarding the amount of her starting salary after her graduation from OSU, *Plaintiff refused to provide that information* and her counsel objected, stating that the information was not relevant. (Plf. Depo., pgs. 121-22). When she did, ultimately, state her "salary upon graduating," she stated that number was $135,000, not $180,000, as Plaintiff currently claims. (Id., 128). So, after refusing to provide information in response to discovery

---

[2] It should be noted that Plaintiff's initial disclosures state her graduation was delayed "18 months" and her alleged "loss" related to that was stated as "$200,000," although she provided no explanation regarding how that amount was calculated. Plaintiff's most recent submission states her graduation was delayed by "one year" and that the alleged loss was "$180,000," again, providing no computation or any documents to support the claim.

requests, Plaintiff now seeks to introduce the evidence she refused to produce in discovery during trial to establish her alleged damages.

Although not an issue for the jury, the Court should also note that Plaintiff was ordered to provide quarterly status reports of attorneys' fees expended on the case but has not done so. (ECF #s 45 and 68).

With respect to medical treatment, despite being served with multiple document requests, Plaintiff has never produced a single medical bill, has never identified amounts "paid by health insurance" and has never provided a calculation of her medical expenses, other than roughly estimating that they are "in excess of $10,000."

## II.    LAW AND ANALYSIS

### A.  Newly-Identified Experts (Treating Physicians).

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16 further requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, *inter alia,* file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause...." *Becton v. Starbucks Corp.,* 2007 WL 2492178, * 1 (S.D. Ohio Aug. 29, 2007)(denying plaintiff's motion to identify a new damages expert *six weeks* before trial).

Although the Court has broad discretion to modify its own pretrial orders, "[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings," and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id.  (Citations omitted). In evaluating whether the party seeking to identify additional experts beyond the deadline has

7

demonstrated good cause, "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Id., citing *Deghand v. Wal-Mart Stores,* 904 F. Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Id., citing *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id., citing *Dilmer Oil Co. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959, 980 (D.S.C. 1997). Further, the presence or absence of prejudice to the other party or parties is a factor to be considered. *Inge v. Rock Financial Corp.,* 281 F. 3d 613 (6th Cir. 2002).

The Court considers multiple factors in determining whether to allow additional witness disclosures outside of the case schedule deadlines. *Dowling v. Cleveland Clinic Found.*, 593 F. 3d 472, 478 (6th Cir. 2010). The factors include: "(1) when the moving party learned of the issue . . . ; (2) how the discovery would affect any ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." Id. The Sixth Circuit has explained that the main inquiry is whether "the moving party was diligent in pursuing discovery." Id.; see also, *Inge v. Rock Fin. Corp.*, 281 F. 3d 613, 625 (6th Cir. 2002); Leary *v. Daeschner*, 349 F. 3d 888, 906 (6th Cir. 2003).

Further, under Rule 26(a)(2)(C), parties must provide expert witness disclosures, even for witnesses who are not retained or specially employed in the course of litigation; these disclosures include, at a minimum, "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a

summary of the facts and opinions to which the witness is expected to testify." Under Rule 26(a)(2)(D), the timing for initial expert disclosures is to be set by court orders.

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A showing of harmlessness for this purpose requires "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis,* 317 F. 3d 686, 692 (6th Cir. 2003) (citing *Vance v. United States,* 1999 WL 455435 at *5 (6th Cir. June 25, 1999)).

Here, Plaintiff meets none of the standards – whether under Rule, 16, 26 or 37 – to add 2 additional expert witness 30 days before trial, in a case that has been pending since 2018. First, Plaintiff has already identified 4 damages experts.  She has stated no good cause to identify two additional damages expert a month before trial.  Second, Rule 26 disclosures were exchanged by the parties almost 3 years ago, in April 2020. (Ex. A).  Plaintiff has never amended or supplemented any Rule 26 disclosure. After the initial disclosures, Plaintiff moved twice for an extension to identify experts, yet failed to do so by March 1, 2021, as required by this Court's Order of February 4, 2021. (ECF # 75).  Discovery in this matter was open for the issue of damages experts from April 21, 2020 until January 4, 2023, a period of almost 3 years, yet Plaintiff did not seek to identify an additional damages expert.  Id.  New counsel for Plaintiff took over handling of this matter a year ago, yet did nothing to add any additional experts until, literally, the eve of trial.   Plaintiff has not provided any explanation of any kind to demonstrate "good cause" for a delay of 3 years in identifying experts. Whether the new experts are treating or hired experts is not relevant to the Court's analysis.

9

As such, Plaintiff must be precluded from identifying two additional expert witnesses (Denise Deschenes and Chiaothong Yong) less than a month before trial.

### B. Damages for Which no Calculations, Computations or Discovery was Provided.

Rule 26(a)(1)(A)(iii) requires the parties to disclose "a computation of each category of damages claimed by the disclosing party" <u>along with supporting evidentiary material</u> and "materials bearing on the nature and extent of injuries suffered." *Bessemer & Lake Erie R.R. Co., v. Seaway Marine Transp.,* 596 F. 3d 357, 366-67 (6th Cir. 2020).  "Rule 26(a)(1)(A)(iii) is unambiguous — it applies to *each* category of damages claimed; it is not limited to economic damages."  *Lucas v. Transamerica Life Ins. Co.,* No. 2011 WL 5148883, *1 (E.D. Ky. Oct. 21, 2011). Rule 26 requires that, although a plaintiff may be unable to "precisely explain his quantification ... the plaintiff is required to provide specific amounts of compensatory and punitive damages he seeks." Id. at *1 (citing 2010 WL 711830, *3 (M.D. Tenn. Feb. 24, 2010)). Courts have explained that the "documentation and evidence required by Rule 26 must be sufficient to allow the opposing party to 'independently analyze' the claim." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, 2016 WL 4468000, at *5 (N.D. Ohio Aug. 23, 2016) (citing  *Bessemer*, 596 F.3d at 370); *see also Scheel v. Harris*, 2012 WL 3879279, at *4 (E.D. Ky. Sept. 6, 2012) (quoting  *Bessemer*, 596 F.3d at 370); *Silicon Knights, Inc. v. Epic Games, Inc.*, 2012 WL 1596722, at *7 (E.D. N.C. May 7, 2012) (explaining that "Rule 26(a)(1)(A)(iii) and Rule 26(e) are designed to provide a damages computation and analysis during

discovery" so that the "opposing party may then prepare to meet that evidence via cross examination and via evidence in its rebuttal case (such as its own expert witness).").[3]

Further, "Rule 37 requires virtually automatic preclusion of information not disclosed pursuant to rule 26 (a)(1)." *Webb v. Chase Manhattan Mortgage Corp.,* 2008 WL 2230696, *14 (S.D. Ohio May 28, 2008)(citations omitted). Failing to disclose damages categories or calculations is "alone sufficient to preclude [plaintiff] from submitting evidence of it." Id. (citations omitted.) The burden is on the non-disclosing party to prove that the non-disclosure was "harmless or substantially justified." *Yost v. Wilhoit,* 2021 WL 5407722, *3 (S.D. Ohio Nov. 18, 2021)(holding that an "approximation of damages" does not satisfy the requirements of the civil rules). See also, *Bullard v. Roadway Exp.,* 3 F. App'x 418, 420 (6th cir. 2001) (precluding a plaintiff from making economic damages claim where the plaintiff failed to provide information essential to make damages calculations).

Multiple courts have found that the plain language of Rule 26(a)(1)(c) requires that a "plaintiff should provide more than a lump sum statement of the damages allegedly sustained." *Detrick v. 84 Lumber Co.,* 2008 WL 11381819, * 5 (N.D. Ohio Jan. 25, 2008)(citations omitted)(excluding damages claimed by plaintiff which were merely estimates). Further, a "discovery request calling for the calculation of damages," like those served on Plaintiff in this case, "requires more than merely setting forth the figure demanded." Id. (citations omitted).

---

[3] Defendant recognizes that claims for emotional distress damages are "vague and are generally considered a fact issue for the jury . . . ." *Yost* at *5. Therefore, this motion is not directed at Plaintiff's emotional distress claim. It is directed at all other categories of compensatory and special damages claimed by Plaintiff.

Here, it was not until the eve of trial that Plaintiff even fully described what damages she was claiming, and that was only after defense counsel inquired. Plaintiff has provided no damages calculations, despite being ordered to by the Court, and has not provided documentation to allow Dr. Rizzoni to even understand the nature of her damages or how they are calculated nor has she identified a single witness who will testify regarding these claimed damages.

As a final matter, even if Plaintiff had provided the required disclosures, her "delayed" graduation[4] damages are too speculative to be presented to a jury. According to Plaintiff, she is entitled to $180,000 in damages as her "salary upon graduating" that, if her graduation was not delayed, "she would have received a year earlier." (Ex. E). *That statement is nothing but speculation.* Plaintiff cannot say that she would have been offered the same job or the same salary had she applied for the job a year earlier. Plaintiff cannot even testify that the same job *existed* a year earlier. Under Ohio law, damages must be shown with a reasonable degree of certainty and not be the product of speculation. *Combs Trucking v. Int'l Harvester Co.*, 12 Ohio St. 3d 241, 244, 466 N.E. 2d 883 (1984). The plaintiff bears the burden of establishing damages with reasonable certainty. *Weber v. Obuch*, 2006 Ohio 6993, 2006 WL 3825266, *14 (9th Dist. Dec. 30, 2005). "Damages must be shown to a reasonable certainty and cannot be based upon mere speculation or conjecture, regardless of whether the action is contract or tort." *Zevchik v. Kassai*, 1997 WL 793135, at *6, (8th Dist. Dec. 24, 1997). Ohio courts have repeatedly rejected claims for damages based on conjecture. *Smith v. Goodyear*

---

[4] Plaintiff's graduation was delayed (if at all) as the result of her refusal to write peer reviewed articles as required by her new advisor, Mrinal Kumar, not because of anything Dr. Rizzoni did. (Kumar Affidavit, ECF # 105-16).

*Tire & Rubber Co.*, No CA 1258, 1990 WL 166996 (2nd Dist. Oct. 29, 1990) (estimates of damages "were little more than guesswork"); *Henderson v. Spring Run Allotment*, 99 Ohio App. 3d 633, 644, 651 N.E. 2d 489 (9th Dist. 1994) (evidence of alleged damages barred as improperly speculative); *Broadvue Motors v. Chief of Police*, 135 Ohio App. 3d 405, 421, 734 N.E. 2d 417 (8th Dist. 1999) (trial court erred by awarding "purely speculative" damages.)

Here, it is conjecture for Plaintiff to state that she would have gotten the exact same job offer at the exact same rate of pay a year earlier than her graduation in 2019. As such, her claim for damages related to her alleged "late graduation" must be excluded from evidence at trial, along with all other categories of compensatory damages except for emotional distress.

## III.    RELIEF REQUESTED

For the reasons set forth above, Dr. Rizzoni respectfully requests the Court grant his motion and exclude any testimony or other evidence related to Plaintiff's newly-identified damages experts, Denise Deschenes and Chiaothong Yong, and to exclude any testimony, admission of records or other evidence related to Plaintiff's claims for compensatory damages except for Plaintiff's claim alleging emotional distress.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com
*Counsel for Defendant, Dr. Giorgio Rizzoni*

13

## **CERTIFICATE OF SERVICE**

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this **3rd day of April, 2023,** which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

Open.25577.83339.30850259-1

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | **Case No: 2:19-cv-1976** |
| **Plaintiff,** | |
| | **Judge James L. Graham** |
| v. | |
| | **Magistrate Judge: Chelsey M. Vascura** |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| **Defendants.** | **Jury Trial Demanded** |

### PLAINTIFF'S INITIAL DISCLOSURES PURSUANT
### TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Plaintiff, by and through her undersigned counsel, hereby provides disclosures in the above-captioned matter pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Plaintiff reserves the right to amend and/or supplement these disclosures and submit these disclosures without prejudice to her right to object to the production of any documents or potential witnesses identified herein or the use of any such documents or witnesses at any trial or hearing in this matter.

(i)     **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claim or defenses, unless the use would be solely for impeachment.**

1.      Meng Huang
        C/O Bruce Fox, Esq.
        Obermayer Rebmann Maxwell & Hippel LLP
        500 Grant St., Suite 5240
        Pittsburgh, PA 15219
        (412) 288-2462

The following individuals are located at Ohio State University and can be contacted through Christina Corl:

2.      Giorgio Rizzoni

        Mr. Rizzoni has information regarding the allegations set forth in the Complaint

1



and contents of the Answer and Affirmative Defenses.

3.     Kristi Hoge

As a member of Human Resources, Ms. Hoge has information regarding the investigation into Meng's complaints against Rizzoni and OSU's procedure for investigation into such complaints.

4.     Levent Guvenc

Professor Guvenc was in the vehicle for the January 22, 2015 trip to Dearborn, MI.

5.     Wei Zhang

Professor Zhang has knowledge regarding original selection for Meng's candidacy exam committee.

6.     Yann Guezennec

Professor Guezennec has knowledge regarding being a member of Meng's candidacy exam committee and the exam.

7.     Janeen Sands

Ms. Sands has information regarding the requirements and forms for PhD exams. It is believed that she has information regarding Rizzoni's defamatory comments about Meng. She was also present for the conversation when Rizzoni informed Meng she did not pass her PhD candidacy and would not be permitted to take it again.

8.     John Kabat

Mr. Kabat is the HR member at CAR and would have first hand knowledge of Meng's complaint about Rizzoni. Kabat may also know about Rizzoni's defamatory statements about Meng and decisions regarding stopping her stipend.

9.     Jim Riedel

Jim Riedel has information regarding the MATLAB license and the events of November 15, 2017.

10.     Marcello Canova

Professor Canova has information about past students that were PhD advisees of Rizzoni and the PhD process for OSU and CAR. He also has information regarding being asked to be on Meng's candidacy exam committee and the exam.

11.     Dr. Jung Hyun Kim

        Dr. Kim has information about past students that were PhD advisees of Rizzoni and
        the PhD process for OSU and CAR. He also has information regarding being asked
        to be on Meng's candidacy exam committee and the exam.

12.     Dr. Vishnu Sundaresan

        Dr. Sundaresan has information about past students that were PhD advisees of
        Rizzoni and the PhD process for OSU and CAR. He also has information regarding
        being asked to be on Meng's candidacy exam committee and the exam.

