IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>        Plaintiff,<br><br>  vs.<br><br>THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,<br><br>        Defendants. | Case No. 2:19-cv-01976<br><br>Hon. Judge James L. Graham<br>Mag. Judge Chelsey M. Vascura<br><br>**Plaintiff's Response in Partial Opposition to Defendant's Trial on Punitive Damages and to Bar Evidence as to Personal Net Worth at the Liability Stage of All Evidentiary Proceedings** |

    Plaintiff does not object to the Bifurcation of trial as to Defendant's liability for punitive damages, but Defendant's "Motion to Bifurcate Trial on Punitive Damages and to Bar Evidence as to Personal Net Worth at the Liability Stage of All Evidentiary Proceedings" (Doc. #: 159) asks for much more than that. Specifically, Defendant requests that the trial be bifurcated as to the "quantification of punitive damages and to bar any evidence pertaining to the personal net worth, asset base, remuneration, or wealth of Dr. Rizzoni prior to a time in the proceedings, if any, in which his personal liability for punitive damages is already first established." PAGEID #: 6884.

    Thus, while Plaintiff does not oppose that the punitive damages phase of the trial be separate from the initial phase of the trial on liability and compensatory damages, she opposes Defendant's Motion to the extent it goes any further than that. Evidence of Rizzoni's power and influence at Ohio State University is inextricably intertwined to the facts at issue in this case, including as to why Rizzoni behaved the way that Plaintiff alleges he did toward her, why he believed he could get away with it, and why the matter was resolved by the University the way that it was. These facts are themselves inextricably intertwined with issues relating to Rizzoni's "remuneration and wealth," including the more than $50,000,000.00 in research funding he has brought into the University in his tenure there. Indeed, going so far as "to bar any evidence

pertaining to the personal net worth, asset base, remuneration, or wealth of Dr. Rizzoni," as Defendant requests, could be reasonably read to mean that images of the interior of Rizzoni's home were off limits, despite that photographs of this interior have been used as evidence relating to his assault of Plaintiff that she alleges took place there.

Wherefore, Plaintiff respectfully submits that Defendant's Motion should be denied to the extent it asks for more than the bifurcation of the punitive-damages phase of the trial.

Respectfully submitted,

*/s/Peter Pattakos*
Peter Pattakos (0082884)
Gregory Gipson (0089340)
THE PATTAKOS LAW FIRM LLC
101 Ghent Rd., Fairlawn, OH 44333
P: 330.836.8533/F: 330.836.8536
peter@pattakoslaw.com
ggipson@pattakoslaw.com

*Attorneys for Plaintiff Meng Huang*

**Certificate of Service**

The foregoing document was filed on April 3, 2023, using the Court's e-filing system, which will serve copies on all necessary parties.

*/s/ Gregory Gipson*
*Attorney for Plaintiff*
