IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO BIFURCATE TRIAL ON PUNITIVE DAMAGES AND TO BAR EVIDENCE AS TO PERSONAL NET WORTH AT THE LIABILITY STAGE OF ALL EVIDENTIARY PROCEEDINGS**

Defendant Dr. Giorgio Rizzoni, by and through counsel, Plunkett & Cooney, hereby moves this Court to bifurcate any potential future trial on the quantification of punitive damages and to bar any evidence pertaining to the personal net worth, asset base, remuneration, or wealth of Dr. Rizzoni prior to a time in the proceedings, if any, in which his personal liability for punitive damages is already first established.

On April 3, Plaintiff filed her "Response in Partial Opposition" to Defendant's Motion to Bifurcate and Bar Evidence of Personal Worth during the liability phase of the trial. (ECF # 168).  While Plaintiff, evidently, does not object to the bifurcation, she brings up multiple objectionable issues with respect to the bifurcation request and punitive damages.

First, Plaintiff states that she should be able to admit evidence at trial of "why [Dr.] Rizzoni behaved the way he did" and that Dr. Rizzoni thought he could "get away with" harassing Plaintiff because of his "power and influence" at the University.  Id., PAGEID #7034. First, "why Dr. Rizzoni did what he did" and Dr. Rizzoni allegedly "thinking he could get away

1

with it" are not issues in this case. The only issue is whether Dr. Rizzoni sexually harassed Plaintiff. Plaintiff's attempts to introduce evidence of Dr. Rizzoni's fundraising skills or his alleged "power or influence" (Id.) at the University are not only wholly irrelevant, but that information is highly prejudicial.

Plaintiff goes on to state that she should be allowed to introduce evidence at trial related to "why the matter was resolved by the University the way it was." Id. Again, how the University responded to Plaintiff's complaints and how the complaints were resolved is not an issue in this case. It is a thinly veiled attempt by Plaintiff to demonstrate some sort of wrongdoing by the University, when the University is not party to this case.

Last, Plaintiff states she should be able to admit evidence of the amount of research funding Dr. Rizzoni generated for the University. Evidence of the amount of research funding Dr. Rizzoni raised for the University is not relevant to any issue in this case, *including punitive damages*. Dr. Rizzoni is the only defendant in this case. Dr. Rizzoni does not keep for himself the "research funding" he generates for programs at the University.

As such, Defendant Dr. Rizzoni requests this Court issue an order bifurcating the issues of liability from punitive damages and prohibiting Plaintiff from introducing evidence of the amount of funding Dr. Rizzoni raised for the University, Dr. Rizzoni's alleged power and influence at the University or any of the University's actions in response to Plaintiff's complaints.

                                              Respectfully submitted,

                                              */s/ Christina L. Corl*
                                              Christina L. Corl (0067869)
                                              **PLUNKETT COONEY**
                                              716 Mt. Airyshire, Suite 150
                                              Columbus, Ohio 43235

Tel: (614) 629-3018<br>
Fax: (614) 629-3019<br>
Email: CCorl@plunkettcooney.com<br>
*Counsel for Defendant Dr. Giorgio Rizzoni*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk's Office using its electronic filing system on this **4th day of April 2023**.  A copy has been served by this office on upon the following parties of record via electronic mail:

Peter Pattakos
Peter@pattakoslaw.com
*Attorney for Plaintiff*

                                            /s/ Christina L. Corl
                                            Christina L. Corl

Open.25577.83339.30859521-1