**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Meng Huang,

          Plaintiff,

    v.

Giorgio Rizzoni,

          Defendant.

Case No: 2:19-cv-1976

Judge James Graham

**JOINT FINAL PRETRIAL ORDER**

This action came before the Court at a final pretrial conference held on April 7, 2023 at 10:00 AM, pursuant to Rule 16, Fed. R. Civ. P.

**I.    APPEARANCES:**

For Plaintiff: Peter Pattakos, Gregory Gipson, The Pattakos Law Firm

For Defendant: Christina Corl, Plunkett Cooney

**II.    NATURE OF ACTION AND JURISDICTION:**

A. This is an action for alleged violation of the guarantee of bodily integrity in the U.S. Constitution brought pursuant to 42 USC § 1983.

B. The jurisdiction of the Court is invoked under: Title 28, United States Code, Section 1331.

C. The jurisdiction of the Court is not disputed.

**III.    TRIAL INFORMATION:**

A. The estimated length of trial is 5 days.

B. Jury Trial has been set for May 1, 2023.

**IV.    AGREED STATEMENTS AND LISTS:**

A. General Nature of the Claims of the Parties

    1. Plaintiff claims that she suffered sexual abuse/assault at the hands of Defendant Rizzoni over a period of approximately 4 years (2014-2017), which was furthered by the actions of Defendant OSU, and which included Rizzoni arranging for Plaintiff to fail her PhD candidacy exam and removing her from

1

a highly sought after internship position with Ford in an effort to discredit and delegitimize her to protect himself after he believed she had reported his sexual abuse, or that such a report was imminent. Plaintiff's claimed damages include delayed graduation costs, including delayed full time employment costing her approximately $180,000 in special damages, as well as emotional mental distress, and treatment (present and future) for same, including PTSD, anxiety, and depression

2. Defendant claims Defendant denies engaging in any sexually harassing behavior of any kind toward Plaintiff.

B. Uncontroverted Facts

The following facts are established by admissions in the pleadings or by stipulation of counsel: In 2014, at the suggestion of an acquaintance of hers, Plaintiff contacted Defendant via electronic mail inquiring about matriculation at The Ohio State University as a Ph.D. student at OSU's College of Mechanical and Aerospace Engineering. Plaintiff is a Chinese national and prior to matriculation had not lived or worked in the United States. Plaintiff ultimately applied to the University and was accepted in 2014 into the PhD Program in OSU's College of Mechanical and Aerospace Engineering with Defendant as her PhD advisor. Plaintiff had no prior relationship with Defendant, who was the Director of Center for Automotive Research ("CAR") and the Ford Motor Chair in Electromechanical Systems at OSU. On December 12, 2017, Plaintiff presented her Ph.D. candidacy examination to a panel led by Rizzoni. Plaintiff was deemed by this committee to have failed her PhD candidacy examination. After learning of the results of the candidacy exam, Plaintiff complained to multiple members of the College and the University, including the Graduate School, Public Safety and the Title IX office about having been sexually assaulted by Rizzoni for the previous 4 years. Plaintiff was assigned a new PhD Advisor and she graduated with her PhD degree from OSU in December 2019.

C. Issues of Fact and Law

1. Contested Issues of Fact: The parties agree that the contested issues of fact remaining for decision include the primary issue of whether Plaintiff was

sexually harassed by Defendant. In proving the sexual harassment at issue, Plaintiff intends to enter proof showing that Defendant manipulated the results of Plaintiff's initial PhD candidacy exam, arranging for her "failure" of that exam and consequent removal from the Ford CAR Team, and taking the "unusual" step of disallowing Plaintiff a second chance to pass her PhD candidacy exam, in an effort to discredit and delegitimize her to protect himself after he believed that she had reported or would imminently report his sexual abuse to others, including members of the Ford Team. Defendant contends that this evidence is irrelevant, objects to its includsion in the pretrial order, and has filed a Motion in Limine to exclude same. The nature and extent of Plaintiff's  damages are also in dispute.

