IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Meng Huang,**

    Plaintiff,

v.

**The Ohio State University and Giorgio Rizzoni,**

    Defendants.

Case No: 2:19-cv-1976

Judge Graham

Magistrate Judge Vascura

## ORDER

This matter came before the Court for a Final Pretrial Conference on April 7, 2023 at 10:00 AM. This Order memorializes the proceedings of the conference.

First, in the interests of judicial efficiency and to aid the jury, the Court will separate the issues to be tried. *See* Fed. R. Civ. P. 42(b). The first stage of trial will be on the issue of liability. The second stage will be on the issue of compensatory damages, and the third stage will be on the issue of punitive damages. As such, Defendant's Motion to Bifurcate (ECF No. 159) is granted.

In the first stage of the trial, the Court will ask the jury to find whether Plaintiff was subjected to unwanted touching by the Defendant. The Court will ask the jury to make these findings divided into alleged incidents at each of several locations, including a hotel and restaurant in Shanghai, China, a Columbus, Ohio Italian restaurant, Defendant's office and the lab at the Center for Automotive Research on the campus of The Ohio State University, Defendant's automobile, and Defendant's home in Columbus, Ohio.

If the jury finds Plaintiff was subjected to unwanted touching by the Defendant, the second stage of trial will focus on compensatory damages to which Plaintiff may be entitled. The portion of Defendant's Motion in Limine (ECF No. 160) to exclude evidence of Defendant's alleged manipulation, coercion, and influence is denied. While this evidence is excluded from the liability stage of trial, Plaintiff may present this kind of evidence at the second stage of trial.

Defendant's motion also seeks to exclude hearsay evidence of other Chinese students' experiences and of medical records of Plaintiff's treatment in China. In light of Plaintiff's response

that Plaintiff does not intend to introduce this evidence at trial (ECF No. 174), these portions of the motion are denied as moot.

Additionally, Defendant submitted a Motion in Limine requesting the Court exclude the testimony of Dr. Roy Lubit, who is Plaintiff's current treating physician. (ECF No. 162.) Defendant argues that Plaintiff's identification of this expert witness was not timely and would therefore prejudice the Defendant if Dr. Lubit is allowed to testify. (*Id.*)

Rule 37 of the Federal Rules of Civil Procedure forbids parties who fail to identify a witness as required by Rule 26(a) or (e) from using that witness to supply evidence at trial "unless the failure was substantially justified or is harmless." The party wishing to introduce the evidence has the burden of proving harmlessness. *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). A "trial judge has broad discretion in the matter of the admission or exclusion of expert evidence." *United States v. Jones*, 107 F.3d 1147, 1151 (6th Cir. 1997) (quoting parenthetically *Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962)).

Plaintiff has not met the burden of proving that allowing Dr. Lubit to testify is substantially justified or harmless. Plaintiff did not identify Dr. Roy Lubit in her original disclosure reports. (ECF No. 162 at PAGEID 6912.) Plaintiff's counsel identified Dr. Lubit as an expert for trial on March 28, 2023 (ECF No. 162 at PAGEID 6920), well beyond the deadlines set in the preliminary pretrial order. (ECF No. 75.) Plaintiff maintains that Dr. Lubit was timely disclosed as an expert because Plaintiff only recently began treatment with Dr. Lubit. (ECF No. 162 at PAGIEID 6921.) However, Plaintiff's recent beginning of treatment does not substantially justify Plaintiff's delay. Additionally, allowing Dr. Lubit to testify is not harmless, as Defendant became aware of Plaintiff's intention to call Dr. Lubit to testify just over one month before trial. As Plaintiff has not provided sufficient grounds for the delay, nor has Plaintiff proven it would be harmless to allow him to testify, Defendant's Motion in Limine to Exclude Testimony of Dr. Roy Lubit (ECF No. 162) is granted.

For the same reasons, Defendant's Motion in Limine to Exclude Testimony of Denise Deschenes and Chiaothong Yong (ECF No. 167) is granted in part to the extent that these late-identified witnesses are excluded from testifying due to an unreasonable delay in disclosure.

Regarding evidence of Plaintiff's lost income, the motion (*id.*) is denied. As Plaintiff, in her discovery responses, previously indicated that evidence of lost income would be introduced at trial, the Defendant had adequate knowledge of this claimed element of compensatory damage.

(ECF No. 167 at PAGEID 7020.) Plaintiff may introduce evidence of lost wages at the second stage of trial.

In conclusion, (1) Defendant's Motion to Bifurcate (ECF No. 159) is **GRANTED**; (2) Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Sole Remaining Claim, Exclude Hearsay Evidence, and Exclude Testimony Regarding Testimony Regarding Plaintiff's Medical Conditions when the Records were not Produced (ECF No. 160) is **GRANTED IN PART AND DENIED IN PART**; (3) Defendant's Motion in Limine to Exclude Testimony of Dr. Roy Lubit (ECF No. 162) is **GRANTED**; and (4) Defendant's Motion in Limine to Exclude Testimony of Denise Deschenes and Chiaothong Yong and Exclude Compensatory Damages Evidence at Trial (ECF No. 167) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERD.**

JAMES L. GRAHAM
United States District Judge

DATE: April 7, 2023

3