**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

## DEFENDANT GIORGIO RIZZONI'S MOTION TO QUASH TRIAL WITNESS SUBPOENAS WHICH CONFLICT WITH THIS COURT'S BIFURCATION ORDER

Now comes Defendant Giorgio Rizzoni ("Dr. Rizzoni") and respectfully requests this Honorable Court for an order quashing the trial witness subpoenas which conflict with this Court's bifurcation order (ECF #176).

At the final pretrial conference and in its April 7, 2023 Order, the Court indicated that it intended for the trial in this matter to proceed in three phases: 1.) Liability – whether Dr. Rizzoni inappropriately touched Plaintiff, 2.) Compensatory damages (if necessary) and 3.) Punitive damages (if necessary). The Court's Order specifically states that the first phase of trial will NOT include any evidence of Dr. Rizzoni's "alleged manipulation, coercion and influence." If Plaintiff prevails during the first phase of trial, she may "present this kind of evidence at the second stage of trial." Id., PAGEID # 7085.

More to the point, the Court was exceedingly clear about what would and would not be relevant to the liability phase in both the pretrial conference and in its order, and instructed the parties that all testimony must be focused on the central issue of whether Dr. Rizzoni inappropriately touched Plaintiff. The Court further and repeatedly stated in the

conference that witnesses without personal knowledge about that inappropriate touching would not testify at the initial phase.

Notwithstanding the Court's patent clarity on this issue, Plaintiff's counsel indicated that Plaintiff planned to disregard that order *immediately after the Court left the room*. Specifically, while the parties were still in the conference room, Defendant inquired with Plaintiff regarding an amended witness list *just for the first phase of trial.* Plaintiff's counsel indicated that, <u>regardless of the Court's ruling</u>, Plaintiff still intended to call all witnesses on her witness list during the first phase of trial, namely:

1. Dyche Anderson, an employee of Ford.

2. Kristi Hoge and Jonathan Parry, the OSU employees who were assigned to investigation Plaintiff's claims of sexual harassment after she made her initial complaint, but who had never met Plaintiff or Dr. Rizzoni prior to that point.

3. Matt Page from OSU's graduate school who has never met Plaintiff or Dr. Rizzoni.

4. Megan Lawther from OSU's International Student organization who has never met Plaintiff or Dr. Rizzoni.

5. Viswanath Subramaniam, a retired professor from OSU's College of Mechanical and Aerospace Engineering to whom Plaintiff complained in December 2017 and which complaint lead to the OSU internal investigation.

(See email communication of April 10, 2023, Exhibit A).

Defense counsel expressed surprise at this claim given the Court's clarity in the conference but wanted to give Plaintiff's counsel the opportunity to reconsider prior to involving the Court.

On April 12, 2023, however, Plaintiff communicated her intention to subpoena the above-mentioned witnesses for the first phase of trial, and further to call witnesses Westerndorf and Philips (treating physicians of Plaintiff who Plaintiff identified as damages experts) to testify "as to liability" during the first phase of trial.  (Email communication of April 12, 2023, Exhibit B)

*None of these witnesses have any personal knowledge relevant to whether Dr. Rizzoni inappropriately touched Plaintiff.*  Witnesses Page and Lawther have never even met Plaintiff or Dr. Rizzoni.  (Page Depo., pg. 11)(Depo. Excerpts, Exhibit C). Witnesses Hoge and Parry (the OSU investigators) never met or even heard of Plaintiff or Dr. Rizzoni until *after* Plaintiff complained to the University. (Parry Depo, pg. 66; Hoge Depo., pgs. 46, 50) They have no personal knowledge about whether inappropriate touching did or did not occur and any information about what Parry and Hoge learned during their investigation of Plaintiff's complaint would be inadmissible hearsay.  Witness Anderson is a Ford employee who testified in his deposition that he has no idea whether Dr. Rizzoni inappropriately touched Plaintiff or not.  (Anderson Depo., pg. 61, 65, 86)("I was aware of nothing," and "didn't know what to believe.")  Witness Subramaniam was the department chair to whom Plaintiff complained about the alleged harassment, but he testified in his deposition that he has no knowledge of whether Dr. Rizzoni inappropriately touched any of his students, including Plaintiff, only learned of these allegations after the fact, and was not a witness to any claimed improper behavior (Subramaniam Depo., pgs. 50-69).  Last, witnesses Westerndorf and Philips are treating physicians who provided care to Plaintiff. They have no personal knowledge of whether Plaintiff was inappropriately touched by Dr. Rizzoni.

Plaintiff has now issued subpoenas to these witnesses, compelling them to testify during the first phase of trial on the topic of whether Dr. Rizzoni inappropriately touched Plaintiff. Plaintiff has also subpoenaed for trial Dr. Yong, who this court has already ruled is prohibited from testifying at trial. (ECF #176, PAGEID #7086)(See also, witness subpoenas, Exhibit D). In addition, Plaintiff has indicated an intention to read Dyche Anderson's discovery deposition into evidence. Dr. Rizzoni has objected to this. Because none of these witnesses has any knowledge relevant to the first phase of trial, the subpoenas should be quashed. It is unfair[1] to haul witnesses into Court, only to have the Court rule that they have no knowledge relevant to the first phase of the trial. If Plaintiff wishes to preserve issues for appeal, she may request to proffer on the record what she anticipated the witness testimony to be. She does not have to haul the witnesses into court for that issue.

Dr. Rizzoni requests that this Court issue an order which precludes the calling of the above witnesses during the first phase of trial and quashes the trial subpoenas, in keeping with this Court's oral rulings during the final pretrial conference with the parties and this Court's bifurcation order (ECF #176).

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019

---

[1] For instance, Kristi Hoge has scheduled a pre-paid vacation to Disney in Florida during the entire week of trial in this case.

ccorl@plunkettcooney.com
*Counsel for Defendant, The Ohio State University*

## CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on April 15, 2023, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

Open.25577.83339.30892583-1

5

**Corl, Christina**

| | |
|---|---|
| **From:** | Peter Pattakos <peter@pattakoslaw.com> |
| **Sent:** | Saturday, April 8, 2023 8:52 AM |
| **To:** | Corl, Christina |
| **Cc:** | Gregory Gipson |
| **Subject:** | Re: Huang |

[EXTERNAL]

Yes, that is correct. The testimony of these witnesses is all highly relevant and probative of the question of whether Rizzoni subjected Huang to unwanted touching or not and we will lay the foundation for same as Judge Graham said yesterday that we would be permitted to do.

Peter Pattakos
The Pattakos Law Firm LLC
101 Ghent Road
Fairlawn, OH 44333
330.836.8533 office; 330.285.2998 mobile
peter@pattakoslaw.com
https://pattakoslaw.com/

---

This email might contain confidential or privileged information. If you are not the intended recipient, please delete it and alert us.

On Fri, Apr 7, 2023 at 11:42 AM Corl, Christina <CCorl@plunkettcooney.com> wrote:

Peter, I want to make sure I understand our conversation following the final pretrial today.

I inquired about an amended witness list for the first phase of the trial.

You stated that you still intend to call all the witnesses identified in the pretrial order during the first phase of trial, including Kristi Hoge, Jonathan Parry, Dyche Anderson, Matt Page, Megan Lawther and Vishwanath Subramaniam.

Is that correct or did I misunderstand you?



EXHIBIT
A

**Christina L. Corl**



Plunkett Cooney
Attorneys & Counselors at Law
T 614.629.3018    C 614.309.9212

bio | office | vcard | web

**Corl, Christina**

| | |
|---|---|
| **From:** | Peter Pattakos <peter@pattakoslaw.com> |
| **Sent:** | Wednesday, April 12, 2023 5:55 PM |
| **To:** | Corl, Christina |
| **Subject:** | Re: Huang v. Rizzoni - Trial witnesses/subpoenas |

[EXTERNAL]

Ah, OK, well I can confirm that we intend to call Meng first and Rizzoni second at trial. From there, and also in the liability phase of the trial, we would anticipate calling Subramaniam, then play the video of portions of Anderson's deposition on the record, then proceed with Parry, Hoge, Lawther, and Page. As to these last four we may not call them all depending on how the testimony goes, but it would be more or less in that order. Finally, Westerndorf's and Philip's testimony speak to liability as well as damages so we would reserve the right to seek to enter their testimony during the liability phase as well, and that would be after all of the aforementioned witnesses. Regardless of whether the Court permits all of these witnesses to testify during the liability phase (which we believe, as the evidence will come in, it will), we would call these in more or less the same order during the second phase of the trial in any event. I hope this helps. Please let me know if this changes your position as to accepting service. Otherwise we will go ahead and proceed with service tomorrow.

Thanks,

Peter Pattakos
The Pattakos Law Firm LLC
101 Ghent Road
Fairlawn, OH 44333
330.836.8533 office; 330.285.2998 mobile
peter@pattakoslaw.com
https://pattakoslaw.com/

---

This email might contain confidential or privileged information. If you are not the intended recipient, please delete it and alert us.


