IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,<br><br>    Defendants. | Case No. 2:19-cv-01976<br><br>Hon. Judge James L. Graham<br>Mag. Judge Chelsey M. Vascura<br><br>**Plaintiff's Response in Opposition to Defendant's Motion to Quash Trial Subpoenas** |

Defendant has moved to quash trial subpoenas issued by Plaintiff on the grounds that the Court might not allow the subpoenaed witnesses to testify during the "liability phase" of the trial, or at all. Doc. #: 178; PAGEID #: 7092.

A fundamental flaw of Defendant's Motion is that it ignores that "a ruling on a motion in limine is no more than a preliminary, or advisory, opinion," and that "if the evidence is not plainly inadmissible on all potential grounds, the Court's 'evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *United States v. Householder*, S.D.Ohio No. 1:20-cr-77, 2022 U.S. Dist. LEXIS 224905, at *2–3 (Dec. 12, 2022) (quoting *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994); *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). "Moreover, 'denial or granting of a motion in limine does not necessarily mean that all evidence contemplated by the motion will or will not be admitted at trial." *Householder* at *3 (quoting *Ind. Ins. Co.* (internal punctuation marks omitted)). Rather, "[t]he Court may change its ruling at any point prior to or during the trial, as 'facts may ... come to [its] attention which it did not anticipate at the time of its initial ruling.'" *Householder* at *3 (quoting *Yannott*, 42 F.3d at 1007). And "even if nothing unexpected happens at trial, the district judge is free,

in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Householder* at *3–*4 (quoting *Luce v. United States*, 469 U.S. 38, 41-42, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)); *See also Householder* at 3 (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Brown v. Oakland Cnty.*, No. 14-CV-13159, 2015 U.S. Dist. LEXIS 120940, 2015 WL 5317194, at *2 (E.D. Mich. Sept. 10, 2015) ("'Orders in limine which exclude broad categories of evidence should rarely be employed.' ... Rather, motions in limine are 'generally confined to very specific evidentiary issues of an extremely prejudicial nature.'")).

To quash Plaintiff's subpoenas as Defendant requests here would be to preemptively deny Plaintiff the opportunity to enter their testimony at all, regardless of any evidentiary foundation laid to establish the relevance or probative value of this testimony. At the final pretrial conference in this case, held on April 7, the Court specifically stated that the whether and when certain testimony intended to be offered by Plaintiff would be admitted would be dependent on whether Plaintiff laid the proper foundation for such evidence. At this stage of the proceedings it is unknown as to whether and when Plaintiff will lay the foundation for the admissibility of the testimony of these witnesses, or as to whether the Court will permit their testimony and when. If Plaintiff is not permitted to issue these subpoenas there will be no way for Plaintiff to ensure that these witnesses are on notice, available, and legally obliged to testify in the event that the Court permits their testimony to be admitted. Defendant's Motion should therefore be denied for this reason alone. The issues of whether and when these witnesses will be permitted to testify, and whether they should be under subpoena in the event that they are permitted to testify, are separate.

Finally, Defendant's claim of undue burden is baseless. The subpoenas (Doc #: 179, Ex. 1) notify the witnesses to coordinate with Plaintiff's counsel as to the exact time when their testimony will be needed. If the Court decides to deny Plaintiff the opportunity to enter testimony from any of these witnesses at trial, the witnesses will be notified that there is no need for them to appear at the courthouse. Additionally, all seven of the witnesses whose subpoenas Defendant seeks to quash are

currently employed by Ohio State University. Four of these witnesses testified at short depositions in this case, and the other three provided medical care to Plaintiff in the immediate aftermath of the sexual harassment at issue. The only job of these witnesses, if the Court permits them to testify, is to truthfully answer the questions that are posed to them. This is not a "burden." Rather, "eliciting the truth" "to attain[ ] justice between the parties" is the essential function of a trial. *United States v. Hickman*, 592 F.2d 931, 933 (6th Cir.1979)

The relief requested by Defendant here—the quashing of trial subpoenas on the basis that the testimony of the subpoenaed witnesses might in the future be deemed by the Court to be irrelevant—is in fact so extraordinarily contrary to law that Defendant cannot point to a single case where this happened, let alone was endorsed by a court of appeals. In summary, the Motion seeks to deprive Plaintiff of the basic tools available under the Civil Rules to compel the appearance of witnesses at trial and should be denied.

                Respectfully submitted,

                */s/Peter Pattakos*
                Peter Pattakos (0082884)
                Gregory Gipson (0089340)
                THE PATTAKOS LAW FIRM LLC
                101 Ghent Rd., Fairlawn, OH 44333
                P: 330.836.8533/F: 330.836.8536
                peter@pattakoslaw.com

                *Attorneys for Plaintiff Meng Huang*

**Certificate of Service**

The foregoing document was filed on April 6, 2023, using the Court's e-filing system, which will serve copies on all necessary parties.

                */s/ Peter Pattakos*
                *Attorney for Plaintiff*