IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,<br><br>　　　　　Defendants. | Case No: 2:19-cv-1976<br><br>Judge James L. Graham<br><br>Magistrate Judge: Chelsey M. Vascura |

**DEFENDANT GIORGIO RIZZONI'S REPLY IN SUPPORT OF MOTION TO QUASH TRIAL WITNESS SUBPOENAS WHICH CONFLICT WITH THIS COURT'S BIFURCATION ORDER**

Now comes Defendant Giorgio Rizzoni ("Dr. Rizzoni") and respectfully requests this Honorable Court for an order quashing the trial witness subpoenas which conflict with this Court's bifurcation order (ECF #176).

Plaintiff claims that all witnesses upon whom she has served subpoenas should be hauled into court during the first phase of trial even though those witnesses have already provided sworn testimony which indicates that they possess no knowledge relevant to the liability phase of the trial. Plaintiff claims that no courts have ruled that trial witness subpoenas should be quashed under these circumstances.

In the case of *U.S. v. Bunch*, 2009 WL 3245773 (E.D. Tenn. Oct. 2, 2009), the government moved to quash trial witness subpoenas based upon the fact that the witnesses possessed no knowledge relevant to the issues at trial. The *Bunch* Court declined to quash the trial witness subpoenas *but only because* "the court has no information about what the substance of the [witness] testimony will be." *Bunch*, *3-4. That is not true here. The Court has been provided with the sworn deposition testimony of the trial witnesses which clearly

demonstrates they have no knowledge relevant to whether Dr. Rizzoni touched the Plaintiff. The Plaintiff does not need to call the witnesses into court in order to learn about what knowledge they have relative to the first phase of trial. That information is already in their deposition testimony which has been provided to the Court. (See deposition citations and exhibits for Defendant's Motion to Quash, ECF # 178).

Other courts have quashed trial witness subpoenas where it was demonstrated that the witness possesses no knowledge relevant to the issues for trial. See, e.g., *U.S. Diamond & Gold v. Julius Klein Diamonds, LLC,* 2008 WL 5054727, * 3-4 (S.D. Ohio Nov. 20, 2008)(Trial subpoenas quashed where witness had no knowledge of any issue relevant at trial); *Manning v. Turner*, 2010 WL 2640464, *6 (M.D. Tenn., June 20, 2010)(Trial subpoenas quashed for witnesses who have no knowledge relevant to proceedings).

Dr. Rizzoni requests that this Court issue an order which precludes the calling of the above witnesses during the first phase of trial and quashes the trial subpoenas, in keeping with this Court's oral rulings during the final pretrial conference with the parties and this Court's bifurcation order (ECF #176).

        **Dave Yost**
        **Ohio Attorney General**

        /s/ Christina L. Corl
        CHRISTINA L. CORL (0067869)
        Plunkett Cooney
        716 Mt. Airyshire, Suite 150
        Columbus, Ohio 43235
        Telephone: (614) 629-3018
        Facsimile: (614) 629-3019
        ccorl@plunkettcooney.com
        *Counsel for Defendant, The Ohio State University*

**CERTIFICATE OF SERVICE**

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on April 17, 2023, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

Open.25577.83339.30928157-1