IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Meng Huang**, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Vascura |
| **The Ohio State University and Giorgio Rizzoni**, | |
| Defendants. | |

## ORDER

This matter is before the Court on Defendant Giorgio Rizzoni's Motion to Quash Trial Witness Subpoenas which conflict with the Court's Bifurcation Order. Plaintiff issued the subpoenas to non-parties Kristi Hoge, Chiothiong Yong, Sheila Westendorf, Sarah Phillip, Vishwanth Subramaniam, Matt Page, Megan Lawther, and Jonathan Parry. Each witness is a current or former employee of Ohio State University. Plaintiff intends to call these witnesses during the trial's first stage on the issue of liability.

Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure commands a court to quash or modify a subpoena when the subpoena subjects a person to an undue burden. In assessing whether there is an undue burden, "[r]elevance is a factor to be considered…So too are the status of the person who has been subpoenaed (e.g., non-party) and that person's claimed lack of personal knowledge." *Gillispie v. City of Mia. Twp.*, No. 3:13-cv-416, 2022 U.S. Dist. LEXIS 203000, *6 (S.D. Ohio Nov. 7, 2022). The calculation is left to the discretion of the trial court. *See Wilson v. Hill*, No. 2:08-CV-552, 2011 U.S. Dist. LEXIS 45717, *3 (S.D. Ohio Apr. 27, 2011).

Defendant asks the Court to quash the subpoenas because the witnesses would not be able to provide testimony relevant to the issue of liability. The Court agrees. At the April 7, 2023 Final Pretrial Conference, the Court held that the first stage of the trial will be limited to the factual issue of whether Plaintiff was subjected to unwanted touching by the Defendant. (ECF No. 176.) The Court further held that evidence of Defendant's alleged manipulation, coercion, and influence with respect to Plaintiff's Ph.D. program and candidacy exam would be excluded from stage one of the

trial because the evidence did not tend to prove or disprove that Defendant inappropriately touched Plaintiff.

In response to the motion to quash, Plaintiff has not demonstrated that the subpoenaed witnesses could offer relevant and admissible testimony at the first stage of trial. She has not asserted that any of these witnesses have personal knowledge concerning whether Defendant inappropriately touched Plaintiff.

The Motion to Quash (ECF No. 178) is therefore GRANTED for purposes of the first stage of the trial.

As stated in a previous order, the Court will allow Plaintiff to introduce evidence of Defendant's alleged manipulation, coercion, and influence at the second stage of the trial, on compensatory damages. (ECF No. 176.) Plaintiff may re-issue trial witness subpoenas to individuals with knowledge relevant to the issue of compensatory damages. The Court expects Defendant's legal counsel to assist in the service of subpoenas to witnesses affiliated with Ohio State, and notes that she has represented that she will voluntarily produce such witnesses at the second stage of trial. (ECF No. 182 at PAGEID 7223.)

**IT IS SO ORDERED.**

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: April 20, 2023