IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

**JOINT PROPOSED CASE-SPECIFIC JURY INSTRUCTIONS ND INTERROGATORIES**

**INSTRUCTION NO.     :  OVERVIEW OF CLAIMS AND DEFENSES**

The Plaintiff, Meng Huang, alleges that Defendant, Giorgio Rizzoni, while acting under the color of state law, sexually assaulted her, violated her bodily integrity without her consent and violated her constitutional rights over a period of nearly 4 years.  Defendant, Giorgio Rizzoni denies that he sexually assaulted Plaintiff, denies that he violated her bodily integrity and denies that he violated any of Plaintiff's constitutional rights.

**INSTRUCTION NO.          :  42 U.S.C. Section 1983**

Plaintiff asserts a claim under 42 U.S.C. Section 1983. That statute provides:

> Every person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

In order to prevail on a Section 1983 claim, the Plaintiff must show by a preponderance of the evidence that she has been deprived of a constitutional right by a person acting under color of state law.  The Due Process Clause of the Constitution protects individuals against state intrusions on bodily integrity, and the "right to bodily integrity . . . encompasses the right not to be sexually

1

assaulted under color of law." In order for Plaintiff to prevail on her Section 1983 claim, she must prove that Dr. Rizzoni, acting under the color of law, violated her Constitutional rights by sexually abusing or sexually harassing her.

If you find that Plaintiff has proven by a preponderance of the evidence that Dr. Rizzoni deprived her of her constitutional rights under the color of law, you must find in favor of the Plaintiff.

*Doe v. Claiborne County Bd. of Educ.,* 103 F. 3d 495, 507 (6th Cir. 1996); *Williams v. Paint Valley Local Sch. Dist.,* 400 F. 3d 360 (6th Cir. 2005); *Huang v. Ohio State Univ.*, 2020 U.S. Dist. LEXIS 19413, *28-29, 2020 WL 531935, quoting *Claiborne County.*

**INSTRUCTION NO.        PREPONDERANCE OF THE EVIDENCE**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.).

## INSTRUCTION NO.    : COLOR OF STATE LAW

Acts are done under color of law when a person acts or purports to act "in the course of performing an actual or apparent duty of his office, or [if] the conduct is such that the actor could not have behaved as he did without the authority of his office."

A defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law. Instead, the conduct allegedly causing the deprivation of a constitutional law must be fairly attributable to the state, meaning that it must be related in some meaningful way to the Defendant's governmental status or the performance of his duties.

*Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L.Ed.2d. 482 (1982); *Waters v. City of Morristown*, 242 F. 3d 353, 359, 2001 U.S. App. LEXIS 2559, *13-15 (6th Cir.)(citing *West v. Atkins*, 487 U.S. 42, 49-50, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988)); Fed. Jury Prac. & Instr. 8th Cir., § 12.20 (2021).

## INSTRUCTION NO.        :  ACTUAL OR COMPENSATORY DAMAGES

If you find, based on the foregoing instructions, that the Plaintiff has met her burden of proving, by the greater weight of the evidence, all essential elements of her claims, you will then determine the amount of damages, if any, that the Plaintiff should receive. The fact that I instruct you on the proper measure or amount of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find, by the preponderance of the evidence, that Dr. Rizzoni is liable or legally responsible. The Plaintiff has the burden of proving, by the preponderance of the evidence, both that she is entitled to any damages

3

and, if so, the amount of those damages. Any damages you decide to award must not be based on speculation or on uncertainty.

With respect to Plaintiff's claim of sexual assault/harassment, if Plaintiff proves that she was sexually assaulted or harassed by Dr. Rizzoni, then you may award damages to compensate the Plaintiff for any conscious emotional or physical pain and suffering that Plaintiff experienced. Compensatory damages are dependent on an actual injury. While the law does not require the Plaintiff to prove the amount of conscious pain and suffering with mathematical precision, Plaintiff must prove such damages with as much definiteness and accuracy as circumstances permit. You may not award any damages to Plaintiff for conscious pain and suffering based upon sympathy, speculation or guesswork.

Fed. Jury Prac. & Instr. 5th Ed., § 165.70; *Frontier Ins. Co. v. Blaty,* 454 F. 3d 590, 603 (6th Cir. 2006).

### INSTRUCTION NO.     : PUNITIVE DAMAGES

The Plaintiff is also seeking punitive damages against Dr. Rizzoni. Unlike compensatory damages, which are intended to make a party whole, punitive damages are intended to punish a wrongdoer and to discourage others from committing similar acts. The allowance of such damages involves an evaluation of the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent. The focus is on the character of the tortfeasor's conduct – whether it is of the sort that calls for deterrence and punishment over and above that provided by a compensatory damages award.

