**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

|  |  |
|---|---|
| MENG HUANG,<br><br>   Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and<br>GIORGIO RIZZONI,<br><br>   Defendants. | Case No: 2:19-cv-1976<br><br>Judge James L. Graham<br><br>Magistrate Judge: Chelsey M. Vascura |

## DEFENDANT GIORGIO RIZZONI'S MEMORANDUM CONTRA PLAINTIFF'S MOTION FOR RECONSIDERATION ON MOTION TO QUASH TRIAL SUBPOENAS

Now comes Defendant Giorgio Rizzoni ("Dr. Rizzoni") and respectfully requests this Honorable Court to deny Plaintiff's eleventh-hour motion for reconsideration. (ECF # 185).

At the final pretrial conference and in its April 7, 2023 Order, the Court indicated that it intended for the trial in this matter to proceed in three phases: 1.) Liability – whether Dr. Rizzoni inappropriately touched Plaintiff, 2.) Compensatory damages (if necessary) and 3.) Punitive damages (if necessary). (ECF #176).  In direct contravention of this Court's bifurcation order, Plaintiff issued subpoenas to current and former employees of The Ohio State University to testify during the first phase of the jury trial *none of whom have any relevant knowledge* of whether Dr. Rizzoni "inappropriately touched the Plaintiff."  Dr. Rizzoni filed a motion to quash the subpoenas and included documentary evidence and deposition testimony demonstrating that:

*Witnesses Matt Page and Megan Lawther have never even met Plaintiff or Dr. Rizzoni.  (Page Depo., pg. 11).

\*Witnesses Kristi Hoge and Jonathan Parry (the OSU investigators) never met or even heard of Plaintiff or Dr. Rizzoni until *after* Plaintiff complained to the University. (Parry Depo, pg. 66; Hoge Depo., pgs. 46, 50) They have no personal knowledge about whether inappropriate touching did or did not occur and any information about what Parry and Hoge learned during their investigation of Plaintiff's complaint would be inadmissible hearsay.

\*Witness Dyche Anderson is a Ford employee who testified in his deposition that he has no idea whether Dr. Rizzoni inappropriately touched Plaintiff or not.  (Anderson Depo., pg. 61, 65, 86)("I was aware of nothing," and "didn't know what to believe.")

\*Witness Dr. Subramaniam was the department chair to whom Plaintiff complained about the alleged harassment, but he testified in his deposition that he has no knowledge of whether Dr. Rizzoni inappropriately touched any of his students, including Plaintiff, only learned of these allegations after the fact, and was not a witness to any claimed improper behavior (Subramaniam Depo., pgs. 50-69).

 \*Last, witnesses Westendorf and Philips are treating physicians who provided care to Plaintiff. They have no personal knowledge of whether Plaintiff was inappropriately touched by Dr. Rizzoni.

In response to Dr. Rizzoni's motion to quash, Plaintiff made no attempt to argue that the witnesses actually had relevant knowledge for phase one of the trial but, instead, argued that subpoenas could not be quashed on the basis that the trial witness had no relevant knowledge.  (ECF #180). This Court, in its order quashing the subpoenas, however, noted that "[r]elevance is a factor to be considered. . . . So too are the status of the person who has been subpoenaed (e.g., non-party) and that person's claimed lack of personal knowledge."

(ECF #183)(citing *Gillispie v. City of Miami Twp*., 2022 U.S. Dist. LEXIS 203000, *6 (S.D. Ohio Nov. 7, 2022).

Now Plaintiff, in her motion for reconsideration, *for the very first time* attempts to argue that the witnesses whose subpoenas were quashed do, in fact, possess relevant knowledge for the first phase of trial.  Plaintiff continues to attempt to misconstrue or avoid this Court's bifurcation order and alleges that the witnesses have knowledge about the "power differential" between Plaintiff and Dr. Rizzoni, that Dr. Rizzoni exercised "power" over Plaintiff to retaliate against her for allegedly rejecting his advances, that Dr. Rizzoni defamed Plaintiff when she allegedly refused his advances and that the college supposedly did not follow procedures related to Plaintiff's PhD examination. (ECF # 185, PAGEID #s 7270-74).  None of those topics make the claim that Dr. Rizzoni inappropriately touched Plaintiff any more or less likely.  Simply put, Plaintiff does not like the Court's bifurcation order and intends to do anything she can to make an end-run around it.

Courts have repeatedly held that a motion to reconsider under Fed. R. Civ. P. 59 "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for an appeal." *Sherwood v. Royal Ins. Co. of Am*., 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003). A motion for reconsideration is not the time to raise a new argument, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F. 3d 367, 374 (6th Cir. 1998), nor is it the time to relitigate a losing one. *Hurst v. Fed. Nat. Morg. Ass'n*, 642 F. App'x 533, 541 (6th Cir. 2016).  "[C]ourts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice."  *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F. 3d 381, 389 (6th Cir. 2009) (internal quotation marks omitted).  None

of those factors apply here. Plaintiff makes no argument that there is a change in controlling law or that there is "new" evidence available. Instead, she argues only that the Court's ruling on the motion to quash is "reversible error." (ECF #185, PAGEID #7261). That claim is not grounds to grant a motion for reconsideration even if it were true.

In addition, the time to make the alleged "relevance" arguments was in Plaintiff's response to the motion to quash subpoenas, not in a motion for reconsideration. "It is not the function of a motion for reconsideration to provide an opportunity to argue something that could have been argued before. . . ." *Banner v. Raisin Valley, Inc.*, 213 F.R.D. 520 (N.D. Ohio 2003). Plaintiff could have described the alleged relevancy of the testimony of the witnesses she subpoenaed in opposition to the motion to quash, but she chose not to. Instead, Dr. Rizzoni cited deposition testimony which demonstrated that none of the witnesses have knowledge relevant to phase one of the trial *and that evidence was unrebutted by Plaintiff*. As such, Plaintiff should not be allowed to raise arguments now that she could have raised in the opposition to the motion to quash. See, *Pettrey v. Ent. Title Agency, Inc.*, 242 F.R.D. 384, 385-86 (N.D. Ohio 2007) (rejecting plaintiff's motion for reconsideration when the argument could have been raised during the initial motion); *Duggan v. Towne Properties Group Health Plan,* 2019 WL 1439936, *2-3 (N.D. Ohio March 31, 2019)(same holding); *Steely v. Allstate Indemnity Co.*, 2012 WL 13026848, * 3 (S.D. Ohio, July 9, 2012)(motion for reconsideration denied where it did nothing but "advance[] new arguments that it could have made in its original motion. . . .")

Last, the witnesses whose subpoenas were quashed have already been informed that they do not need to attend trial. It would be unduly burdensome to contact these witnesses only days before trial and inform them that they must, now, attend the trial.

For the reasons set forth above, Plaintiff's motion for reconsideration should be denied.

> **Dave Yost**
> **Ohio Attorney General**
>
> /s/ Christina L. Corl
> CHRISTINA L. CORL (0067869)
> Plunkett Cooney
> 716 Mt. Airyshire, Suite 150
> Columbus, Ohio 43235
> Telephone: (614) 629-3018
> Facsimile: (614) 629-3019
> ccorl@plunkettcooney.com
> *Counsel for Defendant, The Ohio State University*

## CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on April 25, 2023, which will notify all parties of record via electronic mail.

> /s/ Christina L. Corl
> Christina L. Corl

Open.25577.83339.30973587-1