IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Meng Huang**,

    Plaintiff,

v.

**The Ohio State University and Giorgio Rizzoni**,

    Defendants.

Case No: 2:19-cv-1976

Judge Graham

Magistrate Judge Vascura

## Opinion and Order

This matter is before the Court on Plaintiff Meng Huang's motion for reconsideration of the Court's April 21, 2023 Order granting Defendant Giorgio Rizzoni's Motion to Quash Trial Witness Subpoenas. *See* ECF. No. 183. At issue is whether plaintiff should be allowed to submit evidence at the liability stage of the trial regarding what the Court has classified as "Defendant's alleged manipulation, coercion, and influence with respect to Plaintiff's Ph.D. program and candidacy exam." *Id*.

The Court holds, for a third time, that the proposed evidence is irrelevant to the issue of liability and Plaintiff thus will not be permitted to introduce it at the liability stage of the trial.

**I.**

Plaintiff is a former Ph.D. student and graduate research associate at Ohio State University. She alleges that Defendant, a professor who served as her Ph.D. advisor, violated her substantive due process right to bodily integrity by subjecting her to unwanted sexual touching. *See Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 506 (6th Cir. 1996) ("The substantive component of the Due Process Clause protects students against abusive governmental power as exercised by a school.").

The case is set for a jury trial to begin on May 1, 2023. The Court has decided to separate the issues to be tried into three stages: liability, compensatory damages, and punitive damages. *See* ECF No. 176.

The Court has defined the issue to be tried at the first stage as whether Plaintiff was subjected to unwanted sexual touching by Defendant. *See id*.

Even before the Court separated the issues for trial, Defendant had filed a motion in limine to exclude evidence of Defendant's allegedly retaliatory actions against Plaintiff. Those actions included: revocation of a stipend; imposition of restrictions on Plaintiff's access to the Center for Automotive Research at Ohio State; interference with Plaintiff's Ph.D. candidacy exam; and interference with Plaintiff's relationship with Ford Motor Company, which sponsored a research project to which Plaintiff was assigned.

At the Final Pretrial Conference, the Court granted Defendant's motion in limine as it concerned the liability stage of the trial. However, the Court ruled that Plaintiff could introduce such evidence at the compensatory damages stage to show how she was injured by Defendant's alleged acts of sexual touching and her refusal to submit to his advances. *See* ECF No. 176.

After the Final Pretrial Conference, Plaintiff issued trial witness subpoenas to the following individuals: Kristi Hoge, Chiaothong Yong, Sheila Westendorf, Sarah Philip, Vishwanath Subramaniam, Matt Page, Megan Lawther, and Jonathan Parry. Each potential witness is a current or former employee of Ohio State University. Plaintiff stated that she intended to call these witnesses during the liability stage of trial.

Defendant moved to quash the trial witness subpoenas, arguing that none of the witnesses have any personal knowledge as to whether Defendant sexually touched Plaintiff.

After the motion was briefed, the Court found that "Plaintiff has not demonstrated that the subpoenaed witnesses could offer relevant and admissible testimony at the first stage of trial. She has not asserted that any of these witnesses have personal knowledge concerning whether Defendant inappropriately touched Plaintiff." ECF No. 183, p. 2.

The Court thus granted the motion to quash the trial subpoenas under Fed. R. Civ. P. 45(d)(3)(A)(iv) and reiterated its earlier holding that evidence of Defendant's alleged manipulation, coercion, and influence with respect to Plaintiff's Ph.D. program and candidacy exam would be excluded from the liability stage of the trial.

## II.

Plaintiff has moved for reconsideration of the Court's grant of the motion to quash. A party moving to reconsider must show: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). A motion for reconsideration should not be used "to relitigate old matters, or to raise

2

arguments or present evidence that could have been raised" earlier. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

### III.

Plaintiff argues that the Court's reasoning as to the relevance of the proposed testimony was clearly erroneous. In support, Plaintiff contends that evidence of what she calls the "power dynamics" between the perpetrator of sexual harassment or assault and the victim is always relevant in sexual harassment and retaliation suits.

The Court would agree that in the typical sex discrimination suit, evidence of power dynamics, adverse actions and retaliatory actions – including non-sexually-overt manipulation, coercion and influence – is relevant and generally admissible. The reason is clear: this evidence goes to the elements of the claims, including the issues of whether plaintiff suffered an adverse action or retaliation and whether her sex, or refusal to submit to sexual advances, was causally related to the adverse action.

In a sex discrimination case, for instance, plaintiff must show that her employer took an adverse employment action against her. *See Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 604 (6th Cir. 2022). In a sexual harassment case, plaintiff must show that the harassment, intimidation, ridicule, or insult is sufficiently severe or pervasive to alter the conditions of her employment. *See Nathan v. Great Lakes Water Auth.*, 992 F.3d 557, 564–65 (6th Cir. 2021).

