<u>INDEX</u>

PROVINCE OF THE COURT ................................................................................................................. 1

PROVINCE OF THE JURY ................................................................................................................... 2

BURDEN OF PROOF ........................................................................................................................... 3

EVIDENCE ........................................................................................................................................... 4

DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE ............................................................. 5

GENERAL CONSIDERATIONS IN EVALUATING WITNESSES' TESTIMONY .............................. 6

IMPEACHMENT OF A WITNESS ...................................................................................................... 7

USE OF DEPOSITION TESTIMONY ................................................................................................. 8

COURT'S QUESTIONS ....................................................................................................................... 9

COURT'S COMMENTS ..................................................................................................................... 10

OBJECTIONS .................................................................................................................................... 11

STIPULATIONS ................................................................................................................................. 12

NATURE OF THE CLAIM ................................................................................................................. 13

ELEMENTS OF THE CLAIM ............................................................................................................ 14

DEPRIVATION OF A CONSTITUTIONAL RIGHT ......................................................................... 15

COLOR OF STATE LAW .................................................................................................................. 17

DUTY IN DELIBERATING ............................................................................................................... 18

VERDICT TO BE UNANIMOUS ...................................................................................................... 19

INSTRUCTIONS AND FORMS DO NOT RECOMMEND ANY ONE VERDICT ............................ 20

WRITTEN INSTRUCTIONS ............................................................................................................. 21

ITEMS TO GO TO JURY ROOM ...................................................................................................... 22

SELECTION OF FOREPERSON, COMMUNICATION WITH THE COURT, PROCEDURE AFTER ARRIVING
AT VERDICT ..................................................................................................................................... 23

CLOSING REMARKS ........................................................................................................................ 24

INTERROGATORIES ........................................................................................................................ 25

VERDICT FORM FOR PLAINTIFF .................................................................................................. 29

VERDICT FORM FOR DEFENDANT ............................................................................................... 30

## PROVINCE OF THE COURT

Ladies and Gentlemen of the Jury:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to the case.

It is your duty as jurors to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

1

## PROVINCE OF THE JURY

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias, prejudice, or sympathy as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

<u>BURDEN OF PROOF</u>

In a civil action such as this, the burden is on the plaintiff to prove every essential element of her case by a "preponderance" of the evidence. If she fails to do so then you must find for the defendant.

To establish a fact by a "preponderance of the evidence" means to prove that something is more likely so than not so. It is the greater weight of the evidence. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

The burden of proof by a "preponderance" does not require proof to an absolute certainty. As we all know, in human affairs absolute certainty is seldom possible.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence, regardless of who produced it. The test is not which side brings the greater number of witnesses or produces the greater quantity of testimony, but which side produces the witnesses and evidence which in your minds is more accurate and trustworthy.

3

## EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses, the stipulations of counsel and all the exhibits which have been received in evidence.

The evidence does not include any statements of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist you. They are not evidence.

You are to consider only the evidence in the case. However, you are not limited to the mere statements of the witnesses, but you are permitted to draw inferences from the facts which you find have been proved -- such reasonable inferences as seem justified in the light of your own experience. That is to say, from the facts which have been proved, you may draw an inference based upon reason and common sense.

## DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which a jury may properly find the facts: direct and circumstantial.  Direct evidence includes the testimony of an eyewitness.  Circumstantial evidence is the proof of a chain of events or circumstances which point to the existence or non-existence of certain facts.

As a general rule, the law does not distinguish between direct and circumstantial evidence.  It simply requires that the jury find the facts after considering all the evidence in the case, both direct and circumstantial.

<u>GENERAL CONSIDERATIONS IN EVALUATING WITNESSES' TESTIMONY</u>

An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should decide whether you believe what each person had to say, and how important that person's testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the person impress you as honest?  Did he or she have any particular reason not to tell the truth?  Did he or she have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and the ability to observe accurately the things he or she testified about?  Did he or she appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.  In judging the credibility of witnesses, you should apply the same tests of truthfulness that you apply in your own personal affairs.

You are not required to believe the testimony of any witness simply because he or she was under oath.  You may choose to believe all or part or none of the testimony of any witness.

6

## IMPEACHMENT OF A WITNESS

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently, and an innocent failure to recall is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you think it deserves.

7

## USE OF DEPOSITION TESTIMONY

During the trial of this case, certain testimony has been presented to you by way of video deposition, consisting of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented by way of a video-recorded deposition conducted under oath. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

COURT'S QUESTIONS

During the course of the trial, I have had the occasion to ask questions of some of the witnesses. The judge has the right, and, indeed, the duty to see that facts are clearly presented, and my purpose in asking questions was to clarify certain matters in the case. Again, and I emphasize this as strongly as I know how, you are not to draw any conclusion that by my asking questions of a witness, I have intended to convey any point of view as to the witness's credibility.

## COURT'S COMMENTS

No statement, ruling, remark, question or comment which I may have made during the course of the trial is intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts.

It is the duty of the Court to admonish an attorney who does something which is not in keeping with the rules of evidence or procedure. When the Court admonishes an attorney, it does not thereby express any opinion on the merits of the case and you are to draw no inference against any party who may have been admonished by the Court.

## OBJECTIONS

It is the duty of an attorney to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not be prejudiced against an attorney or his or her client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

When the Court has sustained an objection to a question, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness might have said if he or she had been permitted to answer the question.

11

## STIPULATIONS

The attorneys for both sides have agreed to stipulate to the truth of certain matters involved in this case. The Court instructs you that the matters stipulated to or agreed to must be accepted by you as established, proven, and true.

The parties have stipulated to the following facts:

1.    In 2014, at the suggestion of an acquaintance of hers, Plaintiff contacted Defendant via electronic mail inquiring about matriculation at The Ohio State University as a Ph.D. student in Ohio State's College of Mechanical and Aerospace Engineering.

2.    Plaintiff ultimately applied to the University and was accepted in 2014 into the Ph.D. program in Ohio State's College of Mechanical and Aerospace Engineering.

3.    Plaintiff is a Chinese national and prior to matriculation had not lived or worked in the United States.

4.    Defendant is a professor in the College of Engineering. He is also the Director of the Center for Automotive Research ("CAR") and the Ford Motor Company Chair in Electromechanical Systems at Ohio State.

5.    Defendant was Plaintiff's Ph.D. advisor. Plaintiff had no prior relationship with Defendant.

6.    On December 12, 2017, Plaintiff presented her Ph.D. candidacy examination to a panel led by Defendant.

7.    Plaintiff was deemed by this committee to have failed her Ph.D. candidacy examination.

8.    After learning of the results of the candidacy exam, Plaintiff complained to multiple members of the College and the University, including the Graduate School, Public Safety and the Title IX office about having been sexually assaulted by Defendant for the previous 4 years.

9.    Plaintiff was assigned a new Ph.D. Advisor and she graduated with her Ph.D. degree from OSU in December 2019.

10.    Ohio State had a policy during the relevant time period which provided as follows:

Many international students, faculty and staff come from cultures in which deference to any authority figure is important, and sexual harassment laws do not exist. Some individuals may be especially vulnerable to exploitive relationships given cultural language and immigration/Visa issues. Faculty, staff and students should be very careful to avoid relationships that may be exploitive in nature.

## NATURE OF THE CLAIM

Plaintiff asserts that Defendant, while acting under color of state law, violated her constitutional right to bodily integrity by subjecting her to unwanted sexual touching.

Defendant denies that he engaged in any sexual touching of Plaintiff.

13

<u>ELEMENTS OF THE CLAIM</u>

Plaintiff brings her claim under 42 U.S.C. Section 1983, a federal statute which allows individuals to sue state government employees for violations of their constitutional rights.

In order for Plaintiff to succeed on her Section 1983 claim, she must prove the following two elements by a preponderance of the evidence:

1.    Plaintiff was deprived of a constitutional right by Defendant; and

2.    Defendant was acting under color of state law.

I will give you further instructions about each element shortly.  If you find that Plaintiff has proven by a preponderance of the evidence that Defendant deprived her of a constitutional right while he was acting under color of state law, you must find in favor of the Plaintiff.

14

## DEPRIVATION OF A CONSTITUTIONAL RIGHT

The first element of Plaintiff's claim is that she was deprived of a constitutional right by Defendant. Plaintiff asserts that Defendant violated her rights under the Due Process Clause of the United States Constitution. The Due Process Clause protects individuals against state intrusions upon bodily integrity. The right to bodily integrity encompasses the right not to be subjected to non-consensual, sexual touching by an individual acting under color of state law.

### Standard for Sexual Touching

It is for you to decide from all of the circumstances if an alleged incident of touching was non-consensual and if it was sexual in nature. In order for touching to be sexual in nature, you must find by a preponderance of the evidence that Defendant touched Plaintiff with the intent to convey a message of sexual desire or interest, or touched her with reckless indifference to the risk that Plaintiff would reasonably perceive the touching as conveying a message of sexual desire or interest. You must further find by a preponderance of the evidence that Plaintiff reasonably perceived the touching to be sexual in nature.

Whether Plaintiff reasonably perceived the touching as conveying a message of sexual desire or interest and whether Defendant engaged in such touching with reckless indifference to the risk that Plaintiff would reasonably perceive it that way requires careful consideration of the social context in which particular behavior occurs and is experienced by its target, and in making that assessment, you are to consider the totality of the circumstances, applying common sense and an appropriate sensitivity to social context.

15

An Alleged Pattern of Conduct and Alleged Discrete Incidents of Touching

You have heard testimony by Plaintiff alleging that Defendant engaged in a pattern of unwanted sexual touching of her from March 2014 to Fall semester 2017. You will be asked to decide whether Defendant violated Plaintiff's right to bodily integrity by engaging in a pattern of unwanted sexual touching of her during that time frame.

As part of the alleged pattern, Plaintiff has testified as to discrete instances of alleged unwanted sexual touching. Even if you find that Defendant did not engage in a pattern of unwanted sexual touching of Plaintiff, you will be asked to decide whether Defendant deprived Plaintiff of her right to bodily integrity by committing a discrete instance of unwanted sexual touching.

In determining whether Plaintiff has proved that Defendant violated her right to bodily integrity either by a pattern or by discrete instances of unwanted sexual touching, the governing standard is this: you must find by a preponderance of the evidence that Defendant, without Plaintiff's consent, intentionally or with reckless indifference touched Plaintiff in a sexual manner and that Plaintiff reasonably perceived the touching to be sexual in nature.

16

## COLOR OF STATE LAW

You must next find whether Defendant's wrongful conduct was committed under color of state law. Acts are done under color of state law when a person acts or purports to act in the course of performing an actual or apparent duty of his office, or if the conduct is such that the actor could not have behaved as he did without the authority of his office.

A defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law. Instead, the conduct allegedly causing the deprivation of a constitutional law must be fairly attributable to the state, meaning that it must be related in some meaningful way to the Defendant's governmental status or the performance of his duties.

17

## DUTY IN DELIBERATING

The Court cannot embody all the law in any single part of these instructions. In considering one portion, you must consider it in the light of and in harmony with all the instructions.

The Court has instructed you on all the law necessary for your deliberations. Whether or not certain instructions are applicable may depend upon the conclusions you reach on the facts. If you have an impression that the Court indicated how any disputed fact should be decided, you must set aside such impression because only you determine such matters.

It is your duty, as jurors, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if you are convinced it is erroneous.

However, do not surrender your honest conclusion as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember always that you are not partisans. You are judges -- impartial triers of the facts. Your sole interest is to ascertain the truth from the evidence in the case. Don't take a firm position at the outset and then be too proud to change your position.

## VERDICT TO BE UNANIMOUS

The verdict in this case must represent the considered judgment of each juror.  In order to return a verdict, one way or the other, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

INSTRUCTIONS AND FORMS DO NOT RECOMMEND ANY ONE VERDICT

Nothing said in these instructions and nothing in the verdict forms prepared for your convenience is to suggest or convey in any way the verdict I think you should return. What verdict shall be returned is your exclusive duty and responsibility as jurors.

## WRITTEN INSTRUCTIONS

The written form of the instructions on the law I have just given you will be available to you in the jury room. You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at your verdict. These written instructions which are in substantially the same language as I have given them to you verbally, represent the law that is applicable to the facts, as you find the facts to be. You may readily locate any particular instruction by referring to the index on the first page of these instructions.

## ITEMS TO GO TO JURY ROOM

All of the exhibits that have been admitted into evidence will go to the jury room with you, together with these instructions and the verdict forms.

If you are unable to readily locate any particular exhibit, please have the foreperson notify the Court Security Officer of exhibits in question, and the numbers of those exhibits will be given to you in order to facilitate your search for them.

## SELECTION OF FOREPERSON, COMMUNICATION WITH THE COURT, PROCEDURE AFTER ARRIVING AT VERDICT

Upon retiring, you should first select a Foreperson. This person will help to guide your discussions in the jury room. Once you are there, if you need to communicate with me, the Foreperson will send a written message to me. However, don't tell me how you stand as to your verdict, for instance, if you are split 4-6 or 6-4, don't tell me that in the note. Whenever all jurors agree upon a verdict, you will sign the verdict in ink and also the interrogatories that are required to be answered and advise the Court Security Officer that a verdict has been reached. You will then be returned to the courtroom.

## CLOSING REMARKS

You are not to discuss this case with anyone besides your fellow jurors, nor may you tell anyone how you would have voted until after the jury has returned a verdict.  Until your verdict is announced in open court, you are not to disclose to anyone else the status of your deliberations or the nature of your verdict.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Meng Huang,**                                                 **Case No: 2:19-cv-1976**

         Plaintiff,                                              Judge Graham

   v.

**Giorgio Rizzoni,**

         Defendant.

<u>VERDICT FORM FOR PLAINTIFF</u>

On Plaintiff's claim under Section 1983 that Defendant violated her rights under the Due Process Clause of the United States Constitution by engaging in non-consensual, sexual touching of Plaintiff under color of law, **we find in favor of Plaintiff Meng Huang**.

All jurors sign below.  Notify the Court Security Officer that you have completed your deliberations.

_____                    _____
FOREPERSON

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____
DATE

29