IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge: Chelsey M. Vascura |
| GIORGIO RIZZONI, | |
| Defendant. | |

## DEFENDANT'S MEMORANDUM CONTRA PLAINTIFF'S MOTION TO STAY TAXATION OF COSTS PENDING APPEAL

NOW COME Defendants, by and through counsel, and request this Honorable Court to deny Plaintiff's motion to stay taxation of costs pending appeal (ECF #212).

Following a jury verdict in his favor at trial, Defendant Dr. Rizzoni, as the prevailing party, moved this court to tax costs against Plaintiff in the amount of $14,318.67.  (ECF # 208).  On May 8, the Clerk of Courts issued its briefing schedule on the bill of costs, ordering that any memorandum contra the bill of costs be filed by Plaintiff no later than May 30, 2023 (ECF # 209).  Instead of filing the memorandum contra to the bill of costs as ordered by the Court, Plaintiff has filed a motion to stay the taxation of costs pending appellate review of the case.  Unless Plaintiff posts the appropriate bond to stay the taxation of costs during appeal, Plaintiff's motion to stay should be denied.

Pursuant to Fed. R. Civ. P. 62(b), "[a]t any time after judgment is entered, *a party may obtain a stay by providing a bond or other security*. The stay takes effect

1

when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." (Emphasis added). A district court may exercise discretion to dispense with the bond requirement under Rule 62(d) only under "'extraordinary circumstances', which include either a showing by the appellant of his 'ability to pay the judgment is so plain that the cost of the bond would be a waste of money,' or that the bond requirement 'would put [appellant's] other creditors in undue jeopardy.' " *Tri County Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, 311 F.R.D. 166 (S.D. Ohio 2015), quoting H*amlin v. Charter Twp. of Flint,* 181 F.R.D., 348, 353 (E.D. Mich. 1998) (quotation marks and citations omitted); see also *Verhoff v. Time Warner Cable, Inc.,* 2007 WL 4303743, *2 (N.D. Ohio Dec. 10, 2007) ("[A] full supersedeas bond should almost always be required and should only be excused whe[n] the appellant has demonstrated the existence of extraordinary circumstances"). Multiple courts have *denied* motions to stay taxation of costs where the party moving for the stay does not simultaneously post a bond. *Goldblum v. Univ. of Cincinnati,* 2023 WL 2019356, * 2 (S.D. Ohio Feb. 15, 2023); *Gray v. Autozoners, LLC,* 2022 WL 1138018, * 2 (E.D. Mich. April 18, 2022); *Anderson v. Asplundh Tree Expert Company, Inc.,* 2007 WL 9782982, * 2 (M.D. Tenn., Nov. 29, 2007); *PNC Bank v. Pataskala Town Center, LLC,* 2017 WL 7794356, *1 (S.D. Ohio Feb. 16, 2017).

      Here Plaintiff does not even attempt to demonstrate the "extraordinary circumstances" necessary for the Court to waive a bond requirement to stay the bill

of costs. As such, Plaintiff's motion to stay should be denied or she should be ordered to post a supersedeas bond in the amount of the sought taxed costs.

        Respectfully submitted,

        **Ohio Attorney General**

        /s/ Christina L. Corl
        CHRISTINA L. CORL (0067869)
        Plunkett Cooney
        716 Mt. Airyshire Blvd., Suite 150
        Columbus, Ohio 43235
        Telephone:   (614) 629-3018
        Facsimile:    (248) 901-4040
        ccorl@plunkettcooney.com
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **31st day of May, 2023**, I filed the foregoing with the Clerk of Court which will send notification of such service and subsequent filing to all counsel via the Court's Electronic Filing System.

        /s/ Christina L. Corl
        Christina L. Corl  (0067869)

Open.25577.83339.31189168-1

3