IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

### DEFENDANT GIORGIO RIZZONI'S REPLY IN SUPPORT OF DEFENDANT'S BILL OF COSTS

**I.  INTRODUCTION**

On May 4, 2023, the jury in this matter returned a verdict in favor of Defendant, Dr. Giorgio Rizzoni. The Court entered judgment in Dr. Rizzoni's favor on May 5. (ECF #207).

S.D. Ohio Civ. Rule 54.1 provides for Taxation of Costs, as follows:

> If the prevailing party intends to file a bill of costs, the party must do so within forty-five days from the entry of judgment unless a statute or Court order provides otherwise. A bill of costs **must be prepared** on Form AO 133, which is available on the Court's website, or in substantially similar form. The bill of costs **must be verified** in accordance with 28 U.S.C. § 1924. The Clerk shall tax costs after all parties have had an opportunity to be heard on the bill of costs pursuant to the briefing schedule provided in S.D. Ohio Civ. R. 7.2  The Clerk may defer taxation of costs pending appeal.

On May 8, 2023, Defendant submitted a Bill of Costs for $14,318.67, on Form AO 133, verified by its attorney, Christina Corl. (ECF #208).

1

The Clerk of Courts issued a briefing schedule for the bill of costs, but Plaintiff moved to stay taxation of costs pending appeal. (ECF #212). On June 9, 2023, the Court denied the Plaintiff's motion to stay the taxation of costs and reinstated a briefing schedule. (ECF # 221). The order on Plaintiff's motion for stay ordered Plaintiff to file any memorandum contra to the motion for costs no later than June 19, 2023 and Defendants were allowed to file a reply no later than June 30. Id.

Plaintiff did not file a memorandum contra to the motion for costs. As such, the motion for costs is unopposed. Nonetheless, Defendants submit this reply in support of their motion for costs.

## II.   ARGUMENT

### 1.   Defendant Complied with Local Rule 54.1.

Under the Local Rule 54.1, all that was required of Defendant was to prepare a bill of costs on Form AO 133 and verify the bill of costs in accordance with 28 U.S.C. § 1924. Defendant complied with the rule, as indicated on the face of its Form AO 133 Bill of Costs. (ECF #208).

Pursuant to Rule 54.1, the Clerk shall tax costs after all parties have had an opportunity to be heard on the bill of costs pursuant to the briefing schedule provided in S.D. Ohio Civ. R. 7.2, which means a memorandum in opposition by Plaintiff within twenty-one (21) days, and a Reply memorandum in opposition by Defendant within fourteen (14) days. The Clerk issued the briefing order for the bill of costs in accordance with the rule.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees –

2

should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Moreover, under 28 U.S.C.A. § 1920, "[a] judge or clerk of any court of the United States may tax as costs … fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Before costs are taxed, "the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Pursuant to 28 U.S.C. § 1924, Defendant has attached as **Exhibit 1** the Affidavit of Christina Corl in support of the Bill of Costs.

**2. Defendant's Transcript Costs Were Necessary for its Motion for Summary Judgment and Trial.**

Defendant's Bill of Costs comprised the costs for deposition transcripts "necessarily obtained for use in the case" as indicated on the Bill of Costs. used at trial and/or in Defendant's Motion for Summary Judgment. Specifically, Defendant's Bill of Costs is based on the deposition transcripts and costs itemized in the table below, for which Defendant attached invoices to its original filing for costs. (ECF #208, PAGEID #s 7721 to 7735).

| Deponent | Cost |
|---|---|
| Kristi Hoge (Vol. I) | $1,318.70 |
| Giorgio Rizzoni (Vol. I) | $1,072.90 |
| Giorgio Rizzoni (Vol. II) | $1,014.20 |
| Jonathan Parry | $960.70 |
| Dyche Anderson | $537.00 |
| Maryn Weimer | $601.40 |
| Kellie Brennan | $807.15 |
| Brant Thomas, Jim Giuliani, Megan Lawther, Matt Page | $679.55 |
| Kristi Hoge (Vol. II) | $495.15 |

3

| | |
|---|---:|
| Adithya Jayakumar | $639.80 |
| Giorgio Rizzoni (Vol. III) | $452.25 |
| Meng Huang | $1,463.50 |
| Meng Huang | $2,995.05 |
| Vish Subramaniam | $353.05 |
| Lauren Rikleen | $928.27 |
| | |
| **TOTAL** | **$14,318.67** |

Federal Rule of Civil Procedure 54(d)(1) states that costs "should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) codifies a presumption that prevailing parties are entitled to costs. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). The decision whether to award costs is, however, ultimately left to the discretion of the district court. *Id.* In exercising that discretion, a court should look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Pub. School Sys.,* 360 F.3d 583, 591 (6th Cir. 2004).

The Sixth Circuit has explained that the discretionary grant of costs under Rule 54(d) was " 'intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party.' " *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (emphasis deleted) (quoting *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)). Several circumstances justify the denial of costs, including (i) where the prevailing party's taxable costs are unnecessary or unreasonably large, (ii) where the prevailing party unnecessarily prolonged trial or injected unmeritorious issues into the case, (iii) where the prevailing party's recovery is so insignificant that the judgment amounts to a

4

victory for the defendant, and (iv) where the case is " 'close and difficult.' " *Id.* (quoting *U.S. Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)). *See also, Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001)(citing *White & White,* 786 F.2d at 723-33) (such circumstances which may justify excusing or reducing an award are recognized as including "the losing party's good faith, the difficulty of the case, the winning party's behavior and the necessity of the costs.").

Here, there are no circumstances that justify the denial of Defendant's costs. First, the costs were necessary and reasonable. Defendant's Bill of Costs is solely for deposition transcripts used in support of its Motion for Summary Judgment and/or for trial. In support of its Motion for Summary Judgment, Defendant cited the depositions of Dr. Rizzoni, Hoge, Parry, Jayakumar, Brennan, Weimer, Plaintiff and Subramaniam. In addition, Defendant utilized all of the deposition transcripts in preparation for trial and in conducting examination of the witnesses. Because Defendant utilized each of the transcripts at the summary judgment phase and/or at trial, the costs were necessary. In any event, "a deposition does not have to be used as evidence to be taxed as an expense." *Baker v. First Tenn. Bank Nat'l Ass'n,* 1998 WL 136560, at *3 (6th Cir. Mar. 19, 1998). "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." *Id.* (citing 10 Charles Alan Wright et al., Federal Practice and Procedure; Civil 2d § 2676, at 341 (2d ed 1983)). Here, it should be noted that all but one of the depositions (Plaintiff, Meng Huang) *was requested and taken by Plaintiff*.

5

Plaintiff can hardly argue that the number or duration of the depositions was somehow unreasonable because Plaintiff – not Defendants – noticed and took the depositions.

Moreover, Defendant's costs submitted for the depositions are not unreasonably large. The total cost of depositions, transcripts, and one video for fourteen (15) distinct[1] witnesses is only $14,318.67. In *Aubin Indus., Inc. v. Smith*, No. 1:04-CV-681, 2009 WL 1674845, at *8 (S.D. Ohio June 15, 2009), the court approved a bill of costs totaling $8,331.10. In *Taglione v. Charter Commc'ns, LLC,* 335 F.R.D. 506, 510 (S.D. Ohio 2020), the plaintiffs were taxed $13,830.15 of the costs sought by the defendant. The costs sought by Defendant are well within reason for the number of depositions taken in this case.

Regarding the costs of deposition transcripts, the Sixth Circuit has made it clear that a party may recover both the cost of the video and the stenographic transcript. "In the Sixth Circuit, taxing both the cost of videotaping and transcribing a deposition are permissible." *Hartford Fin. Servs. Group,* 2007 U.S. Dist. LEXIS 22528, at *16, 2007 WL 963320 (internal citations omitted); *see also, Baker v. First Tennessee Bank,* No. 96-6740, 1998 U.S.App. LEXIS 5769, at *17, 1998 WL 136560 (6th Cir.1998) ("Subsection (2) and (4) of 1920 have interpreted to authorize taxing as costs the expenses of taking, transcribing and *reproducing* depositions." (internal citations omitted) (emphasis added)).

The Sixth Circuit has upheld the denial of costs in several "close and difficult" cases involving numerous parties, lengthy trials, and voluminous exhibits and transcripts. *White & White Inc.,* 786 F.2d at 732 (*citing United States Plywood Corp. v. Gen. Plywood Corp.,* 370 F.2d

---

[1] Kristi Hoge is counted twice because she was deposed individually and as a corporate designee.

500, 508 (6th Cir 1966)). In *White & White, Inc.,* the court declined to order costs where the trial had taken 80 days, and there were 43 witnesses, 800 exhibits, 15,000 pages of transcripts, and a 95-page opinion by the district court. 786 F.2d at 732. In *United States Plywood,* after a lengthy trial involved the validity of a patent and counterclaims for patent infringement, the court ruled that the defendant's patent was valid, but that there was no infringement by the plaintiff. 370 F.2d at 508. Therefore, the court found it would be inequitable for one side to the pay the other's costs.

In *Smith v. Rosenthal, Collins Group, LLC,* 2006 U.S. Dist. LEXIS 29585 (S.D. Ohio May 4, 2006), the court rejected the unsuccessful litigant's argument that costs should be denied to the prevailing party on the grounds that the case was "close and difficult." The court found that, "The trial lasted only four days and involved nine witnesses and 76 exhibits." *Id*. at *6. Similarly, in *Hildebrandt v. Hyatt Corporation,* No. 1:02-CV-0003, 2006 WL 8441512, at *3 (S.D. Ohio Aug. 24, 2006), the jury trial lasted approximately 5 days, the jury deliberated for approximately one day (although deliberation occurred over a two day period), 16 witnesses were called, and 44 exhibits were produced. Comparing the facts of that case to *Rosenthal,* the *Hildebrandt* Court found that the case was not close and difficult.

Based upon this precedent, this case was also "not close and difficult." The trial lasted four total days, and there were 5 total witnesses called, including Plaintiff. The parties introduced fewer than 20 exhibits. Finally, the jury returned a verdict in favor of Defendant after just over four hours. This factor weighs in favor of awarding Defendant its costs.

7

Additionally, Defendant did not engage in any improper conduct, unnecessarily prolong the trial, or inject unmeritorious issues into the case such that the Defendant should be punished by denying its Bill of Costs.

Finally, there is no legitimate argument that Defendant's jury verdict was so insignificant that it amounted to a victory for the Plaintiff.

Based on the foregoing, there is no reason that would justify a denial of Defendant's Bill of Costs.

### III.   RELIEF REQUESTED

For the reasons set forth above, Defendant respectfully requests the Court approve its Bill of Costs and enter an Order requiring Plaintiff to reimburse Defendant accordingly.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43215
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com
*Counsel for Defendants, The Ohio State University and Dr. Giorgio Rizzoni*

### CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this 30th day of June, 2023, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

### AFFIDAVIT OF CHRISTINA L. CORL

NOW COMES AFFIANT, Christina L. Corl, first being duly sworn, and pursuant to 28 U.S.C. § 1924, states as follows:

1. I am an attorney at Plunkett Cooney and managing partner of the firm's Columbus, Ohio office.

2. I represented the Defendants, The Ohio State University and Dr. Giorgio Rizzoni, as lead counsel in this litigation and at trial.

3. In my role as lead counsel, I was responsible for all strategic decisions regarding witnesses, depositions, arguments in Defendant's Motion for Summary Judgment, trial preparation, and trial.

4. After the jury returned a verdict in favor of the Defendant, I submitted a Bill of Costs for the costs associated with transcripts and, where applicable, videos of the depositions taken of witnesses in this matter.

**EXHIBIT 1**

5. I have reviewed the Bill of Costs and the itemized invoices submitted in support thereof, which are attached to Defendant's Response to Plaintiff's Opposition to Defendant's Bill of Costs, and I have verified that the items listed are correct.

6. Based on my professional experience as a litigating attorney with over 25 years of practicing law, these deposition costs were necessarily incurred for Defendants to prepare this matter for trial.

7. Further, the services for which fees have been charged were actually and necessarily performed, as Defendant received transcripts and videos of the respective depositions.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CHRISTINA L. CORL

Sworn to and subscribed before me by the Affiant, on this 30th day of June, 2023.

_____
Notary Public
My commission expires: _____

AMY E. MYERSCOUGH
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Franklin County
My Comm. Exp. 10/17/2023

Open.25577.83339.31180880-1

2