### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | |
| | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| | |
| THE OHIO STATE UNIVERSITY | JURY TRIAL DEMANDED |
| and GIORGIO RIZZONI, | |
| | |
| Defendants. | |

### MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURES
### AND STATUS REPORT REGARDING EXPERT DISCOVERY

**I.      Status Report Regarding Expert Discovery**

By Order dated February 15, 2023, the Court (via Judge Graham) denied Defendants'
motion in limine to preclude the testimony of Plaintiff's expert Lauren Rikleen without prejudice
and denied as moot Plaintiff's motion to file a sur-reply in opposition to that motion. (Dkt. 156).
While the Order does not state its reasoning, presumably the Court entered this order because Ms.
Rikleen's proposed expert opinions pertain mainly to Ms. Huang's claims against Defendant OSU
that had been dismissed on summary judgment.  Because Ms. Huang's sexual harassment and
retaliation claims against OSU have been reinstated by the Eighth Circuit, Ms. Rikleen's opinions
are again relevant. Ms. Huang therefore renews her motion for leave to submit a sur-reply (Dkt.
113).

1

## II.  Motion to Supplement Expert Disclosures

By Order dated April 7, 2023 (Dkt. 176), the Court (via Judge Graham) granted Defendant Rizzoni's[1] motion in limine excluding the testimony of Dr. Roy Lubit, a psychiatrist with whom Ms. Huang began treating shortly before the 2023 trial in this case.[2] On the eve of the 2023 trial in this matter, the Court found that while Ms. Huang had only recently begun treatment with Dr. Lubit, his identification as a witness just over a month before the scheduled trial was not substantially justified or harmless. While the Court applied the correct legal standard, as set forth below, the passage of time and changed circumstances should change the outcome when this same standard is applied today.

The Court correctly stated:

> Rule 37 of the Federal Rules of Civil Procedure forbids parties who fail to identify a witness as required by Rule 26(a) or (e) from using that witness to supply evidence at trial "unless the failure was substantially justified or is harmless." The party wishing to introduce the evidence has the burden of proving harmlessness. *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). A "trial judge has broad discretion in the matter of the admission or exclusion of expert evidence." *United States v. Jones*, 107 F.3d 1147, 1151 (6th Cir. 1997) (quoting parenthetically *Salem v. United States Lines Co.*, 370 U. S. 31, 35 (1962)).

(Dkt. 176, at p. 2). In *Sanders v. Elzy*, Civil Action No. 3:21-cv-75-RGJ, 2022 U.S. Dist. LEXIS 146208 (W.D. Ky. Aug. 15, 2022), the court analyzed the factors that Ms. Huang must satisfy to prove that her disclosure of Dr. Lubit is substantially justified or harmless. First is surprise. *Id*, at *8. Second, is Ms. Huang's ability to cure the surprise through supplemental disclosure. *Id.*, at *10. Third, is the extent to which allowing supplementation would disrupt the trial. *Id.* The fourth

---

[1] Defendant OSU was not a party to the litigation at the time.

[2] While the parties disagreed in prior briefing as to whether Dr. Lubit was a fact witness or an expert witness, this is immaterial as Ms. Huang is required to provide expert disclosures under Rule 26(e)(2) in order for him to render his expected testimony. *See Sanders v. Elzy,* Civil Action No. 3:21-cv-75-RGJ, 2022 U.S. Dist. LEXIS 146208 (W.D. Ky. Aug. 15, 2022).

factor is the importance of the evidence to Ms. Huang's case. *Id.*, at \*11. The fifth and final factor is the reasonableness of Ms. Huang's explanation for her failure to timely disclose the evidence. *Id.*

Circumstances have changed substantially and these factors now strongly favor admission. The surprise factor heavily weighs in favor of admission because Defendants have been aware of Ms. Huang's treatment by Dr. Lubit for over twenty-one months and seven or more months for PTSD are expected to elapse before the retrial. The cure factor also strongly favors admission because Defendants cannot reasonably claim that they are being unfairly ambushed by the prospect of Dr. Lubit testifying at trial or that needing to depose him at this stage (10 months away from trial) would cause undue distraction from their trial preparation. The trial disruption factor equally favors admission because the current projected trial date provides more than sufficient time for supplemental expert discovery. The fourth factor is easily satisfied, as Dr. Lubit's testimony is critical to Ms. Huang's case. Dr. Lubit is expected to testify that Ms. Huang's PTSD is genuine, severe and ongoing, despite the passage of time from the events giving rise to this case. Indeed, the reason that Ms. Huang sought Dr. Lubit's care was worsening PTSD symptoms induced by the stress of the approaching 2023 trial.

Allowing Judge Graham's April 2023 ruling to stand would effectively cut-off evidence of Ms. Huang's emotional distress as of that date. This would be patently unfair, as this trauma is a major part of Ms. Huang's lived experience and will likely persist in some form or another for the rest of her life. She should be permitted to present updated evidence.

As for the fifth factor—the reasonableness of the reason for late disclosure, courts in the Sixth Circuit have analyzed this issue and admitted testimony in similar circumstances. For

3

example, the Western District of Kentucky acknowledged that the late disclosure of a plaintiff's

new treating physician can be substantially justified:

> It is possible that a plaintiff could, in good faith, seek new treating physicians for medical reasons during the course of litigation, even after expert disclosures have been made. In that case, the plaintiff's request to call that new treating doctor as a Rule 26(a)(2)(A) witness in his case in chief might be justified.

*Bumpus v. Carhartt, Inc.*, No. 4:13CV-00104-JHM, 2016 U.S. Dist. LEXIS 199025, at *12-14

(W.D. Ky. Mar. 16, 2016) (quoting *Noffsinger v. Valspar Corp.*, No. 09 C 916, 2011 U.S. Dist.

LEXIS 60, at *10 (E.D. Ill. June 17, 2011)). Here also, the physician became Ms. Huang's treating

physician after the deadline for disclosure.

     For the above reasons, justice requires that the Court revisit Judge Graham's 2023 holding

on this issue and permit Dr. Lubit to testify at trial.


                  Respectfully Submitted,


Dated: December 13, 2024       */s/ Andrew J. Horowitz, Esq.*
                         Bruce C. Fox, Esq. (*pro hac vice*)
                         Andrew J. Horowitz, Esq. (OH ID No. 0101753)
                         OBERMAYER REBMANN
                         MAXWELL & HIPPEL LLP
                         525 William Penn Place, Suite 1710
                         Pittsburgh, PA 15219
                         Phone:    (412) 566-1500
                         Fax:       (412) 281-1530
                         bruce.fox@obermayer.com
                         andrew.horowitz@obermayer.com

                         *Counsel for Plaintiff Meng Huang*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Andrew J. Horowitz, Esq.*

4929-3533-3636 v2-12/13/24