# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MENG HUANG,

      Plaintiff,

      v.

THE OHIO STATE
UNIVERSITY, *et al.*,

      Defendants.

:

:

**Case No. 2:19-cv-1976**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## ORDER SETTING JURY TRIAL DATE
## AND FINAL PRE-TRIAL CONFERENCE

This case hereby is set for trial on **September 8, 2025, at 9:00 AM.** In preparation for trial, the Court has set the following schedule to which the parties are to adhere. The Court has included a statement of pre-trial and trial procedures which the parties are to follow.

### Summary

| | |
|---|---|
| **April 30, 2025** | Deadline to complete mediation. |
| **July 8, 2025** | Motions *in limine*; pre-trial motions; **joint** jury instructions with objections, reasons, and authority for same clearly marked; **joint** verdict forms and interrogatories, designation of deposition portions with objections marked and stipulations are due. The joint instructions, joint verdict forms and joint interrogatories shall also be emailed in **one document in Microsoft Word format** to the Court's law clerk, Trina Edwards, at **Trina_Edwards@ohsd.uscourts.gov** by this deadline. Motions shall be limited to ten pages. A motion exceeding this length will be stricken from the record. |

1

| | |
|---|---|
| **July 15, 2025** | Memoranda contra to pre-trial motions and motions *in limine* and joint final pre-trial statement due. Memoranda contra shall be limited to ten pages. Any opposition exceeding this length will be stricken from the record. No replies shall be permitted. |
| **August 29, 2025 at 1:30 PM** | Final pre-trial conference. Counsel and *pro se* parties shall personally appear. Clients shall be available via telephone. This conference will be conducted on the record. Proposed areas of questions for voir dire are due. |
| **September 8, 2025 at 9:00 AM** | Voir dire, opening statements, and presentation of evidence. |

\* \* \*

## I.    PRE-TRIAL PROCEDURE

### Mediation

At the status conference on November 26, 2024, the Court ordered the parties to mediate this matter. To the extent they have not done so already, the parties are **ORDERED** to confer **within fourteen (14) days of this Order** to (1) identify a mediator, and (2) set a date, time, and location for mediation. The chosen mediator will then file a Notice Setting Mediation or similar notice relaying that information to the Court.

Mediation must be completed on or before **April 30, 2025**. By that date, the parties must file a status report indicating the status and results of their mediation, unless a notice of dismissal is filed prior.

2

## Trial Date

Trial shall begin on **September 8, 2025, at 9:00 AM.** The Court will follow a five-day week trial schedule, conducting the trial of this case from Monday through Friday of each week until completion of the trial.

The Court will not continue the trial date except upon written motion, supported by an affidavit demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of notice of the existence of the exceptional circumstances.

The Court may set several cases for trial on the same date. Cases are tried in the order they were filed. If another case set for the same day goes to trial, then the parties and counsel in the next case shall remain prepared to go to trial on a standby basis for a period of two weeks unless the Court orders otherwise.

Under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and Fed. R. Crim. P. 50, the Court will give preference to any criminal matters it has set to take place at the same time as the trial in this case. Fed. R. Civ. P. 40.

Counsel may call the Courtroom Deputy, Maria Rossi Cook, at (614) 719-3300 to obtain information about whether other cases will go to trial before this case as it gets closer to the trial date.

## Final Pre-trial Conference

This case is set for a final pre-trial conference under Fed. R. Civ. P. 16 on **August 29, 2025, at 1:30 PM** before the Honorable Sarah D. Morrison, Chief Judge, United States District Court, 85 Marconi Boulevard, Room 168, Columbus,

3

Ohio 43215. The trial attorney for each party must attend the final pre-trial conference in person with full settlement authority. Counsel shall have clients available via telephone. *Pro se* parties must personally attend, also with full settlement authority. Any questions regarding the final pre-trial conference should be addressed to the Court's Law Clerk, **Trina Edwards**, at (614) 719-3307 or **Trina_Edwards@ohsd.uscourts.gov**. All counsel and *pro se* parties shall be included in the phone call or email.

At least two days prior to the final pre-trial conference, counsel for each party must contact the Courtroom Deputy, Maria Rossi Cook, at (614) 719-3300 or **Maria_RossiCook@ohsd.uscourts.gov** to schedule a time immediately before or immediately after the final pre-trial conference to familiarize themselves with the courtroom technology.

### Pre-trial Motions

All pre-trial motions or motions *in limine* shall be filed on or before **July 8, 2025**. A party may file multiple motions *in limine*, but each motion *in limine* shall not exceed a total of ten pages in length, including any supporting memorandum. The memoranda contra any motions *in limine* shall be filed on or before **July 15, 2025**. Each memorandum contra shall not exceed a total of ten pages in length. The Court will not accept any reply memoranda. Reply memoranda will be *sua sponte* struck from the record.

## Jury Instructions

The Court will prepare preliminary and general jury instructions. The parties shall concentrate their efforts on content and/or case-specific instruction areas.

On **July 8, 2025**, the parties shall **jointly** file on ECF **one** set of agreed-upon proposed case-specific jury instructions, verdict forms, and interrogatories. Objections and authority for same shall be clearly marked and provided. The objecting party shall provide an alternative instruction in the same document. The joint instructions, joint verdict forms, and joint interrogatories shall also be emailed **in one document** in Microsoft Word format to **Trina_Edwards@ohsd.uscourts.gov** by this deadline.

All instructions shall be concise, understandable and neutral. For general jury instructions, the Court strongly prefers that the parties use the latest edition Federal Jury Practice and Instructions (West) by the Honorable Edward J. Devitt, Honorable Charles B. Blackmar, Michael A. Wolff, and Kevin F. O'Malley. For instructions concerning Ohio law, the Court strongly prefers that the parties use the latest edition of Ohio Jury Instructions (Anderson). The Court, however, welcomes any effort by counsel to make the instructions from these sources more direct, understandable, and concise.

## Designation of Deposition Portions

Pursuant to Fed. R. Civ. P. 26(a)(3)(A)(ii), on **July 8, 2025** the parties shall file via ECF the designations of any portions of depositions they intend to offer as

evidence at trial with all objections clearly marked.[1] Failure to make a designation, except upon a showing of good cause, will preclude the use of the undesignated portion of a deposition at trial.

Counsel will confer in advance of trial and attempt to resolve objections by agreement. If any objections remain for ruling, counsel shall jointly prepare a list of objections identifying the page number and line(s) of the deposition where the objection will be found and stating in one sentence the grounds for the objection. This procedure applies to both written and recorded depositions. Thus, recorded depositions which contain objections must be accompanied by a full or partial transcript. The jointly prepared list of objections and grounds for the same shall be filed via ECF with the designations of the portions offered as evidence. The designation of deposition portions shall comport with all of the requirements of Fed. R. Civ. P. 26(a)(3)(A).

Recorded depositions shall be edited **prior to trial** to remove testimony as to which the Court has sustained an objection.

## <u>Stipulations</u>

Counsel for the parties shall confer and reduce to writing all stipulations. Fed. R. Civ. P. 16(c)(1). The parties shall file any stipulations on or before **July 8, 2025**.

---

[1] Do not designate portions to be used for impeachment on cross-examination.

## Joint Final Pre-trial Statement

The parties shall file via ECF a Joint Final Pre-trial Statement, a sample of which is located on the Court's website, on **July 15, 2025**. As is specified on the sample, the Joint Final Pre-trial Statement must include:

- A witness list, pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), including the names, addresses, and (for witnesses testifying in their professional capacity) occupations of all witnesses they intend to call at trial with a **brief** summary of each witness's expected testimony (two to three sentences), the purpose of that testimony, and the major issue about which the witness will testify. Failure to list a witness, except upon a showing of good cause, will preclude the use of that witness at trial. For expert witnesses, the parties shall comply fully with all of the requirements of Fed. R. Civ. P. 26(a)(2), including the required disclosures at least ninety (90) days before the trial unless an earlier date has been set by the Court. Witness lists should not be separately filed or submitted to the Court.

- Exhibit lists, pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), containing a brief description of each item of documentary or physical proof the parties intend to offer in evidence as an exhibit at trial. The parties shall meet and confer regarding exhibits and shall include separate exhibit lists for joint exhibits, plaintiff exhibits, and defendant exhibits. Exhibits should not be included on more than one list. Exhibit lists should not be separately filed or submitted to the Court except as otherwise noted here.

## Exhibits

Counsel will mark and label all exhibits and assemble them in three-ring tabbed binders. Plaintiff's exhibits will bear the letter prefix P followed by Arabic numerals, Defendant's exhibits will bear the prefix D followed by Arabic numerals, and joint exhibits will bear the prefix J followed by Arabic numerals.

The parties shall submit their exhibit binders **three days before trial**. Counsel shall provide one (1) copy of their tabbed exhibit notebook(s) to opposing counsel, and three (3) copies to the Court—one for the Judge, one for the Law Clerk, and one for the Courtroom Deputy (for use at the witness stand)—**three days before trial**. Plaintiff exhibit binders shall include the joint exhibits. Defendant exhibit binders shall not. Each exhibit binder shall include a list of exhibits in the binder.

At trial, counsel will not approach the witness to tender an exhibit. The parties shall either provide the witness through the Courtroom Deputy the relevant volume(s) when the witness takes the stand or provide exhibits as they are used to the Courtroom Deputy.

In formulating a question to a witness dealing with an exhibit, counsel shall specify the exhibit designation so that the record will be clear.

Each counsel is responsible for any exhibits secured from the Courtroom Deputy. At the end of each trial session, all exhibits shall be returned to the Courtroom Deputy.

Exhibits produced for the first time during trial, as in the case of exhibits used for impeachment, shall be tendered to the Courtroom Deputy for marking and then displayed to opposing counsel.

## **Voir Dire**

On or before **August 29, 2025**, Counsel are to file via ECF questions they would like the Court to include in its voir dire examination and general areas of questions they would like to ask during voir dire.

## II.     TRIAL PROCEDURE

### Counsel Tables

Plaintiff will occupy counsel table next to the jury box. Defendant will occupy counsel table across from Plaintiff.

### Appearances

Upon arrival, counsel will enter their appearance with the Court Reporter and the Courtroom Deputy before the start of the opening session of the trial or any other proceeding before the Court.

### Court Sessions

Trials will be held Monday through Friday of each week. Morning session begins at 9:00 AM and will recess at approximately 10:30 AM for 15 minutes. Lunch recess will be at approximately 12:00 PM. Afternoon session begins at 1:00 PM and will recess at approximately 3:30 PM for 15 minutes. Court will adjourn at approximately 5:00 PM.

The parties and all counsel will be present at counsel tables at all sessions **before** the jury is brought into the courtroom and will remain at counsel tables until **after** the jury leaves the courtroom at the end of all sessions. The parties and counsel will stand upon the entrance and exit of the jury.

### Addresses By Counsel

Counsel will address the Court and the jury in the following manner:

(a)     Voir dire examination, opening statements, and closing arguments will be conducted from the lectern facing the jury.

(b)     All addresses to the Court will be made from the lectern facing
the Court.

(c)     Counsel shall stand when addressing the Court for any reason.

## **Examination of Witnesses**

Counsel shall conduct their examination from the lectern.

In advance of trial, counsel will instruct his or her witnesses to answer
questions with courtesy. Evasive answers, answering a question with a question, or
disrespect to opposing counsel will not be permitted.

Counsel are expected to extend equal courtesy to all witnesses. Counsel will
wait until the witness has finished an answer before asking the next question.
Multiple and repetitious questions will not be permitted. Counsel may not by any
action, inflection, or expression indicate disbelief of any witness's answer. Counsel
shall admonish their clients and witnesses to desist from such conduct.

Witnesses shall be treated with fairness and consideration. They shall not be
shouted at, ridiculed, or otherwise abused. The untruthful or hostile witness can be
examined firmly and extensively without abuse.

When a party has more than one attorney, only one may conduct the direct or
cross examination of a given witness.

Counsel shall not approach a witness without asking the permission of the
Court. When permission is granted for the purpose of working with an exhibit,
counsel should resume the examination from the lectern when finished with the
exhibit.

11

Counsel are responsible for witnesses speaking so that their testimony will be easily heard by all members of the jury.

Upon completing his or her examination of the witness, counsel shall advise the Court, after which the Court will advise opposing counsel to proceed.

During examination of a witness, counsel will first obtain permission from the Court if he/she wishes to confer with co-counsel.

Generally, the Court will not allow re-cross.

## Objections

Counsel will stand when making an objection and will make the objection directly and only to the Court.

When objecting, state only that you are objecting and state the legal grounds therefor. Objections shall not be used for the purpose of making speeches, repeating testimony, or to attempt to guide a witness or influence the jury.

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court. Either counsel may request a bench conference.

## Decorum

Colloquy, or argument between counsel will not be permitted. All remarks shall be addressed to the Court.

Counsel shall maintain a professional and dignified atmosphere throughout the trial.

Appearance, mannerisms, or habits that are designed to arouse the sympathy or prejudice of the jury are an impediment to an impartial trial and will not be permitted.

During a trial, counsel shall not exhibit familiarity with witnesses, jurors, or opposing counsel and shall avoid the use of first names. No juror shall be addressed individually or by name.

During opening statements and final arguments, all persons at counsel table shall remain seated and be respectful so as not to divert the attention of the Court or the jury.

Do not ask the Court Reporter to mark testimony. All requests for re-reading of questions or answers shall be addressed to the Court.

### Demonstrative Evidence

If any sketches, models, diagrams, or other demonstrative evidence of any kind will be used during the trial, they must be shown to opposing counsel one week prior to trial. Objections to the same must be submitted to the Court prior to the commencement of trial. Demonstrative evidence prepared solely for the purpose of final argument shall be shown to opposing counsel at the earliest possible time but in no event later than one-half hour before the commencement of the arguments.

Counsel must supply his/her own easel, flip charts, etc. for trial.

### Jury

The Court will seat a jury of eight (8) members. In accordance with Fed. R. Civ. P. 48, all jurors shall participate in the verdict unless excused pursuant to Rule

47(c). Unless the parties otherwise stipulate, the verdict shall be unanimous and no verdict shall be taken from a jury reduced in size to fewer than six (6) members.

## Voir Dire Examination

The whole panel of prospective jurors (i.e., those in the jury box and those seated in the rear of the courtroom) will be examined and accepted or challenged for cause and peremptorily challenged in one continuous examination.

Each prospective juror is assigned a number by the Clerk's Office. Counsel will be provided with a list of the jurors' names and numbers prior to the commencement of trial. When challenging a juror, counsel should refer to the juror by name and number.

The Court will conduct a preliminary voir dire examination tailored to the issues in the case being tried. Counsel may supplement the Court's examination, but they may not repeat in the same or in some other form any question already put to the panel by the Court. Counsel must address their questions to the whole panel in general and may not question an individual juror unless it develops from a question put to the whole panel that the answer of a specific juror justifies further inquiry.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaire forms which are on file in the Clerk's Office. Counsel should examine these questionnaires prior to the commencement of trial. Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's

14

permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

## Challenges

The entire panel shall be challenged for cause, jurors seated in the jury box and those seated in the rear of the Courtroom. Any jurors seated in the jury box who have been excused for cause will be replaced by the next available juror from the rear of the courtroom.

## Peremptory Challenges

Each party will be entitled to three peremptory challenges. 28 U.S.C. § 1870.

The parties will exercise their peremptory challenges alternately with the plaintiff exercising the first challenge. If either party "passes," that challenge will be counted as used.

Peremptory challenges will be directed only to the prospective jurors seated in the jury box. When a juror is excused, he or she will be replaced by the next available juror from the rear of the courtroom.

## Sanctions

The parties and counsel shall comply fully and literally with this pre-trial order. The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including but not limited to monetary sanctions, the dismissal of claims or defenses, and/or the exclusion of evidence. Fed. R. Civ. P. 16(f).

## Other Matters

The Court will consider adopting any other pre-trial and trial management procedures upon which the parties agree. Fed. R. Civ. P. 16(c).

This order supersedes all previous orders in this case to the extent previous orders are inconsistent with this order.

Parties are reminded that the use of mobile devices, including but not limited to text messaging and emailing, during proceedings before the Court is strictly prohibited.

The parties shall address questions about this order to the Court's Law Clerk, **Trina Edwards**, at **614-719-3307** by way of a telephone conference, or via email at **Trina_Edwards@ohsd.uscourts.gov**, with counsel for all parties participating in either method.

**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

16