IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>      Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,<br><br>      Defendants. | Case No: 2:19-cv-1976<br><br>Judge Sarah D. Morrison<br><br>Magistrate Judge: Chelsey M. Vascura |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT EXPERT DISCLOSURES AND RE-OPEN DISCOVERY**

Now come Defendants The Ohio State University and Dr. Giorgio Rizzoni, by and through counsel, and, pursuant to this Court's order of November 27, 2024 (ECF# 238), request this Honorable Court to deny Plaintiff's motion to revisit Defendants' Motion in Limine to exclude the testimony of Lauren Rikleen, to add multiple expert witnesses who were not timely disclosed in violation of multiple court orders and to re-open discovery after appellate remand. (Plf. Mot. ECF# 241).

**Introduction**

This case involves multiple civil rights, employment discrimination and retaliation claims brought by Plaintiff, a former student, against OSU and Dr. Giorgio Rizzoni, Plaintiff's former PhD advisor. This matter was tried to conclusion to a jury in 2023, and the jury returned a verdict in favor of Defendants. Plaintiff appealed to the Sixth Circuit the jury trial loss and the matter has been remanded for retrial on several claims.

Plaintiff has filed a motion with the Court requesting that the Court revisit Defendants' Motion in Limine to Exclude the testimony of alleged expert liability witness,

1

Lauren Rikleen, to re-open discovery and to identify multiple new damages/liability expert witnesses who were not timely identified previously and whose testimony was excluded by the Court as a discovery sanction. For the reasons set forth below, each of Plaintiff's requests must be denied.

I.      **Alleged "Expert" Lauren Rikleen.**

Plaintiff requests the following regarding Lauren Rikleen:

> By Order dated February 15, 2023, the Court (via Judge Graham) denied Defendants' motion in limine to preclude the testimony of Plaintiff's expert Lauren Rikleen without prejudice and denied as moot Plaintiff's motion to file a sur-reply in opposition to that motion. (Dkt. 156). While the Order does not state its reasoning, presumably the Court entered this order because Ms. Rikleen's proposed expert opinions pertain mainly to Ms. Huang's claims against Defendant OSU that had been dismissed on summary judgment. Because Ms. Huang's sexual harassment and retaliation claims against OSU have been reinstated by the Eighth Circuit, Ms. Rikleen's opinions are again relevant. Ms. Huang therefore renews her motion for leave to submit a sur-reply (Dkt. 113).

(Plf. Mot., ECF # 241, PAGEID #8187).

Lauren Rikleen is an environmental attorney who has zero experience in cases involving sexual harassment or discrimination, has never worked in higher education, has never investigated a sexual harassment claim and who has never been involved in any case involving employment discrimination or harassment, but who Plaintiff claims is an "expert" in this case *on those very issues*. Plaintiff alleges that the Court previously denied the motion in limine without prejudice because "the claims against Defendant OSU had been dismissed," but alleges that the opinions of Rikleen are somehow relevant again on remand. Id. Such is not the case, as the only opinions Rikleen (who is not qualified to give ANY opinions in this case) has provided is that: 1.) OSU did not do a sufficient investigation of Plaintiff's harassment complaint and 2.) She speculates about why Plaintiff did not report the alleged

2

harassment for 4 years.  Those issues are not relevant to any remaining claim against OSU and could only, potentially, be relevant to a Title IX "deliberate indifference" claim – *a claim which was not resurrected by the appellate court*. For purposes of this opposition, Defendants reincorporate and allege as if fully rewritten herein, their Motion in Limine to Exclude Rikleen (ECF #104) and Reply in Support of Motion to Exclude (ECF #111). If the Court considers Plaintiff's Motion for Leave to File Surreply (ECF #113), Defendants request leave to respond to that motion.[1]

**II.     Plaintiff's Motion to Add Experts and Re-Open Discovery.[2]**

This case was filed in 2018. During the pendency of the original case, the Court entered its Preliminary Pretrial Order on April 21, 2020 (ECF #45).  That order required the parties to exchange Rule 26 initial disclosures (including naming witnesses) on May 15, 2020.  It also required that full expert disclosures be made no later than November 1, 2020. Plaintiff subsequently *moved twice to amend the original case* schedule and, on February 4, 2021, the Court granted the second motion of Plaintiff and set expert disclosure deadlines for March 1, 2021.  (ECF # 75).

Plaintiff identified in its initial disclosures and in subsequent disclosures 4 damages experts and a liability expert (Rikleen). (Plf's disclosures, Exhibit A).  The damages experts were identified as Dr. Christopher Beechy, Dr. Deepika Rangwani, Sarah Phillip, CNP and Dr. Sheila Westendorf, all of whom provided medical and/or professional counseling services to

---

[1] Immediately following the filing of Plaintiff's motion for leave to file surreply regarding Rikleen, Plaintiff's counsel withdrew from the case and the case was stayed.  The case was stayed for 2 ½ months and the merits of the motion for leave to file surreply were never addressed by the Court.
[2] Even though Plaintiff does not explicitly request to re-open discovery, that would be the practical result of allowing Plaintiff to name 3 additional experts.

3

Plaintiff (a/k/a treating providers). Id. Plaintiff has never amended or revised her initial disclosures since providing them to Defendants on April 23, 2020.

Immediately before trial, Plaintiff identified 3 brand new "expert" damages witnesses, Denise Deschenes, Chiaothong Yong and Roy Lubit, all of whom were identified as being called as witnesses who provided psychological counselling to Plaintiff. Plaintiff identified these new experts, even though she had already identified 4 other damages experts timely. Plaintiff has never provided an explanation as to why the 4 experts she properly identified are somehow insufficient to testify regarding her alleged damages. Defendants moved to preclude these new witnesses on two grounds: 1.) They had never been timely identified as experts and 2.) Their testimony would not be relevant in the first phase of the 2023 trial, which was reserved solely to determine liability. The Court granted the Defendants' motion on BOTH grounds holding that the testimony was not relevant in the first phase of the trial and that the late expert identification was "not timely" and the witnesses are "excluded from testifying due to an unreasonable delay in disclosure." (Order of 4/7/23, ECF #176, PAGEID # 7086).

Plaintiff appealed the Court's ruling regarding relevance, but *Plaintiff did not appeal the ruling precluding calling the experts because they were identified untimely.*

For the reasons set forth below, the Plaintiff's motion to add new experts and re-open discovery must be denied.

### A. Plaintiff waived her claim to add new experts on remand because she did not raise that issue on appeal.

The law is well-settled that a party which does not make an argument on appeal cannot later raise that argument on remand. *See FCA US, LLC v. Spitzer Autoworld Akron, LLC*, 887 F.3d 278, 286-87 (6th Cir. 2018) (holding that "under the doctrine of law-of-the-case, a

4

party that fails to appeal an issue waives his right to raise the issue before the district court on remand or before the Sixth Circuit on appeal after remand"); *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532-33 (6th Cir. 2008) (the plaintiff's failure to challenge the district court's lost profits award on appeal "waived any right to relitigate the issue in the retrial for damages"); *United States v. Adesida*, 129 F.3d 846, 849-50 (6th Cir. 1997) (the defendant's failure to raise certain issues in his prior appeal "waived his right to raise these issues before the district court on remand"); *see also United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) (identifying, as a major limitation on the scope of a remand, the fact that "any issue that could have been but was not raised on appeal is waived and thus not remanded").

Per a related doctrine, district courts are confined to follow the mandate issued by the appellate court, including following the "law of the case" doctrine. This doctrine states that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 1391 (1983). "The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated." *Fogel v. Chestnutt,* 668 F.2d 100, 109 (2d Cir. 1981), *cert. denied,* 459 U.S. 828, 103 S. Ct. 65 (1982). Further, the district court is limited by the scope of remand from the appellate court. *Grant v. Metropolitan Gov't of Nashville,* 646 Fed. Appx 465, 468 (6th Cir. 2016)(If appellate court did not order the re-opening of discovery, discovery cannot be re-opened on remand); *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir.1999) ("The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals"); *see also Mason v. Mitchell,* 729 F.3d 545, 550 (6th Cir. 2013) ( "[t]he

trial court must proceed in accordance with the mandate and the law of the case as established on appeal") (quoting *Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 549 (6th Cir.2004)).

Here, not only did Plaintiff not appeal the ruling regarding the timeliness of her 3 new experts, the appellate court's remand order does not direct the district court to re-open discovery or allow untimely-identified experts to testify. Instead, the appellate court held only that it was an "abuse of discretion" to not allow Plaintiff's alleged "treating" doctors to testify during the liability stage of the trial. (App. Dec., ECF # 46-2, pg. 30). Plaintiff has identified timely 4 treating doctors who can testify during the liability stage of the trial, in accordance with the Sixth Circuit mandate: Dr. Christopher Beechy, Dr. Deepika Rangwani, Sarah Phillip, CNP and Dr. Sheila Westendorf. The mandate does not include an instruction to allow untimely-identified experts to testify at a new trial. The mandate only instructs that the 4 experts Plaintiff timely identified, per the appellate order, be allowed to testify during the liability phase of retrial.

Plaintiff's arguments to allow the untimely-identified witnesses miss the point. Plaintiff cites cases and arguments which would potentially apply during the original pendency of a case – not after remand. Plaintiff argues that Defendants would not be prejudiced if Plaintiff was allowed to identify 3 new damages experts, which would necessitate the re-opening of discovery[3] and the allowance of Defendants to add additional experts of their own. Such an analysis does not apply on remand. Remand is not a "do-over," its scope is limited to issues which were appealed, coupled with the specific instructions in

---

[3] Because these witnesses were identified well after the close of discovery in the underlying case, Defendants had no opportunity to serve discovery or depose these experts, which would be necessary if the Plaintiff is allowed to add new experts at this late date.

the mandate from the appellate court.   The Sixth Circuit has stated that "[t]he mandate rule has two components -- the limited remand rule, which arises from action by an appellate court, and the waiver rule, which arises from action (or inaction) by one of the parties." *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003). The mandate rule forecloses relitigation of issues expressly or impliedly decided by the appellate court. Id. The district court is prohibited from reopening on remand an issue that was ripe for review on appeal but not raised by the appellant unless the mandate can reasonably be interpreted as permitting the district court to do so. Id. at 679; *see, e.g., Engel Indus., Inc. v. The Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999) ("An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived.").

Because Plaintiff did not timely identify experts during the pendency of the case and because she did not appeal the trial court's ruling prohibiting the witnesses from testifying on these grounds, she cannot circumvent the appellate mandate after remand.  As such, and for the reasons set forth above, Defendants request this Honorable Court to deny Plaintiff's motion to add new experts and re-open discovery.

                                                               Respectfully submitted,

                                                                */s/ Christina L. Corl*
                                                                Christina L. Corl (0067869)
                                                                **PLUNKETT COONEY**
                                                                716 Mt. Airyshire, Suite 150
                                                                Columbus, Ohio 43235
                                                                Tel: (614) 629-3018
                                                                Fax: (614) 629-3019
                                                                Email: CCorl@plunkettcooney.com
                                                               *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk's Office using its electronic filing system on this **2nd day of January 2025** which will automatically serve a copy upon the following parties of record via electronic mail:

Bruce Fox
Andrew Horowitz
Bruce.Fox@Obermayer.com
Andrew.Horowitz@Obermayer.com
*Counsel for Plaintiff*

/s/ Christina L. Corl
**Christina L. Corl**

Open.25577.83339.30767075-1