IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>        Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,<br><br>        Defendants. | Case No: 2:19-cv-1976<br><br>Chief Judge Sarah D. Morrison<br><br>Magistrate Judge: Chelsey M. Vascura |

**DEFENDANTS' MOTION IN LIMINE NO. 2: TO EXCLUDE TESTIMONY OF PLAINTIFF'S WITNESS DR. ROY LUBIT AND CERTAIN COMPENSATORY DAMAGES EVIDENCE AT TRIAL**

Now come Defendants Giorgio Rizzoni ("Dr. Rizzoni") and The Ohio State University ("OSU") and respectfully request this Honorable Court to issue an order precluding Plaintiff from calling her litigation-retained psychiatrist, Dr. Lubit, at trial and from presenting any evidence regarding several elements of Plaintiff's claimed compensatory damages.

**I.    INTRODUCTION**

This is a sexual harassment/retaliation lawsuit in which Plaintiff alleges she was subjected to mistreatment by Dr. Rizzoni, a tenured professor of mechanical and aerospace engineering at The Ohio State University's ("OSU") College of Engineering. This case was filed by Plaintiff on August 31, 2018. A first jury trial was held on May 1, 2023, resulting in a verdict for the defense. Plaintiff appealed and this case was remanded for retrial to this court. Trial is currently set to begin on September 8, 2025.

60887378.1

## II. Untimely Identified Witness/Witnesses.

This suit was filed by Plaintiff in 2018 and the Court entered its Preliminary Pretrial Order on April 21, 2020 (ECF #45). That order required the parties to exchange Rule 26 initial disclosures (including naming witnesses) on May 15, 2020. It also required that full expert disclosures be made no later than November 1, 2020. Plaintiff subsequently *moved twice to amend the original case* schedule and, on February 4, 2021 (more than four years ago), the Court granted the second motion of Plaintiff and set expert disclosure deadlines for March 1, 2021. (ECF # 75).

Plaintiff identified in its initial disclosures and in subsequent disclosures 4 damages experts and a liability expert. The damages experts were identified as Dr. Christopher Beechy, Dr. Deepika Rangwani, Sarah Phillip, CNP and Dr. Sheila Westendorf, all of whom provided medical and/or professional counseling services to Plaintiff (a/k/a treating providers). Id. Plaintiff has never amended or revised her initial disclosures since providing them to Defendants on April 23, 2020.

As the court is aware, within days of the first trial of this matter, Plaintiff identified an additional expert witness to testify on her behalf, Dr. Roy Lubit.[1] The court granted the Defendants' motion to exclude Dr. Lubit's testimony at trial as a discovery sanction.

---

[1] Also days before the first trial, Plaintiff identified two witnesses who were never previously identified by Plaintiff: Denise Deschenes and Chiaothong Yong who, apparently, are treating physicians of Plaintiff. Plaintiff had never identified Deschenes or Yong as witnesses whom she intended to call at the time of trial. Defendants moved to exclude these witnesses and Deschenes and Yong were excluded from testifying at the first trial as a disclosure/discovery sanction. (ECF # 176, PAGEID #7087). Should Plaintiff seek to have these witnesses testify in the second trial, these witnesses should be excluded again on the same grounds.

(ECF#176 PAGEID # 7086.)   Following remand of this matter, Plaintiff indicated her intention to, again, call Dr. Lubit as a witness at trial, to which Defendants, again, objected. This Court, on April 17, 2025 issued an order upholding the prior exclusion of Dr. Lubit as an expert, with the caveat that Dr. Lubit would be allowed to testify ONLY about his treatment of Plaintiff "since May 2023"  which was the start of the first trial in this case.  (ECF # 245 PAGEID # 8628).   The court also stated that the parties are "ORDERED to complete the *limited discovery on Dr. Lubit's treatment of Dr. Huang from May 2023 to the present* by June 13, 2025." Id., PAGEID # 8629. (emphasis added)

Upon receipt of the court's order of April 17, defense counsel contacted Plaintiff's counsel for dates for Dr. Lubit's deposition and to obtain his treatment and billing records. When the records (no bills) were supplied, Defendants learned that *Dr. Lubit has not, in fact, provided any treatment to Plaintiff since the first trial.*  Dr. Lubit's last treatment session with Plaintiff was in April 2023.  Based upon the court's order for "limited" discovery and the fact that Dr. Lubit has not actually treated Plaintiff since the first trial, Defendants did not take the deposition of Dr. Lubit because there is nothing to discuss.

As the Court knows, Plaintiff has returned to China.  According to her counsel, Plaintiff is prohibited from treating with Dr. Lubit while she is in China, but Plaintiff "does intend to further treat with him when she comes to the United States later this summer." (Exhibit A, email of counsel of 6/10/25).  No details have been provided about Plaintiff's summer travel or when/how she may continue her alleged treatment with Dr. Lubit.  So, again, Defendants are put in a position of being surprised at trial, with no ability to conduct discovery of Dr. Lubit if he does, in fact, treat Plaintiff within the weeks prior to trial.  As such, Dr. Lubit's

3

60887378.1

testimony should be excluded in its entirety for the same reasons it was excluded during the first trial.

## III. Evidence Relating to Compensatory Damages Never Previously Disclosed.

Also in advance of the first trial, Plaintiff (for the first time) identified damages including "delayed full time employment" in the amount of $180,000 and cost for "treatment (present and future)," which includes no monetary amount. As outlined below, Plaintiff did not disclose the calculation or evidentiary support for these "damages" in her Rule 26 disclosures or in her discovery responses, despite being ordered by the Court to do so.

Plaintiff has provided the following description of her "damages" over the course of this litigation as follows:

1. Initial Disclosures: "Meng Huang has not yet calculated the value of the damages she sustained . . . ."

2. Plaintiff's Discovery Responses of May 1, 2020: When asked to describe all categories of damages, calculations of all damages, all witnesses who will testify as to damages and all documents which relates to damages: "Plaintiff objects to this request . . . as it is overly burdensome and not proportionate to the needs of the case." (Interrogs and RFPD numbers 26 through 31).

3. Plaintiff's First Supplemental Discovery Responses of October 8, 2020: When asked to describe all categories of damages, calculations of all damages, all witnesses who will testify as to damages and all documents which relates to damages: "Plaintiff has not and is not obligated to calculate statutory, punitive, special damages, attorneys' fees or unknown damages . . . . As to compensatory

4

damages, the Plaintiff has not calculated these damages to date and will supplement at a later date."

Upon Plaintiff refusing to provide damages information, Defendants moved the Court to order Plaintiff to comply with the civil rules. A hearing with Magistrate Judge Vascura was held on November 19, 2020 and memorialized with an Order. (ECF # 68). In that order, Judge Vascura ordered as follows:

> In response to Defendants' interrogatory requesting a computation of each category of damages sought by Plaintiff, Plaintiff responded that she "has not and is not obligated to calculate statutory, punitive, special damages, attorneys' fees or unknown damages as this is within the province of the jury." Plaintiff is incorrect. A party must serve "a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered" as part of a party's initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(iii). Pursuant to the undersigned's Preliminary Pretrial Order, initial disclosures were due May 15, 2020. (ECF No. 45.) Plaintiff should have provided this information unprompted without Defendants having to issue an interrogatory. During the conference, Plaintiff's counsel represented that Plaintiff's damages calculations are not yet finalized because Plaintiff intends to rely on expert testimony as to damages. Even so, Plaintiff is **ORDERED** to supplement her response to Interrogatory No. 31 with whatever calculations she currently has.

Following the Court Order compelling her to respond to discovery regarding her calculation of damages, Plaintiff provided the following Second Supplemental discovery response on January 19, 2021:

- Lost income as a result of having her graduation delayed 18 months, less amounts paid to her by OSU during that time period. We expect this amount to equal approximately $200,000.

5

- Lost future income due to having to pursue an alternative career rather than her anticipated career at Ford Motor Company, in order to avoid exposure to Professor Rizzoni, along with having to forego income over the course of her career derived from the opportunities that Professor Rizzoni creates for his graduates through his connections and reputation in the industry, in an amount that is presently incalculable.

- Medical expenses resulting from emotional distress, in excess of $10,000, excluding amounts paid by health insurance, with the exact amount still being calculated.

- Compensatory damages resulting from damage to Plaintiff's credit rating due to unpaid medical expenses resulting from emotional distress, in an amount that is not presently calculable.

- Compensatory damages for lost future income due to limitations that emotional distress will place on her career, an amount that is presently incalculable.

- Compensatory damages for emotional distress.

That is the final supplementation of damages calculations provided by Plaintiff. Despite being ordered to do so by the Court, Plaintiff has never provided any sort of description of how she is calculating her "lost income," and has never identified a single witness to testify regarding her lost income. Nor has she provided any further detail or calculations regarding the numerous categories of compensatory damages she claims here.

6

60887378.1

With respect to medical treatment, despite being served with multiple document requests, Plaintiff has never produced a single medical bill, has never identified amounts "paid by health insurance" and has never provided a calculation of her medical expenses, other than roughly estimating that they are "in excess of $10,000." In fact, Plaintiff rescinded her request for any medical-related expenses prior to the first trial and stated on the record that she was not seeking any damages related to the cost of her medical/psychological treatment. She should be precluded from seeking them in any retrial.

Since the appellate remand of this matter, Defendants have asked multiple times for Plaintiff to supplement her discovery responses regarding any claim for lost wages or any other compensatory damages. This is because, since the last trial, Plaintiff has returned to China and, presumably, is no longer working at her job in the United States – the position which she held during the first trial. *Plaintiff has provided no supplementation regarding her current employment, her employment history since the last trial, her employment since she left the United States or her claimed lost wage damages - as is required by the federal rules.* Further, even if Plaintiff is allowed to testify regarding her post-OSU employment,[2] she is not qualified to provide any opinion about what jobs she "would have gotten" if she would have "graduated on time" at OSU (plus, any such testimony would be pure speculation), nor is she qualified to testify regarding future lost wages, the "impact" of her mental health on her current or future employment or her "lost future income" from turning down a job she was

---

[2] Prior to the first trial, the court ruled that Plaintiff, herself, would be allowed to testify regarding her employment history since she left OSU, only. (ECF # 176 PAGEID # 7086-87).

7

offered at Ford Motor Company. Those are all topics which require expert witness testimony – expertise which Plaintiff does not possess – or are wholly speculative.

Rule 26(a)(1)(A)(iii) requires the parties to disclose "a computation of each category of damages claimed by the disclosing party" <u>along with supporting evidentiary material</u> and "materials bearing on the nature and extent of injuries suffered." *Bessemer & Lake Erie R.R. Co., v. Seaway Marine Transp.,* 596 F. 3d 357, 366-67 (6th Cir. 2020). "Rule 26(a)(1)(A)(iii) is unambiguous —it applies to *each* category of damages claimed; it is not limited to economic damages." *Lucas v. Transamerica Life Ins. Co.,* No. 2011 WL 5148883, *1 (E.D. Ky. Oct. 21, 2011). Rule 26 requires that, although a plaintiff may be unable to "precisely explain his quantification ... the plaintiff is required to provide specific amounts of compensatory and punitive damages he seeks." Id. at *1 (citing 2010 WL 711830, *3 (M.D. Tenn. Feb. 24, 2010)). Courts have explained that the "documentation and evidence required by Rule 26 must be sufficient to allow the opposing party to 'independently analyze' the claim." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, 2016 WL 4468000, at *5 (N.D. Ohio Aug. 23, 2016) (citing *Bessemer*, 596 F.3d at 370); *see also Scheel v. Harris*, 2012 WL 3879279, at *4 (E.D. Ky. Sept. 6, 2012) (quoting *Bessemer*, 596 F.3d at 370); *Silicon Knights, Inc. v. Epic Games, Inc.*, 2012 WL 1596722, at *7 (E.D. N.C. May 7, 2012) (explaining that "Rule 26(a)(1)(A)(iii) and Rule 26(e) are designed to provide a damages computation and analysis during discovery" so that the "opposing party may then prepare to meet that evidence via cross examination and via evidence in its rebuttal case (such as its own expert witness))."

Further, "Rule 37 requires virtually automatic preclusion of information not disclosed pursuant to rule 26 (a)(1)." *Webb v. Chase Manhattan Mortgage Corp.,* 2008 WL 2230696,

*14 (S.D. Ohio May 28, 2008)(citations omitted). Failing to disclose damages categories or calculations is "alone sufficient to preclude [plaintiff] from submitting evidence of it." Id. (citations omitted.) The burden is on the non-disclosing party to prove that the non-disclosure was "harmless or substantially justified." *Yost v. Wilhoit,* 2021 WL 5407722, *3 (S.D. Ohio Nov. 18, 2021)(holding that an "approximation of damages" does not satisfy the requirements of the civil rules). See also, *Bullard v. Roadway Exp.,* 3 F. App'x 418, 420 (6th Cir. 2001) (precluding a plaintiff from making economic damages claim where the plaintiff failed to provide information essential to make damages calculations).

Multiple courts have found that the plain language of Rule 26(a)(1)(c) requires that a "plaintiff should provide more than a lump sum statement of the damages allegedly sustained." *Detrick v. 84 Lumber Co.,* 2008 WL 11381819, * 5 (N.D. Ohio Jan. 25, 2008) (citations omitted)(excluding damages claimed by plaintiff which were merely estimates). Further, a "discovery request calling for the calculation of damages," like those served on Plaintiff in this case, "requires more than merely setting forth the figure demanded." Id. (citations omitted).

As a final matter, even if Plaintiff had provided the required disclosures, her "delayed" graduation damages, future lost wage claim, the "impact" of her mental health on her current or future employment or her claim of "lost future income" from turning down a job she was offered at Ford Motor Company are too speculative to be presented to a jury. According to Plaintiff, she is entitled to $180,000 in damages as her "salary upon graduating" that, if her graduation was not delayed, "she would have received a year earlier" (even though her first job upon graduation only paid $135,000). *That statement is nothing but speculation.* Plaintiff

9

cannot say that she would have been offered the same job or the same salary had she applied for the job a year earlier. Plaintiff cannot even testify that the same job *existed* a year earlier. Damages must be shown with a reasonable degree of certainty and not be the product of speculation. *Combs Trucking v. Int'l Harvester Co.*, 12 Ohio St. 3d 241, 244 (1984). The plaintiff bears the burden of establishing damages with reasonable certainty. *Weber v. Obuch*, 2006-Ohio-6993, *14 (9th Dist. Dec. 30, 2005). "Damages must be shown to a reasonable certainty and cannot be based upon mere speculation or conjecture, regardless of whether the action is contract or tort." *Zevchik v. Kassai*, 1997 WL 793135, at *6 (8th Dist. Dec. 24, 1997). Ohio courts have repeatedly rejected claims for damages based on conjecture. *Smith v. Goodyear Tire & Rubber Co.*, 1990 WL 166996 (2nd Dist. Oct. 29, 1990) (estimates of damages "were little more than guesswork"); *Henderson v. Spring Run Allotment*, 99 Ohio App. 3d 633, 644 (9th Dist. 1994) (evidence of alleged damages barred as improperly speculative); *Broadvue Motors v. Chief of Police*, 135 Ohio App. 3d 405, 421 (8th Dist. 1999) (trial court erred by awarding "purely speculative" damages.)

      Here, it is conjecture for Plaintiff to state that she would have gotten the exact same job offer at the exact same rate of pay a year earlier than her graduation in 2019, that she will suffer future lost wages, that her mental health will "impact" her current or future employment or that she would have earned more money had she not turned down a job she was offered at Ford Motor Company. All such claimed damages are inadmissibly speculative.

      For the reasons set forth above, Defendants respectfully request the Court to grant their motion and exclude any testimony by Dr. Lubit and to exclude any evidence related to Plaintiff's speculative compensatory damages claims, including her lost wage claim.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this 15 day of July 2025, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

Open.25577.83339.30850259-1