IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Chief Judge Sarah D. Morrison |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

**DEFENDANTS' MOTION IN LIMINE NO.3: TO EXCLUDE
I) SPECULATIVE AND INADMISSIBLE HEARSAY; AND
II) TESTIMONY REGARDING MEDICAL CONDITIONS AND DIAGNOSES WHEN THE
RELATED MEDICAL RECORDS WERE NOT PRODUCED**

Now comes Defendants Giorgio Rizzoni ("Dr. Rizzoni") and The Ohio State University ("OSU") and respectfully request this Honorable Court for an order excluding i) speculative and inadmissible hearsay of Plaintiff related to alleged claims of other female students of Dr. Rizzoni; and ii) testimony regarding medical conditions and diagnoses when the related medical records were not produced.

**I.      INTRODUCTION**

This is a sexual harassment/retaliation lawsuit in which Plaintiff alleges she was subjected to mistreatment by Dr. Rizzoni, a tenured professor of mechanical and aerospace engineering at The Ohio State University's ("OSU") College of Engineering. This case was filed by Plaintiff on August 31, 2018.  A first jury trial was held on May 1, 2023, resulting in a verdict for the defense.  Plaintiff appealed and this case was remanded for retrial to this court. Trial is currently set to begin on September 8, 2025.

60894428.1

It is anticipated that Plaintiff will seek to introduce her own testimony – in the form of hearsay – related to the purported experiences of other Chinese female students with Dr. Rizzoni. In addition, it is anticipated that Plaintiff will seek to testify regarding medical conditions, treatments, and diagnoses for which she failed to produce medical records.  As set forth below, all of this testimony should be excluded at trial.

II.     **ANTICIPATED TRIAL TESTIMONY**

   A.     **The Speculative and Hearsay Testimony That Should be Excluded.**

Defendants anticipate that Plaintiff will seek to testify regarding the alleged sexual misconduct that she contends other Chinese female students suffered at the hands of Dr. Rizzoni, despite having no direct, first-hand knowledge of such alleged misconduct. Specifically, Plaintiff stated in her deposition that she believed multiple Chinese females suffered sexual harassment by Dr. Rizzoni including Jiyu Zhang, Li Tong, Li Yan, Chung (full name unknown), Ruochen Yang, Yeuyun Lu, and Ting Li. (Plaintiff's Depo., Pgs. 75-94).  Of course, Plaintiff's testimony about the alleged experiences of these seven other women would be hearsay, and should be excluded on that basis alone, but Plaintiff's testimony is also so vague that it would be unhelpful to the jury and unnecessarily prejudicial to Dr. Rizzoni. For example, when asked if Jiyu Zhang told Plaintiff that Zhang was sexually harassed, Plaintiff stated:

> Q. And did she ever tell you that Dr. Rizzoni had inappropriately touched her?
> A. She has indicated in -- *in a way that is not very explicitly*, but she has indicated in a way that she had unpleasant experience as well.
> Q. I don't know what that means. Tell me exactly what she said.
> A. So when -- so in January 2018 when I shared with her about my -- about the sexual harassment and assault I have suffered from Professor Rizzoni, she --

2

she was very angry and upset hearing me saying that. And she said Professor Rizzoni shouldn't be allowed to recruit any Chinese female Ph.D. student anymore.

* * *

Q. What else did she say?
A. As far as I can recall at this moment, when I asked that if she would share her personal experience being sexually harassed by Professor Rizzoni if OSU HR investigator reach out to her, she told me that she was -- she would consider it, she will think about it.
Q. Okay. Well, when did she tell you that she had been sexually harassed by Dr. Rizzoni?
A. She has indicated it enough.
Q. I don't know what that means. What did she tell you about being sexually harassed by Dr. Rizzoni?
A. I asked her if -- after I shared with her about me suffering from this unconsensual sexual harassment initiated by Professor Rizzoni, I asked her if similar things had happened to her. She indicated yes.

(Id., Pgs. 80-81)(Emphasis added).

Nonetheless, Plaintiff cannot testify regarding the experiences of others of which she has no direct knowledge. In addition, it is undisputed that <u>no other student ever made any sort of complaint to OSU about Dr. Rizzoni or any alleged inappropriate touching.</u> Further, during OSU's investigation into her allegations, Plaintiff told the investigators that these multiple other female students had been sexually harassed by Dr. Rizzoni. When contacted during the investigation, each of the female students <u>denied</u> Plaintiff's claims that they had also been harassed by Dr. Rizzoni. Plaintiff's testimony related to these seven former students of Dr. Rizzoni (or any others that Plaintiff may seek to introduce) should excluded as inadmissible hearsay.

### B.    Plaintiff's Medical Conditions and her Alleged Medical Treatment in China Supposedly Related to This Case Should be Excluded.

Plaintiff also alleges that she traveled back to China while she was a student at OSU and the "primary purpose of this trip was for medical examinations due to the physical

3

manifestations of Ms. Huang's emotional distress resulting from Rizzoni's abuse." (Complaint, ¶101). During her deposition, Plaintiff testified about physical pain, exhaustion, anxiety, and nightmares that she claims (without any evidentiary support) were caused by the alleged harassment by Dr. Rizzoni. (Plaintiff's Depo., Pg. 236). While in China she allegedly went to a hospital on more than one occasion, was treated by different doctors, who conducted different examinations, including but not limited to taking multiple images and making diagnoses. (Id., at 236-239). Despite requesting these medical records from Plaintiff in discovery,[1] Plaintiff never produced them. Plaintiff's failure to produce these medical records should exclude all testimony related to these medical conditions and Plaintiff's alleged treatment for them.

For the reasons set forth below, the above topics, testimony, and evidence should be excluded at trial.

### III. LAW AND ANALYSIS

#### A. Speculative and Hearsay Testimony Related to Other Female Students of Dr. Rizzoni Should be Excluded at Trial.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *U.S. v Rodriguez-Lopez*, 565 F.3d 312, 314 (6th Cir. 2009). For double-hearsay statements to be admissible, each separate statement must either be excluded from the hearsay definition or fall within a hearsay exception. *See*, *U.S. v. Gibson*, 409 F.3d 325, 337 (6th Cir. 2005); Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part

---

[1] Defendants' Request for Production number 46, served April 3, 2020, requested all records of medical or psychological treatment for Plaintiff. Plaintiff produced 295 pages of medical records (Huang_00285-00580) but did not produce any of the Chinese treatment records.

of the combined statements conforms with an exception to the rule."). If a statement meets the definition of hearsay, it is inadmissible, *see* Fed. R. Evid. 802, unless it satisfies one or more of the hearsay exceptions. *see* Fed. R. Evid. 803. "The proponent of a hearsay statement bears the burden of proving each element of a given hearsay exception or exclusion." *United States v. Day*, 789 F.2d 1217, 1221 (6th Cir. 1986).

During Plaintiff's deposition, she testified about the alleged experiences of seven Chinese females connected to Dr. Rizzoni. (Plaintiff's Depo. Pgs. 75-94). As set forth above, *e.g.*, this testimony was largely vague. However, even if it had specificity, it all constitutes hearsay (or even hearsay within hearsay). Plaintiff did not witness any of the conduct of these women or Dr. Rizzoni when they were physically together, nor did she participate in any conversations with these women and Dr. Rizzoni. Plaintiff is solely recounting what she alleges that these women told her, or what she inferred from otherwise non-specific statements. Simply, this testimony is all classic hearsay, without an exception to permit its admissibility. As such, any testimony *by Plaintiff* related to Jiyu Zhang, Li Tong, Li Yan, Chung (full name unknown), Ruochen Yang, Yeuyun Lu, and Ting Li should be excluded at trial. Of course, Plaintiff is free to call these former students as witnesses at trial but should not be permitted to attempt to establish that these former students were harassed through the use of inadmissible hearsay.

> **B. Testimony and Evidence Related to Plaintiff's Medical Conditions and Treatment in China Should be Excluded Given Plaintiff's Failure to Produce the Related Medical Records.**

Fed. R. Evid. 701 limits lay-witness testimony to that rationally based upon his/her perception and "not based on scientific, technical, or other specialized knowledge." Here, Plaintiff seeks to testify about various medical conditions which she claims she treated for

5

through multiple doctors and multiple examinations while in China.  Yet, Plaintiff has not produced any of those medical records, despite being requested to do so in discovery.  Since Plaintiff is not a medical doctor, she is not qualified to testify regarding those conditions, the related diagnoses, or any sort of alleged causation.  *See*, *e.g.*, *Parillo v. Lowe's Home Centers, LLC*, 2017 WL 4124585, *2 (S.D. Ohio, Sept. 18, 2017)(Precluding a plaintiff from testifying that his medical conditions were caused by the negligence of defendant); *Prado v. Mazeika*, 2019 WL 1034023, * 1 (S.D. Ohio March 5, 2019)(Prohibiting a plaintiff from testifying that her high blood pressure was caused by stress from her employment with defendant); *Lige v. Clark County*, 2019 WL 13255320, *3 (D. Nev. Apr. 17, 2019) ("Lige is not a doctor, and he has not identified a qualified medical-care provider to testify to these conditions. Thus, he cannot diagnose himself with any medical condition (such as exacerbated diabetes), nor can he offer the opinion that any medical condition was caused by the defendants.").

Further, because Plaintiff failed to produce these requested medical documents in discovery, any reference to the Chinese medical treatment should be excluded.   Fed. R. Civ. P. 37(c)("If a party fails to provide information or identify a witness as required by Rule 26 . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial . . . .")

Because Plaintiff is not qualified to opine that her medical conditions are related to any action of Dr. Rizzoni and because Plaintiff failed to produce in discovery any record of medical treatment that she received in China, Plaintiff must be precluded from offering any testimony about medical treatment she sought or received in China during the time she was a student at OSU or at any other time.

60894428.1

## IV. RELIEF REQUESTED

For the reasons set forth above, Defendants respectfully request the Court grant their Motion and exclude: 1.) Any testimony of Plaintiff related to hearsay statements of other female students of Dr. Rizzoni and 2.) Any evidence, documents or testimony related to any medical treatment or psychological counseling received by Plaintiff in China.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this 15 day of July, 2025 which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

Open.25577.83339.30758172-1

7

60894428.1