IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>        Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,<br><br>        Defendants. | Case No: 2:19-cv-1976<br><br>Chief Judge Sarah D. Morrison<br><br>Magistrate Judge: Chelsey M. Vascura |

**DEFENDANTS' MOTION IN LIMINE NO. 4: REGARDING WITNESS FOR TITLE VII PORTION OF TRIAL**

Now come Defendants Giorgio Rizzoni ("Dr. Rizzoni") and The Ohio State University ("OSU") and respectfully request this Honorable Court to issue an order granting them leave to call a witness at trial necessitated by the remand order issued by the court of appeals.

**I.  INTRODUCTION**

This is a sexual harassment/retaliation lawsuit in which Plaintiff alleges she was subjected to mistreatment by Dr. Rizzoni, a tenured professor of mechanical and aerospace engineering at The Ohio State University's ("OSU") College of Engineering.  This case was filed by Plaintiff on August 31, 2018.  A first jury trial was held on May 1, 2023, resulting in a verdict for the defense.  Plaintiff appealed and this case was remanded for retrial to this court. Trial is currently set to begin on September 8, 2025.

One issue on remand of this matter the reversal of summary judgment in favor of OSU and, specifically, whether Plaintiff should be considered an employee or a student for purposes of her previously-dismissed Title VII discrimination and retaliation claims.  The Sixth Circuit mandated in its remand opinion that the retrial of this case must include a

60970365.1

determination regarding whether Plaintiff should be considered an employee under Title VII. As stated by the appellate court, "At trial, the jury should make factual findings regarding Rizzoni's disputed control over where and when Huang worked. Once any genuine dispute is settled by the jury, the district court should decide as a matter of law whether Huang was an OSU employee. . . ."  (ECF #64-2, PAGEID #21).

**II.     Witnesses for Trial on Title VII Issue.**

Obviously, at the time of the original trial OSU was not even a defendant because summary judgment had been granted and it was dismissed as a party.  As such, OSU did not identify any witnesses to call at the time of trial.  Because the Title VII issue mandated by the appellate court will require witness testimony on the issues addressed in the appellate opinion, OSU will need to call previously-unidentified witnesses at the time of trial.  In addition to witnesses already identified, OSU seeks to call Dr. La'Tonia Stiner-Jones, Associate Dean of Graduate Programs.  Dr. Stiner-Jones has knowledge regarding the "factors" the Sixth Circuit has mandated that the jury/court consider for purposes of determining if Plaintiff is considered an employee under Title VII. See, ECF #64-2, PAGEID #18.  Because there was no need for Dr. Stiner-Jones' testimony during the first trial (as a result of the grant of summary judgment to OSU), she was not identified or called as a witness.

60970365.1

For the reasons set forth above, Defendants respectfully request the Court to grant leave for OSU to call Dr. Stiner-Jones as a witness during the Title VII portion of trial, only.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this 15 day of July 2025, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

Open.25577.83339.30850259-1

60970365.1