IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>        Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,<br><br>        Defendants. | Case No: 2:19-cv-1976<br><br>Judge: Sarah D. Morrison<br><br>Magistrate Judge: Chelsey M. Vascura |

**DEFENDANTS' CASE-SPECIFIC JURY INSTRUCTIONS AND INTERROGATORIES FOR FIRST PHASE OF TRIAL REGARDING APPLICATION OF TITLE VII[1]**

**INSTRUCTION NO.   INTRODUCTION**

The Plaintiff, Meng Huang, enrolled as a student at The Ohio State University in 2014 in the College of Mechanical and Aerospace Engineering.  She held the position as a graduate fellow and also as a graduate research assistant.  Her graduate advisor was Dr. Giorgio Rizzoni.  The Plaintiff, Meng Huang, alleges that Defendant, Giorgio Rizzoni, while acting under the color of state law, sexually assaulted her, violated her bodily integrity without her consent and violated her constitutional rights over a period of nearly 4 years.  Defendant, Giorgio Rizzoni denies that he sexually assaulted Plaintiff, denies that he violated her bodily integrity and denies that he violated any of Plaintiff's constitutional rights.  The Plaintiff further alleges that she was an employee of The Ohio State University during the period of time in question.  The University denies this claim and maintains that Plaintiff Meng Huang was a student during the time period in question.

---

[1] Please see contemporaneously filed notice which explains why these instructions are from Defendants and not joint.

1

During the opening phase of this trial, you will be asked to make factual determinations which the court will use to rule as a matter of law whether the Plaintiff was an employee or a student for purposes of this case.  In order to do so, you will make determinations about to what extent Dr. Rizzoni or the University had the right to control the manner and means by which her university research was accomplished or otherwise treated her as an employee as opposed to a student.

### **INSTRUCTION NO.     PREPONDERANCE OF THE EVIDENCE**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence.  If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

60896844.1

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.).

### INSTRUCTION NO.   : DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence presented during a trial — direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

3 Fed. Jury Prac. & Instr. § 104:05 (6th ed.).

### INSTRUCTION NO.   : CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness

is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.).

                Dave Yost
                Ohio Attorney General
                /s/ Christina L. Corl
                CHRISTINA L. CORL (0067869)
                Plunkett Cooney
                716 Mt. Airyshire, Suite 150
                Columbus, Ohio 43235
                Telephone: (614) 629-3018
                Facsimile: (614) 629-3019
                ccorl@plunkettcooney.com
                *Counsel for Defendants*

60896844.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Judge: Sarah D. Morrison |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

### **INTERROGATORY NUMBER 1**

With respect Plaintiff Meng Huang's status with The Ohio State University, please answer the below questions:

(Check applicable answer).

1. Did Plaintiff Meng Huang use her own skill for conducting her research?

    _____ YES              _____ NO

2. Did Plaintiff Meng Huang provide her own instrumentalities and tools for her research?

    _____ YES              _____ NO

3. Did Plaintiff Meng Huang perform most of her research at the University or at other locations such as Ford Motor Company?

    _____ YES              _____ NO

4. Was there a lengthy relationship between Plaintiff Meng Huang and the University?

    _____ YES              _____ NO

5. Did Dr. Rizzoni have the ability to assign additional projects to Plaintiff Meng Huang in his own discretion?

    _____ YES              _____ NO

6. Did Plaintiff Meng Huang control when and how long to conduct her research?

    _____ YES              _____ NO

7.   Was Plaintiff Meng Huang compensated in the same manner as those who are considered by the University to be employees?

   _____ YES                              _____ NO

8.   Did Plaintiff Meng Huang play a role in hiring or compensating other University employees?

   _____ YES                              _____ NO

9.   Was Plaintiff Meng Huang's research part of the regular business of the University?

   _____ YES                              _____ NO

10.  Did Plaintiff Meng Huang have her own business independent of the University?

   _____ YES                              _____ NO

11.  Did Plaintiff Meng Huang received the same benefits as those who are considered by the University to be employees?

   _____ YES                              _____ NO

12.  Was Plaintiff Meng Huang treated in the same manner with respect to payroll taxes as those who are considered by the University to be employees?

   _____ YES                              _____ NO

_____ _____

_____ _____

_____ _____

_____ _____

Please sign your names on the lines above and notify the Court that you have concluded your deliberations.