**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | Chief Judge Sarah D. Morrison |
| v. | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

**CLOSING JURY INSTRUCTIONS [1]
and
VERDICT FORM [2]**

---

[1]  All instructions are adapted from the jury trial held in this Court in 2023 in the case of *Tiffany Kessling v. The Ohio State University, et. al.*, Case no. 2:20-cv-01719 and from the instructions used during the first trial in this matter.

[2]  The reason Defendants are filing separate jury instructions and verdict forms instead of filing jointly is explained in the contemporaneously filed notice and certificate of service.

## Table of Contents

**Instruction No. 1**
**GENERAL INSTRUCTION** .............................................................................. 4

**Instruction No. 2**
**ALL PERSONS EQUAL BEFORE THE LAW** ................................................. 5

**Instruction No. 3**
**LIABILITY OF CORPORATIONS FOR THEIR AGENTS** ............................ 6

**Instruction No. 4**
**EVIDENCE** ....................................................................................................... 7

**Instruction No. 5**
**DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE** ..................... 8

**Instruction No. 6**
**INADMISSIBLE AND STRICKEN EVIDENCE** ............................................ 9

**Instruction No. 7**
**INFERENCES DEFINED**……………………………………………………..10

**Instruction No. 8**
**COURTS COMMENTS NOT EVIDENCE** ..................................................... 11

**Instruction No. 9**
**CREDIBILITY OF WITNESSES** .................................................................... 12

**Instruction No. 10**
**NUMBER OF WITNESSES** ............................................................................ 13

**Instruction No. 11**
**BENCH CONFERENCES** ................................................................................ 14

**Instruction No. 12**
**OBJECTIONS** .................................................................................................. 15

**Instruction No. 13**
**BURDEN OF PROOF** ..................................................................................... 16

**Instruction No. 14**
**"IF YOU FIND" OR "IF YOU DECIDE"** ....................................................... 17

**Instruction No. 15**
**JURORS TAKING NOTES** ............................................................................. 18

**Instruction No. 16**
**NATURE OF THE CLAIMS** ........................................................................... 19

**Instruction No. 17**
**RETALIATION UNDER TITLE VII** ............................................................... 21

**Instruction No. 18**
**DEPRIVATION OF A CONSTITUTIONAL RIGHT ..................................... 23**

**Instruction No. 19**
**COLOR OF STATE LAW ................................................................... 25**

**Instruction No. 20**
**DAMAGES GENERALLY ................................................................. 26**

**Instruction No. 21**
**COMPENSATORY DAMAGES ......................................................... 27**

**Instruction No. 22**
**DELIBERATIONS AND VERDICT INFORMATION ................................. 29**

**Instruction No. 23**
**DAMAGES WHEN THERE IS MORE THAN ONE DEFENDANT ........... 31**

**Instruction No. 24**
**JURORS USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES
...................................................................................................... 32**

**Instruction No. 25**
**INSTRUCTIONS AND FORM DO NOT RECOMMEND ANY VERDICT 34**

**Instruction No. 26**
**WRITTEN INSTRUCTIONS ........................................................... 35**

**Instruction No. 27**
**VERDICT FORM ........................................................................... 36**

**VERDICT FORM ........................................................................... 37**

**Punitive Instruction No. 1**
**GENERAL STATEMENT ................................................................. 1**

**Punitive Instruction No. 2**
**PUNITIVE DAMAGES ................................................................... 2**

**Punitive Instruction No. 3**
**PUNITIVE DAMAGES VERDICT FORM ........................................... 3**

**VERDICT FORM ON PUNITIVE DAMAGES ................................... 4**

## Instruction No. 1[3]
## GENERAL INSTRUCTION

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## Instruction No. 2
## ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The Defendants, Ohio State University and Dr. Giorgio Rizzoni, are entitled to the same fair trial as a private individual. All persons, including public institutions and their former key administrators, like all other organizations and their agents, stand equal before the law, and are to be treated as equals.

## Instruction No. 3
## LIABILITY OF CORPORATIONS FOR THEIR AGENTS

Plaintiff has brought claims in this case against The Ohio State University and against Dr. Giorgio Rizzoni in his individual capacity.

For purposes of Plaintiff's claim against the University, only, Ohio State University is an incorporated public institution, which, like all private and public corporations, acts through its agents.

### Instruction No. 4
### EVIDENCE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses no matter who called the witness, all exhibits received in evidence no matter who produced them, and all facts and events that may have been admitted or stipulated.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. But when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

**Instruction No. 5**
**DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE**

In general, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts indicating the existence or nonexistence of a fact.

The law generally fails to distinguish between the weight or value to be given to either direct or circumstantial evidence. Greater certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

### Instruction No. 6
### INADMISSIBLE AND STRICKEN EVIDENCE

It is the duty of a lawyer to object when the other side offers testimony or other materials that the lawyer believes are not properly admissible in evidence. If, throughout the trial, I sustained an objection by one of the lawyers, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

## Instruction No. 7
## INFERENCES DEFINED

You are to consider only the evidence in the case. But you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## Instruction No. 8
## COURTS COMMENTS NOT EVIDENCE

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion on the facts. You may disregard my comments because you, as jurors, are the sole judges of the facts and are not bound by my comments or opinions.

## Instruction No. 9
## CREDIBILITY OF WITNESSES

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of this case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.

### Instruction No. 10
### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a few witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your mind's belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## Instruction No. 11
## BENCH CONFERENCES

From time to time it was necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence would be treated under the rules of evidence and to avoid confusion and error.

Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I did not wish to cause you any delay, but these conferences were necessary.

## Instruction No. 12
## OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the burden of proof and the elements of Plaintiff Meng Huang's claims.

The lawyers objected to some of the things that were said or done during the trial. Do not hold that against either side. As I mentioned earlier, both sides have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must turn on the evidence that you saw and heard here in court.

### Instruction No. 13
### BURDEN OF PROOF

As Plaintiff, Meng Huang has the burden to prove every essential element of her claim by a preponderance of the evidence. If she should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, as proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, no matter who may have called them, and all exhibits received in evidence, no matter who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should therefore put it out of your minds.

## Instruction No. 14
## "IF YOU FIND" OR "IF YOU DECIDE"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**Instruction No. 15**
**JURORS TAKING NOTES**

You may use the notes that you took during the trial. But the notes should

not be substituted for your memory. Remember, your notes are not evidence. If your

memory should differ from your notes, then you should rely on your memory and

not on your notes.

## Instruction No. 16
## NATURE OF THE CLAIMS

Plaintiff Meng Huang has two claims for you to decide. I will summarize each claim for you now, and then I will explain to you in greater detail the law pertaining to each claim.

First, Plaintiff alleges that Defendant Ohio State University, through the actions of Defendant Dr. Giorgio Rizzoni and other agents, discriminated and retaliated against her in violation of a federal law known as Title VII, which makes it illegal to retaliate against an employee who makes her own reports or complains about discrimination or harassment.

Second, Plaintiff alleges that Dr. Rizzoni personally used his authority as a faculty member at the University to violate Plaintiff's rights under the United States Constitution, by subjecting her to unwanted sexual touching.

You will notice that my instructions to you about Plaintiff's claims under Title VII and the Constitutional claims are similar in many ways. The main difference between these claims is that Title VII applies only to employers, like Defendant Ohio State University. Only individual public officials, like Defendant Dr. Rizzoni, can be held liable for violating the Constitution.

The Defendants deny Plaintiff's claims and deny that either Dr. Rizzoni or any other employee of the University engaged in any discriminatory or retaliatory conduct against Plaintiff. Instead, the University and Dr. Rizzoni allege that they had legitimate, non-retaliatory reasons for any action about which Plaintiff complains.

You will render verdicts on both claims.

**Instruction No. 17**
**RETALIATION UNDER TITLE VII**

It is unlawful for an employer to retaliate against an employee who engages in conduct protected by state or federal laws. Opposing, reporting, and/or participating as a witness during an investigation of any practice made unlawful by Title VII are considered protected activities.

To prevail on her Title VII retaliation claim, Plaintiff must prove all of the following by the preponderance of the evidence:

**First:** Plaintiff engaged in a protected activity. The Parties stipulate that Plaintiff engaged in a protected activity when she reported Dr. Rizzoni's alleged sexual harassment to the university on December 12, 2017.

**Second:** Plaintiff was subjected to an adverse action or actions after the protected activity took place.

**Third:** There was a causal connection between the adverse action or actions and Plaintiff's protected activity.

The term "adverse" means that the action or actions taken against Plaintiff, either alone or in combination, were serious enough that it or they well might discourage a reasonable employee, under the same or similar circumstances, from engaging in a protected activity. An action is not adverse if it is only a petty slight, a minor annoyance, or a simple lack of good manners. But an action need not cause a loss of pay or benefits to be adverse. For example, a threat of termination by

an individual with the power to carry out that threat may be an adverse action. An action can be adverse without actually discouraging or preventing Plaintiff from reporting discrimination, so long as a reasonable employee, under the same or similar circumstances, may well have been discouraged from doing so. If you find that Plaintiff was subjected to actions by the Defendants that, individually or in combination, had an overall effect that could be serious enough to discourage a reasonable employee from making or supporting a charge of discrimination, you should find that she has established the "adverse action" element of her Title VII claim.

A "causal connection" may be shown in many ways. For example, you may find that there is a sufficient connection through timing; in other words, that an adverse action followed shortly after an agent of the University learned of her protected activity. A "causal connection" may also be proven by statements, antagonism toward Plaintiff, a change in demeanor toward her, or if you conclude that the explanations given by the University for an adverse action against Plaintiff are untrue, contradictory, or inconsistent with actions taken toward other similar types of employees in similar situations.

If Plaintiff proves all of the above by a preponderance of the evidence, you should find for her on her retaliation claim under Title VII. If any of the above elements have not been proved by the preponderance of the evidence, your verdict must be for Defendant Ohio State University.

## DEPRIVATION OF A CONSTITUTIONAL RIGHT

It is unlawful for an individual to use their power as a public official to deprive a person of a constitutional right.

The first element of Plaintiff's claim is that she was deprived of a constitutional right by Defendant. Plaintiff asserts that Defendant violated her rights under the Due Process Clause of the United States Constitution. The Due Process Clause protects individuals against state intrusions upon bodily integrity. The right to bodily integrity encompasses the right not to be subjected to non-consensual, sexual touching by an individual acting under color of state law.

Standard for Sexual Touching

It is for you to decide from all of the circumstances if an alleged incident of touching was non-consensual and if it was sexual in nature. In order for touching to be sexual in nature, you must find by a preponderance of the evidence that Dr. Rizzoni touched Plaintiff with the intent to convey a message of sexual desire or interest, or touched her with reckless indifference to the risk that Plaintiff would reasonably perceive the touching as conveying a message of sexual desire or interest. You must further find by a preponderance of the evidence that Plaintiff reasonably perceived the touching to be sexual in nature.

Whether Plaintiff reasonably perceived the touching as conveying a message of sexual desire or interest and whether Defendant engaged in such touching with reckless indifference to the risk that Plaintiff would reasonably perceive it that way requires careful consideration of the social context in which particular behavior occurs and is experienced by its target, and in making that assessment, you are to consider the totality of the circumstances, applying common sense and an appropriate sensitivity to social context.

You have heard testimony by Plaintiff alleging that Defendant engaged in a pattern of unwanted sexual touching of her from March 2014 to Fall semester 2017. In determining whether Plaintiff has proved that Defendant violated her right to bodily integrity either by a pattern or by discrete instances of unwanted sexual touching, the governing standard is this: you must find by a preponderance of the evidence that Defendant, without Plaintiffs consent, intentionally or with reckless indifference touched Plaintiff in a sexual manner and that Plaintiff reasonably perceived the touching to be sexual in nature.

**Instruction No. 19**
**COLOR OF STATE LAW**

You must next find whether Dr. Rizzoni's alleged wrongful conduct was committed under color of state law. Acts are done under color of state law when a person acts or purports to act in the course of performing an actual or apparent duty of his office, or if the conduct is such that the actor could not have behaved as he did without the authority of his office.  A defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law. Instead, the conduct allegedly causing the deprivation of a constitutional law must be fairly attributable to the state, meaning that it must be related in some meaningful way to the Defendant's governmental status or the performance of his duties.

## Instruction No. 20
## DAMAGES GENERALLY

I will now give you some more specific instructions that only apply if you find that either or both Defendants are liable. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that she should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance if you decide that the Defendants are liable and that Meng Huang is entitled to recover money from the Defendants.

If you decide that either Defendant is not liable, then you should not consider the question of damages for that Defendant.

## Instruction No. 21
## COMPENSATORY DAMAGES

If you find for Plaintiff, Meng Huang, on either of her claims, then you must determine an amount that is fair compensation for her damages. You may award compensatory damages only for injuries she proves were caused by the allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering, mental anguish, humiliation, anger, despair, or other non-economic losses that Plaintiff experienced as a result of the wrongful conduct of Defendant Ohio State University and/or Dr. Rizzoni. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences regarding the effect on Plaintiff of each action taken against her by the Defendants, or the combined effect of multiple such actions. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## Instruction No. 22
## DELIBERATIONS AND VERDICT INFORMATION

That concludes the part of my instructions explaining the elements of the claims and damages. Now let me finish by explaining some things about your deliberations in the jury room, and your possible verdict.

You must follow these rules while deliberating and returning your verdict:

**First,** when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

**Second,** it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are the judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Third,** if you need to communicate with me during your deliberations, you may send a note to me through the marshal or court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

**Fourth,** your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is for you to decide.

**Finally,** the verdict form is simply the written notice of the decision that you reach. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign, and date it, and advise the marshal or court security officer that you are ready to return to the courtroom.

## Instruction No. 23
## DAMAGES WHEN THERE IS MORE THAN ONE DEFENDANT

Each Defendant is entitled to fair, separate, and individual consideration of the case no matter your decision as to the other Defendant. If you find that only one Defendant is responsible for a particular injury, then you must impose damages for that injury only upon that Defendant.

**Instruction No. 24**
**JURORS USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, tablet, computer, the internet, any internet service, any text, or instant messaging service, any internet chat room, blog, or website (including Facebook, Instagram, Twitter, Snapchat, TikTok, LinkedIn, or YouTube) to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You may not use any similar technology or social media, even if I have not specifically mentioned it here. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you learn of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because you must decide this case based solely on the evidence presented in this courtroom. Information on the internet or on social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors

31

or the parties in the case. This would unfairly and adversely impact the judicial process.

**Instruction No. 25**
**INSTRUCTIONS AND FORM DO NOT RECOMMEND ANY VERDICT**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**Instruction No. 26**
**WRITTEN INSTRUCTIONS**

The written form of the instructions on the law I have just given you will be available in the jury room.

These instructions, which are contained in a three-ring binder, are placed in the charge of the foreperson you elect.

You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict.

You may pass these instructions from juror to juror for individual reading and consideration.

These written instructions, which are in the same language as I have given them to you orally, represent the law applicable to the facts, as you find the facts to be.

There is a table of contents on the first page of these instructions. You may readily locate any instruction by referring to this list.

**Instruction No. 27**
**VERDICT FORM**

The Court will provide you with the verdict form which you will have with

you in the jury room. I will now read this to you.

When you arrive at a verdict, you will notify the court security officer, who

will inform the Court.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

MENG HUANG,

      Plaintiff,

v.

THE OHIO STATE UNIVERSITY and
GIORGIO RIZZONI,

      Defendants.

Case No: 2:19-cv-1976

Chief Judge Sarah D. Morrison

Magistrate Judge: Chelsey M. Vascura

## VERDICT FORM

1. On Plaintiff Meng Huang's discrimination and retaliation claim against

   Defendant Ohio State University under Title VII, we find for (check one)

   _____ Plaintiff Meng Huang, or

   _____ Defendant Ohio State University

2. On Plaintiff Meng Huang's claim against Defendant Giorgio Rizzoni under

   the United States Constitution, we find for (check one)

   _____ Plaintiff Meng Huang, or

   _____ Defendant Giorgio Rizzoni

***3. Complete the following only if <u>one or more</u> of the above findings in
numbers 1–2 is for Plaintiff Meng Huang:***

State the total amount of compensatory damages for Plaintiff Meng Huang:

    $ _____

4. ***Complete the following only if <u>both</u> of the above findings in numbers 1–
2 is for Plaintiff Meng Huang.***

Of the total amount of compensatory damages awarded in number 3, state the total

amount of damages imposed upon Defendant Giorgio Rizzoni:

$ _____

All jurors must agree to the verdict.
We render our verdict upon the agreement of those members who have signed
below. Each juror signing his or her name below agrees with this verdict.


Foreperson's signature


Juror's signature


Juror's signature


Juror's signature


Juror's signature


Juror's signature


Juror's signature


Juror's signature

Dated:

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

MENG HUANG,

       Plaintiff,

v.

THE OHIO STATE UNIVERSITY and
GIORGIO RIZZONI,

       Defendants.

Case No: 2:19-cv-1976

Chief Judge Sarah D. Morrison

Magistrate Judge: Chelsey M. Vascura

<u>**CLOSING JURY INSTRUCTIONS**</u>
<u>**and**</u>
<u>**VERDICT FORM**</u>
<u>**ON PUNITIVE DAMAGES**</u>

## Punitive Instruction No. 1
## GENERAL STATEMENT

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and arguments, the time has come to instruct you as to the law governing this second phase of the trial.

Because you found Plaintiff Meng Huang has proven, by the preponderance of the evidence, her claim against Defendant Giorgio Rizzoni under the United States Constitution, you must now consider whether she is entitled to punitive damages in addition to any other damages.

### Punitive Instruction No. 2
### PUNITIVE DAMAGES

Because you found for Meng Huang on her claim against Dr. Rizzoni, you may—but are not required to—award to Meng Huang an additional amount of money as punitive damages if you find it is appropriate to punish the defendant for his wrongful conduct or to deter the defendant from engaging in similar conduct in the future. Punitive damages may not be awarded to compensate the plaintiff. Whether to award punitive damages and the amount of those damages are within your sound discretion.

In fixing the amount of punitive damages, you should consider the following questions: How offensive was the conduct? What amount is needed to prevent repetition in light of Dr. Rizzoni's financial condition? And, does the amount have a reasonable relationship to the compensatory damages awarded?

## Punitive Instruction No. 3
## PUNITIVE DAMAGES VERDICT FORM

The Court will again provide you with the verdict form which you will have with you in the jury room. I will now read this to you.

When you arrive at a verdict, you will notify the court security officer, who will inform the Court.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

MENG HUANG,

       Plaintiff,

v.

THE OHIO STATE UNIVERSITY and
GIORGIO RIZZONI,

       Defendants.

Case No: 2:19-cv-1976

Chief Judge Sarah D. Morrison

Magistrate Judge: Chelsey M. Vascura

## VERDICT FORM ON PUNITIVE DAMAGES

In addition to compensatory damages, we, the jury, make (check appropriate line(s)):

_____ An additional award to Plaintiff Meng Huang of $_____ against Defendant Giorgio Rizzoni.

_____ No additional award to Plaintiff Meng Huang.

[*signatures on following page*]

All jurors must agree to the verdict.

We render our verdict upon the agreement of those members who have signed below. Each juror signing his or her name below agrees with this verdict.

Foreperson's signature

Juror's signature

Juror's signature

Juror's signature

Juror's signature

Juror's signature

Juror's signature

Juror's signature

Dated: