IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

**NOTICE OF SERVICE/FILING OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, VERDICT FORMS, INTERROGATORIES, AND DEPOSITION DESIGNATIONS**

Ms. Huang served her proposed instructions, verdict forms, interrogatories, and deposition designations on Defendants' Counsel a few minutes before Counsel unilaterally filed Defendant's proposed instructions and verdict forms. We regret that we were unable to get this to Counsel sooner due to the complexity of the instructions and competing litigation obligations.

The three primary areas of disagreement between the parties' proposed jury instructions and why Ms. Huang's instructions should prevail are as follows:

1. Ms. Huang's instructions properly implement the Sixth Circuit's language and directives. For example, the instructions include a comprehensive employee status determination framework with nine specific interrogatories that focus on the factors identified by the Sixth Circuit,

1

which include control over work, compensation structure, and integration into the University's business operations. In contrast, Defendants' instructions omit any employee status determination framework and completely fail to address this threshold issue that the Sixth Circuit in this case specifically identified for resolution.

2. Ms. Huang's instructions correctly include both sexual harassment and retaliation as separate viable claims under Title VII, reflecting the full scope of Ms. Huang's allegations. Defendants' instructions improperly limit the claims to only retaliation, omitting the sexual harassment claim entirely. This omission fails to present the jury with the complete legal framework necessary to evaluate all of Plaintiff's Title VII claims.

3. Ms. Huang's instructions provide a more thorough and accurate framework for evaluating the Section 1983 constitutional violation claim, specifically addressing the "inappropriate touching" standard and bodily integrity rights with proper context for the totality of circumstances. While Defendants' instructions address similar constitutional concepts, they use unnecessarily restrictive language requiring "sexual touching" with specific intent requirements that inappropriately narrow the jury's consideration of the constitutional violation. Ms. Huang's broader "inappropriate touching" standard better reflects the constitutional protection of bodily integrity as recognized by the Sixth Circuit in this case.

4919-2645-6662 v1

Respectfully submitted,

/s/ *Bruce C. Fox*
Bruce C. Fox (*pro hac vice*)
bruce.fox@obermayer.com
Andrew J. Horowitz (OH ID No. 0101753)
Andrew.horowitz@obermayer.com
OBERMAYER REBMANN MAXWELL &
HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Tel: (412) 566-1500
Fax: (412) 281-1530

4919-2645-6662 v1

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

/s/  *Bruce C. Fox*