13.     Dr. Vish Subramaniam

        Dr. Subramaniam has information regarding Meng's report regarding the candidacy
        exam and the sexual harassment by Rizzoni.

14.     Elizabeth Cumpston

        Ms. Cumpston was the HR representative present when Meng made her report to
        Subramaniam regarding the candidacy exam and the sexual harassment.

15.     Jonathan Parry
        Radiology Partners
        471 E Broad Street
        Columbus, Ohio 43215
        (614) 221-3303

        Mr. Parry has knowledge of the OSU investigation into Meng's complaint as the
        lead investigator.

16.     Pheobe (Chao) You
        Shangai, China
        +86 (21) 5175-1506

        Ms. You has information regarding Rizzoni's practice of recruiting female Chinese
        students and the dinner on the night Meng met Rizzoni.

17.     Dyche Anderson
        Dearbon, MI
        (313) 805-2967

        Mr. Anderson has information regarding Meng's time as a visiting scholar and
        intern at Ford, her work product on the project for Ford, and her weekly meetings

3

on the projects. He also has knowledge of Rizzoni's communications with him about Meng.

18.   Adithya Jayakumar
      Columbus, OH
      (614) 843-4080

      Mr. Jayakumar is aware of the general circumstances of being Rizzoni's PhD advisee. He was present for the April 29, 2015 trip to Dearborn, MI.

19.   Valerie Hendrickson
      Columbus, OH
      (330) 383-2524

      Ms. Hendrickson has knowledge about Meng's attempts to contact her following the February 19, 2017 assault at Rizzoni's house. She would also have information about the general complaints by Rizzoni's advisees.

20.   Michael Beeney
      Dearborn, MI
      (814) 215-0943

      Mr. Beeney is one of the engineers on the battery team at Ford. He has knowledge regarding Meng's hard work at Ford and her emotional breakdown after they told her to relax a bit.

21.   Arnold

      Arnold is one of the engineers on the battery team at Ford. He has knowledge regarding Meng's hard work at Ford and her emotional breakdown after they told her to relax a bit.

22.   Marcelo

      Marcelo is one of the engineers on the battery team at Ford. He has knowledge regarding Meng's hard work at Ford and her emotional breakdown after they told her to relax a bit.

23.   Dr. Christopher R. Beechy, MD
      Riverside Methodist Hospital Emergency Dept.
      3535 Olentangy River Road
      Columbus, OH 43214
      (614) 566-5321

4

Dr. Beechy has information regarding Meng's treatment for anxiety and other issues related to the harassment and investigation in January 2018.

24. Dr. Deepika Rangwani
Ohio State Student Health Services
1875 Millikin Rd.
Columbus, OH 43210

Dr. Rangwani has information regarding Meng's treatment for medical issues related to sleep deprivation and stress in December 2016.

25. Sarah Phillip, CNP
Ohio State Student Health Services
1875 Millikin Rd.
Columbus, OH 43210

Ms. Philip has information regarding Meng's treatment for anxiety and issues related to the harassment and investigation in January 2018.

26. Dr. Sheila Westendorf
Ohio State Student Health Services
1875 Millikin Rd.
Columbus, OH 43210

Dr. Westendorf has information regarding Meng's treatment for anxiety and PTSD in February 2018.

27. Any other OSU employee identified as being involved in the process of investigating Meng's complaints about Rizzoni.

28. Any other OSU employee identified as making decisions regarding Meng's PhD candidacy exam.

29. Any individuals identified in the Defendants' Initial Disclosures.


(ii) **A copy of – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control of the party and may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. Documents provided by Meng Huang to OSU during the investigation into

Meng's complaints against Rizzoni in December 2017

2. Medical records related to Meng's treatment for illnesses and ailments related to Rizzoni's sexual harassment and the OSU investigation.

3. Emails and text messages related to the allegations contained within the Complaint.

4. Documents and communications related to Meng's first PhD candidacy exam and committee.

5. OSU Investigation Report

6. OSU policies and procedures, including, but not limited to, sexual harassment, investigation of complaints against faculty members, and PhD candidacy exam and program requirements.

**(iii) A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 24 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Meng Huang has not yet calculated the value of the damages she sustained due to the wrongful conduct of Rizzoni and OSU. The majority of her claims are incalculable due to the nature of the emotional distress and harm damages. She does, however, claim all damages available under all remaining claims as set forth in her Complaint. Meng Huang thus reserves the right to supplement this disclosure at such time as this computation has been performed.

**(iv) For inspection and copying under Rule 34, any insurance agreement under which any person carrying on business may be liable to satisfy part of or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

Dated: April 23, 2020

/s/ Bruce Fox
Bruce. C. Fox (PA 42576)
Qiwei Chen (PA 322789)
Obermayer Rebmann
Maxwell & Hippel LLP
BNY Mellon Center, Suite 5240
500 Grant Street

6

Pittsburgh, PA 15219
(412) 288-2461
bruce.fox@obermayer.com
qiwei.chen@obermayer.com

*Attorneys for Plaintiff*

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2020, I caused the foregoing PLAINTIFF'S INITIAL DISCLOSURES to be served via electronic mail to the following recipients:

Christina L. Corl (0067869)
PLUNKETT COONEY
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Tel: (614) 629-3018
Fax: (614) 629-3019
Email: CCorl@plunkettcooney.com
*Counsel for Defendants*

Respectfully submitted,

*s/ Bruce Fox*

Bruce Fox, Esq.
Counsel for Plaintiff

8

**Exhibit B**

### IN THE UNITED STATES DISTRICT
### COURT FOR THE SOUTHERN DISTRICT
### OF OHIO EASTERN DIVISION

MENG HUANG,

                Plaintiff,

      vs.

THE OHIO STATE UNIVERSITY and
GIORGIO RIZZONI,

             Defendants.

Civil Action 2:19-cv-1976
Judge: James L. Graham
Magistrate Judge: Chelsey M. Vascura

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO
### DEFENDANTS' FIRST SET OF COMBINED INTERROGATORIES,
### REQUESTS FOR PRODUCTION DOCUMENTS, AND REQUESTS FOR ADMISSIONS

Plaintiff, Meng Huang, asserts her answers and objections to Defendants' First Set of Combined Interrogatories, Requests for Production Documents, and Requests for Admissions (collectively "Discovery Requests"), as follows:

### I.      GENERAL OBJECTIONS

Each of Plaintiff's answers, in addition to any specifically stated objections, is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Discovery Request does not waive any of Plaintiff's general objections.

1.      Plaintiff objects to these Discovery Requests to the extent that they are overbroad or seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules and statutes. Plaintiff will respond to each Discovery Request in accordance with the requirements of the Federal and Local Rules.

2.      Plaintiff objects to these Discovery Requests to the extent that they seek information that is not relevant to the claims or defenses of any party to this litigation.

3.      Plaintiff objects to these Discovery Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product

OMC\4828-4711-7498.v5-5/22/20



EXHIBIT
B

doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

4.    The inadvertent disclosure by Plaintiff of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by Plaintiff of such protection.

5.    In response to these Discovery Requests, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

6.    Plaintiff objects to these Discovery Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

7.    Plaintiff objects to any Discovery Request that employs imprecise specifications of the information sought as vague and ambiguous.

8.    Unless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections.

9.    The following Responses reflect Plaintiff's present knowledge, information and belief and may be subject to change or modification based on further discovery, or facts or circumstances which may come to Plaintiff's knowledge. Plaintiff specifically reserves the right to further supplement, amend or otherwise revise her Responses to these Discovery Requests.

10.    The Plaintiff incorporates the contact information of witnesses set forth in the Plaintiff's Initial Disclosures.


## II.    SPECIFIC OBJECTIONS AND ANSWERS TO COMBINED INTERROGATORIES AND REQUESTS FOR PRODUCTION DOCUMENTS


**Combined Interrogatory No. 1 and Request for Production of Documents No. 1:**
With respect to paragraph 1 of Plaintiff's Complaint in which Plaintiff states, in part, that Defendant Giorgio Rizzoni ("Rizzoni") "has made it a practice to annually visit China to recruit female Chinese students..." please state as follows:

a)    Please list with particularity each and every fact in support of this allegation, including but not limited to Rizzoni allegedly recruiting female students rather than male students.
**Answer: Plaintiff objects to this request as it asks the question that does not accurately reflect the allegations of Plaintiff's Complaint. Additionally, Plaintiff objects that this interrogatory**

2

is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.

Without waiving said objections, all of the known information is set forth in paragraph 1 of her Complaint.

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your claim that Rizzoni "has made it a practice to annually visit China to recruit female Chinese students…"

**Answer: Plaintiff objects that this request is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this response at a later time.**

**Subject to and without waiving any of the above general and specific objections, Defendant Rizzoni has knowledge of the claims, whose contact information is contained within Plaintiff's Initial Disclosures.**

c) Please provide each and every document which in any way relates to, refers to or supports your claim that Rizzoni "has made it a practice to annually visit China to recruit female Chinese students…"

**Answer: Plaintiff is not in possession of any documents related to Rizzoni's recruitment of Chinese female students for the doctoral program at OSU through CAR. OSU is in possession of any and all documents related to Rizzoni's recruitment of female Chinese Ph.D. students.**

**Combined Interrogatory No. 2 and Request for Production of Documents No. 2:**
With respect to paragraph 3 of Plaintiff's Complaint in which Plaintiff states, "Rizzoni repeatedly threatened to retaliate against Ms. Huang if she would not comply with his sexual advances," please state as follows:

a) List with particularity and describe each and every instance in which "Rizzoni repeatedly threatened to retaliate against Ms. Huang if she would not comply with his sexual advances." Specifically list every date, time, and subject matter of each and every instance of threatened retaliation referred to in paragraph 3.

**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every instance in which Defendant Rizzoni retaliated against Plaintiff.**

**Subject to and without waiving the above general and specific objections, all of the instances she can currently recall that Rizzoni threatened to retaliate against Ms. Huang for refusing to comply with his advances are set forth in the documents referenced in subparagraph 2(c).**

**In addition to the instances set forth in those documents, Rizzoni made it clear to Plaintiff that he would steward her academic career if she accepted his advances, and that**

3

he would retaliate if she refused. In 2017, as Rizzoni's sexual harassment escalated, Plaintiff attempted to avoid meeting him alone. In reaction, Rizzoni retaliated by sabotaging her Ph.D. candidacy exam. On December 8, 2018, Rizzoni manipulated Ms. Huang's candidacy exam, causing her to fail it. Rizzoni (who chaired the committee that failed her) then told her she would not be given any chance to retake it. Additionally, Defendant Rizzoni retaliated Plaintiff by sabotaging her job prospects and her working relationship with Ford. On November 15, 2017, Plaintiff called into a conference call with the Ford research team remotely instead of from Rizzoni's office. Rizzoni castigated her on the phone for not being with him and for avoiding private weekend meetings. Rizzoni told Ms. Huang, "I cannot talk online; I need to meet in person! If you do not want to finish your Ph.D., we can quickly terminate it!" Next, Rizzoni removed Anderson from Ms. Huang's Ph.D. candidacy committee and sent the email to Anderson, attacking Ms. Huang. Cooperation with Rizzoni's sexual advances was therefore a condition for Ms. Huang to receive educational benefits, and her refusal to submit to his advances resulted in a tangible detriment.

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your claim that, "Rizzoni repeatedly threatened to retaliate against Ms. Huang if she would not comply with his sexual advances."
**Answer: Defendant Rizzoni.**

c)      Please provide each and every document which in any way relates to, refers to or supports your claim that "Rizzoni repeatedly threatened to retaliate against Ms. Huang if she would not comply with his sexual advances."
**Answer: See the attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 3 and Request for Production of Documents No. 3:**
With respect to paragraph 6 of Plaintiff's Complaint in which Plaintiff states, "OSU performed a sham investigation designed to shield Rizzoni and protect the University's financial interests" please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's claim that "OSU performed a sham investigation designed to shield Rizzoni and protect the University's financial interests."
**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact about the OSU's sham investigation. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, Jonathan Parry, OSU's investigator, seemed more concerned with finding out whom Plaintiff had told about Rizzoni's misconduct than actually investigating her claims. When she asked Parry whether she should retain an attorney, he responded, "Well it is your decision, but OSU has a huge legal team to protect the University." Jonathan Parry also**

4

performed superficial and vague interviews with witnesses which were not designed to uncover the truth, but rather drive a specific result.

Additionally, while Rizzoni was initially removed from campus following Plaintiff's complaint, he was permitted to return prior to the completion of the investigation and interact with a number of witnesses prior to the completion of the investigation. It is further believed that Rizzoni's vague and unspecific denials of the allegations were given undue credibility over Plaintiff's.

On March 28, 2018, Parry issued a 38-page report, which claimed to find "insufficient evidence" to support Plaintiff's claim, completely exonerated Rizzoni, and branded Plaintiff as "not credible" for having made a false report.

b)     Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your claim that, "OSU performed a sham investigation designed to shield Rizzoni and protect the University's financial interests."
**Answer: Plaintiff objects that this request is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this response at a later time. Plaintiff objects that the contact information of the aforementioned witnesses are already in the possession, custody, or control of Defendants and more easily accessible to Defendants than to Plaintiff.**

**Subject to and without waiving said objection, Jonathan Parry and all witnesses interviewed by Parry have knowledge of the claims. Contact information is also set forth in Plaintiff's Initial Disclosures.**

c)     Please provide each and every document which in any way relates to, refers to or supports your claim that "OSU performed a sham investigation designed to shield Rizzoni and protect the University's financial interests."
**Answer: See the attached complaint, statement, documents in support of these statements, the emails and text messages exchanges between Rizzoni and Huang, and Message from President Drake regarding the suspension of the Sexual Civility and Empowerment unit follow an investigation about the inadequacy of the unit and its investigation procedures. HUANG 000001 – 00215, 00260 - 00268, 00272 - 00277 The OSU Final Report on the Plaintiff's Complaint is in the possession of the Defendants.**

**Combined Interrogatory No. 4 and Request for Production of Documents No. 4:**
With respect to paragraph 7 of Plaintiff's Complaint in which Plaintiff states, "OSU turned a blind eye to Rizzoni's misconduct and issued a bogus 38-page report that credited all of Rizzoni's contentions and ignored his demonstrable false statements. OSU summarily dismissed Ms. Huang's complaints through unfounded and defamatory attacks on her credibility, without any regard to the effect that would have on her emotional wellbeing, and without any regard to the truth," please state as follows:

5

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 7 of the Complaint.

**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact about the OSU's sham investigation. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, the report accepted Rizzoni's denials at face value and sought out witness statements supporting Rizzoni's assertions and impugning Plaintiff's character. Since these witnesses had little, if any, relationship with Plaintiff and long-standing beneficial relationships with Rizzoni, they provided statements that OSU used to impugn Plaintiff while favoring Rizzoni.**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 7 of the Complaint.

**Answer: Jonathan Parry and all witnesses interviewed by Parry have knowledge of the claims. Plaintiff objects that the contact information of the aforementioned witnesses are already in the possession, custody, or control of Defendants and more easily accessible to Defendants than to Plaintiff. Plaintiff objects that this request is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this response at a later time.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 7 of the Complaint.

**Answer: See response to Interrogatory 3(c).**

**Combined Interrogatory No. 5 and Request for Production of Documents No. 5:**
With respect to paragraph 10 of Plaintiff's Complaint in which Plaintiff states, "Rizzoni has engaged and may be continuing to engage in similar unwanted touching with other Chinese female Ph.D. students" please state as follows:

a)      Specifically list the name, telephone number, mailing and email address, of each Chinese female Ph.D. student that was touched by Rizzoni as alleged and include the date, time, and location of each unwanted touching.

**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each Chinese female Ph.D. student that was harassed by Rizzoni. Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time. Plaintiff further objects that the contact information of the Rizzoni's Chinese female Ph.D. advisees are already in the possession, custody, or control of Defendants and more easily accessible to Defendants than to Plaintiff.**

6

**Subject to and without waiving any of the above general and specific objections, Plaintiff believes Rizzoni harassed Li Tang, Jiyu Zhang, Plaintiff and Ruochen Yang.**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 10 of the Complaint.
**Answer: The witnesses listed in the Answer to Interrogatory 5(a) have knowledge of the claims. The contact information of the aforementioned witnesses are already in the possession, custody, or control of Defendants and more easily accessible to Defendants.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 10 of the Complaint.
**Answer: See attached written complaint allegations. HUANG 000001 – 00043.**

**Combined Interrogatory No. 6 and Request for Production of Documents No. 6:**
With respect to the car rides/trips referenced in the Complaint, including but not limited to paragraphs 38 (on January 22, 2015) and 40 (on April 28, 2015), please state as follows:

a)      Specifically list the name, telephone number, mailing and email address(es), of each other passenger in the car for each of these car rides/trips.
**Answer: Plaintiff objects that this Request is unduly burdensome and harassing, and are intended to intimidate since it seeks information that is irrelevant to Plaintiff's allegations.**

**Subject to and without waiving any of the above general and specific objections, all of the information regarding these trips is set forth in in the documents referenced in 6(c).**

**In addition to the instances set forth in those documents, Prof. Levent Guvenc was a passenger during the January 22, 2015 car ride. Prof. Guvenc was not present when Defendant Rizzoni harassed Plaintiff. During the April 28, 2015 trip, Rizzoni's Ph.D. student Adithya Jayakumar was a passenger. Plaintiff does not have contact information of the Prof. Guvenc. Such information is more easily accessible to Defendants than to Plaintiff. Mr. Jayakumar's contact information is contained within Plaintiff's Initial Disclosures.**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations related to the referenced car rides/trips.
**Answer: The witnesses listed in Interrogatory 6(a) have knowledge of the claims. Defendant Rizzoni also has knowledge of the allegations, whose contact information is contained within Plaintiff's Initial Disclosures.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations related to the referenced car rides/trips.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

7

**Combined Interrogatory No. 7 and Request for Production of Documents No. 7:**
With respect to paragraph 41 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 41 of the Complaint.
**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact supporting Plaintiff's allegations in paragraph 41. Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**       Subject to and without waiving any of the above general and specific objections, all of the known information about the events is set forth in paragraph 41 in her Complaint and documents referenced in 7(c).**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 41 of the Complaint.
**Answer: Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time. Without waiving said objections, Giorgio Rizzoni.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 41 of the Complaint.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 8 and Request for Production of Documents No. 8:**
With respect to paragraph 46 of Plaintiff's Complaint, please state as follows:

a)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 46 of the Complaint.
**Answer: Defendant Rizzoni has knowledge of the allegations in paragraph 46 of the Complaint.**

b)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 46 of the Complaint.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 9 and Request for Production of Documents No. 9:**
With respect to paragraph 52 of Plaintiff's Complaint, please state as follows:

a) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 52 of the Complaint.
**Answer: Defendant Rizzoni has knowledge of the allegations in paragraph 52 of the Complaint.**

b) Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 52 of the Complaint, including each and every "email" referred to in paragraph 52.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210. Any emails responsive to this request should be in the possession of the Defendants.**

**Combined Interrogatory No. 10 and Request for Production of Documents No. 10:**
With respect to paragraphs 56 and 102 of Plaintiff's Complaint, please state as follows:

a) Specifically list i) the name, telephone number, mailing and email address(es), of each of the supervisors and/or employees at Ford referenced in paragraph 56; ii) name, telephone number, mailing and email address(es), of each of the employees at Ford that provided "extremely positive reviews" and told Plaintiff that "she would be afforded an opportunity to present her project to Ford's Chief Engineer in the spring of 2018" as referenced in paragraph 102 of the Complaint; iii) list with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 102 of the Complaint.
**Answer Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Without waiving said objections: i) Dyche Anderson was Plaintiff's supervisor during the internship at Ford. His contact information is contained within Plaintiff's Initial Disclosures; ii) Mr. Anderson created a final performance review and sent an email to Plaintiff and Rizzoni regarding Plaintiff presenting her research. iii) all other known information is set forth in paragraph 102 in her Complaint, and the documents referenced in 10(c).**

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support i) your allegations in paragraph 56 of the Complaint; and ii) your allegations in paragraph 102 of the Complaint.
**Answer: Dyche Anderson has knowledge of the allegations in paragraph 56 and 102 of the Complaint, whose contact information is contained within Plaintiff's Initial Disclosures.**

c) Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraphs 56 and 102 of the Complaint, including but not limited to i) all of the "positive reviews;" ii) indications that Ford would "bring her in for an official internship the following summer;" iii) all of the "extremely positive reviews;" and iv) all indications that Plaintiff would "be afforded an opportunity to present her project to Ford's Chief Engineer in the spring of 2018."

9

**Answer: See attached complaint, statement, rebuttal, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 11 and Request for Production of Documents No. 11:**
With respect to paragraph 74 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 74 of the Complaint.
**Answer: Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Without waiving said objections, Plaintiff set forth all of the information she can currently recall about the events set forth in paragraph 74 in her Complaint, and the documents reference in 11(c).**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 74 of the Complaint.
**Answer: All of Rizzoni's Ph.D. graduates have knowledge of the allegations in Paragraph 74.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 74 of the Complaint.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210. Any emails responsive to this request should be in the possession of the Defendants.**

**Combined Interrogatory No. 12 and Request for Production of Documents No. 12:**
With respect to paragraph 89 of Plaintiff's Complaint in which Plaintiff states that she "attempted to call a friend – an attorney who was the girlfriend of another Ph.D. advisee of Rizzoni...the friend did not pick up after several attempts," please state as follows:

a)      Specifically list the name, telephone number, mailing and email address(es), of the friend/attorney and the other Ph.D. advisee referenced in paragraph 89.
**Answer: Valerie Hendrickson, whose contact information is contained within Plaintiff's Initial Disclosures.**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations.
**Answer: Valerie Hendrickson, whose contact information is contained within Plaintiff's Initial Disclosures**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations.

10

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 13 and Request for Production of Documents No. 13:**
With respect to paragraph 99 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations. Also specifically list the name, telephone number, mailing and email address, of the members of the mechanical engineering department referenced in paragraph 99.
**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact about the allegations in Paragraph 99. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, Plaintiff set forth all of the information she can currently recall about the events set forth in paragraph 99 in her Complaint, and the documents referenced in 13(c).**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations.
**Answer: Defendant Rizzoni has knowledge of the allegations referenced in paragraph 99 of the Complaint.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 14 and Request for Production of Documents No. 14:**
With respect to paragraph 100 of Plaintiff's Complaint in which Plaintiff states that "Rizzoni also again criticized Ms. Huang for returning to China for a few weeks between the end of the semester and the start of her summer 2017 internship at Ford," please state as follows:

a)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations.
**Answer: Defendant Rizzoni has knowledge of the allegations referenced in paragraph 100 of the Complaint.**

b)      Please provide each and every document which in any way relates to, refers to or supports your allegations.

11

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 15 and Request for Production of Documents No. 15:**
With respect to paragraph 105 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 105 of the Complaint, specifically describing your knowledge that "[Dr.] Rizzoni terminated Ms. Huang's supplemental stipend." Also state with particularity and describe any right or entitlement to the continuation of Plaintiff's supplemental stipend.
**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact about the allegations in Paragraph 105. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, all of the known information is set forth in paragraph 105 in her Complaint and the documents referenced in 15(c).**

**In addition to the instances set forth in those documents, in Rizzoni's 2014 offer letter, Rizzoni promised Plaintiff that "in addition to guaranteeing funding for the duration of your studies" he would "add a supplement to [Plaintiff's] monthly stipend in the amount of 10%." He induced Plaintiff to be his Ph.D. Advisee by promising her a 10% supplemental stipend during her entire studies at OSU.**

**However, after Plaintiff refused to be subject to his sexual advances, he unilaterally suspended the stipend without informing Plaintiff. Despite repeated requests by OSU personnel throughout summer 2017, Rizzoni delayed deciding whether Plaintiff would receive the 10% stipend until just before the start of the fall 2017 semester.**

**Additionally, despite Plaintiff's repeated inquiries about her fall 2017 regular stipend funding throughout summer 2017, Rizzoni did not respond to her inquiries or issue her regular stipend until just before the start of the fall 2017 semester.**

**In October 2017, when Plaintiff realized she still had not received the 10% stipend, she asked Rizzoni why she was no longer receiving it. When Rizzoni finally responded, he simply told Plaintiff that: "I think you have enough to live by."**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 105 of the Complaint.
**Answer: Defendant Rizzoni has knowledge of entire allegations in paragraph 105 of the Complaint, whose contact information is contained within Plaintiff's Initial Disclosures.**

12

c)     Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 105 of the Complaint.

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 16 and Request for Production of Documents No. 16:**
With respect to paragraph 112 of Plaintiff's Complaint, please state as follows:

a)     Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 112 of the Complaint.

**Answer: Defendant Rizzoni and Dyche Anderson have knowledge of the allegations in paragraph 112 of the Complaint, whose contact information is contained within Plaintiff's Initial Disclosures.**

b)     Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 112 of the Complaint, including, but not limited to the email from Dyche Anderson to Plaintiff.

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 17 and Request for Production of Documents No. 17:**
With respect to paragraph 113 of Plaintiff's Complaint, please state as follows:

a)     List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 113 of the Complaint. Also specifically list the name, telephone number, mailing and email address(es), of each of the MAE Department staff allegedly copied on the referenced email(s).

**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact about the allegations in Paragraph 113. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, all of the known information is set forth in paragraph 113 in her Complaint, and the documents referenced in 17(c).**

b)     Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 113 of the Complaint.

**Answer: Rizzoni.**

13

c) Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 113 of the Complaint.

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 18 and Request for Production of Documents No. 18:**
With respect to paragraph 117 of Plaintiff's Complaint, in which Plaintiff states "Rizzoni also retaliated by announcing that he would not allow Anderson to serve on her candidacy exam committee," please state as follows:

a) List with particularity and describe each and every fact supporting Plaintiff's allegations. Also state with particularity and describe any right or entitlement that would allow Plaintiff to determine the members on her candidacy examination committee.

**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact supporting the allegations in Paragraph 117. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, all of the known information about the events is set forth in paragraph 117 in her Complaint and the documents referenced in 18(c).**

**In addition to those facts, Defendant Rizzoni asked Plaintiff to write a petition to include Dyche Anderson in Plaintiff's candidacy exam committee. Rizzoni shared Plaintiff's candidacy exam proposal with Mr. Anderson, and asked Mr. Anderson for his opinions. Mr. Anderson commented the proposal "quite good in general."**

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations.

**Answer: Defendant Rizzoni and Dyche Anderson have knowledge of the allegations in paragraph 117 of the Complaint, whose contact information is contained within Plaintiff's Initial Disclosures.**

c) Please provide each and every document which in any way relates to, refers to or supports your allegations.

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 19 and Request for Production of Documents No. 19:**
With respect to paragraph 120 of Plaintiff's Complaint, please state as follows:

14

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 120 of the Complaint.

**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact supporting the allegations in Paragraph 120. Additionally, Plaintiff objects that this interrogatory is premature as discovery on the written candidacy exam is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Without waiving said objections, all of the known information about the events is set forth in paragraph 120 of her Complaint, and the documents referenced in 19(c).**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 120 of the Complaint.

**Answer: Defendant Rizzoni has knowledge of the allegations in paragraph 120.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 120 of the Complaint.

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 20 and Request for Production of Documents No. 20:**
With respect to paragraph 123 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 123 of the Complaint.

**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact supporting the allegations in Paragraph 123. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, all of the known information about the events is set forth in paragraph 123 of her Complaint, and the documents referenced in 20(c).**

**Additionally, Prof. Marcello Canova and Prof. Vishnu Baba Sundaresan were assigned to Plaintiff's candidacy exam committees. Prof. Canova, Italian, known as the closest ally to Defendant Rizzoni. Defendant Rizzoni has played significant role in promoting Prof. Canova and leading him to the Ford Motor Company for connections and funding. Prof. Vishnu Sundaresan, an avid supporter of Defendant Rizzoni, who constantly participates in various activities hosted by Defendant Rizzoni.**

15

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 123 of the Complaint.

**Answer: Defendant Rizzoni and Plaintiff's Candidacy Exam Committee referenced in paragraph 20(a) have knowledge of the allegations in paragraph 123, whose contact information is contained within Plaintiff's Initial Disclosures.**

c) Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 123 of the Complaint.

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 21 and Request for Production of Documents No. 21:**
With respect to paragraphs 125 and 126 of Plaintiff's Complaint, please state as follows:

a) List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 125 and 126 of the Complaint.

**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact supporting the allegations in Paragraphs 125 and 126. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, Plaintiff set forth all of the information she can currently recall about the events set forth in paragraphs 125 and 126 in her Complaint, and documents referenced in 21(c).**

**Additionally, on December 6, 2017, Dyche Anderson e-mailed Plaintiff and Defendant Rizzoni, requesting to schedule the regular webex for the spring semester of 2018. Defendant Rizzoni did not directly respond to Mr. Anderson's request of scheduling the webex for the following semester. Instead, he replied that Plaintiff's candidacy exam was scheduled that coming Friday December 8, 2017. He asked Mr. Anderson to meet him in person on December 13, 2017 when he visited Ford that day.**

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 125 and 126 of the Complaint.

**Answer: Defendant Rizzoni and Dyche Anderson, whose contact information is contained within Plaintiff's Initial Disclosures.**

c) Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 125 and 126 of the Complaint.

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 22 and Request for Production of Documents No. 22:**
With respect to paragraph 129 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 129 of the Complaint.
**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact supporting the allegations in Paragraph 129. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, all of the known information about the events is set forth in paragraphs 129 in her Complaint and documents referenced in 22(c).**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 129 of the Complaint.
**Answer: Giorgio Rizzoni; Marcello Canova; Vishnu Sundaresan; Jung Hyun Kim; Yann Guezennec, whose contact information is contained within Plaintiff's Initial Disclosures.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 129 of the Complaint.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 23 and Request for Production of Documents No. 23:**
With respect to paragraph 136 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 136 of the Complaint.
**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact supporting the allegations in Paragraph 136. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**Subject to and without waiving any of the above general and specific objections, all of the known information about the events is set forth in paragraph 136 in her Complaint and the documents referenced in 23(c).**

17

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 136 of the Complaint.
**Answer: Professor Wei Zhang, whose contact information is contained within Plaintiff's Initial Disclosures.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 136 of the Complaint.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 24 and Request for Production of Documents No. 24:**
With respect to paragraph 142 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 142 of the Complaint.
**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact supporting the allegations in Paragraph 142. Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.**

**          Subject to and without waiving any of the above general and specific objections, all of the known information about the events is set forth in paragraphs 142, 143, 152, and 159 in her Complaint, and the documents referenced in 24(c).**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 142 of the Complaint.
**Answer: Jonathan Parry, whose contact information is contained within Plaintiff's Initial Disclosures.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 142 of the Complaint.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.  OSU's Final Investigative Report also supports the facts set forth in paragraph 142, which the Defendants possess.**

**Combined Interrogatory No. 25 and Request for Production of Documents No. 25:**
With respect to paragraph 146 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 146 of the Complaint.
**Answer: Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it expects Plaintiff to list each and every fact supporting the allegations in Paragraph 129.**

18

Additionally, Plaintiff objects that this interrogatory is premature as discovery on this topic is ongoing and Plaintiff reserves the right to supplement or amend this Answer at a later time.

Subject to and without waiving any of the above general and specific objections, all of the known information about the events is set forth in paragraph 146 in her Complaint, and the documents referenced 25(c).

Additionally, Plaintiff states that right after she made complaint to the department chair about the Defendant Rizzoni's retaliatory conduct, she found herself being unsubscribed from the CAR-grad mailing list. Her access to the CAR building was denied. Maryn Weimer, CAR's Senior Associate Director treated Plaintiff as perpetrator rather than a victim, claiming that other students felt unsafe with Meng working in the building.

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 146 of the Complaint.
Answer: Maryn Weimer; (740) 438-7876; weimer.104@osu.edu.

c) Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 146 of the Complaint.
Answer: See the attached emails discussing retrieval of Plaintiff's information from and access to her Buckeyebox. HUANG 00269 - 00271.

Combined Interrogatory No. 26 and Request for Production of Documents No. 26:
With respect to paragraph 154 of Plaintiff's Complaint, please state as follows:

a) List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 154 of the Complaint.
Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 154 of the Complaint.
Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.

c)    Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 154 of the Complaint.
**Answer: See response to Request 24(c).**


**Combined Interrogatory No. 27 and Request for Production of Documents No. 27:**
With respect to paragraph 160 of Plaintiff's Complaint, please state as follows:

a)    List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 160 of the Complaint.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b)    Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 160 of the Complaint.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c)    Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 160 of the Complaint.
**Answer: Plaintiff is not in possession of any documents responsive to this request**.


**Combined Interrogatory No. 28 and Request for Production of Documents No. 28:**
With respect to paragraphs 164 and 165 of Plaintiff's Complaint, please state as follows:

a)    List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 164 and 165 of the Complaint.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b)    Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraphs 164 and 165 of the Complaint.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c)    Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraphs 164 and 165 of the Complaint.
**Answer: See the attached medical records. HUANG 00285 - 00580.**


**Combined Interrogatory No. 29 and Request for Production of Documents No. 29:**
With respect to paragraph 170 of Plaintiff's Complaint, please state as follows:

20

a)       List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 170 of the Complaint and describe with particularity all "discriminatory effects" and "retaliat[ory]" incidents alleged by Plaintiff.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b)       Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 170 of the Complaint.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c)       Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 170 of the Complaint.
**Answer: See response to Request 24(c). Additionally, see the attached email from OSU President admitting that the Sexual Civility and Empowerment unit has been suspended following an external investigation concluding that it was not adequately protecting student interests or investigation allegations of misconduct. HUANG 00211 -00215.**

**Combined Interrogatory No. 30 and Request for Production of Documents No. 30:**
With respect to paragraphs 178 and 190 of Plaintiff's Complaint, please state as follows:

a)       List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 178 and 190 of the Complaint.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b)       Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraphs 178 and 190 of the Complaint.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c)       Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraphs 178 and 190 of the Complaint.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 31 and Request for Production of Documents No. 31:**
With respect to all of Plaintiff's alleged damages, including but not limited to those referenced in paragraphs 193, 220, 224, 229, 234, and 247 of the Complaint, please state as follows:

a)       the amount of damages you are seeking for each of the following categories:

21

i.   Compensatory or actual damages;
ii.  Statutory Damages;
iii. Punitive Damages;
iv.  mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment, or other similar damages;
v.   Attorneys' fees; and
vi.  Any other category of damages sought by Plaintiff.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b)   Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your alleged damages.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c)   Please provide each and every document which in any way relates to, refers to or supports your alleged damages.

**Answer: See all attached documents. HUANG 000001 – 00580.**

**Combined Interrogatory No. 32 and Request for Production of Documents No. 32:**
With respect to paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of Plaintiff's Complaint, please state as follows:

a)   List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of the Complaint, including describing and identifying each and every "defamatory statement" referred to by Plaintiff.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b)   Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of the Complaint.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c)   Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of the Complaint.

**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

22

**Combined Interrogatory No. 33 and Request for Production of Documents No. 33:**
If you denied any of Defendants Requests for Admissions to Plaintiff (set forth below), please state the number, the factual basis for the denial, and identify any documents and witnesses which support your factual assertions.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein. Without waiving said objections, see attached statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Combined Interrogatory No. 34 and Request for Production of Documents No. 34:**
With respect to paragraph 162 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe every employment position Plaintiff has applied for in the U.S. automotive industry since December 1, 2017.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b)      List with particularity and describe every employment position Plaintiff has applied for outside of the U.S. automotive industry since December 1, 2017.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 162.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

d)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your employment efforts identified in this request related to subparts "a" and "b."
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

e)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 162 of the Complaint.
**Answer: Plaintiff is not in possession of any documents responsive to this request.**

f)      Please provide each and every document which in any way relates to, refers to or supports your employment efforts identified in this request related to subparts "a" and "b."
**Answer: Plaintiff is in the process of gathering documents responsive to this request and will supplement at a later date.**

**Combined Interrogatory No. 35 and Request for Production of Documents No. 35:**
With respect to the documents and/or emails that were copied by Plaintiff and then deleted from her Ohio State University ("OSU") BuckeyeBox on or about December 14, 2019:
/

23

a)    Please produce a native copy of each and every document that was copied by Plaintiff and then deleted from her OSU BuckeyeBox on or about December 14, 2019.

**Answer: Plaintiff objects to this Interrogatory as it exceeds the limitations of FRCP 33 and the limitations of FRCP 26(b)(1). Further, OSU had the opportunity at all times relevant to copy the items within Plaintiff's BuckeyeBox to preserve any data. The only data which Plaintiff removed from her BuckeyeBox is irrelevant to the allegations contained within the Complaint and pursuant to the OSU policy regarding BuckeyeBox for graduating students**

b)    To the extent that a native copy of each and every document is not produced by Plaintiff, list with particularity and describe each and every document.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c)    To the extent that a native copy of each and every document is not produced by Plaintiff, state whether any document has been permanently deleted and/or destroyed such that the document is no longer available for production.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

d)    List with particularity and describe each and every computer, device, and/or piece of equipment that these documents were copied, saved, and/or transferred to and whether the documents still reside/exist on those computers, devices, and/or pieces of equipment.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

e)    For each computer, device, and/or piece of equipment listed above, state whether those computers, devices, and/or pieces of equipment have been forensically preserved for the purposes of this litigation and provide all documents related to and evidencing this forensic preservation.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

**Combined Interrogatory No. 36 and Request for Production of Documents No. 36:**
With respect to Plaintiff's Title VII claim against OSU:

a)    List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her sex.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b)    List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her sex.

**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

OMC\4828-4711-7498.v5-5/22/20

c) Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU discriminated against Plaintiff because of her sex.
**Answer: See all attached documents. HUANG 000001 – 00580.**

d) List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her race.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

e) List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her race.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

f) Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU discriminated against Plaintiff because of her race.
**Answer: See all attached documents. HUANG 000001 – 00580.**

g) List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her color.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

h) List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her color.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

i) Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU discriminated against Plaintiff because of her color.
**Answer: See all attached documents. HUANG 000001 – 00580.**

j) List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her national origin.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

k) List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her national origin.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

25

l) Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU discriminated against Plaintiff because of her national origin.
**Answer: See all attached documents. HUANG 000001 – 00580.**

m) List with particularity and describe each and every fact demonstrating that OSU created a *quid pro quo* environment.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

n) List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU created a *quid pro quo* environment.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

o) Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU created a *quid pro quo* environment.
**Answer: See all attached documents. HUANG 000001 – 00580.**

**Combined Interrogatory No. 37 and Request for Production of Documents No. 37:**
With respect to Plaintiff's allegations of retaliation in response to Plaintiff filing a complaint with OSU on or about December 12, 2017:

a) List with particularity and describe each and every fact and each and every way that OSU retaliated against Plaintiff for filing her complaint with OSU.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b) List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU retaliated against Plaintiff for filing her complaint with OSU.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c) Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU retaliated against Plaintiff for filing her complaint with OSU.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Interrogatory No. 38:**
Please state the name, mailing and email address(es), telephone number(s) and substance of expected testimony for every witness, whether lay or expert, that you intend to call at the time of trial or who has any knowledge regarding the allegations in Plaintiff's Complaint or any of the attachments to Plaintiff's Complaint.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

**Request for Production No. 38:**
Please produce a copy of each and every communication, whether in written form, electronic form, text messages or any communication of any kind between Plaintiff and Defendants, and/or any current or former employee of Defendants, from December 1, 2013 to the present.
**Answer: Plaintiff objects to this Request as it is far beyond the scope of discovery and outside of the limitations of FRCP 26. Plaintiff further objects to the extent that the communications were between Plaintiff and the Defendants or employees of the Defendants, any email using OSU email is within the Defendants' possession.**

**Without waiving said objections, the relevant communications that Plaintiff is aware of are contained within the attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00215, 00260 - 00277.**

**Request for Production No. 39:**
Please produce copies of each and every document which you intend to introduce as an exhibit at the time of trial or which in any way relates to, refers to, or supports any of the allegations made in Plaintiff's Complaint or any of the attachments to Plaintiff's Complaint.
**Answer: Plaintiff objects to this Request to the extent it seeks attorney-work product. Without waiving said objection, Plaintiff has not determined what exhibits will be presented at trial and will disclose such at a time determined by the court.**

**Request for Production No. 40:**
Produce all emails and other electronic communications referenced in the Complaint, including but not limited to those referred to or quoted in paragraphs 57, 60, 61, 62, 69, 71, 72, 73, 90, 92, 93, 106, 110, 112, 113, 116, 118, 119, 121, 131, 143, 159.
**Answer: See attached complaint, statement, rebuttal, and documents in support of these statements. HUANG 000001 – 00210.**

**Request for Production No. 41:**
Produce all text/SMS/MMS message communications referenced in the Complaint, including but not limited to those referred to or quoted in paragraphs 80, 81, 93, 143.
**Answer: See attached complaint, statement, rebuttal, and documents in support of these statements. HUANG 000001 – 00210.**

**Request for Production No. 42:**
Produce all audio recordings from any meetings referenced in the Complaint, including but not limited the meetings referred to or quoted in paragraphs 132, 133, 143.
**Answer: Plaintiff is not possession of any audio recording responsive to this Request.**

27

**Interrogatory No. 39:**
Identify each and every healthcare provider, including, but not limited to, hospitals, clinics, physicians, psychologists, and/or mental health therapists, with whom you consulted with or who rendered treatment or counseling to you for physical, mental, emotional conditions set forth in the following paragraphs of your Complaint: 64, 65, 70, 89, 95, 101, 104, 108, 163, 164, 165. For each health care professional provide:

a)      The name, business address, and title of each healthcare provider, and the nature of his or her area of specialty;
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

b)      The date(s) when each consultation or treatment was rendered by each health care provider;
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

c)      The purpose of each treatment or consultation rendered by each healthcare professional; and
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**

d)      The nature of each treatment or consultation rendered by each healthcare professional.
**Answer: Plaintiff incorporates the objections in Interrogatory No. 26 (a) as if incorporated herein.**


**Request for Production No. 43:**
Produce all medical records related in any way to Plaintiff's allegations in the Complaint of being or experiencing:

a)      "depressed and extremely uncomfortable" (paragraph 64);

b)      "extremely painful internal conflict" (paragraph 65);

c)      "humiliation" (paragraph 65);

d)      "distraught" (paragraph 70);

e)      "mortified" and "tremendously humiliated" (paragraph 89);

f)      "completely overwhelmed and demeaned" (paragraph 89);

g)      "sense of disgust and humiliation" (paragraph 95);

h)      Plaintiff's trip to China for "medical examinations due to the physical manifestations of Ms. Huang's emotional distress resulting from Rizzoni's abuse" (paragraph 101);

i)      "Tremendous fear and desperation" (paragraph 104);

j)      "repulsed and nauseated, and in a state of disgrace and repair" (paragraph 108);

k) "experience[ing] severe emotional distress" (paragraph 163);

l) "unable to eat or sleep, and experienced vomiting and shivering" (paragraph 164);

m) "experience pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, and posttraumatic stress disorder resulting in physically manifested injuries, including anxiety, depression, sleep disorders, nightmares, and psychological injuries" (paragraph 165); and

n) "immune system disorder which caused a skin ulcer, irregular menstruation, as well as persistent abdominal pain and breast pain" (paragraph 165).

**Answer: See attached medical records. HUANG 00285 - 00580.**

**Request for Production No. 44:**
Please produce a copy of each and every communication, whether in written form, electronic form, text messages or any communication of any kind related to any incident where Rizzoni allegedly touched Plaintiff inappropriately or where Rizzoni allegedly acted improperly toward Plaintiff, from December 1, 2013 to the present.
**Answer: See the attached documents. HUANG 000001 – 00210.**

**Request for Production No. 45:**
Please produce a copy of each and every communication, whether in written form, electronic form, text messages or any communication of any kind produced by Plaintiff to OSU related to OSU's investigation of Plaintiff's complaint filed with OSU on or about December 12, 2017.
**Answer: See attached emails. HUANG 00260 – 00268, 00272-00277.**

**Request for Production No. 46:**
Please produce a copy of each and every communication, whether in written form, electronic form, text messages or any communication of any kind demonstrating that Rizzoni "required" Plaintiff to meet with him on the weekends.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Request for Production No. 47:**
Please produce a copy of each and every communication, whether in written form, electronic form, text messages or any communication of any kind demonstrating that Plaintiff requested to meet with Rizzoni on a weekday rather than on a weekend.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

**Request for Production No. 48:**
Please produce a copy of each and every communication, whether in written form, electronic form, text messages or any communication of any kind demonstrating that Plaintiff had other obligations or commitments that prevented her from meeting with Rizzoni on a weekend.
**Answer: See attached complaint, statement, and documents in support of these statements. HUANG 000001 – 00210.**

29

## III.  ANSWERS TO REQUESTS FOR ADMISSIONS

1.  Admit that you do not have any contemporaneous notes related to the events alleged in the Complaint.
**Answer: Denied.**

2.  Admit that, prior to December 12, 2017, Plaintiff did not complain or notify OSU of any of the alleged misconduct set forth in the Complaint.
**Answer: Admitted.**

3.  Admit that, during the dinner referenced in paragraph 29 of the Complaint, the other attendee at the dinner, Phoebe You, the Shanghai-based Director of OSU's China Gateway Program, gave no indication that Rizzoni's behavior (as alleged in paragraph 29) was improper or inappropriate.
**Answer: Denied.**

4.  Admit that, during the January 22, 2015 car ride/trip, referenced in paragraph 38 of the Complaint (the "1/22/15 Car Trip"), in addition to Plaintiff and Rizzoni, another professor and another student were passengers in the car.
**Answer: Denied.**

5.  Admit that during the 1/22/15 Car Trip, the other professor/passenger in the car gave no indication that Rizzoni's behavior was improper or inappropriate during the trip.
**Answer: Denied.**

6.  Admit that during the 1/22/15 Car Trip, the other student/passenger in the car gave no indication that Rizzoni's behavior was improper or inappropriate during the trip.
**Answer: Denied.**

7.  Admit that, during the April 28, 2015 car ride/trip, referenced in paragraph 40 of the Complaint (the "4/28/15 Car Trip"), in addition to Plaintiff and Rizzoni, another student was a passenger in the car.
**Answer: Admitted.**

8.  Admit that during the 4/28/15 Car Trip, the other student/passenger in the car gave no indication that Rizzoni's behavior was improper or inappropriate during the trip.
**Answer: Denied.**

9.  Admit that during the 4/28/15 Car Trip, Rizzoni was driving a 2013 Cadillac ATS.
**Answer: Denied.**

10.  Admit that the 2013 Cadillac ATS does not have a massage feature in the driver's seat.
**Answer: Denied.**

11.  Admit that Rizzoni has offered and given car rides to other students, male and female, to and from OSU's campus.

30

**Answer: Denied.**

12. Admit that Rizzoni's office at OSU has large windows on both the internal and external walls such that any activities in his office could be visible to individuals inside of the office building and outside of the office building.
**Answer: Denied.**

13. Admit that, during the conference calls and/or WebEx meetings involving Rizzoni, Plaintiff, and employees of Ford Motor Company ("Ford"), no Ford employee ever gave any indication that Rizzoni's behavior was improper or inappropriate during those calls/meetings.
**Answer: Denied.**

14. Admit that during the February 5, 2017 meeting between Plaintiff and Rizzoni, as referenced in paragraphs 76-79 of the Complaint, other students were coming in and out of Rizzoni's office, preparing a course for an industry sponsor.
**Answer: Denied.**

15. Admit that, following Rizzoni's knee surgery, as referenced in paragraphs 80-81 of the Complaint, multiple other students also visited Rizzoni's house to meet with Rizzoni while he was recuperating.
**Answer: Denied.**

16. Admit that, during the August 22, 2017 meeting between Rizzoni and Plaintiff in Rizzoni's office, as referenced in paragraph 107 of the Complaint, the front-office outside of Rizzoni's office was fully staffed with employees.
**Answer: Denied.**

17. Admit that, prior to Plaintiff's oral examination on December 8, 2017 (the "Oral Examination"), Plaintiff never requested alternative committee members that she would have preferred instead of the committee members that actually participated in the Oral Examination.
**Answer: Denied.**

18. Admit that, during the December 11, 2017 meeting between Rizzoni, Plaintiff, and Janeen Sands, as referenced in paragraphs 131-133 of the Complaint, Plaintiff asked to meet privately with Rizzoni.
**Answer: Denied.**

19. Admit that each member of the committee that participated in the Oral Examination was engaged in various aspects of battery research with Ford.
**Answer: Denied.**

20. Admit that non-OSU members, especially research sponsors, are not usually included on committees for candidacy examinations.
**Answer: Denied.**

31

21.    Admit that Plaintiff submitted her proposal to the candidacy examination committee on December 1, 2017, and that Plaintiff's proposal was missing a section describing what Plaintiff would do in the future with her research.
**Answer: Denied.**

22.    Admit that Plaintiff was given one written question related to her candidacy examination (the "Written Examination") and that Plaintiff submitted a one-page document in response to the Written Examination.
**Answer: Denied.**

23.    Admit that Plaintiff was given two weeks to complete the Written Examination.
**Answer: Denied.**

24.    Admit that students are typically given one to two weeks to complete their written examinations related to their candidacy examinations.
**Answer: Denied.**

25.    Admit that Plaintiff was 15-20 minutes late to the December 11, 2017 meeting between Rizzoni, Plaintiff, and Janeen Sands.
**Answer: Denied.**

26.    Admit that the committee members for Plaintiff's candidacy examination unanimously decided that Plaintiff failed the examination.
**Answer: Denied.**

27.    Admit that Rizzoni met with other students, male and female, on the weekends.
**Answer: Denied.**

28.    Admit that, except for Rizzoni, Plaintiff only met with one of the committee members for her candidacy examination in advance of the candidacy examination.
**Answer: Denied.**

29.    Admit that Plaintiff asked someone to take photographs of Rizzoni's office and that Plaintiff subsequently requested that these photographs be deleted.
**Answer: Denied.**

30.    Admit that Plaintiff sent OSU a letter dated September 25, 2018 which instructed OSU to preserve evidence.
**Answer: Admitted.**

31.    Admit that Plaintiff sent OSU a letter dated December 13, 2019 which again instructed OSU to preserve evidence (together with the September 25, 2018 letter mentioned above, the "Evidence Preservation Letters").
**Answer: Admitted.**

32

32.     Admit that, after Plaintiff sent OSU the Evidence Preservation Letters, on December 14, 2019, Plaintiff copied and deleted of documents from Plaintiff's "BuckeyeBox."
**Answer: Denied.**

33.     Regarding the witness identified at Page 10 of OSU's Case Report dated March 29, 2018 and prepared by Jonathan Parry (the "Case Report"), and more particularly described in the Case Report as having "worked in the areas of domestic violence and sexual assault for 10 years," admit that, prior to December 12, 2017, Plaintiff never told or notified this witness about any of the alleged misconduct set forth in the Complaint.
**Answer: Denied.**

34.     Regarding the witness identified at Page 19 of the Case Report, and more particularly described in the Case Report as "Committee member #2," admit that this witness was removed from Plaintiff's candidacy examination committee because the witness's faculty status had changed to Emeritus making him ineligible for the committee.
**Answer: Denied.**

35.     Regarding the witness identified at Pages 18-19 of the Case Report, and more particularly described in the Case Report as "Committee member #1," admit that this witness scheduled biweekly meetings with Plaintiff to assist Plaintiff with obtaining her degree and that Plaintiff cancelled these meetings, after meeting with this witness two or three times.
**Answer: Denied.**

<div align="center">

Respectfully submitted,
OBERMAYER, REBMANN,
MAXWELL & HIPPEL LLP

</div>

Dated: May 1, 2020                    By: /s/_____
                                      Bruce C. Fox, Esquire (Pa Bar 42576)
                                      Bruce.Fox@Obermayer.com
                                      Andrew J. Horowitz, Esquire (Pa Bar 311949)
                                      Andrew.Horowitz@Obermayer.com
                                      Qiwei Chen, Esquire (Pa Bar 322789)
                                      Qiwei.Chen@obermayer.com
                                      500 Grant Street, Ste. 5240
                                      Pittsburgh, PA 15219
                                      (412) 566-1500
                                      *Counsel for Plaintiff, Meng Huang*

<div align="center">

33

</div>

## VERIFICATION

I, Meng Huang, verify under the penalties of perjury that my responses to the above Answers to Defendants' First Set of Interrogatories, Requests for Production of Documents and Request for Admissions are true and correct to the best of my knowledge, information, and belief.

Dated: 06/01/2020                          /s/ Meng Huang

                                           Meng Huang

OMC\4828-4711-7498.v5-5/22/20

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Objections and Responses to Defendant's First Set of

Combined Interrogatories, Request for Production, and Request for Admissions have been served

on Counsel for Defendants via electronic mail.

Christina L. Corl (0067869)
PLUNKETT COONEY
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Tel: (614) 629-3018
Fax: (614) 629-3019
Email: CCorl@plunkettcooney.com
*Counsel for Defendants*

*/s/ Bruce Fox*

Bruce Fox, Esquire

OMC\4828-4711-7498.v5-5/22/20

**Exhibit C**

## IN THE UNITED STATES DISTRICT
## COURT FOR THE SOUTHERN DISTRICT
## OF OHIO EASTERN DIVISION

MENG HUANG,

                    Plaintiff,

      vs.

THE OHIO STATE UNIVERSITY and
GIORGIO RIZZONI,

                 Defendants.

Civil Action 2:19-cv-1976
Judge: James L. Graham
Magistrate Judge: Chelsey M. Vascura

### PLAINTIFF'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
### DEFENDANTS' FIRST SET OF COMBINED INTERROGATORIES,
### REQUESTS FOR PRODUCTION DOCUMENTS, AND REQUESTS FOR ADMISSIONS

        Plaintiff, Meng Huang, asserts her first supplemental answers and objections to Defendants' First Set of Combined Interrogatories, Requests for Production Documents, and Requests for Admissions (collectively "Discovery Requests") pursuant to the Magistrate Judge Vascura's August 25, 2020 Order, as follows:

### GENERAL OBJECTIONS

        Each of Plaintiff's answers, in addition to any specifically stated objections, is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Discovery Request does not waive any of Plaintiff's general objections.

        1.      Plaintiff objects to these Discovery Requests to the extent that they are overbroad or seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules and statutes.

1



Plaintiff will respond to each Discovery Request in accordance with the requirements of the Federal and Local Rules.

2.     Plaintiff objects to these Discovery Requests to the extent that they seek information that is not relevant to the claims or defenses of any party to this litigation.

3.     Plaintiff objects to these Discovery Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

4.     The inadvertent disclosure by Plaintiff of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by Plaintiff of such protection.

5.     In response to these Discovery Requests, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

6.     Plaintiff objects to these Discovery Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

7.     Plaintiff objects to any Discovery Request that employs imprecise specifications of the information sought as vague and ambiguous.

8.     Unless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections.

9.     The following Responses reflect Plaintiff's present knowledge, information and belief and may be subject to change or modification based on further discovery, or facts or

2

circumstances which may come to Plaintiff's knowledge. Plaintiff specifically reserves the right

to further supplement, amend or otherwise revise her Responses to these Discovery Requests.

  10. The Plaintiff incorporates the contact information of witnesses set forth in the

Plaintiff's Initial Disclosures.

## SPECIFIC OBJECTIONS AND ANSWERS TO COMBINED INTERROGATORIES

**Combined Interrogatory No. 2 and Request for Production of Documents No. 2:**
With respect to paragraph 3 of Plaintiff's Complaint in which Plaintiff states, "Rizzoni repeatedly threatened to retaliate against Ms. Huang if she would not comply with his sexual advances," please state as follows:

c) Please provide each and every document which in any way relates to, refers to or supports your claim that "Rizzoni repeatedly threatened to retaliate against Ms. Huang if she would not comply with his sexual advances."
**Answer: See attached specifically HUANG 881, 1010 – 1011, additional documents to support the general contents of paragraph 3 are contained within the documents marked HUANG 633 - 1397.**

**Combined Interrogatory No. 3 and Request for Production of Documents No. 3:**
With respect to paragraph 6 of Plaintiff's Complaint in which Plaintiff states, "OSU performed a sham investigation designed to shield Rizzoni and protect the University's financial interests" please state as follows:

Please provide each and every document which in any way relates to, refers to or supports your claim that "OSU performed a sham investigation designed to shield Rizzoni and protect the University's financial interests."
**Answer:  See attached HUANG 1283 – 1368.**

**Combined Interrogatory No. 4 and Request for Production of Documents No. 4:**
With respect to paragraph 7 of Plaintiff's Complaint in which Plaintiff states, "OSU turned a blind eye to Rizzoni's misconduct and issued a bogus 38-page report that credited all of Rizzoni's contentions and ignored his demonstrable false statements. OSU summarily dismissed Ms. Huang's complaints through unfounded and defamatory attacks on her credibility, without any regard to the effect that would have on her emotional wellbeing, and without any regard to the truth," please state as follows:

c) Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 7 of the Complaint.
**Answer: See attached HUANG 1283 – 1368.**

**Combined Interrogatory No. 8 and Request for Production of Documents No. 8:**
With respect to paragraph 46 of Plaintiff's Complaint, please state as follows:

b)     Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 46 of the Complaint.
**Answer: See attached HUANG 1240 - 1241.**

**Combined Interrogatory No. 10 and Request for Production of Documents No. 10:**
With respect to paragraphs 56 and 102 of Plaintiff's Complaint, please state as follows:

c)     Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraphs 56 and 102 of the Complaint, including but not limited to i) all of the "positive reviews;" ii) indications that Ford would "bring her in for an official internship the following summer;" iii) all of the "extremely positive reviews;" and iv) all indications that Plaintiff would "be afforded an opportunity to present her project to Ford's Chief Engineer in the spring of 2018."
**Answer: See all documents discussing Meng's visiting scholar position and internship with Ford among the attached documents marked HUANG 633 – 1282.**

**Combined Interrogatory No. 11 and Request for Production of Documents No. 11:**
With respect to paragraph 74 of Plaintiff's Complaint, please state as follows:

c)    ˏ Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 74 of the Complaint.
**Answer: See attached HUANG 994, 1008 – 1011, 1038, 1039.**

**Combined Interrogatory No. 16 and Request for Production of Documents No. 16:**
With respect to paragraph 112 of Plaintiff's Complaint, please state as follows:

b)     Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 112 of the Complaint, including, but not limited to the email from Dyche Anderson to Plaintiff.
**Answer: See attached HUANG 1013, 1016.**

**Combined Interrogatory No. 17 and Request for Production of Documents No. 17:**
With respect to paragraph 113 of Plaintiff's Complaint, please state as follows:

c)     Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 113 of the Complaint.
**Answer: See attached HUANG 1008 – 1011.**

**Combined Interrogatory No. 20 and Request for Production of Documents No. 20:**
With respect to paragraph 123 of Plaintiff's Complaint, please state as follows:

c)     Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 123 of the Complaint.
**Answer: See attached HUANG 1044, 1053.**

4

**Combined Interrogatory No. 26 and Request for Production of Documents No. 26:**
With respect to paragraph 154 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 154 of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo***, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, the allegations of paragraph 154 of the Complaint are supported by Parry's failure to further investigate Rizzoni's denials as apparent in the lack of follow up in the Investigative Report. Ms. Huang is unaware of any direct witnesses to any of the events of sexual harassment, except the incidents that happened during the road trip to Ford in April 2015, and Mr. Parry sought out individuals simply to state that they did not see Ms. Huang harassed by Rizzoni or were not told about the harassment and then used those statements to discredit Ms. Huang. The allegations are further supported by Parry's refusal to lend any credibility to the retaliatory communications and threats by Rizzoni to Ms. Huang when she refused to meet with him to be subjected to his sexual harassment.**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 154 of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo***, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, the following individuals have information regarding the allegations contained within paragraph 154 of the Complaint: Jonathan Parry, Kristi Hoge, Meng Huang, and Giorgio Rizzoni.**

**Combined Interrogatory No. 27 and Request for Production of Documents No. 27:**
With respect to paragraph 160 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 160 of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo***,**

5

Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).

Without waiving said objections, the allegations of paragraph 160 are supported by the facts that prior to Ms. Huang's complaint she worked with Ford for several years and her contacts within Ford had expressed interest in hiring her following her completion of her Ph.D. and graduation from OSU. Following Parry's investigations of Ford employees and Rizzoni's contact with Ford employees after Ms. Huang's complaint, Ms. Huang was no longer allowed to continue her project with Ford and Ford did not continue to discuss possible employment with Ms. Huang.

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 160 of the Complaint.

Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).

Without waiving said objections, the following individuals have information related to the allegations of paragraph 160: Giorgio Rizzoni, Dyche Anderson, and Meng Huang.

**Combined Interrogatory No. 28 and Request for Production of Documents No. 28:**
With respect to paragraphs 164 and 165 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 164 and 165 of the Complaint.

Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).

Without waiving said objections, see the previously produced medical records. HUANG 00285 – 00632.

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraphs 164 and 165 of the Complaint.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo,* **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, see the individuals identified in the previously produced medical records. HUANG 00285 – 00632.**

c) Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraphs 164 and 165 of the Complaint.

**Answer:** In addition to the previously produced medical records, **see the attached medical records. HUANG 0581 – 0632.**

**Combined Interrogatory No. 29 and Request for Production of Documents No. 29:**
With respect to paragraph 170 of Plaintiff's Complaint, please state as follows:

a) List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraph 170 of the Complaint and describe with particularity all "discriminatory effects" and "retaliat[ory]" incidents alleged by Plaintiff.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo,* **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, see generally the Complaint as it sets forth the discriminatory and retaliatory events. More specifically, OSU discriminated and retaliated against Ms. Huang as a Chinese woman and victim of sexual harassment by refusing to provide access to her research for several months following her report, by providing inadequate support and re-victimizing her through incompetent psychological treatment, performing a sham investigation into her complaint, and by issuing a report dismissing any credibility to her complaint.**

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 170 of the Complaint.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo,*

7

Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).

Without waiving said objections, Meng Huang, Giorgio Rizzoni, Kristi Hoge, Jonathan Parry, Maryn Weimer, and Karen Kyle.

**Combined Interrogatory No. 30 and Request for Production of Documents No. 30:**
With respect to paragraphs 178 and 190 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 178 and 190 of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

Without waiving said objections, the allegations of paragraphs 178 and 190 are support by the facts set forth in the documents produced at HUANG 0001 – 0210.

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraphs 178 and 190 of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

Without waiving said objections, the witnesses are identified in in the documents produced at HUANG 0001 – 0210.

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraphs 178 and 190 of the Complaint.
**Answer: See attached HUANG 0633 – 01378.**

8

**Combined Interrogatory No. 31 and Request for Production of Documents No. 31:**
With respect to all of Plaintiff's alleged damages, including but not limited to those referenced in paragraphs 193, 220, 224, 229, 234, and 247 of the Complaint, please state as follows:

a)      the amount of damages you are seeking for each of the following categories:

> i.      Compensatory or actual damages;
> ii.     Statutory Damages;
> iii.    Punitive Damages;
> iv.     mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment, or other similar damages;
> v.      Attorneys' fees; and
> vi.     Any other category of damages sought by Plaintiff.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**        Without waiving said objections, the Plaintiff has not and is not obligated to calculate statutory, punitive, special damages, attorneys' fees or unknown damages as this is within the province of the jury. As to the compensatory damages, the Plaintiff has not calculated these damages to date and will supplement at a later date.**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your alleged damages.
**Answer: Meng Huang.**

c)      **Please provide each and every document which in any way relates to, refers to or supports your alleged damages.**
**Answer: See all attached documents. HUANG 00633 – 01397.**

**Combined Interrogatory No. 32 and Request for Production of Documents No. 32:**
With respect to paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of the Complaint, including describing and identifying each and every "defamatory statement" referred to by Plaintiff.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. Civ. P. 33(a); *Mall v. Merlo*,**

9

Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, the allegations of paragraphs 244 and 245 are support by the facts set forth in the documents produced at HUANG 0001 – 0210 and Rizzoni's rebuttal statements.**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of the Complaint.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, the witnesses to the allegations of paragraphs 244 and 245 are set forth in the documents produced at HUANG 0001 – 0210 and Rizzoni's rebuttal statements.**

**Combined Interrogatory No. 34 and Request for Production of Documents No. 34:**
With respect to paragraph 162 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe every employment position Plaintiff has applied for in the U.S. automotive industry since December 1, 2017.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Plaintiff could not recall each job she applied for in the automotive industry. However, the attached list is the applications Ms. Huang can recall submitting and the dates the application were submitted to the extent to which she can recall submitting the applications. HUANG 1398 – 1403.**

b)      List with particularity and describe every employment position Plaintiff has applied for outside of the U.S. automotive industry since December 1, 2017.

10

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, see response to Interrogatory No. 34(a).**

c)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraph 162.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang.**

d)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your employment efforts identified in this request related to subparts "a" and "b."

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang.**

e)      Please provide each and every document which in any way relates to, refers to or supports your allegations in paragraph 162 of the Complaint.

**Answer: Plaintiff is not in possession of any documents responsive to this request.**

f)      Please provide each and every document which in any way relates to, refers to or supports your employment efforts identified in this request related to subparts "a" and "b."

**Answer: See documents produced and bates stamped HUANG 1398 – 1403.**

11

**Combined Interrogatory No. 35 and Request for Production of Documents No. 35:**
With respect to the documents and/or emails that were copied by Plaintiff and then deleted from
her Ohio State University ("OSU") BuckeyeBox on or about December 14, 2019:

a)      Please produce a native copy of each and every document that was copied by Plaintiff and
then deleted from her OSU BuckeyeBox on or about December 14, 2019.
**Answer: Plaintiff objects to this Interrogatory as it exceeds the limitations of FRCP 33 and
the limitations of FRCP 26(b)(1). Further, OSU had the opportunity at all times relevant to
copy the items within Plaintiff's BuckeyeBox to preserve any data. The only data which
Plaintiff removed from her BuckeyeBox is irrelevant to the allegations contained within the
Complaint and pursuant to the OSU policy regarding BuckeyeBox for graduating students**

b)      To the extent that a native copy of each and every document is not produced by Plaintiff,
list with particularity and describe each and every document.
**Answer: See Answer to Interrogatory No. 35(a).**

c)      To the extent that a native copy of each and every document is not produced by Plaintiff,
state whether any document has been permanently deleted and/or destroyed such that the document
is no longer available for production.
**Answer: See Answer to Interrogatory No. 35(a).**

d)      List with particularity and describe each and every computer, device, and/or piece of
equipment that these documents were copied, saved, and/or transferred to and whether the
documents still reside/exist on those computers, devices, and/or pieces of equipment.
**Answer: See Answer to Interrogatory No. 35(a).**

e)      For each computer, device, and/or piece of equipment listed above, state whether those
computers, devices, and/or pieces of equipment have been forensically preserved for the purposes
of this litigation and provide all documents related to and evidencing this forensic preservation.
**Answer: See Answer to Interrogatory No. 35(a).**


**Combined Interrogatory No. 36 and Request for Production of Documents No. 36:**
With respect to Plaintiff's Title VII claim against OSU:

a)      List with particularity and describe each and every fact demonstrating that OSU
discriminated against Plaintiff because of her sex.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the
maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*,
Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("
[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party
no more than 25 written interrogatories, including all discrete subparts")(Vascura
J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and
not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

12

**Without waiving said objections, the facts regarding OSU's discrimination against Plaintiff because of her sex are set forth in the documents bates stamped HUANG 0001 – 0210.**

b)      List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her sex.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, the witnesses regarding OSU's discrimination against Plaintiff because of her sex are set forth in the documents bates stamped HUANG 0001 – 1397.**

c)      Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU discriminated against Plaintiff because of her sex.

**Answer: See attached documents. HUANG 00581 – 01397..**

d)      List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her race.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, the facts regarding OSU's discrimination against Plaintiff because of her race are set forth in the documents bates stamped HUANG 0001 – 1397.**

e)      List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her race.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura**

13

**J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, the witnesses regarding OSU's discrimination against Plaintiff because of her race are set forth in the documents bates stamped HUANG 0001 – 1397.**

f)      Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU discriminated against Plaintiff because of her race.
**Answer: See previously produced documents. HUANG 000001 – 01397.**

g)      List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her color.
**Answer: See Answer to Interrogatory 36(d).**

h)      List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her color.
**Answer: See Answer to Interrogatory 36(e).**

i)      Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU discriminated against Plaintiff because of her color.
**Answer: See previously produced documents. HUANG 000001 – 01397.**

j)      List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her national origin.
**Answer: See Answer to Interrogatory 36(d).**

k)      List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her national origin.
**Answer: See Answer to Interrogatory 36(e).**

l)      Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU discriminated against Plaintiff because of her national origin.
**Answer: See previously produced documents. HUANG 000001 – 01397.**

m)      List with particularity and describe each and every fact demonstrating that OSU created a *quid pro quo* environment.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

14

**Without waiving said objections, the facts regarding the quid pro quo environment are set forth in previously produced documents HUANG 0001 – 0210. Further, OSU created an environment of quid pro quo by forcing her to accept the results of the sham investigation to continue her Ph.D. program, receive her stipend, and graduate.**

n)      List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU created a *quid pro quo* environment.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, the facts regarding OSU's quid pro quo environment are set forth in the documents bates stamped HUANG 0001 – 1397.**

o)      Please provide each and every document which in any way relates to, refers to or supports your allegations that OSU created a *quid pro quo* environment.
**Answer: See previously produced documents. HUANG 000001 – 01397.**

**Combined Interrogatory No. 37 and Request for Production of Documents No. 37:**
With respect to Plaintiff's allegations of retaliation in response to Plaintiff filing a complaint with OSU on or about December 12, 2017:

a)      List with particularity and describe each and every fact and each and every way that OSU retaliated against Plaintiff for filing her complaint with OSU.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Answer to Interrogatory No. 29(a).**

b)      List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU retaliated against Plaintiff for filing her complaint with OSU.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*,**

15

**Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

      **Without waiving said objections, see Answer to Interrogatory 29(b).**

**Interrogatory No. 38:**
Please state the name, mailing and email address(es), telephone number(s) and substance of expected testimony for every witness, whether lay or expert, that you intend to call at the time of trial or who has any knowledge regarding the allegations in Plaintiff's Complaint or any of the attachments to Plaintiff's Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

      **Without waiving said objections, Plaintiff has not yet determined who will be called to testify at trial and will disclose such at the time required by the court. As to the witnesses with knowledge, see Plaintiff's Initial Disclosures.**

**Interrogatory No. 39:**
Identify each and every healthcare provider, including, but not limited to, hospitals, clinics, physicians, psychologists, and/or mental health therapists, with whom you consulted with or who rendered treatment or counseling to you for physical, mental, emotional conditions set forth in the following paragraphs of your Complaint: 64, 65, 70, 89, 95, 101, 104, 108, 163, 164, 165. For each health care professional provide:

    a) The name, business address, and title of each healthcare provider, and the nature of his or her area of specialty;

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

      **Without waiving said objections, see previously produced documents HUANG 0285 – 632.**

    b) The date(s) when each consultation or treatment was rendered by each health care provider;

16

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

      **Without waiving said objections, see Answer to Interrogatory 39(a).**

    c) The purpose of each treatment or consultation rendered by each healthcare professional; and

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

      **Without waiving said objections, see Answer to Interrogatory 39(a).**

    d) The nature of each treatment or consultation rendered by each healthcare professional.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

      **Without waiving said objections, see Answer to Interrogatory 39(a).**

Respectfully submitted,

              OBERMAYER, REBMANN,
              MAXWELL & HIPPEL LLP

Dated: October 8, 2020      By: */s/ Allison N. Genard*
              Bruce C. Fox, Esquire (Pa Bar 42576)
              Bruce.Fox@Obermayer.com
              Allison N. Genard, Esq. (Pa Bar 311256)
              Allison.Genard@obermayer.com
              500 Grant Street, Ste. 5240
              Pittsburgh, PA 15219
              (412) 566-1500
              *Counsel for Plaintiff, Meng Huang*

## VERIFICATION

I, Meng Huang, verify under the penalties of perjury that my responses to the above supplemental responses to discovery requests are true and correct to the best of my knowledge, information, and belief.


Dated: 10/7/2020                    *s/ Meng Huang*

                                    Meng Huang

OMC\4849-5757-3326.v1-10/8/20

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's First Supplemental Objections and Responses to Defendant's First Set of Combined Interrogatories, Request for Production, and Request for Admissions have been served on Counsel for Defendants via electronic mail on the 8th day of October, 2020.

Christina L. Corl (0067869)
PLUNKETT COONEY
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Tel: (614) 629-3018
Fax: (614) 629-3019
Email: CCorl@plunkettcooney.com
*Counsel for Defendants*

*s/ Allison N. Genard*

Allison N. Genard, Esq.

Counsel for Plaintiff, Meng Huang

19

**Exhibit D**

## IN THE UNITED STATES DISTRICT
## COURT FOR THE SOUTHERN DISTRICT
## OF OHIO EASTERN DIVISION

MENG HUANG,

              Plaintiff,

    vs.

THE OHIO STATE UNIVERSITY and
GIORGIO RIZZONI,

              Defendants.

Civil Action 2:19-cv-1976
Judge: James L. Graham
Magistrate Judge: Chelsey M. Vascura

### PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND
### RESPONSES TO DEFENDANTS' FIRST SET OF COMBINED
### INTERROGATORIES, REQUESTS FOR PRODUCTION DOCUMENTS

Plaintiff, Meng Huang, asserts her first supplemental answers and objections to Defendants' Second Set of Combined Interrogatories, Requests for Production Documents, and Requests for Admissions (collectively "Discovery Requests") pursuant to the Magistrate Judge Vascura's November 20, 2020 Order, as follows:

### GENERAL OBJECTIONS

Each of Plaintiff's answers, in addition to any specifically stated objections, is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Discovery Request does not waive any of Plaintiff's general objections.

1.    Plaintiff objects to these Discovery Requests to the extent that they are overbroad or seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules and statutes.

1

OMC\4845-1361-5576.v3-1/19/21



Plaintiff will respond to each Discovery Request in accordance with the requirements of the Federal and Local Rules.

2.    Plaintiff objects to these Discovery Requests to the extent that they seek information that is not relevant to the claims or defenses of any party to this litigation.

3.    Plaintiff objects to these Discovery Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

4.    The inadvertent disclosure by Plaintiff of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by Plaintiff of such protection.

5.    In response to these Discovery Requests, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

6.    Plaintiff objects to these Discovery Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

7.    Plaintiff objects to any Discovery Request that employs imprecise specifications of the information sought as vague and ambiguous.

8.    Unless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections.

9.    The following Responses reflect Plaintiff's present knowledge, information and belief and may be subject to change or modification based on further discovery, or facts or

2

circumstances which may come to Plaintiff's knowledge. Plaintiff specifically reserves the right to further supplement, amend or otherwise revise her Responses to these Discovery Requests.

10. The Plaintiff incorporates the contact information of witnesses set forth in the Plaintiff's Initial Disclosures.

## SPECIFIC OBJECTIONS AND ANSWERS TO COMBINED INTERROGATORIES

**Combined Interrogatory No. 28 and Request for Production of Documents No. 28:**
With respect to paragraphs 164 and 165 of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 164 and 165 of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Plaintiff had to seek counseling and medical intervention for her physical manifestations of her PTSD, depression, stress, and anxiety. The physical manifestations included breast pain, not heating, insomnia, nausea, vomiting, hyperventilating, abdominal pain, heart racing, irregular menstruation, fatigue, pelvic pain, skin discoloration and irritation, hives, obsessive thoughts, swelling in her groin, difficulty breathing, and malnourishment for months after the failure of her candidacy exam and following the reporting of the sexual harassment, often seeking medical treatment as described in the records produced at HUANG 285 – 372, 413 – 436, 439 – 479, 581 - 608. Plaintiff sought medical treatment for these physical symptoms on January 6, 2018, January 9, 2018, February 17, 2018, August 14, 2018, August 16, 2018, August 17, 2018, September 6, 2018, March 20, 2019, March 22, 2019, April 5, 2019, June 10, 2019, June 17, 2019, June 19, 2019, June 24, 2019, June 25, 2019, July 2, 2019, July 5, 2019, July 25, 2019, August 14, 2019, August 21, 2019, September 30, 2019, October 1, 2019, and October 16, 2019.**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraphs 164 and 165 of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura**

OMC\4845-1361-5576.v3-1/19/21

**J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang. Additionally, the doctors who treated Plaintiff for her physical symptoms are identified in the medical records attached and marked HUANG 285 – 372, 413 – 436, 439 – 479, 581 – 608.**

**Combined Interrogatory No. 30 and Request for Production of Documents No. 30:**
With respect to paragraphs 178 and 190 of Plaintiff's Complaint, please state as follows:

a) List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 178 and 190 of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Plaintiff was targeted for the sexual harassment and assault described in HUANG 001 – 210 based upon her sex, race, color and national origin. Plaintiff is not aware of any males sexually harassed or any non-Chinese females sexually harassed by Defendant Rizzoni.**

b) Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraphs 178 and 190 of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, *2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang.**

**Combined Interrogatory No. 31 and Request for Production of Documents No. 31:**
With respect to all of Plaintiff's alleged damages, including but not limited to those referenced in paragraphs 193, 220, 224, 229, 234, and 247 of the Complaint, please state as follows:

a) the amount of damages you are seeking for each of the following categories:

i. Compensatory or actual damages;

| | |
|---|---|
| ii. | Statutory Damages; |
| iii. | Punitive Damages; |
| iv. | mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment, or other similar damages; |
| v. | Attorneys' fees; and |
| vi. | Any other category of damages sought by Plaintiff. |

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Plaintiff preserves her objection that she is in the process of providing an expert damages calculation and that it is therefore premature to require her to provide this preliminary non-expert calculation. Plaintiff further objects that certain of her damages are yet to be incurred or and/or calculated, and that the foregoing calculation does not include damages for interest, delay damages, lost retirement benefits, timing effect of taxes, or other similar damages that are best calculated by an accountant. Subject to and without waiver of the foregoing general and specific objections, Plaintiff answers that she suffered and continues to suffer the following categories of damages:**

- **Lost income as a result of having her graduation delayed 18 months, less amounts paid to her by OSU during that time period. We expect this amount to equal approximately $200,000.**
- **Lost future income due to having to pursue an alternative career rather than her anticipated career at Ford Motor Company, in order to avoid exposure to Professor Rizzoni, along with having to forego income over the course of her career derived from the opportunities that Professor Rizzoni creates for his graduates through his connections and reputation in the industry, in an amount that is presently incalculable.**
- **Medical expenses resulting from emotional distress, in excess of $10,000, excluding amounts paid by health insurance, with the exact amount still being calculated.**
- **Compensatory damages resulting from damage to Plaintiff's credit rating due to unpaid medical expenses resulting from emotional distress, in an amount that is not presently calculable.**
- **Compensatory damages for lost future income due to limitations that emotional distress will place on her career, an amount that is presently incalculable.**
- **Compensatory damages for emotional distress.**
- **Exemplary and punitive damages.**

5

- **Reasonable attorney's fees and costs of suit.**

**Combined Interrogatory No. 32 and Request for Production of Documents No. 32:**
With respect to paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of Plaintiff's Complaint, please state as follows:

a)      List with particularity and describe each and every fact supporting Plaintiff's allegations in paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of the Complaint, including describing and identifying each and every "defamatory statement" referred to by Plaintiff.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Defendant Rizzoni sent numerous emails and had verbal conversations with the committee members of Plaintiff's candidacy exam and other members of the MAE Department stating that she was the worst student he's ever had, that she refused to work with him, that he did not sexually harass her, and he lied about or ignored each instance of sexual harassment and retaliation set forth in Plaintiff's written complaint to OSU in his rebuttal statements and in his interview with Jonathan Parry.**

b)      Please list the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support your allegations in paragraphs 244 (excluding sub-part "a") and 245 (excluding references to Ford Motor Company) of the Complaint.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang, Giorgio Rizzoni, Marcello Canova, Jonathan Parry, Dyche Anderson, Janeen Sands, Maryn Weimer, Jung Hyun Kim, Yann Guezennec, Vishnu Sundaresan, Kristi Hoge, and Jeffrey Bons.**

**Combined Interrogatory No. 36 and Request for Production of Documents No. 36:**
With respect to Plaintiff's Title VII claim against OSU:

a)      List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her sex.

6

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Defendant OSU discriminated against Plaintiff based upon her sex because she is a female student and was unaware of Defendant Rizzoni sexually harassing any male students or graduate researchers or any male student or graduate researcher being denied access to research following a complaint of sexual harassment by a professor or other staff member.**

b)      List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her sex.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang and Giorgio Rizzoni.**

d)      List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her race.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Defendant OSU discriminated against Plaintiff based upon her race because she is a Chinese student and was unaware of Defendant Rizzoni sexually harassing any non-Chinese students or graduate researchers or any non-Chinese student or graduate researcher being denied access to research following a complaint of sexual harassment by a professor or other staff member.**

7

e) List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her race.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo,* **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang and Giorgio Rizzoni.**

g) List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her color.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo,* **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Defendant OSU discriminated against Plaintiff based upon her race because she is a Chinese student and was unaware of Defendant Rizzoni sexually harassing any non-Chinese students or graduate researchers or any non-Chinese student or graduate researcher being denied access to research following a complaint of sexual harassment by a professor or other staff member.**

h) List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her color.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo,* **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang and Giorgio Rizzoni.**

j) List with particularity and describe each and every fact demonstrating that OSU discriminated against Plaintiff because of her national origin.

8

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Defendant OSU discriminated against Plaintiff based upon her national origin because she is a Chinese student and was unaware of Defendant Rizzoni sexually harassing any non-Chinese students or graduate researchers or any non-Chinese student or graduate researcher being denied access to research following a complaint of sexual harassment by a professor or other staff member.**

k)      List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU discriminated against Plaintiff because of her national origin.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang and Giorgio Rizzoni.**

m)      List with particularity and describe each and every fact demonstrating that OSU created a *quid pro quo* environment.
**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a);** *Mall v. Merlo*, **Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, a quid pro quo environment was created when the sexual harassment events set forth in Plaintiff's written complaint and rebuttal at HUANG 001 – 210 occurred and Plaintiff was permitted to continue her Ph.D. research, studies, and collect her stipend. Each time Plaintiff resisted Defendant Rizzoni's efforts to sexually harass her, he retaliated by making defamatory remarks about Plaintiff to others at OSU and Ford and threatened her studies and her stipend. It was clear Plaintiff would only be permitted to graduate and keep her stipend if she acquiesced to Rizzoni's harassment and assaults. OSU created an environment of quid pro quo by forcing her to accept the results of the sham investigation to continue her Ph.D. program, receive her stipend, and graduate.**

9

n)      List the name, mailing and email address(es), and telephone number and substance of expected testimony for each and every witness who has knowledge of or who will support the allegations that OSU created a *quid pro quo* environment.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Meng Huang, Giorgio Rizzoni, Marcello Canova, Jonathan Parry, Dyche Anderson, Janeen Sands, Maryn Weimer, Jung Hyun Kim, Yann Guezennec, Vishnu Sundaresan, Kristi Hoge, and Jeffrey Bons.**

**Interrogatory No. 39:**
Identify each and every healthcare provider, including, but not limited to, hospitals, clinics, physicians, psychologists, and/or mental health therapists, with whom you consulted with or who rendered treatment or counseling to you for physical, mental, emotional conditions set forth in the following paragraphs of your Complaint: 64, 65, 70, 89, 95, 101, 104, 108, 163, 164, 165. For each health care professional provide:

a)  The name, business address, and title of each healthcare provider, and the nature of his or her area of specialty;

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, Plaintiff sought treatment and care at the following locations:**

1. **Riverside Methodist Hospital, 3535 Olentangy River Rd., Columbus, OH 43214**
   a. **Dr. Brian Scott Seifferth**
   b. **Dr. Christopher Robert Beechy**
2. **Ohio State Student Health Services, 1875 Millikin Rd., Columbus, OH 43210**
   a. **Jonda Hapner-Yengo, CNP**
   b. **Sarah Philip, CNP**
   c. **Dr. Deepika Rangwani**
   d. **David Lehnus, CNP**
   e. **Dr. Ryan Hanson**
   f. **Dr. Sheila Westendorf**

       g. **Li-Chun Liu, CNP**
       h. **Dr. MariBeth Mulholland**
       i. **Dr. Douglas Radman**
       j. **Dr. Ryo Choi-Pearson**
       k. **Kristina Houser, LD**
       l. **Dr. Kathryn McKee**
       m. **Dr. Thomas Coleman**

3. **OSU Counseling Consultation Services, 1640 Neil Ave., Younkin Ctr. Bldg., Columbus OH 43201**
       a. **Denise Deschenes, MD**
       b. **Chiathong Yong**
       c. **Alice Chi**

b) The date(s) when each consultation or treatment was rendered by each health care provider; **Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

**Without waiving said objections, the following dates correspond to the numbers set forth in the Answer to Interrogatory 39(a):**

1. **Riverside**
       a. **Seifferth: January 9, 2018**
       b. **Beechy: January 6, 2018**
2. **OSU Student Health Services**
       a. **Hapner-Yengo: December 16, 2015, December 22, 2015, June 22. 2016, June 27, 2016, November 1, 2017, March 22, 2019, April 5, 2019**
       b. **Philip: November 17, 2016, January 9, 2018**
       c. **Rangwani: November 18, 2016, December 5, 2016**
       d. **Lehnus: April 26, 2017**
       e. **Hanson: October 4, 2017**
       f. **Westendorf: February 17, 2018, September 6, 2018**
       g. **Liu: August 14, 2018**
       h. **Mulholland: August 16, 2018, August 17, 2018**
       i. **Radman: March 20, 2019, June 10, 2019**
       j. **Choi-Pearson: June 17, 2019, October 1, 2019, October 16, 2019**
       k. **Houser: June 19, 2019**
       l. **McKee: June 24, 2019, June 25, 2019, July 2, 2019, July 5, 2019, July 25, 2019, September 30, 2019**
       m. **Coleman: August 14, 2019, August 21, 2019**
3. **OSU Counseling Consultation**

11

    a. **Denise Deschenes - 11/21/2018, 11/29/2018, 12/10/2018, 12/19/2018, 1/3/2019, 1/16/2019, 2/27/2019, 3/6/2019, 3/22/2019, 4/5/2019, 4/25/2019, 6/10/2019, 6/24/2019, 6/26/2019, 7/3/2019**

    b. **Yong – 10/8/2018, 10/17/2018, 10/25/2018, 11/8/2018, 11/21/2018, 11/29/2018, 12/6/2018, 12/21/2018, 1/3/2019, 1/16/2019, 2/26/2019, 3/6/2019, 3/12/2019, 3/19/2019, 3/26/2019, 4/2/2019, 4/23/2019, 8/28/2019, 9/9/2019, 9/16/2019**

    c. **Chi – 6/28/2019**

c) The purpose of each treatment or consultation rendered by each healthcare professional; and

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

    **Without waiving said objections, the following dates correspond to the numbers set forth in the Answer to Interrogatory 39(a):**

1. **Riverside**
    a. **Seifferth: January 9, 2018: She was involuntarily sent to the Emergency Room by the Student Health Center due to lack of eating or sleeping and staff concerns of self harm and suicide.**
    b. **Beechy: January 6, 2018: chest pain, tightness, abdominal pain, nausea, anxiety symptoms, hyperventilating, difficulty sleeping.**

2. **OSU Student Health Services**
    a. **Hapner-Yengo: December 16, 2015: lack of sleep and appetite, fatigue, headaches, skin irritation and redness, breast pain. December 22, 2015: lack of rest and appetite, fatigue, abdominal pain. June 22, 2016: fatigue, irregular menstruation. June 27, 2016: Lab result discussion. November 1, 2017: Concern over Hep A, rash on arms. March 22, 2019: Rash, lesions, itching. April 5, 2019: rash.**
    b. **Philip: November 17, 2016: Pain and swelling in right breast, swollen lymph nodes, irregular periods. January 9, 2018: breast pain, lack of sleep and appetite, vomiting, hyperventilating.**
    c. **Rangwani: November 18, 2016: lack of sleep, body aches, lack of appetite, swollen lymph node, heart racing. December 5, 2016: Follow up for labs for enlarged lymph node, concern about thyroid issues, rash on finger, abdominal pain.**
    d. **Lehnus: April 26, 2017: dry, irritated skin, lesion on knee.**
    e. **Hanson: October 4, 2017: cat scratch and bite, fatigue, body aches, heart racing, numbness in extremities.**

OMC\4845-1361-5576.v3-1/19/21

  f. **Westendorf: February 17, 2018: chest and abdominal pain, heart racing, irritability, decreased appetite with nausea and vomiting, difficulty sleeping. September 6, 2018: rash, abdominal pain.**

  g. **Liu: August 14, 2018: Abdominal and breast pain, irregular menstruation.**

  h. **Mulholland: August 16, 2018: rash, fluid drainage, hyperpigmentation, abdominal pain, nausea. August 17, 2018: abdominal pain, uncontrollable crying.**

  i. **Radman: March 20, 2019: Continuous abdominal pain, swelling nausea. June 10, 2019: Rash, discoloration, hives.**

  j. **Choi-Pearson: June 17, 2019: abdominal pain, bloating, loss of appetite, vomiting, nausea. October 1, 2019: annual exam, intermittent pelvic pain, difficulty breathing, breast evaluation. October 16, 2019: swelling in groin, follow up on breast ultrasound and mammogram, hives.**

  k. **Houser: June 19, 2019: Complaints about foods causing hives and eczema.**

  l. **McKee: June 24, 2019: hives last 6 weeks, lacking sleep and appetite, nausea, vomiting, medications causing headaches. June 25, 2019: Follow up on appointment from yesterday, anxious thoughts, insomnia, hives, no appetite. July 2, 2019: hives, insomnia, heart racing, hyperventilating. July 5, 2019: drowsiness with medications, some hives. July 25, 2019: hives. September 30, 2019: chest pain and tightness, difficulty breathing, dizziness, and fatigue.**

  m. **Coleman: August 14, 2019: hives, itching, lesions, angioedema. August 21, 2019: Follow up on previous visit for urticaria, severe hives, depression.**

 3. **OSU Counseling Consultation Services**

  a. **Deschenes –seeking psychological and psychiatric assistance with anxiety, insomnia, physical manifestations of stress and PTSD, nightmares, and depression.**

  b. **Yong: seeking counseling assistance with anxiety, insomnia, physical manifestations of stress and PTSD, nightmares, and depression.**

  c. **Chi - seeking counseling assistance with anxiety, insomnia, physical manifestations of stress and PTSD, nightmares while other Counselor was on vacation.**

d) The nature of each treatment or consultation rendered by each healthcare professional.

**Answer: Plaintiff objects to this request of interrogatory on the ground that it exceeds the maximum allowable numbers of interrogatories under Fed. R. Civ. P. 33(a); *Mall v. Merlo*, Civil Action 2:18-cv-430, 2019 U.S. Dist. LEXIS 102503, \*2 (S.D. Ohio, June 19, 2019)(" [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts")(Vascura J.)(Graham J.) Plaintiff further objects to this Interrogatory as it is overly burdensome and not proportionate to the needs of this case. Fed. R. Civ. P. 26(b).**

  **Without waiving said objections, the following dates correspond to the numbers set forth in the Answer to Interrogatory 39(a):**

<div align="center">13</div>

1. **Riverside**
   a. **Seifferth: January 9, 2018:** Staff concluded Plaintiff was not suicidal and released her with information for resources for ongoing treatment.
   b. **Beechy: January 6, 2018:** Referral to Ohio Gastroenterology Group and Primary Care physician for stress reactions. Prescribed hydroxyzine, ondansetron, and pantoprazole.
2. **OSU Student Health Services**
   a. **Hapner-Yengo: December 16, 2015:** Referral to women's, discussion about lifestyle and stress management, lab studies, referred to RTC if symptoms persist. **December 22, 2015:** Diet change and follow up with women's. **June 22, 2016:** Sent for lab work. **June 27, 2016:** normal lab results and counseling on iron supplements. **November 1, 2017:** Immunizations, supplements, and refer to dermatologist. **March 22, 2019:** New prescription. **April 5, 2019:** refer to dermatologist.
   b. **Philip: November 17, 2016:** Recommended an ultrasound for breast and other testing. **January 9, 2018:** counseling, sent for evaluation in the Emergency Department, ultrasound for breast.
   c. **Rangwani: November 18, 2016:** advise more sleep, lifestyle changes, try Vistaril, consider anti-anxiety medications, labs, advised of appointment for hip and shoulder pain. **December 5, 2016:** topical steroid for rash, referral to ENT for lymph node, reinforced lifestyle changes, new prescriptions.
   d. **Lehnus: April 26, 2017:** counseling on general health, fish oil capsules and prescriptions.
   e. **Hanson: October 4, 2017:** Counseling.
   f. **Westendorf: February 17, 2018:** Recommended follow up on ultrasound, labs ordered, prescriptions for the PTSD and continue working with counselor. **September 6, 2018:** new prescription for rash, ordered CT of abdomen.
   g. **Liu: August 14, 2018:** Advised to schedule breast ultrasound, follow up with PCP for pain and depression, ordered pelvic ultrasound.
   h. **Mulholland: August 16, 2018:** zantac, bactroban, follow up with counselors. **August 17, 2018:** referral to gastroenterology, referral for off campus counseling, antidepressant prescription.
   i. **Radman: March 20, 2019:** GI referral. **June 10, 2019:** Prescription for Zyrtec.
   j. **Choi-Pearson: June 17, 2019:** Advised to attend GI consult, meeting with dietician and follow up for annual exam. **October 1, 2019:** Follow up with breast ultrasound, advised to increase fiber and fluid intake, counseling on exercise and diet. **October 16, 2019:** advised to monitor breast and groin, follow up with dermatologist, counseling and discussion about test results and stress management.
   k. **Houser: June 19, 2019:** Stress, not food causing hives and eczema, improving nutrition, and follow up with disability services.
   l. **McKee: June 24, 2019:** ordered complete lab work up, giving nausea prescription and prednisone for hives. **June 25, 2019:** Follow up with Dr.

OMC\4845-1361-5576.v3-1/19/21

> **Duchenne, acetaminophen for headaches, counseling on eating and medication, attempt to get anxiety under control. July 2, 2019: Recommend following up with Dr. Deschenes, klonopin prescription, recommended counseling. July 5, 2019: clarification on prescription, recommended following up. July 25, 2019: Zyrtec, Medrol dosepak, and referral for allergy. September 30, 2019: discussion of anxiety and relationship to symptoms, counseling on managing anxiety, lab work recommendation.**
>
> **m. Coleman: August 14, 2019: started prednisone, cetirizine, and additional medications, tests ordered and allergy tests for food. August 21, 2019: Counseled that medications are the treatment for the urticarial, discontinue the prednisone, and follow up.**

**3. OSU Counseling Consultation Services**

> **a. Deschenes – continued behavior modifications, stress management, medications, counseling,**
>
> **b. Yong – follow up with therapy, follow up on psychological functioning, and start PE.**
>
> **c. Chi – Continued counseling, follow up on psychiatry visit.**


Respectfully submitted,
OBERMAYER, REBMANN,
MAXWELL & HIPPEL LLP

Dated: January 19, 2021

By: */s/ Allison N. Genard*
Bruce C. Fox, Esquire (Pa Bar 42576)
Bruce.Fox@Obermayer.com
Allison N. Genard, Esq. (Pa Bar 311256)
Allison.Genard@obermayer.com
500 Grant Street, Ste. 5240
Pittsburgh, PA 15219
(412) 566-1500
*Counsel for Plaintiff, Meng Huang*

15

## VERIFICATION

I, Meng Huang, verify under the penalties of perjury that my responses to the above supplemental responses to discovery requests are true and correct to the best of my knowledge, information, and belief.

Dated: 1/18/2021 __                           *s/ Meng Huang*

                                               Meng Huang

16

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Second Supplemental Objections and Responses to Defendant's First Set of Combined Interrogatories, Request for Production, and Request for Admissions have been served on Counsel for Defendants via electronic mail on the 19th day of January, 2021.

Christina L. Corl (0067869)
PLUNKETT COONEY
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Tel: (614) 629-3018
Fax: (614) 629-3019
Email: CCorl@plunkettcooney.com
*Counsel for Defendants*

*s/ Allison N. Genard*

Allison N. Genard, Esq.

Counsel for Plaintiff, Meng Huang

17

**Exhibit D**

**Corl, Christina**

| | |
|---|---|
| **From:** | Peter Pattakos <peter@pattakoslaw.com> |
| **Sent:** | Monday, April 3, 2023 10:54 AM |
| **To:** | Corl, Christina |
| **Cc:** | Gregory Gipson |
| **Subject:** | Re: Huang v. OSU |

[EXTERNAL]

Christina,

As you know, it is our position that the evidence at trial will show Ms. Huang's graduation was delayed by a year because of Rizzoni's actions in orchestrating the "failure" of her candidacy exam as a pretext for covering up his ongoing abuse of her. The evidence at trial will also show that her salary upon graduating was $180,000, which she would have received a year earlier. I believe there may be other related special damages but have a bit of following up to do on that, which I expect to complete in the next couple of days.

Thanks,


Peter Pattakos
The Pattakos Law Firm LLC
101 Ghent Road
Fairlawn, OH 44333
330.836.8533 office; 330.285.2998 mobile
peter@pattakoslaw.com
https://pattakoslaw.com/

---

This email might contain confidential or privileged information. If you are not the intended recipient, please delete it and alert us.



On Mon, Apr 3, 2023 at 6:06 AM Corl, Christina <CCorl@plunkettcooney.com> wrote:

Also, please detail the $180,000 in special damages being claimed by Plaintiff. Plaintiff's initial disclosures state hat her damages cannot be calculated and Plaintiff has never supplemented her initial disclosures or provided any description of damages or damages documentation of any kind. Plaintiff objected to all questions in discovery regarding her claimed damages and never provided discovery responses on those topics.




**Christina L. Corl**

Plunkett Cooney
Attorneys & Counselors at Law
T 614.629.3018   C 614.309.9212



1