    2. Contested Issues of Law: Whether Dr. Rizzoni is entitled to immunity or qualified immunity from Plaintiff's claims.

D. Witnesses.

    1. Plaintiff's Witnesses :In the absence of reasonable notice to opposing counsel to the contrary, plaintiff may call:

        a. Defendant Giorgio Rizzoni;

        b. Plaintiff Meng Huang;

        c. Dyche Anderson;

        d. Maryn Weimer

        e. Vishwanath Subramaniam

        f. Kristi Hoge;

        g. Jonathan Parry;

        h. Matt Page

        i. Megan Lawther

        j. Ruochen Yang;

        k. Records Custodian, Ohio State Student Health Services

    2. Defendant's Witnesses: In the absence of reasonable notice to opposing counsel to the contrary, defendant may call the following witnesses:

        a. Dr. Giorgio Rizzoni.

        b. Dr. David Cooke.

    c.  Dr. Adithya Jayakumar.

    d.  Maryn Weimer.

    e.  Janeen Sands.

    f.  Jennifer Humphrey.

    g.  Li Tang.

    h.  Dr. Mrinal Kumar.

    i.  Dr. Marcello Canova.

    j.  Dr. Vishnu Sandaresan.

    k.  Dr. Yann Guezennec.

    l.  Dr. Jung Hyun Kim.

    m.  Dr. Matilde D'Arpino

    n.  Tong Zhao

3.  In the event other witnesses are to be called at the trial, a statement of their names and addresses and the general subject matter of their testimony will be served upon opposing counsel and filed with the Court at least 21 days prior to trial.

4.  Rebuttal Witnesses: There is reserved to each of the parties the right to call to such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

E.  Expert Witnesses

Parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed to the other side

    a.  Plaintiff may call the following treating physicians to testify as to the harm she has suffered as a result of the sexual harassment at issue:

    b.  Roy Lubit, MD PhD;

    c.  Denise Deschenes, MD

    d.  Chiaothong Yong, PSYD

    e.  Christopher Beechy, MD

    f.  Deepika Rangwani, MD

    g.  Sarah Phillip, CNP

    h.  Sheila Westendorf, MD

1. Defendant: None.

F. Exhibits

*Needless Court time is taken up in the marking of exhibits during trial. Accordingly, the exhibit list should be prepared prior to the trial and set forth in the pretrial order. Exhibits that are to be admitted without objection should be listed first, then followed by a listing of exhibits to which there may be objections, noting by whom the objection is made, if multiple or adverse parties, the nature of the objection and the authority supporting the objection. Exhibit markers should be attached to all exhibits at the time they are shown to opposing counsel during the preparation of the pretrial order. A supply of exhibit stickers may be obtained from the Courtroom Deputy Clerk. They should be attached to the upper right-hand corner whenever possible.*

*Except for good cause shown, the Court will not permit the introduction of any exhibits unless they have been listed in the pretrial order, with the exception of exhibits to be used solely for the purpose of impeachment.*

*The pretrial order should note exhibits as follows:*

Appendix B    Joint Exhibits

Appendix C    Plaintiff Exhibits

Appendix D    Defendant Exhibits

Appendix E    Third Party Exhibits.

G. Depositions

*During the trial the reading of depositions frequently presents problems that can be eliminated by advance discussion and preparation. The pretrial order shall list depositions to be read into evidence and any objections thereto identifying the objecting party, portions objected to, and grounds therefor. All irrelevant and redundant matter and all colloquy between counsel in the deposition must be eliminated when the deposition is read.*

Suggested language: testimony of the following witnesses will be offered by

deposition/video tape (if none, so state): Dyche Anderson

H. Discovery

*Except for good cause, all discovery shall be completed before the pretrial order is signed by the Court. If discovery has not been completed, the proposed pretrial order shall state what discovery is yet to be done by each side, when it is scheduled, when it will be completed and whether any problems such as objections or motions are likely with respect to the uncompleted discovery.*

Discovery remains to be completed as to treatment Plaintiff has recently received

from Roy Lubit, MD. Plaintiff has offered to make Dr. Lubit available for a deposition and to produce all records relating to this treatment, which can be timely completed in advance of the May 1 trial date. Defendant has filed a motion in limine to exclude Dr. Lubit's testimony (Doc. #: 162), which is fully briefed and pending before the Court.

## V.  MODIFICATION

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

## VI.  JURY INSTRUCTIONS

*The parties shall confer in advance of the final pretrial conference and agree upon proposed jury instructions which shall be delivered to the Court seven (7) days before the trial date. If the parties are unable to agree on how the jury should be instructed as to any issue, they shall each submit their proposed instructions on any such issue(s). There is reserved to counsel the right to submit supplemental requests for instructions during the trial or at the conclusion of the evidence on matters that cannot be reasonably anticipated. All proposed jury instructions shall be submitted to chambers by email and may also be filed on the docket of the case.*

## VII.  SETTLEMENT EFFORTS

The parties have made a good faith effort to negotiate a settlement OR describe status of settlement efforts: Since the law firm of the undersigned attorney for Plaintiff has replaced the attorneys who initially filed this case, Plaintiff has reduced her settlement demand by more than half, despite having never received an offer from the Defendant, from $4M to $1.95M. Plaintiff's counsel has also informed Defense counsel that Plaintiff would reduce her demand by more than half again, into the six figures, if the Defendant would agree to come to five figures. To date, Defendant still has not offered anything to settle this case.

## VIII.  ADDITIONAL ACTION TAKEN
**See separate Order of the Court.**

_/s/Peter Pattakos_____
Peter Pattakos (0082884)
Counsel for Plaintiff


_/s/ Christina Corl_____
Christina L. Corl (0067869)
Counsel for Defendant

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

## Appendix C: Plaintiff's Exhibits

Exhibit 1:      Huang 01409-01410, Emails between Defendant and Plaintiff December 3, 2013

Exhibit 2       OSU_006986-6988, Emails between Defendant and REDACTED graduate
                student, December 16-26, 2013

Exhibit 3:      OSU 6846 Email from Defendant to Wei Zhang January 13, 2014

Exhibit 4:      OSU_007962-7969, Emails beween Plaintiff and Defendant, December
                3, 2013-March 8, 2014

Exhibit 5:      HUANG 000633-000636, Emails between Defendant and Plaintiff,
                March 24, 2014

Exhibit 6:      Defendant Dep. Ex. 45, M. Huang Emails and Texts 0001-0003, Communications
                between Defendant and Plaintiff, March 24, 2014-December 8, 2014

Exhibit 7:      OSU_000066, Letter from Defendant to Plaintiff April 4, 2014

Exhibit 8:      OSU 8900 Email from Defendant to [Redacted] April 19, 2015

Exhibit 9:      OSU_007079-007083, Emails between Defendant and Bob Sadinski, April 24,
                2014-April 27, 2014

Exhibit 10:     OSU 7353 Email from Defendant to Plaintiff, September 28, 2014

Exhibit 11:     OSU_006961-6962, Emails between Defendant and Plaintiff, November 21,
                2014-November 25, 2014

Exhibit 12:     OSU 6985 Email from Defendant to [Redacted] December 20, 2014

Exhibit 13:     OSU 6742-6745 Emails Between Defendant and Huang December 13, 2014

Exhibit 14:     OSU_006719-6720, emails between Defendant and Plaintiff, December 21, 2014-
                December 27, 2014

Exhibit 15:     OSU 9264-9265 Emails between Defendant and [redacted] February 26, 2015

Exhibit 16:     OSU 9172-9178 Emails between Defendant and Canova March 16, 2015

Exhibit 17:     OSU 8725-8727 Emails between Defendant, Plaintiff, and [redacted] May 26,
                2015

Exhibit 18:    OSU 8590 Email from Defendant to Plaintiff June 2, 2015

Exhibit 19:    OSU 8451-8453 Emails between Defendant and Plaintiff, June 12, 2015

Exhibit 20:    HUANG 00692, Email from Defendant to Plaintiff June 13, 2015

Exhibit 21:    HUANG00000139/OSU-08699[with redactions], Email from Defendant to D Anderson, October 6, 2015

Exhibit 22:    OSU 9305-9306 Emails between Defendant and [redacted] December 19, 2015

Exhibit 23:    OSU 9208 Email from Defendant to Plaintiff, December 27, 2015

Exhibit 24:    OSU_000239-261, OSU Sexual Misconduct, 1.15, August 23, 2016

Exhibit 25:    OSU 15421-15424, Emails from Defendant to Lori Herman (of Ford) September 21, 2016

Exhibit 26:    OSU 15401-15403 emails in Defendant's Exhibit M, September 21, 2016

Exhibit 27:    OSU 15363, Emails between Defendant and Lori Herman, September 21, 2016

Exhibit 28:    OSU 15406-15409 Email from Defendant to Plaintiff and other Ph.D. student, September 23, 2016

Exhibit 29:    OSU 8699 Email from Defenant Defendant to Anderson October 6, 2016

Exhibit 30:    OSU 18146-18147 Emails between Jennifer Humphrey, Defendant, and zynplus, November 22, 2016

Exhibit 31:    OSU 002139 Email from Defendant to Plaintiff December 20, 2016

Exhibit 32:    OSU 5444 Email from Defendant to Plaintiff February 19, 2017

Exhibit 33:    FORD000603-606, Ford University Project Progress Report, March 17, 2017

Exhibit 34:    OSU_12191-12194 Emails regarding Plaintiff's stipend and Ford internship, August 1, 2017

Exhibit 35:    OSU 10688-10690 Emails from Defendant to Janeen Sands and Jeffrey Bons August 11, 2017

Exhibit 36:    OSU 18618-18619 Emails between Dyche Anderson and Defendant, August 16, 2017

Exhibit 37:     FORD000010-21, Ford Intern Evaluation Guide, August 18, 2017

Exhibit 38:     OSU 11052 Emails from Plaintiff to candidacy exam committee     September 14, 2017

Exhibit 39:     10607 Emails between Defendant and Plaintiff, September 17, 2017

Exhibit 40:     FORD000521-522, Emails between Anderson and Defendant, October 4, 2017

Exhibit 41:     Huang 00000415, email from Defendant to Plaintiff and Anderson, October 4, 2017

Exhibit 42:     OSU 9816 Emails between Defendant and Anderson, October 21, 2017

Exhibit 43:     OSU_018602-604, email from Plaintiff to Anderson and Defendant and attached document with comments on Dissertation proposal, November 1, 2017

Exhibit 44:     OSU 12409-12410 Emails between Defendant and Anderson, November 16, 2017

Exhibit 45:     OSU 1191: Huang email to Defendant, November 17, 2017

Exhibit 46:     OSU 9601 Emails between Defendant and Kabat, November 20, 2017

Exhibit 47:     OSU 9604 Email from Defendant to Janeen Sands November 20, 2017

Exhibit 48:     OSU 12935 Email between Janeen Sands and Defendant, November 21, 2017

Exhibit 49:     FORD000511, Emails between Anderson and Plaintiff, December 6, 2017

Exhibit 50:     OSU 9677-9678 Email between Defendant and Guezennec, December 7, 2017

Exhibit 51:     OSU 11537-11538 Email between Defendant and Kim, December 7, 2017

Exhibit 52:     OSU 3009 Email from Defendant to Jung Jyun Kim, Marcello Canova, Vishnu Sundaresan, and Yann Guezennec December 10, 2017

Exhibit 53:     OSU 15348-15349 Emails between Defendant, Canova, and Sundaresan, December 11, 2017

Exhibit 54:     OSU 10425-10427 Emails between Defendant and Ford, December 11, 2017

Exhibit 55:     FORD000336-337, email between Anderson and Plaintiff, December 12, 2017

Exhibit 56:     FORD000043-47, Email from Anderson to sexualharassment@osu.edu,

December 12, 2017

Exhibit 57:     OSU 6222-6223 Email from Martin Smith to Jonathan Parry and Heather Miller December 12, 2017

Exhibit 58:     OSU 2907-2918 Huang report to Pieriano, December 13, 2017

Exhibit 59:     OSU 1273-74 Emails between OSU HR Dept., December 14, 2017

Exhibit 60:     OSU 1536-1539 Emails between Hoge and Parry, December 14, 2017

Exhibit 61:     OSU 15695-15698 Emails between Bons and Defendant, December 14, 2017

Exhibit 62:     OSU 1162-1163 Emails between Plaintiff and Parry, December 15, 2017

Exhibit 63:     OSU 4598-4599 Emails between Parry, Hoge, and Kellie Brennan, December 15, 2017

Exhibit 64:     OSU 9896 Emails between Buchheit and Defendant, December 15, 2017

Exhibit 65:     OSU 15425, Email from Defendant to Buchheit, December 19, 2017

Exhibit 66:     OSU 955-961 Emails between Jonathan Parry and Anderson, December 18, 2017

Exhibit 67:     OSU 1408 Emails between Plaintiff and Parry, December 19, 2017

Exhibit 68:     OSU 1711-1712 Emails between Broshious, Parry, and Plaintiff, December 19, 2017

Exhibit 69:     OSU 3347-48 Parry email to Hoge, December 19, 2017

Exhibit 70:     OSU 1893-1896 Emails between Plaintiff and OSU faculty and staff, December 20-22, 2017

Exhibit 71:     OSU 1720-21 Huang police report December 22, 2017

Exhibit 72:     OSU 1421-1422 Email from Tong Zhao to Maryn Weimer, forwarded to Martin Smith, December 22, 2017

Exhibit 73:     OSU 3324 Emails between Parry, Hoge, and Davis, December 22, 2017

Exhibit 74:     OSU 1008-1016 Emails between Anderson and Parry, December 28, 2017

11

Exhibit 75        OSU 3272 Email from Jayakumar to Humphrey, Jan 4, 2018

Exhibit 76:       OSU_001799-1840 Another Harvey Weinstein document, January 5, 2018

Exhibit 77:       OSU 1607-1650 Emails between OSU HR Dept. forwarding and discussing
                  Huang account, January 5, 2018

Exhibit 78:       OSU 944-945 Email from Horijuko to Schaffer, January 5, 2018

Exhibit 79:       OSU 4857 Email from Hoge to Huang, January 5, 2018

Exhibit 80:       OSU 1406-1407, Email from Huang to Broshious, January 5, 2018

Exhibit 81:       OSU 1170-1173 Emails between Huang and Parry, January 5, 2018

Exhibit 82:       OSU 672 Email from Parry to Defendant January 10, 2018

Exhibit 83:       OSU 1058-1061 Email from Valerie Hendrickson to Jonathan Parry January 10,
                  2018

Exhibit 84:       OSU 2903 Email from Kellie Brennan to Hoge and Parry, January 10, 2018

Exhibit 85:       OSU 904-905 Emails between Defendant and Parry, January 12, 2018

Exhibit 86:       OSU 6129-6137 Defendant's "Chronology of Events re. Ms. Huang's allegations"
                  January 13, 2018

Exhibit 87:       OSU 1165–1169 Emails between Defendant and Parry, January 19, 2018

Exhibit 88:       FORD000229-230, emails between Plaintiff to Anderson, Anderson to Lori
                  Herman, February 2, 2018

Exhibit 89:       FORD0000231-232, Emails from Plaintiff to Anderson, February 2 and 6, 2018

Exhibit 90:       FORD000249-251, Emails between Plaintiff and Anderson re Herman email,
                  February 12, 2018

Exhibit 91:       OSU 2109-2112 Email from Klingshirn to Pearsol-Christie February 14, 2018

Exhibit 92:       OSU 1174 Emails between Defendant and Parry, March 1, 2018

Exhibit 93:       OSU 1740-1741 Summary sheet of investigation

Exhibit 94:       OSU 6119-6120 Email from Defendant to David Williams, Dorota Grejner-
                  Brzezinska, and Rudolph Buchheit March 21, 2018

Exhibit 95:     OSU_004169-OSU_004206, OSU Case Report of Investigation, March 29, 2018

Exhibit 96:     OSU 3610-3647 Parry case report, March 29, 2018

Exhibit 97:     OSU 3664-3666 Parry emails, March 29, 2018

Exhibit 98:     OSU 3667-4052 OSU Investigation with Appendices, March 29, 2018

Exhibit 99:     OSU 001847-1850 Parry emails with Defendant; and with Hoge, March 29, 2018

Exhibit 100:    OSU 6218-6221 Letter from Defendant to Martin Smith April 2, 2018

Exhibit 101:    OSU 6475 Defendant Letter to Vishnu Subramaniam April 24, 2018

Exhibit 102:    OSU 6417 Defendant April 27, 2018 Skype Appointment Reminder with Phoebe You April 25, 2018

Exhibit 103:    OSU 6474 Defendant Email to David Williams and Martin Smith April 25, 2018

Exhibit 104:    OSU 6414 Email from Defendant to Phoebe You April 27, 2018

Exhibit 105:    FORD000501-502, emails between Ted Miller and Anderson, May 9, 2018

Exhibit 106:    FORD000607-610, Ford University Project Progress Report, March 29, 2019

Exhibit 107:    Huang 001413, Dedication to Defendant of CAR space, October 4, 2019

Exhibit 108:    OSU 2019 Annual Report

Exhibit 109:    Defendant Responses to Interrogatories and RPD, June 9, 2020

Exhibit 110:    Declaration of Ruochen Yang, August 24, 2020

Exhibit 111:    OSU 000433-490 OSU Sexual Misconduct Policy Training slides

Exhibit 112:    Unnumbered, Google maps of Defendant's and Plaintiff's homes and relative distances from each other and CAR

Exhibit 113:    Curriculum Vitae of Defendant

Exhibit 114:    Huang 001404-1406, photos of Defendant's office

Exhibit 115:    OSU 2113–2155: Collection of Communications between Plaintiff and Defendant (Parry Dep. Ex. 96).

Exhibit 116:   Huang 00001-000086: Plaintiff account of events (with incorporated emails, text messages, and other materials)

Exhibit 117:   Huang 000087-000198: Plaintiff rebuttal to Defendant's account of events (with incorporated emails, text messages, and other materials)

Exhibit 118:   Huang 000285-000580: Plaintiff's medical records

Exhibit 119:   TBD: Plaintiff's medical records from treatment with Roy Lubit, MD

Exhibit 120:   FORD000035-36: Anderson emails with Plaintiff, August 2019

Exhibit 121:   FORD000034: Anderson email to Plaintiff, January 9, 2020

Plaintiff reserves the right to supplement this list, including with any exhibits used in depositions in this case not listed above.

## APPENDIX D: EXHIBITS OF DEFENDANT

A:      The video of Dr. Rizzoni's home taken pursuant to court order and produced during discovery.

B:      Photographs taken by Plaintiff of Dr. Rizzoni's office pursuant to court order.

C:      Plaintiff's email communication to Dr. Rizzoni of May 3, 2014; Huang_001216-17.

D:      All emails regarding feed back of the PhD committee on Plaintiff's failed PhD examination, Exhibit H to Defendant's Motion for Summary Judgment; OSU_15356-58; OSU_15350-51; OSU_15382; December 10, 2017 email from Dr. Guezennec to Dr. Rizzoni.

E:      All of OSU's internal policies regarding sexual harassment and notices of resources for students; Exhibit M to Defendant's Motion for Summary Judgment; OSU_00239 to 254.

F:      All text messages between Plaintiff and Dr. Rizzoni; OSU_00001 to 000034.

G:      Plaintiff's written complaint to OSU; OSU_00673 to 00715.

H:      Dr. Rizzoni's response to Plaintiff's written complaint to OSU: OSU_06143 to 06212.

I:      Plaintiff's rebuttal to Dr. Rizzoni's response:  OSU_01976 to 02086.

J:      Plaintiff email to prospective student; Huang_0661.

K:      Emails with Plaintiff and Janine Sands; OSU_18596 to 18597.

L:      Plaintiff's psychological counseling records; Huang_00481 to 00580.

M:      Email communications; OSU_015401 to 015403; OSU_003316.

N:      Email communication; OSU_05692.