On Wed, Apr 12, 2023 at 5:32 PM Corl, Christina <CCorl@plunkettcooney.com> wrote:
Yes. For whatever witnesses you intend to call at trial you will need to issue subpoenas. Dr. Rizzoni will be attending trial but we have no idea when you intend to call him so we cannot guarantee his appearance. If you provide more detail about dates/times and stages of trial, etc. when you intend to call witnesses we may be able to assist and/or agree to accept subpoenas. But you have not done that.



**Christina L. Corl**

Plunkett Cooney
Attorneys & Counselors at Law
T 614.629.3018    C 614.309.9212

bio | office | vcard | web

Christina L. Corl



**EXHIBIT**

B

| | | |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | 00:00:59 |
| 2 | FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION | 00:00:59 |
| 3 | ------------------------x | 00:00:59 |
| 4 | MENG HUANG,               : Case No. 2:19-cv-1976 | 00:00:59 |
| 5 |     Plaintiff,        : | 00:00:59 |
| 6 |   -v-                    : | 00:00:59 |
| 7 | THE OHIO STATE           : | 00:00:59 |
| 8 | UNIVERSITY AND GIORGIO   : | 00:00:59 |
| 9 | RIZZONI,                 : | 00:00:59 |
| 10 |     Defendants.     : | 00:00:59 |
| 11 | ------------------------x | 00:00:59 |
| 12 | | 00:00:59 |
| 13 | Videotaped Deposition of MATT PAGE | 00:00:59 |
| 14 | Conducted Virtually | 00:00:59 |
| 15 | Friday, January 15, 2021 | 00:00:59 |
| 16 | 11:58 a.m. EST | 00:00:59 |
| 17 | | 00:00:59 |
| 18 | | 00:00:59 |
| 19 | | 00:00:59 |
| 20 | Job No.: 345476C | 00:00:59 |
| 21 | Pages: 1-39 | 00:00:59 |
| 22 | Reported by: Pamela L. Beck | 00:00:59 |
| 23 | | |
| 24 | | |
| 25 | | |



EXHIBIT
C

Transcript of Matt Page
Conducted on January 15, 2021                    11

| | | |
|---|---|---|
| 1 | designated categories? | 12:06:08 |
| 2 | A    Specifically for today, I carefully | 12:06:13 |
| 3 | reviewed our graduate school handbook, which is our | 12:06:15 |
| 4 | foundational documents that we use.  And I also | 12:06:19 |
| 5 | reviewed the 2015-2016 mechanical and aerospace | 12:06:23 |
| 6 | engineering student handbook. | 12:06:30 |
| 7 | Q    Okay.  Did you talk to anyone other than | 12:06:33 |
| 8 | counsel for OSU in preparing for today? | 12:06:38 |
| 9 | A    I did not. | 12:06:45 |
| 10 | Q    Okay.  And I take it you didn't review | 12:06:46 |
| 11 | any email or any other documents in this case? | 12:06:48 |
| 12 | A    I did not. | 12:06:52 |
| 13 | Q    And I take it you did not review the | 12:06:55 |
| 14 | Complaint that was filed by Plaintiff in this case? | 12:06:56 |
| 15 | A    I did not. | 12:07:00 |
| 16 | Q    How did you become aware of this | 12:07:04 |
| 17 | litigation, in general? | 12:07:06 |
| 18 | A    When one of the individuals from our | 12:07:11 |
| 19 | Office of Legal Affairs reached out to me to discuss | 12:07:13 |
| 20 | the possibility of participating in a deposition. | 12:07:17 |
| 21 | Q    Okay.  Before that, you were unaware? | 12:07:21 |
| 22 | A    That's correct, I don't remember learning | 12:07:25 |
| 23 | about a lawsuit. | 12:07:26 |
| 24 | Q    Okay.  Can you just -- just a general | 12:07:34 |
| 25 | question, can you describe to me generally the | 12:07:37 |

1

1      IN THE UNITED STATES DISTRICT COURT

2        FOR THE SOUTHERN DISTRICT OF OHIO

3                    *   *   *

4   MENG HUANG,

5              Plaintiff,

6        vs.                  CASE NO. 2:19-cv-1976

7   THE OHIO STATE UNIVERSITY

8   and GEORGE RIZZONI,

9              Defendants.

10                   *   *   *

11        Deposition of JONATHAN J. PARRY, Witness

12   herein, called by the Plaintiff for

13   cross-examination pursuant to the Rules of Civil

14   Procedure, taken before me, Caryl L. Blevins, a

15   Notary Public in and for the State of Ohio, at the

16   offices of Plunkett & Cooney, PC, 300 E. Broad

17   Street, Suite 590, Columbus, Ohio, on Wednesday,

18   November 5, 2020, at 9:22 a.m.

19                   *   *   *

20

21

22

23

24

25

1          MS. CORL:  Objection, asked and
2    answered.  You can answer again.
3          THE WITNESS:  Yeah, I don't recall
4    any specific instructions that she gave me.
5    BY MR. FOX:
6          Q.   How did you find out that Professor
7    Giorgio Rizzoni, chair of -- the endowed chair --
8    Ford Chair of the university, was the subject of
9    Meng's allegations?
10         A.   I either found that out from Meng
11   herself or from when Meng was connected with our
12   office.
13         Q.   Okay.  And -- and you knew about his
14   status on -- within the university organization at
15   the time you commenced the -- the investigation?
16         MS. CORL:  Objection.
17         THE WITNESS:  I -- I'm not -- I'm not
18   sure if I'm answering your question.  I had never
19   heard of Dr. Rizzoni prior to this investigation.
20   BY MR. FOX:
21         Q.   Okay.  So what -- what did you do
22   when you learned that he was the subject of Meng's
23   complaint about long-term harassment and assaults
24   over a period of years?
25         What did you do to find out about him

```
1                IN THE UNITED STATES DISTRICT COURT

2                FOR THE SOUTHERN DISTRICT OF OHIO

3                          *   *   *

4     MENG HUANG,

5          Plaintiff,

6          VS                              Case No.
                                           2:19-CV-1976
7     THE OHIO STATE UNIVERSITY and
      GIORGIO RIZZONI,
8
           Defendants.
9
                          *   *   *
10
               Videotaped Deposition of KRISTI M.
11
      HOGE, Witness herein, called by the Plaintiff
12
      for examination pursuant to the Rules of Civil
13
      Procedure, taken before me, Donald Correll, a
14
      Notary Public in and for the State of Ohio, at
15
      the offices of Plunkett Cooney, 300 East Broad
16
      Street, Suite 590, Columbus, Ohio, on Thursday,
17
      the 25th day of June 2020, at 9:44 a.m.
18

19

20

21

22

23

24

25
```

Transcript of Kristi M. Hoge
Conducted on June 25, 2020                                    46

| | | |
|---|---|---|
| 1 | external investigations that have been done | 10:31:10 |
| 2 | other than those you mentioned by the | 10:31:12 |
| 3 | University? | 10:31:12 |
| 4 | A.    I personally am not aware of them. | 10:31:14 |
| 5 | Q.    Was Giorgio Rizzoni a high profile | 10:31:20 |
| 6 | person? | 10:31:20 |
| 7 | A.    I would not consider him to be a | 10:31:24 |
| 8 | high profile person as it related to | 10:31:28 |
| 9 | significant interest in the media is what I was | 10:31:34 |
| 10 | talking about. | 10:31:36 |
| 11 | Q.    What do you define as significant | 10:31:38 |
| 12 | interest in the media? | 10:31:38 |
| 13 | A.    That the media -- it -- it -- it's | 10:31:44 |
| 14 | in the news. | 10:31:46 |
| 15 | Q.    Has this case been in the news, to | 10:31:52 |
| 16 | your knowledge? | 10:31:52 |
| 17 | A.    I do not know. | 10:31:54 |
| 18 | Q.    You don't know.  Has it been | 10:31:56 |
| 19 | written about in The Lantern? | 10:31:58 |
| 20 | A.    I do not know. | 10:31:58 |
| 21 | Q.    Has it been covered by the local | 10:32:00 |
| 22 | media? | 10:32:02 |
| 23 | A.    I do not know. | 10:32:02 |
| 24 | Q.    Have you not consulted any media | 10:32:04 |
| 25 | attention, any media sources, addressing this | 10:32:08 |

Transcript of Kristi M. Hoge
Conducted on June 25, 2020                    50

| | | |
|---|---|---|
| 1 | Parry? | 10:35:16 |
| 2 | A.    No.    Jonathan and I did not | 10:35:18 |
| 3 | discuss having external investigator. | 10:35:26 |
| 4 | Q.    Did you and Mr. Parry discuss | 10:35:30 |
| 5 | whether or not Mr. Rizzoni -- Professor Rizzoni | 10:35:34 |
| 6 | should be considered a high profile person | 10:35:36 |
| 7 | within the University? | 10:35:38 |
| 8 | A.    No. | 10:35:40 |
| 9 | Q.    How many investigations have | 10:35:46 |
| 10 | you -- work place investigations -- have you | 10:35:48 |
| 11 | conducted while at the University? | 10:35:50 |
| 12 | A.    I don't have a specific number, | 10:35:54 |
| 13 | but I would say over a hundred investigations I | 10:36:00 |
| 14 | have personally conducted. | 10:36:02 |
| 15 | Q.    How many of them involved | 10:36:04 |
| 16 | allegations have sexual harassment? | 10:36:06 |
| 17 | A.    More than 80 percent of them. | 10:36:10 |
| 18 | Q.    So you think you've done roughly | 10:36:16 |
| 19 | 80 investigations of that nature? | 10:36:18 |
| 20 | A.    I think that's an appropriate | 10:36:20 |
| 21 | approximation. | 10:36:22 |
| 22 | Q.    Okay.    And what proportion of that | 10:36:26 |
| 23 | involved complaints made against faculty | 10:36:30 |
| 24 | members? | 10:36:32 |
| 25 | A.    I don't know if I could give an | 10:36:38 |

```
 1          IN THE UNITED STATES DISTRICT COURT

 2          FOR THE SOUTHERN DISTRICT OF OHIO

 3

 4   MENG HUANG,                    )

 5                                  )

 6              Plaintiff,          )

 7                                  )

 8       VS.                        )   No. 2:10-CV-01976-JLG-CMV

 9                                  )

10   OHIO STATE UNIVERSITY and      )

11   GIORGIO RIZZONI,               )

12                                  )

13              Defendants.         )

14   _____    )

15

16

17      TELECONFERENCE DEPOSITION OF DYCHE ANDERSON

18                    VIDEOTAPED

19            TUESDAY, NOVEMBER 10, 2020

20                  10:00 A.M. ET

21                    VIA ZOOM

22

23

24      REPORTED BY:  ANTHONY JUDE CORDOVA, RPR, CSR

25      JOB NO. 328349
```

Transcript of Dyche Anderson
Conducted on November 10, 2020                    61

```
1    Q.      Okay.  Did he -- did he reveal to you at this
2    point or any other point he had been systematically
3    harassing Meng over a period of time?
4    A.      No.
5            MS. CORL:  Objection.  Objection.  Assumes facts
6    not in evidence.
7    BY MR. FOX:
8    Q.      And you had no idea that he was engaged in such
9    behavior; isn't that correct?
10           MS. CORL:  Same objection.
11   BY MR. FOX:
12   Q.      You can answer.  Counsel for OSU is just stating
13   an objection for the record.  You had no idea?
14   A.      I was aware of nothing.
15           MR. FOX:  Okay.  Okay.  We can take the exhibit
16   down.  Okay.  Okay.  I'd like to turn next to
17   Exhibit 129.  If we could put that up on the screen,
18   please?
19           (Exhibit 129 was marked for
20           identification.)
21           THE VIDEO TECH:  Yes, Counsel.  Please stand by.
22   The exhibit should now be on the screen.
23   A.      I see it.  Thank you.
24   Q.      Okay.  Let me -- before we begin the exhibit,
25   let me ask you were you asked to be on Meng's -- I think
```

Transcript of Dyche Anderson
Conducted on November 10, 2020                    65

1   that after a webex meeting that Meng did not attend in

2   Rizzoni's -- with Professor Rizzoni in his -- in his

3   private office; do you know?

4   A.      That was the day after a meeting.  Because these

5   were teleconferences and not with video, I would never

6   have any idea whether they were in the same room or

7   separate rooms, but it was the day after a meeting and

8   both were present in the meeting.

9   Q.      Okay.  And were you aware or -- or -- or did you

10  become aware that he would take the opportunity to grope

11  her during these meetings?

12  A.      I would have no idea whether anything like that

13  happened or not.  It was only on -- these were only tele

14  -- these were only on audio.

15  Q.      Okay.  And do you recall any -- any of these

16  webex meetings where there -- there was any kind of

17  expression of -- of -- of concern by Meng or where --

18  where she indicated her -- her -- her fear and just --

19  just general discomfort with what was going on in these

20  meetings?

21  A.      She never indicated that to me directly in those

22  terms.

23  Q.      Okay.  Were you -- do you recall any webex

24  meetings where there was any outbursts by Meng?

25  A.      Yes, I do.

Transcript of Dyche Anderson
Conducted on November 10, 2020                    86

1   to China without a degree and that she couldn't tell her

2   parents because if she did, her father would come and

3   confront him, and so we had -- we had -- we had a long

4   talk.  She -- part of it was a shoulder to cry on for

5   her, but we had some very long talks both days.

6   Q.      Okay.  Were you deeply affected by your

7   conversations with her?

8   A.      I was stunned that -- I had no idea there was

9   any -- that was the first I heard of any allegation of

10  sexual harassment.

11  Q.      Okay.  Did you believe her?

12  A.      I didn't know what to believe.  I -- she felt --

13  sounded believable, yes.

14  Q.      Okay.  And did you prepare, then, a report to

15  anyone about her based upon your conversations with her

16  about her being harassed?

17  A.      After the phone con -- our telephone

18  conversation, I immediately contacted Ford human

19  resources and personnel employee relations to see what I

20  should do.  Since I knew that she had been a Ford

21  employee, I would have to report it.  So, I asked them

22  what I should do and they recommended that I report it

23  and tell her what to do, so -- and then I did report it

24  the next day.

25  Q.      Okay.  And did you report it in -- in -- in a

```
1              IN THE UNITED STATES DISTRICT COURT

2              FOR THE SOUTHERN DISTRICT OF OHIO

3                        EASTERN DIVISION

4      --------------------------x

5      MENG HUANG               :   Case No.:

6            Plaintiff,         :   2:19-cv-1976

7         -v-                   :

8      THE OHIO STATE UNIVERSITY :

9      and GIORGIO RIZZONI,     :

10           Defendants.        :

11     --------------------------x

12

13        Videotape Deposition of VISHWANATH SUBRAMANIAM

14                   CONDUCTED REMOTELY

15              Thursday, February 25, 2021

16                     1 p.m. EST

17

18

19

20     Job No.: 350214

21     Pages: 1 - 73

22     Reported by: Keith G. Shreckengast, RPR

23

24

25
```

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    50

| | | |
|---|---|---|
| 1 | Q    And she met those standards? | 14:21:00 |
| 2 | A    Yes. | 14:21:02 |
| 3 | Q    Let me ask you this, have you ever heard | 14:21:17 |
| 4 | of any other allegations, other than Meng's | 14:21:21 |
| 5 | allegations, about Professor Rizzoni engaging in any | 14:21:25 |
| 6 | unwanted touching with any of his students, or | 14:21:33 |
| 7 | persons reporting to him, or colleagues for that | 14:21:38 |
| 8 | matter? | 14:21:41 |
| 9 | A    No. | 14:21:42 |
| 10 | Q    Were there any rumors circulating about | 14:21:47 |
| 11 | him to that effect? | 14:21:50 |
| 12 | A    Not that I'm aware. | 14:21:51 |
| 13 | Q    Do you know what kind of training he had | 14:21:57 |
| 14 | on sexual harassment? | 14:22:00 |
| 15 | A    I'm not aware of that. | 14:22:03 |
| 16 | Q    And including, do you know if he had any | 14:22:06 |
| 17 | special training after -- on sexual harassment, | 14:22:09 |
| 18 | after he returned from administrative leave? | 14:22:11 |
| 19 | A    I don't know. | 14:22:14 |
| 20 | Q    Was it your expectation that he would | 14:22:17 |
| 21 | have received some special training, given the | 14:22:19 |
| 22 | nature of the charges? | 14:22:22 |
| 23 | A    I think all of us unit leaders, and I | 14:22:24 |
| 24 | think directors of centers, are required to go | 14:22:26 |
| 25 | through training.  I imagine they would have.  But I | 14:22:31 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                     51

| | | |
|---|---|---|
| 1 | don't know, because I only know what Chairs go | 14:22:34 |
| 2 | through. | 14:22:38 |
| 3 | Q     Okay.  And have you ever seen OSU's | 14:22:39 |
| 4 | sexual misconduct policy? | 14:22:46 |
| 5 | A     Yes. | 14:22:49 |
| 6 | Q     Why don't we -- I'd like to put up what's | 14:22:50 |
| 7 | been marked as Plaintiff's Exhibit 2. | 14:22:53 |
| 8 | MR. FOX:  If I could ask the technician | 14:22:54 |
| 9 | to do so, please. | 14:22:57 |
| 10 | (Exhibit 2 was marked for | 14:23:02 |
| 11 | identification.) | 14:23:02 |
| 12 | Q     You can scroll through a little bit, if | 14:23:25 |
| 13 | you like.  But do you recognize this document? | 14:23:27 |
| 14 | A     Yes. | 14:23:30 |
| 15 | Q     Does this represent OSU's sexual | 14:23:30 |
| 16 | harassment policy? | 14:23:33 |
| 17 | A     To my knowledge, yes. | 14:23:35 |
| 18 | MS. CORL:  Object to the form of the | 14:23:36 |
| 19 | question.  There's no time frame to your question. | 14:23:37 |
| 20 | Q     Do you know if this appears to represent | 14:23:42 |
| 21 | OSU's sexual harassment policy? | 14:23:45 |
| 22 | MS. CORL:  Same objection.  You can | 14:23:50 |
| 23 | answer if you know. | 14:23:50 |
| 24 | A     To my knowledge, yes. | 14:23:52 |
| 25 | Q     And if you turn to the first page, it | 14:23:53 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    52

| | | |
|---|---|---|
| 1 | looks like it was issued on 10-1-1980. And it | 14:24:01 |
| 2 | indicates it was revised on 8-23-2016. Do you see | 14:24:05 |
| 3 | that? | 14:24:10 |
| 4 | A     Yes. | 14:24:11 |
| 5 | Q     And now the policy, OSU's policy | 14:24:13 |
| 6 | governing sexual harassment prohibits relationships | 14:24:26 |
| 7 | between professors and students, correct? | 14:24:30 |
| 8 | A     Yes. | 14:24:34 |
| 9 | MS. CORL:  Objection, this policy speaks | 14:24:34 |
| 10 | for itself.  The witness can answer. | 14:24:36 |
| 11 | A     To my knowledge, yes. | 14:24:38 |
| 12 | Q     Do you know why such relationships are | 14:24:42 |
| 13 | prohibited? | 14:24:45 |
| 14 | MS. CORL:  Same answer -- same objection. | 14:24:46 |
| 15 | You can answer if you know. | 14:24:48 |
| 16 | A     I'm no expert, but my guess would be that | 14:24:49 |
| 17 | whenever there's a power differential, and it's not | 14:24:52 |
| 18 | necessarily between faculty and student, it can be | 14:24:55 |
| 19 | even senior faculty and junior faculty, or faculty | 14:24:56 |
| 20 | and staff, whenever there's a power differential in | 14:24:57 |
| 21 | a work environment, that's not a good idea. | 14:25:06 |
| 22 | Q     And how does that power differential | 14:25:09 |
| 23 | manifest itself in the context of relationship | 14:25:11 |
| 24 | between a Ph.D advisor and their student advisee? | 14:25:15 |
| 25 | MS. CORL:  Objection, it calls for | 14:25:22 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    53

| 1 | speculation.  This witness can answer if he knows. | 14:25:23 |
| 2 | A     I'm not sure what specifically you're | 14:25:26 |
| 3 | asking.  If you could be clearer, I could try to | 14:25:28 |
| 4 | answer. | 14:25:30 |
| 5 | Q     Maybe if you could just -- if I could | 14:25:31 |
| 6 | just back up a minute.  Generally, what do you mean | 14:25:31 |
| 7 | by a power differential? | 14:25:33 |
| 8 | A     Well, for example, a professor -- between | 14:25:36 |
| 9 | a professor and a student, a professor has -- | 14:25:40 |
| 10 | certainly a graduate student, there's say in when | 14:25:43 |
| 11 | they graduate, what they work on.  The student | 14:25:49 |
| 12 | certainly has the freedom to leave and choose | 14:25:53 |
| 13 | another advisor, but sometimes it's not always easy | 14:25:56 |
| 14 | to do.  So there's a definite power differential | 14:25:59 |
| 15 | there.  Between a full professor and an untenured | 14:26:04 |
| 16 | assistant professor, there's an obvious power | 14:26:09 |
| 17 | differential there.  One votes on the other person's | 14:26:12 |
| 18 | tenure.  That's my understanding. | 14:26:15 |
| 19 | Q     Okay.  Is the power differential even | 14:26:19 |
| 20 | more acute when the student is a foreign national | 14:26:22 |
| 21 | who is in the U.S. based upon the student visa? | 14:26:25 |
| 22 | MS. CORL:  Objection, foundation, calls | 14:26:29 |
| 23 | for speculation.  You can answer if you know. | 14:26:31 |
| 24 | A     I suppose there are additional factors | 14:26:35 |
| 25 | that come into play, sure. | 14:26:38 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    54

| | | |
|---|---|---|
| 1 | Q     And is it hard to determine if a | 14:26:39 |
| 2 | relationship between a student and a professor is | 14:26:41 |
| 3 | consensual due to the power differential the | 14:26:45 |
| 4 | professor has over the student? | 14:26:50 |
| 5 | MS. CORL:  Same objection, you can answer | 14:26:52 |
| 6 | if you know. | 14:26:53 |
| 7 | A     I really don't know how to answer that. | 14:26:55 |
| 8 | I don't know. | 14:26:56 |
| 9 | Q     Okay.  Now were you responsible as head | 14:26:58 |
| 10 | of the -- as Department Chair, for making sure that | 14:27:03 |
| 11 | members of the MAE department completed sexual | 14:27:06 |
| 12 | harassment training? | 14:27:11 |
| 13 | A     We have University officials that look | 14:27:15 |
| 14 | into that.  But it's not specifically my | 14:27:16 |
| 15 | responsibility, no. | 14:27:19 |
| 16 | Q     Okay.  It's your understanding that all | 14:27:21 |
| 17 | members of the department have to go to sexual | 14:27:26 |
| 18 | harassment training? | 14:27:29 |
| 19 | A     I don't know. | 14:27:31 |
| 20 | Q     Okay.  I want to just turn to another | 14:27:33 |
| 21 | subject.  Were you aware of the Title IX studies at | 14:27:37 |
| 22 | OSU, and their findings of sexual harassment and | 14:27:42 |
| 23 | assaults of OSU students? | 14:27:49 |
| 24 | A     No. | 14:27:51 |
| 25 | MR. FOX:  I'd like the technician to put | 14:27:53 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                          55

| | | |
|---|---|---|
| 1 | up Plaintiff's Exhibit 3, please. | 14:27:56 |
| 2 | (Exhibit 3 was marked for | 14:27:59 |
| 3 | identification.) | 14:27:59 |
| 4 | MR. FOX: If you could scroll to the | 14:28:26 |
| 5 | second page. | 14:28:28 |
| 6 | Q Do you recall seeing this document? It | 14:28:33 |
| 7 | appears to be a slide show. | 14:28:36 |
| 8 | A No. But I imagine it was part of our | 14:28:38 |
| 9 | training. We're all required to take an online | 14:28:42 |
| 10 | module. | 14:28:45 |
| 11 | Q Okay. Well, I honestly don't know if | 14:28:47 |
| 12 | this was part of your online training or if it was | 14:28:50 |
| 13 | outside of your training. But if we could just | 14:28:55 |
| 14 | scroll through the document to see if it refreshes | 14:28:59 |
| 15 | your recollection. | 14:29:02 |
| 16 | A Yeah, I can't remember. | 14:29:05 |
| 17 | Q Do you recall seeing any statistics in | 14:29:11 |
| 18 | any University studies regarding the levels of | 14:29:15 |
| 19 | sexual assault of undergraduate females or graduate | 14:29:20 |
| 20 | females? | 14:29:26 |
| 21 | A I don't know. | 14:29:27 |
| 22 | Q If we could just hold it there on page -- | 14:29:28 |
| 23 | actually, if we could go to page 10, please. Do you | 14:29:32 |
| 24 | recall seeing any information as reflected on page | 14:29:42 |
| 25 | 10, regarding the percentages of sexual assault | 14:29:46 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    56

| | | |
|---|---|---|
| 1 | among undergraduate females reported by them? | 14:29:50 |
| 2 | A    No.  But I have seen articles in the New | 14:29:55 |
| 3 | York Times and other -- other newspapers that report | 14:29:58 |
| 4 | this nationally. | 14:30:02 |
| 5 | Q    Okay.  If we could turn to page 11.  Do | 14:30:04 |
| 6 | you recall seeing any data as reflected here, | 14:30:11 |
| 7 | indicating the level of sexual assault of graduate | 14:30:18 |
| 8 | females at OSU? | 14:30:22 |
| 9 | A    I don't recall, no. | 14:30:24 |
| 10 | Q    It indicates 45 percent report being | 14:30:26 |
| 11 | sexually harassed.  Do you recall learning of any | 14:30:30 |
| 12 | data like that, with that high of a level of | 14:30:36 |
| 13 | reported harassment? | 14:30:38 |
| 14 | A    No.  All I know is my personal experience | 14:30:40 |
| 15 | being in this department for 33 years, and this is | 14:30:43 |
| 16 | the first case of sexual harassment that I've seen | 14:30:46 |
| 17 | personally. | 14:30:50 |
| 18 | Q    Okay.  Are you generally aware that | 14:30:52 |
| 19 | victims of sexual harassment are often very | 14:30:55 |
| 20 | reluctant to report it. | 14:30:58 |
| 21 | A    Yes. | 14:31:00 |
| 22 | MR. FOX:  We can take down the slide, | 14:31:11 |
| 23 | slides. | 14:31:13 |
| 24 | Q    Do you have knowledge of what OSU's | 14:31:23 |
| 25 | policies are regarding retaliation by professors for | 14:31:25 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                          57

| | | |
|---|---|---|
| 1 | their students reporting sexual harassment? | 14:31:32 |
| 2 | A    Off the top of my head, no.  But I'm sure | 14:31:35 |
| 3 | that when I was there, I went through training for | 14:31:39 |
| 4 | it. | 14:31:42 |
| 5 | Q    Are you aware of -- you mentioned the New | 14:31:46 |
| 6 | York Times.  Are you aware that there have been a | 14:31:48 |
| 7 | number of cases in the news over recent -- in recent | 14:31:51 |
| 8 | years, over sexual harassment, appears to be | 14:31:55 |
| 9 | pervasive at OSU? | 14:32:00 |
| 10 | MS. CORL:  Objection, that's not true. | 14:32:03 |
| 11 | But you can answer if you know. | 14:32:04 |
| 12 | A    I have seen national -- | 14:32:06 |
| 13 | MR. FOX:  Don't testify for the witness | 14:32:08 |
| 14 | please, counsel. | 14:32:09 |
| 15 | Q    You can answer the question, Vish, | 14:32:11 |
| 16 | please. | 14:32:12 |
| 17 | MS. CORL:  Objection, it's not true.  You | 14:32:13 |
| 18 | can answer if you know. | 14:32:15 |
| 19 | A    I've only seen national data.  I've never | 14:32:18 |
| 20 | seen anything specific to OSU. | 14:32:21 |
| 21 | Q    Are you familiar, for example, with the | 14:32:23 |
| 22 | band director being removed in 2014 due to sexual | 14:32:27 |
| 23 | harassment and sexualized atmosphere that he | 14:32:31 |
| 24 | promoted in the band? | 14:32:34 |
| 25 | MS. CORL:  Objection, that assumes facts | 14:32:36 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                          58

| | | |
|---|---|---|
| 1 | not in evidence, and that's not what happened.  But | 14:32:36 |
| 2 | you can answer if you know. | 14:32:39 |
| 3 |      MR. FOX:  What happened?  Tell me. | 14:32:41 |
| 4 | Please quit instructing the witness how he should | 14:32:44 |
| 5 | answer. | 14:32:47 |
| 6 |      MS. CORL:  I'm not instructing the | 14:32:47 |
| 7 | witness. | 14:32:48 |
| 8 |   Q    You can answer, Vish, please. | 14:32:50 |
| 9 |   A    All I know is what I saw in the | 14:32:51 |
| 10 | newspapers.  So I hear -- I remember hearing | 14:32:54 |
| 11 | something about the band director and a culture of | 14:32:57 |
| 12 | sexual harassment in the band back then. | 14:33:00 |
| 13 |   Q    And you're of course familiar with the | 14:33:04 |
| 14 | allegations with the events surrounding Dr. Strauss, | 14:33:06 |
| 15 | correct? | 14:33:09 |
| 16 |   A    I've, again, heard about that in the | 14:33:10 |
| 17 | papers. | 14:33:13 |
| 18 |   Q    Okay.  And are you familiar with the | 14:33:14 |
| 19 | resignation of William White in February 2019? | 14:33:16 |
| 20 |   A    No. | 14:33:19 |
| 21 |   Q    Do you know who William White was, that | 14:33:22 |
| 22 | he was the Director of Community and Corporate | 14:33:24 |
| 23 | Engagement -- | 14:33:28 |
| 24 |   A    No. | 14:33:30 |
| 25 |   Q    -- College of Engineering?  Okay.  Now | 14:33:31 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    59

| | | |
|---|---|---|
| 1 | have you had any contact with -- I presume you have | 14:33:35 |
| 2 | contact with Marcello Canova? | 14:33:37 |
| 3 | A    Yes, he's on my faculty. | 14:33:42 |
| 4 | Q    Was he dating one the students prior to | 14:33:43 |
| 5 | her graduation? | 14:33:46 |
| 6 | A    I recall seeing some reports to that | 14:33:48 |
| 7 | effect, letters to that effect.  She, I believe, is | 14:33:56 |
| 8 | now his wife. | 14:33:59 |
| 9 | Q    Okay.  What letters do you recall seeing? | 14:34:00 |
| 10 | A    I recall seeing that it was reported to | 14:34:05 |
| 11 | the University that it needs to be managed.  And | 14:34:09 |
| 12 | that proper precautions were put in place, so they | 14:34:13 |
| 13 | were -- the sexual harassment policy would not be | 14:34:18 |
| 14 | violated. | 14:34:21 |
| 15 | Q    Do you know who reported it to the | 14:34:22 |
| 16 | University? | 14:34:23 |
| 17 | A    I don't remember.  I think it was -- it | 14:34:25 |
| 18 | came out of CAR, and it -- I think my predecessor, | 14:34:27 |
| 19 | the former Chair, was the one who had handled that. | 14:34:34 |
| 20 | Q    Okay.  Let me ask you this, did you | 14:34:43 |
| 21 | collaborate on any projects, professionally, with | 14:34:54 |
| 22 | Professor Rizzoni? | 14:34:57 |
| 23 | A    Many decades ago, yes.  I believe way | 14:35:00 |
| 24 | back in the mid '90s.  I had a project on -- he had | 14:35:02 |
| 25 | a project on combustion on which he needed some | 14:35:09 |

| | | |
|---|---|---|
| 1 | help.  And I think one of my students helped him | 14:35:13 |
| 2 | with that. | 14:35:16 |
| 3 | Q    But beyond that, you haven't collaborated | 14:35:16 |
| 4 | with him or had any research? | 14:35:18 |
| 5 | A    No.  I think there was a Tenneco project, | 14:35:20 |
| 6 | I did collaborate with faculty at CAR on it. | 14:35:26 |
| 7 | Q    Okay.  Were you aware that Rizzoni had | 14:35:31 |
| 8 | recruited other female Chinese students, brought | 14:35:33 |
| 9 | them over from China to serve as his advisees? | 14:35:37 |
| 10 | MS. CORL:  Objection, assumes facts not | 14:35:42 |
| 11 | in evidence.  You can answer. | 14:35:43 |
| 12 | A    I'm not surprised.  I mean we have a lot | 14:35:46 |
| 13 | of graduate students from China that work with all | 14:35:50 |
| 14 | of our faculty. | 14:35:53 |
| 15 | Q    Okay.  Were you aware that he had a | 14:35:55 |
| 16 | practice of interviewing these young Chinese women | 14:36:01 |
| 17 | in hotel rooms in China? | 14:36:06 |
| 18 | MS. CORL:  Objection, assumes -- | 14:36:09 |
| 19 | A    I'm not aware of that. | 14:36:09 |
| 20 | MS. CORL:  -- facts not in evidence. | 14:36:11 |
| 21 | MR. FOX:  There's plenty of evidence that | 14:36:13 |
| 22 | happened in this case.  Will you stop making | 14:36:15 |
| 23 | groundless objections, counsel. | 14:36:17 |
| 24 | MS. CORL:  I'm not make groundless | 14:36:19 |
| 25 | objections. | 14:36:20 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    61

| | | |
|---|---|---|
| 1 | Q      Were you aware that he did that with Meng | 14:36:21 |
| 2 | Huang? | 14:36:24 |
| 3 | A      I think I remember -- | 14:36:26 |
| 4 | MS. CORL:  Objection, assumes facts not | 14:36:27 |
| 5 | in evidence. | 14:36:29 |
| 6 | A      I think I remember Meng Huang saying that | 14:36:30 |
| 7 | in one of our meetings. | 14:36:35 |
| 8 | Q      Would that be inappropriate, in your | 14:36:36 |
| 9 | view? | 14:36:38 |
| 10 | A      I don't know the circumstances.  I can't | 14:36:41 |
| 11 | really judge it. | 14:36:43 |
| 12 | Q      It's not something you would do, though, | 14:36:45 |
| 13 | in recruiting an advisee, correct? | 14:36:47 |
| 14 | A      I've recruited students before.  But I | 14:36:51 |
| 15 | don't know what you mean. | 14:36:53 |
| 16 | Q      I'm not suggesting -- You wouldn't meet | 14:36:54 |
| 17 | them in a hotel room, in your hotel room, in the | 14:36:56 |
| 18 | initial meeting or interview with them, would you? | 14:37:00 |
| 19 | A      No. | 14:37:04 |
| 20 | Q      Were you responsible for evaluating | 14:37:06 |
| 21 | Professor Rizzoni in any way after you became Chair? | 14:37:10 |
| 22 | A      I evaluate all our faculty.  So in his | 14:37:15 |
| 23 | capacity as a professor in my department, he submits | 14:37:18 |
| 24 | an annual report, just like every other faculty | 14:37:23 |
| 25 | member.  And so I do evaluate him as a faculty | 14:37:25 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021          62

```
 1    member for merit raises and so forth.  But there's a       14:37:30
 2    separate, he also reports, as the director of CAR,        14:37:33
 3    to the Dean.                                              14:37:35
 4         Q    Okay.  Did you have any criticisms of him       14:37:39
 5    in your evaluations of him?                               14:37:56
 6         A    No.                                             14:38:01
 7         Q    Were you aware that he was unable to --         14:38:07
 8    did you understand that he was somehow unable to          14:38:10
 9    meet with students during the week, and had to meet       14:38:13
10    with them on weekends?                                    14:38:16
11         A    I was told by Meng that that was                14:38:20
12    happening.  And I think it's not unusual.  There are      14:38:22
13    other faculty that do that, especially when they          14:38:27
14    have very extensive travel during the week.  And I        14:38:29
15    think as Director of CAR, he traveled a lot.              14:38:33
16         Q    Okay.  And did any faculty or other             14:38:36
17    members of the MAE department ever complain about         14:38:44
18    Professor Rizzoni in any way, about any matter?           14:38:48
19         A    Not that I'm aware.                             14:38:52
20         Q    Did anyone ever indicate he's too touchy        14:38:55
21    with his students?                                        14:38:59
22         A    No.                                             14:39:00
23         Q    Let me ask you, have you ever failed           14:39:08
24    anyone on their candidacy exam?                           14:39:09
25         A    Yes.                                            14:39:12
```

| 1 | Q      Did you give them a second chance? | 14:39:13 |
| 2 | A      Yes. | 14:39:15 |
| 3 | Q      On how many occasions, do you recall? | 14:39:19 |
| 4 | A      Maybe a couple. | 14:39:21 |
| 5 | Q      Let me ask you this, if you know, in the | 14:39:36 |

Q      Let me ask you this, if you know, in the
MAE department, how many years does it typically
take for a Ph.D student to be ready to take the
candidacy exam?

A      Typically about -- it's -- we should
frame this from the point of view of it depends on
the area, and it depends on whether the research is
experimental, computational, or theoretical, or a
combination of all.  But generally the path to a
Ph.D, beyond the Master's, is three to five years.
So candidacy exam typically takes place in that time
frame of three to five years.

Q      Is a written portion of the candidacy
exam required in the MAE department?

A      There's a requirement of the graduate
school that there be a written portion.  And how
that is done is up to each department.  And in our
department, we use a research proposal as the
written document.

Q      So the written -- the dissertation
proposal will suffice for the written portion?

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    64

| | | |
|---|---|---|
| 1 | A      Yes. | 14:40:41 |
| 2 | Q      How frequently are Ph.D students given an | 14:40:42 |
| 3 | additional written question prior to the exam, do | 14:40:48 |
| 4 | you know? | 14:40:51 |
| 5 | A      I don't know how often that happens.  But | 14:40:52 |
| 6 | that practice is dependent on the advisor.  I've | 14:40:54 |
| 7 | done that in some occasions, simply because it's | 14:40:57 |
| 8 | good for students to know certain areas, slightly | 14:41:01 |
| 9 | related to but outside their area. | 14:41:05 |
| 10 | Q      Now just describe for me generally how | 14:41:09 |
| 11 | the candidacy exam committee is chosen. | 14:41:11 |
| 12 | A      That, too, varies from advisor to | 14:41:15 |
| 13 | advisor.  Generally the student and the faculty | 14:41:21 |
| 14 | member together decide who might be acceptable to | 14:41:26 |
| 15 | both on the committee.  And it's usually done | 14:41:30 |
| 16 | together.  And the committee is selected, and of | 14:41:38 |
| 17 | course, then, the committee members have to be | 14:41:41 |
| 18 | willing to serve on it. | 14:41:44 |
| 19 | Q      Is that unusual for the advisor to change | 14:41:46 |
| 20 | committee members shortly before the candidacy exam, | 14:41:49 |
| 21 | without first consulting or even advising the | 14:41:53 |
| 22 | student? | 14:41:57 |
| 23 | A      It doesn't usually happen, no. | 14:41:58 |
| 24 | Q      Let me ask you this, you've served on | 14:42:03 |
| 25 | candidacy exam committees for candidates who were | 14:42:04 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                              65

| | | |
|---|---|---|
| 1 | not your advisees; is that correct? | 14:42:09 |
| 2 | A    Yes. | 14:42:11 |
| 3 | Q    How many times have you done that? | 14:42:15 |
| 4 | A    Done what? | 14:42:16 |
| 5 | Q    How many times have you served on the | 14:42:17 |
| 6 | candidacy exam for persons -- | 14:42:18 |
| 7 | A    I couldn't tell you.  Dozens of times. | 14:42:22 |
| 8 | Q    And how many candidacy exams have you | 14:42:25 |
| 9 | participated in generally? | 14:42:26 |
| 10 | A    I couldn't tell you.  Upwards of 50 to | 14:42:28 |
| 11 | 100, maybe more. | 14:42:31 |
| 12 | Q    Just tell me, what typically occurs at a | 14:42:33 |
| 13 | candidacy exam? | 14:42:35 |
| 14 | A    The rules have varied over the years. | 14:42:38 |
| 15 | Because my chronology is about 33 years' worth of | 14:42:41 |
| 16 | data.  So things have evolved.  So the way it is | 14:42:45 |
| 17 | done now is that two weeks prior to the oral exam, | 14:42:50 |
| 18 | the student submits a written document, which can be | 14:42:57 |
| 19 | a thesis proposal, or a dissertation proposal.  Or, | 14:43:02 |
| 20 | in some cases, in addition to that, there can be | 14:43:06 |
| 21 | problems assigned by the committee members that are | 14:43:09 |
| 22 | then take-home problems that are solved and | 14:43:12 |
| 23 | submitted and graded. | 14:43:15 |
| 24 | And the oral exam, during the oral exam, | 14:43:17 |
| 25 | sometimes students are asked to make a brief | 14:43:21 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                                    66

| | | |
|---|---|---|
| 1 | presentation about what -- their given overview, and | 14:43:23 |
| 2 | about ten to 15 minutes, or five to ten minutes. | 14:43:27 |
| 3 | And that's not considered part of the two hour exam. | 14:43:29 |
| 4 | And following that, there are questions | 14:43:34 |
| 5 | asked by the committee, internally. And it just | 14:43:36 |
| 6 | rotates around and around. And the questions that | 14:43:40 |
| 7 | are related to the dissertation topic, or subject | 14:43:42 |
| 8 | areas related to the dissertation topic, and they're | 14:43:46 |
| 9 | generally at a graduate level. | 14:43:50 |
| 10 | Q    Okay. Are students, in your experience, | 14:43:52 |
| 11 | always permitted to give the brief presentation at | 14:43:54 |
| 12 | the beginning of the candidacy exam, that you | 14:43:56 |
| 13 | mentioned? | 14:43:59 |
| 14 | A    It varies from advisor to advisor. In | 14:44:00 |
| 15 | some cases, yes; some cases, no. | 14:44:02 |
| 16 | Q    Let me ask you this, are the records | 14:44:19 |
| 17 | maintained of whether or not a student passed or | 14:44:25 |
| 18 | failed the candidacy exam? | 14:44:29 |
| 19 | A    I believe so. That's a question better | 14:44:30 |
| 20 | directed to our graduate program staff. But I think | 14:44:32 |
| 21 | that graduate school or the graduate program staff | 14:44:36 |
| 22 | will be able to answer that. | 14:44:41 |
| 23 | Q    Okay. So do you know if failing an | 14:44:43 |
| 24 | initial candidacy exam would stay on the student's | 14:44:45 |
| 25 | permanent transcript? | 14:44:50 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                              67

| | | |
|---|---|---|
| 1 | A      I don't know. | 14:44:51 |
| 2 | Q      How long does it typically take to decide | 14:44:54 |
| 3 | whether a student has passed their candidacy exam | 14:44:56 |
| 4 | after it's given? | 14:44:59 |
| 5 | A      You can tell right away, because it's an | 14:45:01 |
| 6 | oral exam.  It's pretty clear. | 14:45:03 |
| 7 | Q      Is it common for members of the candidacy | 14:45:13 |
| 8 | exam committee to discuss in advance of the exam | 14:45:19 |
| 9 | whether or not the student should be treated harshly | 14:45:31 |
| 10 | during the exam? | 14:45:39 |
| 11 | A      The committee typically never meets | 14:45:40 |
| 12 | before the exam. | 14:45:43 |
| 13 | Q      Did, prior to Meng's report of | 14:45:49 |
| 14 | harassment, had Rizzoni ever told you that she was a | 14:46:06 |
| 15 | difficult student? | 14:46:09 |
| 16 | A      Not to -- not to me.  But I believe there | 14:46:12 |
| 17 | was a report made to Professor Bons at some point. | 14:46:15 |
| 18 | Because I recall Professor Bons either telling me | 14:46:21 |
| 19 | about it or sharing an email or something. | 14:46:25 |
| 20 | Q      Okay.  Would you have expected that if it | 14:46:28 |
| 21 | was Professor Rizzoni's expectation that Meng would | 14:46:34 |
| 22 | fail her candidacy exam, that he might talk to you | 14:46:38 |
| 23 | about it in advance? | 14:46:46 |
| 24 | MS. CORL:  Objection, calls for | 14:46:49 |
| 25 | speculation. | 14:46:49 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    68

| 1 | A | I don't understand the question. | 14:46:51 |
| 2 | Q | Let me -- let me withdraw it. Did you | 14:46:55 |
| 3 | ever talk to anyone at Ford about Meng? | | 14:47:03 |
| 4 | A | Me personally, no. | 14:47:10 |
| 5 | Q | Yes. Going back to Professor Zhang, did | 14:47:12 |
| 6 | you have any discussions with Professor Zhang about | | 14:47:29 |
| 7 | her potential service on the candidacy committee | | 14:47:33 |
| 8 | exam? | | 14:47:35 |
| 9 | A | Professor -- is this Wei Zhang? | 14:47:37 |
| 10 | Q | Yes. Yes. | 14:47:42 |
| 11 | A | I believe that's a he. | 14:47:44 |
| 12 | Q | I meant to say his. Thank you. | 14:47:45 |
| 13 | A | It's confusing, because there's a | 14:47:49 |
| 14 | Professor Zhang who is also in our department, and | | 14:47:52 |
| 15 | so she's in our graduate program too. No, I | | 14:47:57 |
| 16 | don't -- I don't recall anything. | | 14:48:02 |
| 17 | Q | Can I ask you this, how was Meng's | 14:48:26 |
| 18 | funding secured for her tuition and funding after | | 14:48:30 |
| 19 | she was reassigned to a new advisor? | | 14:48:37 |
| 20 | A | I used department funds to do that. It | 14:48:43 |
| 21 | came out of our budget. | | 14:48:51 |
| 22 | Q | Did you ever review the investigative | 14:49:06 |
| 23 | report for Meng's case that was issued in March of | | 14:49:09 |
| 24 | 2018? | | 14:49:18 |
| 25 | A | Was that the report issued by The Ohio | 14:49:19 |

Transcript of Vishwanath Subramaniam
Conducted on February 25, 2021                    69

| | | |
|---|---|---|
| 1 | State University? | 14:49:23 |
| 2 | Q    Yes. | 14:49:24 |
| 3 | A    I do remember reading it. | 14:49:25 |
| 4 | Q    Okay.  For what purpose did you review | 14:49:27 |
| 5 | it? | 14:49:31 |
| 6 | A    Because I had it. | 14:49:31 |
| 7 | Q    Did you have any discussions with Meng | 14:50:02 |
| 8 | about her reaction to the report? | 14:50:05 |
| 9 | A    I don't recall that, no. | 14:50:08 |
| 10 | Q    Who sent you a copy of the investigative | 14:50:27 |
| 11 | report, do you recall? | 14:50:29 |
| 12 | A    I don't remember.  But it would have been | 14:50:30 |
| 13 | in the email records.  I believe it was either sent | 14:50:32 |
| 14 | through the college or from HR.  I don't remember. | 14:50:36 |
| 15 | Q    Were you aware that other female Chinese | 14:50:44 |
| 16 | students had stated that Rizzoni had touched her | 14:50:50 |
| 17 | inappropriately? | 14:50:53 |
| 18 | MS. CORL:  Objection, assumes facts not | 14:50:55 |
| 19 | in evidence.  You can answer. | 14:50:57 |
| 20 | A    Only after I read that report. | 14:50:58 |
| 21 | Q    No one consulted you about whether the | 14:51:03 |
| 22 | decision to return Rizzoni to the campus, and to | 14:51:06 |
| 23 | have access to other female Chinese students, did | 14:51:12 |
| 24 | they? | 14:51:16 |
| 25 | A    No. | 14:51:17 |

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio ▾

| | |
|---|---|
| Meng Huang | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-cv-01976 |
| Georgio Rizzoni | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Sarah Philip, C.N.P.

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Joseph P. Kinneary U.S. Courthouse<br>85 Marconi Boulevard<br>Columbus, Ohio 43215 | Courtroom No.: see Ex A re specific date/time/rm# |
|---|---|
| | Date and Time: 05/01/2023 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/13/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ Plaintiff Meng Huang _____ , who issues or requests this subpoena, are:

Peter Pattakos, The Pattakos Law Firm, 101 Ghent Road, Fairlawn, OH 44333, peter@pattakoslaw.com, 330.836.8533

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangibl[e...]
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served [...]
whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

D

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:19-cv-01976

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

To the subpoenaed witness:

Trial in the above-captioned case will begin on May 1, 2023 at 9:00 AM at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215. However, the courtroom where the trial will take place has yet to be assigned, and the precise date and time for your subpoenaed testimony will depend upon the progress of the proceedings and scheduling with the Court and other witnesses, which are not yet known. We ask that upon receipt of this subpoena, you contact Attorney Peter Pattakos by phone at 330.836.8533 (office), 330.285.2998 (mobile) and/or by email at peter@pattakoslaw.com and remain in touch through the duration of trial to coordinate a more precise date and time of your testimony. We anticipate that you will be called as a witness some time between May 1, 2023 and May 12, 2023. We will do our best to limit the inconvenience to your schedule caused by the trial appearance and we appreciate your patience and cooperation. However, your duty to comply and appear shall remain until you either complete your testimony or are notified by Attorney Pattakos that you are released from your obligation to appear under the subpoena.

Thank you.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio  ☑

| | |
|---|---|
| Meng Huang | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:19-cv-01976 |
| Georgio Rizzoni | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:      Meghan Lawther
_____
*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Joseph P. Kinneary U.S. Courthouse | Courtroom No.: see Ex A re specific date/time/rm# |
|---|---|
| 85 Marconi Boulevard | Date and Time: 05/01/2023 9:00 am |
| Columbus, Ohio 43215 | |

   You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:



   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/13/2023
_____

         *CLERK OF COURT*

                                                             OR   _____
_____                              _____
   *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
         Plaintiff Meng Huang_____ , who issues or requests this subpoena, are:

Peter Pattakos, The Pattakos Law Firm, 101 Ghent Road, Fairlawn, OH 44333, peter@pattakoslaw.com, 330.836.8533

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:19-cv-01976

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

      ☐ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

      I declare under penalty of perjury that this information is true.

Date: _____

                                   _____
                                         *Server's signature*

                                   _____
                                       *Printed name and title*

                                   _____
                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

To the subpoenaed witness:

Trial in the above-captioned case will begin on May 1, 2023 at 9:00 AM at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215. However, the courtroom where the trial will take place has yet to be assigned, and the precise date and time for your subpoenaed testimony will depend upon the progress of the proceedings and scheduling with the Court and other witnesses, which are not yet known. We ask that upon receipt of this subpoena, you contact Attorney Peter Pattakos by phone at 330.836.8533 (office), 330.285.2998 (mobile) and/or by email at peter@pattakoslaw.com and remain in touch through the duration of trial to coordinate a more precise date and time of your testimony. We anticipate that you will be called as a witness some time between May 1, 2023 and May 12, 2023. We will do our best to limit the inconvenience to your schedule caused by the trial appearance and we appreciate your patience and cooperation. However, your duty to comply and appear shall remain until you either complete your testimony or are notified by Attorney Pattakos that you are released from your obligation to appear under the subpoena.

Thank you.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio ▼

| | |
|---|---|
| Meng Huang | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-cv-01976 |
| Georgio Rizzoni | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:      Matt Page

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Joseph P. Kinneary U.S. Courthouse | Courtroom No.: see Ex A re specific date/time/rm# |
|---|---|
| 85 Marconi Boulevard | Date and Time: 05/01/2023 9:00 am |
| Columbus, Ohio 43215 | |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/13/2023

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Plaintiff Meng Huang _____ , who issues or requests this subpoena, are:

Peter Pattakos, The Pattakos Law Firm, 101 Ghent Road, Fairlawn, OH 44333, peter@pattakoslaw.com, 330.836.8533

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:19-cv-01976

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

To the subpoenaed witness:

Trial in the above-captioned case will begin on May 1, 2023 at 9:00 AM at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215. However, the courtroom where the trial will take place has yet to be assigned, and the precise date and time for your subpoenaed testimony will depend upon the progress of the proceedings and scheduling with the Court and other witnesses, which are not yet known. We ask that upon receipt of this subpoena, you contact Attorney Peter Pattakos by phone at 330.836.8533 (office), 330.285.2998 (mobile) and/or by email at peter@pattakoslaw.com and remain in touch through the duration of trial to coordinate a more precise date and time of your testimony. We anticipate that you will be called as a witness some time between May 1, 2023 and May 12, 2023. We will do our best to limit the inconvenience to your schedule caused by the trial appearance and we appreciate your patience and cooperation. However, your duty to comply and appear shall remain until you either complete your testimony or are notified by Attorney Pattakos that you are released from your obligation to appear under the subpoena.

Thank you.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| Meng Huang | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-cv-01976 |
| Georgio Rizzoni | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:     Vishwanth Subramaniam

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Joseph P. Kinneary U.S. Courthouse 85 Marconi Boulevard Columbus, Ohio 43215 | Courtroom No.: see Ex A re specific date/time/rm# |
|---|---|
| | Date and Time: 05/01/2023 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04 / 3 / 023

CLERK OF COURT                                          OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Meng Huang _____ , who issues or requests this subpoena, are:

Peter Pattakos, The Pattakos Law Firm, 101 Ghent Road, Fairlawn, OH 44333, peter@pattakoslaw.com, 330.836.8533

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:19-cv-01976

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ _____ _____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

To the subpoenaed witness:

Trial in the above-captioned case will begin on May 1, 2023 at 9:00 AM at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215. However, the courtroom where the trial will take place has yet to be assigned, and the precise date and time for your subpoenaed testimony will depend upon the progress of the proceedings and scheduling with the Court and other witnesses, which are not yet known. We ask that upon receipt of this subpoena, you contact Attorney Peter Pattakos by phone at 330.836.8533 (office), 330.285.2998 (mobile) and/or by email at peter@pattakoslaw.com and remain in touch through the duration of trial to coordinate a more precise date and time of your testimony. We anticipate that you will be called as a witness some time between May 1, 2023 and May 12, 2023. We will do our best to limit the inconvenience to your schedule caused by the trial appearance and we appreciate your patience and cooperation. However, your duty to comply and appear shall remain until you either complete your testimony or are notified by Attorney Pattakos that you are released from your obligation to appear under the subpoena.

Thank you.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio ▾

| | |
|---|---|
| Meng Huang | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-cv-01976 |
| Georgio Rizzoni | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:      Sheila Westendorf, M.D.

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Joseph P. Kinneary U.S. Courthouse | Courtroom No.: see Ex A re specific date/time/rm# |
|---|---|
| 85 Marconi Boulevard | Date and Time: 05/01/2023 9:00 am |
| Columbus, Ohio 43215 | |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/13/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
      Plaintiff Meng Huang _____ , who issues or requests this subpoena, are:

Peter Pattakos, The Pattakos Law Firm, 101 Ghent Road, Fairlawn, OH 44333, peter@pattakoslaw.com, 330.836.8533

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:19-cv-01976

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

To the subpoenaed witness:

Trial in the above-captioned case will begin on May 1, 2023 at 9:00 AM at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215. However, the courtroom where the trial will take place has yet to be assigned, and the precise date and time for your subpoenaed testimony will depend upon the progress of the proceedings and scheduling with the Court and other witnesses, which are not yet known. We ask that upon receipt of this subpoena, you contact Attorney Peter Pattakos by phone at 330.836.8533 (office), 330.285.2998 (mobile) and/or by email at peter@pattakoslaw.com and remain in touch through the duration of trial to coordinate a more precise date and time of your testimony. We anticipate that you will be called as a witness some time between May 1, 2023 and May 12, 2023. We will do our best to limit the inconvenience to your schedule caused by the trial appearance and we appreciate your patience and cooperation. However, your duty to comply and appear shall remain until you either complete your testimony or are notified by Attorney Pattakos that you are released from your obligation to appear under the subpoena.

Thank you.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Ohio

| Meng Huang | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:19-cv-01976 |
| Georgio Rizzoni | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:     Kristi Hoge

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Joseph P. Kinneary U.S. Courthouse | Courtroom No.: see Ex A re specific date/time/rm# |
| 85 Marconi Boulevard | Date and Time: 05/01/2023 9:00 am |
| Columbus, Ohio 43215 | |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/13/2023

| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Plaintiff Meng Huang , who issues or requests this subpoena, are:

Peter Pattakos, The Pattakos Law Firm, 101 Ghent Road, Fairlawn, OH 44333, peter@pattakoslaw.com, 330.836.8533

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:19-cv-01976

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

To the subpoenaed witness:

Trial in the above-captioned case will begin on May 1, 2023 at 9:00 AM at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215. However, the courtroom where the trial will take place has yet to be assigned, and the precise date and time for your subpoenaed testimony will depend upon the progress of the proceedings and scheduling with the Court and other witnesses, which are not yet known. We ask that upon receipt of this subpoena, you contact Attorney Peter Pattakos by phone at 330.836.8533 (office), 330.285.2998 (mobile) and/or by email at peter@pattakoslaw.com and remain in touch through the duration of trial to coordinate a more precise date and time of your testimony. We anticipate that you will be called as a witness some time between May 1, 2023 and May 12, 2023. We will do our best to limit the inconvenience to your schedule caused by the trial appearance and we appreciate your patience and cooperation. However, your duty to comply and appear shall remain until you either complete your testimony or are notified by Attorney Pattakos that you are released from your obligation to appear under the subpoena.

Thank you.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| Meng Huang | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-cv-01976 |
| Georgio Rizzoni | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:      Giorgio Rizzoni

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Joseph P. Kinneary U.S. Courthouse<br>85 Marconi Boulevard<br>Columbus, Ohio 43215 | Courtroom No.: see Ex A re specific date/time/rm# |
|---|---|
| | Date and Time: 05/01/2023 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/13/2023

*CLERK OF COURT*

OR _____

_____          _____
   *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Plaintiff Meng Huang                 , who issues or requests this subpoena, are:

Peter Pattakos, The Pattakos Law Firm, 101 Ghent Road, Fairlawn, OH 44333, peter@pattakoslaw.com, 330.836.8533

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:19-cv-01976

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                                   *Server's signature*

                                             _____
                                                   *Printed name and title*

                                             _____
                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

To the subpoenaed witness:

Trial in the above-captioned case will begin on May 1, 2023 at 9:00 AM at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215. However, the courtroom where the trial will take place has yet to be assigned, and the precise date and time for your subpoenaed testimony will depend upon the progress of the proceedings and scheduling with the Court and other witnesses, which are not yet known. We ask that upon receipt of this subpoena, you contact Attorney Peter Pattakos by phone at 330.836.8533 (office), 330.285.2998 (mobile) and/or by email at peter@pattakoslaw.com and remain in touch through the duration of trial to coordinate a more precise date and time of your testimony. We anticipate that you will be called as a witness some time between May 1, 2023 and May 12, 2023. We will do our best to limit the inconvenience to your schedule caused by the trial appearance and we appreciate your patience and cooperation. However, your duty to comply and appear shall remain until you either complete your testimony or are notified by Attorney Pattakos that you are released from your obligation to appear under the subpoena.

Thank you.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio  ▼

| | |
|---|---|
| Meng Huang | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-cv-01976 |
| Georgio Rizzoni | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:      Chiaothong Yong, Psy.D.

*(Name of person to whom this subpoena is directed)*

 **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Joseph P. Kinneary U.S. Courthouse | Courtroom No.: see Ex A re specific date/time/rm# |
|---|---|
| 85 Marconi Boulevard | Date and Time: 05/01/2023 9:00 am |
| Columbus, Ohio 43215 | |

 You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

 The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/13/2023

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
       Plaintiff Meng Huang       , who issues or requests this subpoena, are:

Peter Pattakos, The Pattakos Law Firm, 101 Ghent Road, Fairlawn, OH 44333, peter@pattakoslaw.com, 330.836.8533

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:19-cv-01976

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
 **(i)** is a party or a party's officer; or
 **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 **(i)** fails to allow a reasonable time to comply;
 **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 **(i)** expressly make the claim; and
 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

To the subpoenaed witness:

Trial in the above-captioned case will begin on May 1, 2023 at 9:00 AM at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215. However, the courtroom where the trial will take place has yet to be assigned, and the precise date and time for your subpoenaed testimony will depend upon the progress of the proceedings and scheduling with the Court and other witnesses, which are not yet known. We ask that upon receipt of this subpoena, you contact Attorney Peter Pattakos by phone at 330.836.8533 (office), 330.285.2998 (mobile) and/or by email at peter@pattakoslaw.com and remain in touch through the duration of trial to coordinate a more precise date and time of your testimony. We anticipate that you will be called as a witness some time between May 1, 2023 and May 12, 2023. We will do our best to limit the inconvenience to your schedule caused by the trial appearance and we appreciate your patience and cooperation. However, your duty to comply and appear shall remain until you either complete your testimony or are notified by Attorney Pattakos that you are released from your obligation to appear under the subpoena.

Thank you.