Punitive damages may be awarded against Dr. Rizzoni only where Plaintiff proves by a preponderance of the evidence that he was motivated by malice, which is defined as an evil motive or intent, or if his actions involved reckless or callous indifference to the federally protected rights of Plaintiff. The terms malice or reckless indifference pertain to a defendant's knowledge that it may be acting in violation of federal law. A plaintiff may demonstrate that the defendant acted with reckless

4

disregard for the plaintiff's federally protected rights by showing the defendant lied, either to the plaintiff or to the jury, in order to cover up their unlawful actions. Because punitive damages are a mechanism for punishing a defendant, they may be granted only on a showing of the requisite intent or indifference. Therefore, if you do not find that Dr. Rizzoni acted in the face of a perceived risk that his actions violated the law, you need not make an award of punitive damages.

If you find that punitive damages should be assessed against Dr. Rizzoni, the assessment of punitive damages will take place during a proceeding following your assessment of compensatory damages.

*Kolstad v. American Dental Assoc.,* 527 U.S. 526 (1999); *Hubbell v. FedEx SmartPost, Inc.,* 933 F. 3d 558 (6th Cir. 2019). *Gordon v. Norman,* 788 F.2d 1194, 1199 (6th Cir. 1986). *King v. Zamiara,* 788 F.3d 207, 216 (6th Cir. 2015); *Hall v. Consol. Freightways Corp.*, 337 F.3d 669, 675 (6th Cir. 2003).

        Respectfully submitted,

/s/Peter Pattakos
Peter Pattakos (0082884)
Gregory Gipson (0089340)
Zoran Balac (0100501)
THE PATTAKOS LAW FIRM LLC
101 Ghent Rd., Fairlawn, OH 44333
P: 330.836.8533/F: 330.836.8536
peter@pattakoslaw.com
ggipson@pattakoslaw.com
zbalac@pattakoslaw.com
*Attorneys for Plaintiff Meng Huang*

Dave Yost
Ohio Attorney General
/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com
*Counsel for Defendant, Giorgio Rizzoni*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

### INTERROGATORY NUMBER 1

Has Plaintiff, Meng Huang, proven by a preponderance or greater weight of the evidence that Defendant, Giorgio Rizzoni, sexually assaulted or sexually harassed her?

Yes _____

No _____

(Check applicable answer).

_____
_____

_____
_____

_____
_____

_____
_____

If you have answered this Interrogatory "Yes," please proceed to Interrogatory #2.

If you have answered this Interrogatory "No," please sign your names on the lines above and notify the Court that you have concluded your deliberations.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | |
| v. | Judge James L. Graham |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | Magistrate Judge: Chelsey M. Vascura |
| Defendants. | |

### INTERROGATORY NUMBER 2

Has Plaintiff, Meng Huang, proven by a preponderance or greater weight of the evidence that Defendant, Giorgio Rizzoni, was at all times acting under the color of state law?

Yes _____

No _____

(Check applicable answer).

_____
_____
_____
_____
_____
_____
_____
_____

Regardless of your answer to this Interrogatory, please sign your names on the lines and notify the Court that you have completed your deliberations.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

## INTERROGATORY NUMBER 3

### (FOR PHASE 2 OF TRIAL)

What amount of compensatory damages should be assessed against Dr. Rizzoni, if any, as a result of any violation of the protected constitutional rights of Plaintiff?

$_____

(Insert dollar amount).

_____
 _____
_____
 _____
_____
 _____
_____
 _____

Regardless of your answer to this Interrogatory, please sign your names on the lines and notify the Court that you have completed your deliberations.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | |
| | Judge James L. Graham |
| v. | |
| | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

## INTERROGATORY NUMBER 4

### (FOR PHASE 3 OF TRIAL)

  Has Plaintiff, Meng Huang, proven by a preponderance or greater weight of the evidence that Defendant, Giorgio Rizzoni, was motivated by an evil motive or intent, and/or that his actions involved reckless or callous indifference to the federally protected rights of the Plaintiff?

Yes _____

No _____

(Check applicable answer).

_____
  _____
_____
  _____
_____
  _____
_____
  _____

If you have answered this Interrogatory "Yes," please proceed to Interrogatory #5.

If you have answered this Interrogatory "No," please sign your names on the lines above and notify the Court that you have concluded your deliberations.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | |
| | Judge James L. Graham |
| v. | |
| | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

## INTERROGATORY NUMBER 5

### (FOR PHASE 3 OF TRIAL)

What amount of punitive damages should be assessed against Dr. Rizzoni, if any, as a result of Defendant's evil motive or intent or his actions involving recklessness or callous indifference to the protected rights of Plaintiff?

$_____

(Insert dollar amount).

_____
    _____
_____
    _____
_____
    _____
_____
    _____

Regardless of your answer to this Interrogatory, please sign your names on the lines and notify the Court that you have completed your deliberations.

Open.25577.83339.30949113-1