In *quid pro quo* cases in particular, a plaintiff must demonstrate that she suffered a tangible job detriment due to her rejection of her employer's sexual advances. *See Thornton v. Fed. Express Corp.*, 530 F.3d 451, 454 (6th Cir. 2008). In hostile work environment cases in particular, a plaintiff must demonstrate that harassment so pervaded her work environment (through hostility, offensiveness or intimidation) that it unreasonably interfered with her work performance. *See id.* at 455.

In retaliation cases, plaintiff similarly must show that that her employer either took an adverse employment action against her or that she was subjected to severe or pervasive retaliatory harassment by her employer. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

And in all of the above types of cases, plaintiff must establish a causal connection between her sex and the adverse action, harassment or retaliation. *See, e.g., Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 778 (6th Cir. 2016); *Nathan*, 992 F.3d at 565;

*Morris*, 201 F.3d at 792. A defendant may defend itself by offering evidence of a legitimate, nondiscriminatory reason for the alleged adverse action or retaliation, while plaintiff may counter with a showing that the employer's purported reason is mere pretext. *See Davis v. Cintas Corp.*, 717 F.3d 476, 491–92 (6th Cir. 2013); *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 530 (6th Cir. 2012).

This case is different. The case going to trial is not an employment discrimination case, a retaliation case or a case about how well Ohio State investigated and responded to Plaintiff's report of sexual touching by Defendant. All of Plaintiff's Title VII, Title IX and state law claims, including each one of her claims against Ohio State, have been dismissed at various stages of the litigation. *See* ECF Nos. 25, 38, 143. Defendant Rizzoni was not Plaintiff's employer during the relevant time period.

The source of Plaintiff's remaining claim is substantive due process. And that matters because adverse actions, retaliation, coercion, power dynamics and pretext are not built into the elements of the claim and defenses. The inquiry is simply this: did Defendant, acting under the color of state law, violate Plaintiff's constitutional right to bodily integrity by subjecting her to unwanted sexual touching. *See Claiborne Cnty.*, 103 F.3d at 507; *Sexton v. Cernuto*, 18 F.4th 177, 190–91 (6th Cir. 2021).

In her motion for reconsideration Plaintiff attempts to explain why the proposed witnesses would be able to offer relevant testimony. But Plaintiff's arguments only confirm for the Court that the evidence would not be relevant to the issue of whether Defendant engaged in unwanted sexual touching of Plaintiff.

Plaintiff contends that testimony about Defendant's exertion of influence over Plaintiff – by removing privileges and hindering her Ph.D. candidacy and her relationship with Ford – is relevant to show that she suffered "adverse consequences," the loss of "benefits," "tangible detriments," and defamation. *See* ECF No. 185, p. 3. She argues that Defendant's alleged reason for taking the adverse actions – namely, that she failed to satisfy academic expectations – was "pretextual" and a "cover-up" for his effort to "retaliate against Plaintiff for her refusal to consent to his touching," including his effort "to marginalize and delegitimize Plaintiff" after she accused him of touching her. *Id.*, pp. 4–5.

The Court believes that Plaintiff has confused her substantive due process claim with an employment discrimination one. And in doing so, she would be increasing her burden of what

4

she would have to prove in order to prevail at trial.  She needs only to prove that Defendant subjected her to unwanted sexual touching.  She carries no burden to prove adverse actions, retaliation, causation, pretext or the like.

Plaintiff protests that the Court has erroneously adopted the view that Defendant's alleged adverse actions against Plaintiff "had nothing to do with the inappropriate touchings at issue." *Id.*, p. 5.  Not so.  They are causally related, but Plaintiff has it backwards.  The adverse actions do not prove that the touching occurred, but rather the adverse actions are evidence of the injury caused to Plaintiff by her refusal to submit to Defendant's advances.  Plaintiff must first prove that the sexual advances took place in the form of unwanted touching.  Then she will be allowed in stage two of the trial to show what injuries she suffered as a result of the unwanted touching and her refusal to submit to Defendant's advances.

Defendant's alleged adverse reactions to Plaintiff are evidence that he was displeased with her.  With additional evidence, a jury could infer that his displeasure stemmed from her refusal to submit to his sexual advances.  But Plaintiff contends that the reactions themselves are proof that unwanted touching took place; that is, because Defendant reacted in such an unwarranted, hostile fashion, it must have been because she refused him when he touched her.  Again Plaintiff's logic is flawed.  She is assuming what she is trying to prove: "he touched her."  Yes, his reaction is evidence that he was displeased with her, but she must first prove what she claims he was displeased with her about – her refusal of his sexual touching.

## IV.

Finally, the Court wishes to address several miscellaneous matters raised by the motion for reconsideration.

## A.

Plaintiff argues that evidence about the existence of a power differential between Plaintiff and Defendant is important to give the jury context.  The Court will provide Plaintiff ample opportunity in the liability stage to give the jury context about the power differential.  Plaintiff certainly will be able to testify that she was an international student who was placed under Defendant's supervision as she pursued her Ph.D.  She will be able to offer evidence regarding the positions and roles which Defendant held at Ohio State, including Director of the Center for Automotive Research.  From this evidence a jury will be able to reasonably infer that a power differential existed.  However, the Court emphasizes that Plaintiff will not be allowed to attempt

to argue or show that because Defendant allegedly exerted adverse influence over her Ph.D. program and privileges, it must mean that he sexually touched her.

**B.**

Plaintiff issued a trial witness subpoena to Meghan Lawther, Ohio State's program manager for global engagement. Plaintiff states that Lawther would testify that Ohio State has a policy against sexual misconduct specifically relating to international students. According to Plaintiff, the policy provides:

> Many international students, faculty and staff come from cultures in which deference to any authority figure is important, and sexual harassment laws do not exist. Some individuals may be especially vulnerable to exploitive relationships given cultural language and immigration/Visa issues. Faculty, staff and students should be very careful to avoid relationships that may be exploitive in nature.

ECF NO. 185, p. 8.

The Court provisionally finds that the policy is not relevant to the issues to be tried. Ohio State is no longer a defendant in this case. Whether Defendant violated the policy is not the issue; it is whether he sexually touched Plaintiff in an unwanted way. Plaintiff herself will be able to testify that she was an international student who was unfamiliar with American culture and felt vulnerable around Defendant.

Plaintiff argues that the policy is relevant because the "very existence of this official policy speaks to exactly the dynamic that Rizzoni allegedly sought to exploit by his illegal touching of Plaintiff." *Id*. Once again Plaintiff employs circular reasoning. The premise – that the policy existed – is not proof that Defendant must have engaged in unwanted sexual touching of Plaintiff.

**C.**

Plaintiff issued trial witnesses subpoenas to Sheila Westendorf, M.D, Sarah Philip, CPN, and Chiaothong Yong, PsyD. Each of these individuals provided medical care to Plaintiff after the alleged incidents of sexual touching occurred.

As an initial matter, the Court has separately held that Plaintiff may not call Chiaothong Yong as a witness because she unreasonably delayed in identifying Ms. Yong as a trial witness. *See* ECF No. 176, p. 2.

Plaintiff states that these health care providers will testify that their treatment notes reflect that Plaintiff told them "about the alleged inappropriate touchings at issue." ECF No. 185, p. 9. Such testimony would be inadmissible hearsay at the liability stage of the trial.[1]

If Plaintiff prevails on the issue of liability, then she may introduce the testimony of Ms. Westendorf and Ms. Philip on the issue of damages. They allegedly diagnosed Plaintiff with anxiety, depression and post-traumatic stress disorder. They may testify about the statements of Plaintiff on which they relied in making their diagnoses and in treating Plaintiff. *See* Fed. R. Evid. 803(4) (hearsay exception for purposes of medical diagnosis and treatment).

### D.

Plaintiff expresses concern that the Court's decision to quash the subpoenas will prevent her from being able to impeach Defendant's witnesses. Plaintiff anticipates that Defendant will offer testimony that Plaintiff was a bad student, which is why she failed her candidacy exam and had certain privileges revoked.

It is unclear to the Court whether Defendant intends to offer evidence of deficiencies or unsatisfactory performance on Plaintiff's part in the course of her Ph.D. program and exam. The Court would caution that the issue of whether Ohio State was justified in failing Plaintiff on her Ph.D. candidacy exam would appear to be irrelevant to whether Defendant sexually touched Plaintiff.

The Court will reserve judgment on issues of impeachment until they arise at trial and the Court can evaluate them in the specific context in which they arise.

### E.

Finally, Plaintiff argues that she must be allowed to defend herself if Defendant attacks her claim of sexual touching as untrue because she waited for several years to report it. Plaintiff would counter that she remained silent because of Defendant's power over her, including his attempts to manipulate and subvert her Ph.D. candidacy and job prospects with Ford.

---

[1] Plaintiff has not alleged that any of the witnesses would testify that they conducted a physical examination of Plaintiff and found evidence which would corroborate that she had been subjected to unwanted sexual touching.

Here too it is unclear just how that issue may unfold at trial. The Court will reserve judgment on the matter until further development at trial.

## V.

For the reasons stated above, Plaintiff's motion for reconsideration (ECF No. 185) of the Court's Order granting Defendant's motion to quash trial witness subpoenas is DENIED.

DATE: April 27, 2023

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge