**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| MENG HUANG,<br><br>                Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and<br>GIORGIO RIZZONI,<br><br>                Defendants. | Case No: 2:19-cv-1976<br><br>Chief Judge Sarah D. Morrison<br><br>Magistrate Judge: Chelsey M. Vascura |

<u>**JOINT PROPOSED CLOSING JURY INSTRUCTIONS**</u>

<u>**and**</u>

<u>**VERDICT FORMS**</u>

<u>**INSTRUCTION NO.   INTRODUCTION (Agreed by the Parties)**</u>

        The Plaintiff, Meng Huang, enrolled as a student at The Ohio State University in 2014 in the College of Mechanical and Aerospace Engineering.  She held the position as a graduate fellow

Plaintiff, Meng Huang, alleges that Defendant, Giorgio Rizzoni, while acting under the color of state law, sexually assaulted her, violated her bodily integrity without her consent and violated her constitutional rights over a period of nearly 4 years. Defendant, Giorgio Rizzoni denies that he sexually assaulted Plaintiff, denies that he violated her bodily integrity and denies that he violated any of Plaintiff's constitutional rights. The Plaintiff further alleges that she was an employee of The Ohio State University during the period of time in question. The University denies this claim and maintains that Plaintiff Meng Huang was a student during the time period in question.

During the opening phase of this trial, you will be asked to make factual determinations which the court will use to rule as a matter of law whether the Plaintiff was an employee or a student for purposes of this case. In order to do so, you will make determinations about to what extent Rizzoni or the University had the right to control the manner and means by which her university research was accomplished or otherwise treated her as an employee as opposed to a student.

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.).

Generally speaking, there are two types of evidence presented during a trial — direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

3 Fed. Jury Prac. & Instr. § 104:05 (6th ed.).

Case 1:17-cv-01076-SOM-KMD Document 134 Filed 07/25/18 Page 5 of 72 PageID #: 9009

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.).

PLAINTIFF'S PROPOSED FORM:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | |
| | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | **PROPOSED VERDICT FORM** |
| Defendants. | |

## INTERROGATORY NUMBER 1 (Trial Phase I)[1]

With respect Plaintiff Meng Huang's employment status with The Ohio State University, please answer the below questions:

(Check applicable answer).

1. Was Huang's research conducted as part of the regular course of business of Ohio State University?

   _____ YES      _____ NO

2. Did Rizzoni control when and where Huang worked?

   _____ YES      _____ NO

3. Did Rizzoni control Huang's vacation schedule?

   _____ YES      _____ NO

---

[1] *See Huang v. Ohio State Univ. et al.*, No. 23-3469, pgs.16-21 (6th Cir. 2024) (Bloomekatz, J.).

4.    Did Rizzoni dictate Huang's research topic based on Ohio State University's needs?

_____ YES        _____ NO

5.    Was Huang's funding tied to her research at the Center for Automotive Research, and not just her enrollment in the Ph.D. program?

_____ YES        _____ NO

6.    Did Rizzoni control the hours and expectations for Huang's work at Ohio State University, and did his control over Huang's tuition, stipend, bonus, visa, and career success set the terms and conditions of her work?

_____ YES        _____ NO

7.    Did Rizzoni threaten to terminate Huang's relationship with Ohio State University and remind her that he was the one who had control over her compensation?

_____ YES        _____ NO

8.    Did Ohio State University receive significant benefits from Huang's work at the Center for Automotive Research as based upon its receipt of grants and funding from industry leaders like Ford and the government, building the Center for Automotive Research's reputation as a world-class research center?

_____ YES        _____ NO

9.    Was Huang's relationship with Rizzoni substantially focused on University Research Program (URP) research and meetings?

_____ YES        _____ NO

_____

_____

Juror's signature

_____

Juror's signature

_____

Juror's signature

_____

Juror's signature

_____

Juror's signature

_____

Juror's signature

_____

Juror's signature


Dated: _____

Please sign your names on the lines above and notify the Court that you have concluded your deliberations.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

MENG HUANG,

               Plaintiff,

v.

THE OHIO STATE UNIVERSITY and
GIORGIO RIZZONI,

               Defendants.

Case No: 2:19-cv-1976

Chief Judge: Sarah D. Morrison

Magistrate Judge: Chelsey M. Vascura

### INTERROGATORY NUMBER 1

With respect Plaintiff Meng Huang's status with The Ohio State University, please answer the below questions:

(Check applicable answer).

1.    Did Plaintiff Meng Huang use her own skill for conducting her research?

    _____ YES              _____ NO

2.    Did Plaintiff Meng Huang provide her own instrumentalities and tools for her research?

    _____ YES              _____ NO

3.    Did Plaintiff Meng Huang perform most of her research at the University or at other locations such as Ford Motor Company?

    _____ YES              _____ NO

4.    Was there a lengthy relationship between Plaintiff Meng Huang and the University?

    _____ YES              _____ NO

5.    Did Rizzoni have the ability to assign additional projects to Plaintiff Meng Huang in his own discretion?

    _____ YES              _____ NO

6.    Did Plaintiff Meng Huang control when and how long to conduct her research?

    _____ YES              _____ NO

7.    Was Plaintiff Meng Huang compensated in the same manner as those who are considered by the University to be employees?

    _____ YES              _____ NO

employees?

_____ YES          _____ NO

9.      Was Plaintiff Meng Huang's research part of the regular business of the University?

_____ YES          _____ NO

10.     Did Plaintiff Meng Huang have her own business independent of the University?

_____ YES          _____ NO

11.     Did Plaintiff Meng Huang received the same benefits as those who are considered by the University to be employees?

_____ YES          _____ NO

12.     Was Plaintiff Meng Huang treated in the same manner with respect to payroll taxes as those who are considered by the University to be employees?

_____ YES          _____ NO


_____
_____

_____
_____

_____
_____

_____
_____

Please sign your names on the lines above and notify the Court that you have concluded your deliberations.


## OBJECTIONS:

**Plaintiff objects to Defendant's proposed verdict form as to employee status because it improperly imposes the standard to determine whether a worker is an employee or an independent contractor rather than the standard set forth by the Sixth Circuit in its opinion on this case. These are facially different standards. Plaintiff's proposed interrogatories focus on the factors identified by the Sixth Circuit, which include control over work, compensation structure, and integration into the University's business operations.**

**GENERAL INSTRUCTION (Agreed by the Parties)**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**ALL PERSONS EQUAL BEFORE THE LAW (Agreed by the Parties)**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The Defendants, Ohio State University and Giorgio Rizzoni, are entitled to the same fair trial as a private individual like Huang. All persons, including public institutions and their former key administrators, like all other organizations and their agents, stand equal before the law, and are to be treated as equals.

**LIABILITY OF CORPORATIONS FOR THEIR AGENTS (Agreed by the Parties)**

Huang has brought claims in this case against The Ohio State University and against Giorgio Rizzoni in his individual capacity.

For purposes of Huang's claims against the University, only, Ohio State University is an incorporated public institution, which, like all private and public corporations, acts through its agents.

**EVIDENCE (Agreed by the Parties)**

Unless you are otherwise instructed, the evidence in the case consists of the

sworn testimony of the witnesses no matter who called the witness, all exhibits received

in evidence no matter who produced them, and all facts and events that

may have been admitted or stipulated.

Statements and arguments by the lawyers are not evidence. The lawyers are not

witnesses. What they have said in their opening statement, closing arguments, and at

other times is intended to help you understand the evidence, but it is not evidence. But

when the lawyers on both sides stipulate or agree on the existence of

a fact, unless otherwise instructed, you must accept the stipulation and regard that fact

as proved.

## DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE (Agreed by the Parties)

In general, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts indicating the existence or nonexistence of a fact.

The law generally fails to distinguish between the weight or value to be given to either direct or circumstantial evidence. Greater certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Instruction No. __

## INADMISSIBLE AND STRICKEN EVIDENCE (Agreed by the Parties)

materials that the lawyer believes are not properly admissible in evidence. If, throughout the trial, I sustained an objection by one of the lawyers, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Instruction No. __
**INFERENCES DEFINED (Agreed by the Parties)**

You are to consider only the evidence in the case. But you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence of the case.

Instruction No. __

**COURTS COMMENTS NOT EVIDENCE (Agreed by the Parties)**

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion on the facts. You may disregard my comments because you, as jurors, are the sole judges of the facts and are not bound by my comments or opinions.

Instruction No. __

**CREDIBILITY OF WITNESSES (Agreed by the Parties)**

In deciding the facts, you may have to decide which testimony to believe and

which testimony not to believe. You may believe everything a witness says, part of it, or

none of it. In considering the testimony of any witness, you may take into account many

factors, including the witness's opportunity and ability to see or hear or know the things

the witness testified about; the quality of the witness's memory; the witness's

appearance and manner while testifying; the witness's interest in the outcome of this

case; any bias or prejudice the witness may have; other evidence that may have

contradicted the witness's testimony; and the reasonableness of the witness's testimony

in light of all the evidence.

Instruction No. __
### NUMBER OF WITNESSES (Agreed by the Parties)

The weight of the evidence is not necessarily determined by the number of

witnesses testifying to the existence or nonexistence of any fact. You may find the

testimony of a few witnesses as to any fact is more credible than the testimony of a

larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the

testimony of any number of witnesses that does not produce in your mind's belief in

the likelihood of truth, as against the testimony of a lesser number of witnesses or

other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Instruction No. __

**BENCH CONFERENCES (Agreed by the Parties)**

From time to time it was necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence would be treated under the rules of evidence and to avoid confusion and error.

Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I did not wish to cause you any delay, but these conferences were necessary.

Instruction No. ___
## OBJECTIONS (Agreed by the Parties)

There is one more general subject that I want to talk to you about before I begin explaining the burden of proof and the elements of Plaintiff Meng Huang's claims.

The lawyers objected to some of the things that were said or done during the trial. Do not hold that against either side. As I mentioned earlier, both sides have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must turn on the evidence that you saw and heard here in the court.

Instruction No. __

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE (Agreed by the Parties)**

As Plaintiff, Meng Huang has the burden to prove every essential element of her claim by a preponderance of the evidence. If she should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, as proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a

upon all the evidence, unless otherwise instructed, and you may consider the

testimony of all witnesses, no matter who may have called them, and all exhibits received in evidence, no matter who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should therefore put it out of your minds.

**"IF YOU FIND" OR "IF YOU DECIDE" (Agreed by the Parties)**

When I instruct you that a party has the burden of proof on any proposition,

or use the expression "if you find," or "if you decide," I mean that you must be

persuaded, considering all the evidence in the case that the proposition is more

probably true than not.

Instruction No. __

**JURORS TAKING NOTES (Agreed by the Parties)**

You may use the notes that you took during the trial. But the notes should not be substituted for your memory. Remember, your notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

Instruction No. __

**NATURE OF THE CLAIMS (Plaintiff's proposed instruction)**

Plaintiff, Meng Huang, is a Chinese woman from Shanghai whom Defendant Giorgio Rizzoni groomed to become his advisee and attend The Ohio State University ("OSU") to earn her Ph.D. in Mechanical and Aerospace Engineering and work under Rizzoni in OSU's Center for Automotive Research ("CAR"). She maintains that she worked in the dual role as a student and employee of Defendant OSU as a Graduate Fellow while she earned her degree between 2014 and 2017. During that time, Huang asserts that Rizzoni, in his role as her Ph.D. candidacy advisor, sexually harassed her on multiple occasions when he inappropriately touched her at his home, at the University, and on various work-related trips. Accordingly, Huang asserts a claim for sexual harassment under Title VII of the Civil Rights Act of 1964.

She also asserts a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964 because Rizzoni manipulated the members of her Ph.D. candidacy committee to fail her on her candidacy exam, denied her the opportunity to retake the exam, interfered with her prospective employment opportunity at Ford, revoked her 10% supplemental stipend, and otherwise deprived her of a harassment-free workplace and the benefits and privileges of her participation in the Center for Automotive Research ("CAR") program because of her resistance to Rizzoni's unwelcome advances.

Finally, Huang asserts a claim under 42 U.S.C. § 1983 against Rizzoni for violation of her Fourteenth Amendment Due Process right to bodily integrity. Huang asserts that Rizzoni, acting under the color of state law, exploited his position of authority in his role as her Ph.D. candidacy advisor by repeatedly sexually harassing her over a period of nearly four years as a condition to allowing her access to CAR resources, completion of her Ph.D., and ability to secure employment with Ford. Huang seeks compensatory damages, damages for emotional distress, and punitive damages, as

well as any other relief the Court deems just and proper against Defendants OSU and Rizzoni.

Defendants deny that Huang was an OSU employee. Rizzoni denies that he sexually harassed or otherwise violated Huang's bodily integrity and denies that he violated any of Huang's constitutional rights.

**OBJECTION**

**Defendants object to this instruction and proposes the following alternate instruction:** [2]

Instruction No. __
**NATURE OF THE CLAIMS (Defendants' proposed instruction)**

Plaintiff Meng Huang has two claims for you to decide. I will summarize each claim for you now, and then I will explain to you in greater detail the law pertaining to each claim.

First, Plaintiff alleges that Defendant Ohio State University, through the actions of Defendant Dr. Giorgio Rizzoni and other agents, discriminated and retaliated against her in violation of a federal law known as Title VII, which makes it illegal to retaliate against an employee who makes her own reports or complains about discrimination or harassment.

Second, Plaintiff alleges that Rizzoni personally used his authority as a faculty member at the University to violate Plaintiff's rights under the United States Constitution, by subjecting her to unwanted sexual touching.

---

[2] All instructions proposed by Defendants are adapted from the jury trial held in this Court in 2023 in the case of *Tiffany Kessling v. The Ohio State University, et. al.,* Case no. 2:20-cv-01719 and from the instructions used during the first trial in this matter.

You will notice that my instructions to you about Plaintiff's claims under Title VII and the Constitutional claims are similar in many ways. The main difference between these claims is that Title VII applies only to employers, like Defendant Ohio State University. Only individual public officials, like Defendant Rizzoni, can be held liable for violating the Constitution.

The Defendants deny Plaintiff's claims and deny that either Rizzoni or any other employee of the University engaged in any discriminatory or retaliatory conduct against Plaintiff. Instead, the University and Rizzoni allege that they had legitimate, non-retaliatory reasons for any action about which Plaintiff complains.

You will render verdicts on both claims.

**OBJECTION:**

**Plaintiff objects to Defendants' proposed instruction, as is less descriptive of Huang's claims, misleadingly describes Plaintiff as having "two claims" (she has three—sexual harassment against OSU under Title VII, retaliation against OSU under Title VII, and civil rights violation against Rizzoni under Section 1983), and reduces her civil rights claim to a claim for "unwanted sexual touching." Plaintiff's proposed instruction more accurately describes her claims.**

**EMPLOYEE[3] (Plaintiff's Proposed Instruction)**

A preliminary issue for you to decide is the question of whether Huang was an employee of Defendant OSU. You should resolve this question in light of the economic realities of the entire relationship of the parties. A person's status as a student is not preclusive of also being an employee because students' academic pursuits may overlap with work that mimics employment.[4]

There are a number of factors you must consider based on all the evidence in the case.

The crux of the test for determining whether Huang was an employee requires you to consider the scope of OSU and Rizzoni's right to control the manner and means by which Huang accomplished the work of her Ph.D. program. Factors relevant to this inquiry include the following: the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.[5]

Of the above factors, those most relevant to this case consist of the following: (1) the nature of Huang's work and whether it was conducted in OSU's regular course of business; (2) the degree of control OSU and Rizzoni exerted over Huang's work such as

---

[3] Kevin F. O'Malley et al., 3C Fed. Jury Prac. & Instr. § 171:47 (6th ed.) (updated Jan. 2025), Modified.
[4] *Huang v. Ohio State Univ. et al.*, No. 23-3469, pgs.20-21 (6th Cir. 2024) (Bloomekatz, J.).
[5] *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992).

compensation.[6]

The intent of the parties is always important, but job titles OSU assigned to Huang are immaterial to determining whether Huang was OSU's employee.

**OBJECTIONS**:

**Defendants object to this instruction and refer the court to the alternate instruction presented on Page 4 of this document.**

**Plaintiff responds that while she does not object to the introductory instruction presented on Page 4 of this document, it is not sufficient to instruct the jury on the question of whether Huang is an employee for purposes of Title VII in light of the governing Sixth Circuit ruling.**

---

[6] *Huang v. Ohio State Univ. et al.*, No. 23-3469, p.19 (6th Cir. 2024) (Bloomekatz, J.).

Instruction No. __
## ELEMENTS OF A TITLE VII CLAIM – HARASSMENT – QUID PRO QUO[7]
### (Plaintiff's Proposed Instruction)

Huang alleges that her Ph.D. candidacy advisor, Rizzoni, subjected her to sexual harassment. It is for you to decide whether Defendant Ohio State University is liable to Huang for the actions of Rizzoni.

To prevail on this claim, Huang must prove all of the following by a preponderance of the evidence:

**First**: Rizzoni subjected Huang to inappropriate touching because of her sex;

**Second**: Rizzoni's conduct was not welcomed by Huang;

**Third**: Huang's submission to Rizzoni's conduct was an express or implied condition for receiving a job benefit or avoiding a job detriment;

**Fourth**: Rizzoni subjected Huang to an adverse "tangible employment action"; a tangible employment action is defined as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits; and

**Fifth**: Huang's rejection of and failure to submit to Rizzoni's advances was a motivating factor in the decision to manipulate her Ph.D. candidacy committee to fail her on her candidacy exam, deny her the opportunity to retake the exam, interfere with her prospective employment opportunity at Ford, revoke her 10% supplemental stipend, and otherwise deprive her of a harassment-free workplace

---

[7] Model Civ. Jury Instr. 3rd Cir. 5.1.3 (Nov. 13, 2024), Modified; *see also Huang v. Ohio State Univ. et al.*, No. 23-3469, p.22 (6th Cir. 2024) (Bloomekatz, J.).

Research ("CAR") program.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for Defendant Ohio State University and you need not proceed further in considering this claim.

**OBJECTION:**

**Defendants object to the inclusion of the fifth element in this claim as drafted.  Defendants propose the following alternate Element Five:**

**Fifth:**  Huang's rejection of and failure to submit to Rizzoni's advances was a motivating factor in any tangible employment action such as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefit.

## <u>MOTIVATING FACTOR[8] (Agreed to by the Parties)</u>

The term "motivating factor" means a consideration that moved Rizzoni toward his decision.

---

[8] Kevin F. O'Malley et al., 3C Fed. Jury Prac. & Instr. Civil § 177: 32 (6th ed.) (updated Jan. 2025).

Instruction No. __

**RETALIATION UNDER TITLE VII[9] (Plaintiff's Proposed Instruction)**

It is unlawful for an employer to retaliate against an employee who engages in conduct protected by state or federal laws. Opposing, reporting, and/or participating as a witness during an investigation of any practice made unlawful by Title VII are considered protected activities.

Rejecting sexual advances—using words or actions is within the scope of protected activity covered by Title VII.[10]

To prevail on her Title VII retaliation claim, Huang must prove all of the following by the preponderance of the evidence:

**First:** Huang engaged in a protected activity by resisting and opposing Rizzoni's inappropriate touching.

**Second:** Rizzoni subjected Huang to an adverse action or actions after the protected activity took place.

**Third:** There was a causal connection between the adverse action or actions and Huang's protected activity.

The term "adverse" means that the action or actions taken against Huang, either alone or in combination, were serious enough that it or they well might discourage a reasonable employee, under the same or similar circumstances, from engaging in a protected activity. An action is not adverse if it is only a petty slight, a minor annoyance, or a simple lack of good manners. But an action need not cause a loss of pay or benefits

---

[9] Tracks Retaliation Instruction from *Kessling v. Ohio State Univ. et al.*, No. 2:20-cv-1719.
[10] *Huang v. Ohio State Univ. et al.*, No. 23-3469, pgs. 24-25 (6th Cir. 2024) (Bloomekatz, J.).

carry out that threat may be an adverse action. An action can be adverse without actually discouraging or preventing Plaintiff from reporting sexual harassment, so long as a reasonable employee, under the same or similar circumstances, may well have been discouraged from doing so. If you find that Huang was subjected to actions by Rizzoni or the University that, individually or in combination, had an overall effect that could be serious enough to discourage a reasonable employee from making or supporting a charge of sexual harassment, you should find that she has established the "adverse action" element of her Title VII claim.

A "causal connection" may be shown in many ways. For example, you may find that there is a sufficient connection through timing; in other words, that an adverse action followed shortly after an agent of the University learned of her protected activity. A "causal connection" may also be proven by statements, antagonism toward Plaintiff, a change in demeanor toward her, or if you conclude that the explanations given by Defendants for an adverse action against Huang are untrue, contradictory, or inconsistent with actions taken toward other similar types of employees in similar situations.

If Huang proves all of the above by a preponderance of the evidence, you should find for her on her retaliation claim under Title VII. If any of the above elements have not been proved by the preponderance of the evidence, your verdict must be for Defendant Ohio State University. If you find that all of the above elements have been proven by a preponderance of the evidence, your verdict must be for Huang.

**OBJECTION:**

Defendants object to this instruction and propose the following
alternate instruction:

Instruction No. __
<h3 style="text-align:center">RETALIATION UNDER TITLE VII (Defendants' Proposed Instruction)</h3>

It is unlawful for an employer to retaliate against an employee who engages in conduct protected by state or federal laws. Opposing, reporting, and/or participating as a witness during an investigation of any practice made unlawful by Title VII are considered protected activities.

To prevail on her Title VII retaliation claim, Plaintiff must prove all of the following by the preponderance of the evidence:

**First:** Plaintiff engaged in a protected activity. The Parties stipulate that Plaintiff engaged in a protected activity when she reported Rizzoni's alleged sexual harassment to the university on December 12, 2017.

**Second:** Plaintiff was subjected to an adverse action or actions after the protected activity took place.

**Third:** There was a causal connection between the adverse action or actions and Plaintiff's protected activity.

The term "adverse" means that the action or actions taken against Plaintiff, either alone or in combination, were serious enough that it or they well might discourage a reasonable employee, under the same or similar circumstances, from engaging in a protected activity. An action is not adverse if it is only a petty slight, a minor annoyance, or a simple lack of good manners. But an action need not cause a loss

with the power to carry out that threat may be an adverse action. An action can be adverse without actually discouraging or preventing Plaintiff from reporting discrimination, so long as a reasonable employee, under the same or similar circumstances, may well have been discouraged from doing so. If you find that Plaintiff was subjected to actions by the Defendants that, individually or in combination, had an overall effect that could be serious enough to discourage a reasonable employee from making or supporting a charge of discrimination, you should find that she has established the "adverse action" element of her Title VII claim.

A "causal connection" may be shown in many ways. For example, you may find that there is a sufficient connection through timing; in other words, that an adverse action followed shortly after an agent of the University learned of her protected activity. A "causal connection" may also be proven by statements, antagonism toward Plaintiff, a change in demeanor toward her, or if you conclude that the explanations given by the University for an adverse action against Plaintiff are untrue, contradictory, or inconsistent with actions taken toward other similar types of employees in similar situations.

If Plaintiff proves all of the above by a preponderance of the evidence, you should find for her on her retaliation claim under Title VII. If any of the above elements have not been proved by the preponderance of the evidence, your verdict must be for Defendant Ohio State University.

**OBJECTION:**

**Plaintiff objects to Defendants' proposed instruction for the following reasons: First, Plaintiff objects to limiting her protected activity to reporting**

sexual harassment. In reversing and remanding the legal court's prior rulings

in this case, the Sixth Circuit explained that "[r]ejecting sexual advances—

using words or actions—is within the scope of conduct Title VII protects."

*Huang*, 116 F.4th, at 562. Therefore, Huang's protected activity includes not

only reporting, but also resisting Rizzoni's harassment. Additionally,

Defendants' proposed instruction twice uses the term "discrimination" in

place of "sexual harassment", which does not accurately describe Huang's

claims.

## 42 U.S.C. SECTION 1983[11] (Agreed to by the Parties)

Huang asserts a claim under 42 U.S.C. Section 1983, a federal statute which allows individuals to sue state government employees for violations of their constitutional rights.

In order for Huang to succeed on her Section 1983 claim against Rizzoni, she must prove the following two elements by a preponderance of the evidence:

1. That Rizzoni deprived Huang of a constitutional right to bodily integrity without her consent due to inappropriate touching; and

2. That Rizzoni was acting under color of state law.

If you find that Huang has proven by a preponderance of the evidence that Rizzoni deprived her of a constitutional right while he was acting under the color of state law, you must find in favor of Huang. Otherwise, you must find for Rizzoni.

---

[11] *Huang v. Ohio State Univ. et al* Trial 1 Jury Instructions (filed 5/5/2023).

Instruction No. __

## DEPRIVATION OF A CONSTITUTIONAL RIGHT[12] (Plaintiff's Proposed Instruction)

It is unlawful for an individual to use their power as a public official to deprive a person of a constitutional right.

The first element of Huang's claim is that she was deprived of a constitutional right by Defendants. Huang asserts that Defendants violated her rights under the Due Process Clause of the United States Constitution. The Due Process Clause protects individuals against state intrusions upon bodily integrity. The right to bodily integrity encompasses the right not to be subjected to nonconsensual, inappropriate touching by an individual acting under color of state law.

Standard for Inappropriate Touching

It is for you to decide from all of the circumstances if the alleged incidents of touching were nonconsensual and if they were inappropriate, coercive, or otherwise violated her right to bodily integrity. In order for touching to be inappropriate in nature, you must find by a preponderance of the evidence that Rizzoni touched Huang inappropriately or with reckless indifference to the risk that Huang would reasonably perceive the touching to be inappropriate, coercive, or otherwise a violation of her bodily integrity. You must further find by a preponderance of the evidence that Huang reasonably perceived the touching to be inappropriate, coercive, or otherwise a violation of her bodily integrity. In making this determination, you are to consider the totality of the circumstances, applying common sense and an appropriate sensitivity to social context.

---

[12] *Huang v. Ohio State Univ. et al* Trial 1 Jury Instructions (filed 5/5/2023).

**OBJECTION:**

**Defendants object to this instruction and offer the following alternate instruction:**

Instruction No. ___

**DEPRIVATION OF A CONSTITUTIONAL RIGHT (Defendants' Proposed Instruction)**

It is unlawful for an individual to use their power as a public official to deprive a person of a constitutional right.

The first element of Plaintiff's claim is that she was deprived of a constitutional right by Defendant. Plaintiff asserts that Defendant violated her rights under the Due Process Clause of the United States Constitution. The Due Process Clause protects individuals against state intrusions upon bodily integrity. The right to bodily integrity encompasses the right not to be subjected to nonconsensual, sexual touching by an individual acting under color of state law.

Standard for Sexual Touching

It is for you to decide from all of the circumstances if an alleged incident of touching was nonconsensual and if it was sexual in nature. In order for touching to be sexual in nature, you must find by a preponderance of the evidence that Rizzoni touched Plaintiff with the intent to convey a message of sexual desire or interest, or touched her with reckless indifference to the risk that Plaintiff would reasonably perceive the touching as conveying a message of sexual desire or interest. You must further find by a preponderance of the evidence that Plaintiff reasonably perceived the touching to be sexual in nature.

Whether Plaintiff reasonably perceived the touching as conveying a message of sexual desire or interest and whether Defendant engaged in such touching with reckless indifference to the risk that Plaintiff would reasonably perceive it that way requires careful consideration of the social context in which particular behavior occurs and is experienced

by its target, and in making that assessment, you are to consider the totality of the

circumstances, applying common sense and an appropriate sensitivity to social context.

You have heard testimony by Plaintiff alleging that Defendant engaged in a pattern of unwanted sexual touching of her from March 2014 to Fall semester 2017. In determining whether Plaintiff has proved that Defendant violated her right to bodily integrity either by a pattern or by discrete instances of unwanted sexual touching, the governing standard is this: you must find by a preponderance of the evidence that Defendant, without Plaintiffs consent, intentionally or with reckless indifference touched Plaintiff in a sexual manner and that Plaintiff reasonably perceived the touching to be sexual in nature.

**OBJECTION:**

**Plaintiff objects that Defendants' proposed instruction (which is derived from the instruction used in the first trial in this matter). The Sixth Circuit properly rejected the trial court's focus on unwanted sexual touching. As the court explained, "Rizzoni's alleged 'manipulation, coercion, and influence' over Huang constitute circumstantial evidence that he touched her sexually. They provide an explanation of her behavior, and his, regarding the touching." *Huang*, 116 F.4th, at 564. Plainly, the inquiry here is not whether Rizzoni's touching of Huang was motivated by sexual desire, but rather whether he abused his power over her. As a threshold matter, a Section 1983 claim is a statutory cause of action for abuse of power—a fact that the federal courts have specifically recognized in cases involving rape by public officials. *See, e.g. Doe v. Sutherland,* No. 1:20-CV-126-LY-SH, 2020 U.S. Dist. LEXIS 139481, at \*12 (W.D. Tex. Aug. 5, 2020) (finding a valid cause of action where public official was accused of abusing his power by raping**

44

a woman involved in a police investigation); *United States v. Reyes-Romero*, 327 F. Supp. 3d 855, 893 n.46 (W.D. Pa. 2018) (recognizing that "the rapist's motivation is usually not sex, but power"). Whether Rizzoni was motivated by sexual desire or something else (such as a desire to feel powerful) is wholly irrelevant to the question of whether his touching was inappropriate, made Huang feel uncomfortable and/or devalued, and violated her constitutional right to her bodily integrity. It is inaccurate, because she can prevail if the jury finds that Rizzoni violated her, even if the jury does not find that he was motivated by sexual desire. Defendants' proposed instruction therefore is highly misleading and unfairly limits the scope of Huang's claim.

60994703.1
4906-5739-0934 v1

Instruction No. __
**COLOR OF STATE LAW[13] (Agreed to by the Parties)**

You must next find whether Rizzoni's alleged inappropriate touching was committed under color of state law. Acts are done under color of state law when a person acts or purports to act in the course of performing an actual or apparent duty of his role as an employee of OSU, or if the conduct is such that the actor could not have behaved as he did without the authority derived from his role at OSU.

A defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law. Instead, the conduct allegedly causing the deprivation of a constitutional law must be fairly attributable to the state, meaning that it must be related in some meaningful way to Rizzoni's governmental status or the performance of his duties at The Ohio State University.

---

[13] *Huang v. Ohio State Univ. et al* Trial 1 Jury Instructions (filed 5/5/2023).

60994703.1
4906-5739-0934 v1

Instruction No. __
**DAMAGES GENERALLY (Agreed to by the Parties)**

I will now give you some more specific instructions that only apply if you Find that either or both Defendants are liable. You should not interpret the fact that I am giving instructions about Huang's damages as an indication in any way that I believe that she should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance if you decide that the Defendants are liable and that Meng Huang is entitled to recover money from the Defendants.

If you decide that either Defendant is not liable, then you should not consider the question of damages for that Defendant.

60994703.1
4906-5739-0934 v1

Instruction No. __
## COMPENSATORY DAMAGES (Agreed to by the Parties)

If you find for Plaintiff, Meng Huang, on either of her claims, then you must determine an amount that is fair compensation for her damages. You may award compensatory damages only for injuries she proves were caused by the allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering, mental anguish, humiliation, anger, despair, or other non-economic losses that Huang experienced as a result of the wrongful conduct of Defendant Ohio State University and/or Rizzoni. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences regarding the effect on Huang of each action taken against her by the Defendants, or the combined effect of multiple such actions. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that

48

Huang prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

60994703.1
4906-5739-0934 v1

Instruction No. __
### **NONECONOMIC DAMAGES**[14] **(Agreed to by the Parties)**

If you determine that Huang is entitled to a verdict against Defendants OSU and/or Rizzoni, you must award her damages in an amount that will reasonably compensate her for all loss or harm, provided that you determine was suffered by Huang and was caused by Defendants' conduct. The amount of the award shall include reasonable compensation for any fears, anxiety, and other emotional distress suffered by Huang and for similar suffering reasonably certain to be experienced in the future from the same cause. This is a form of noneconomic damage.

No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for emotional distress. Nor is the opinion of any witness required about the amount of reasonable compensation. In making an award for emotional distress, you must exercise your authority with calm and reasonable judgment, and the damages you fix must be just and reasonable in the light of the evidence.

---

[14] Am. Bar Ass'n Model Jury Instr. Empl. Lit. § 3.07[8][c] (LEXIS).

60994703.1
4906-5739-0934 v1

Instruction No. 27__

**DELIBERATIONS AND VERDICT INFORMATION (Agreed to by the Parties)**

That concludes the part of my instructions explaining the elements of the claims and damages. Now let me finish by explaining some things about your deliberations in the jury room, and your possible verdict.

You must follow these rules while deliberating and returning your verdict:

**First,** when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

**Second,** it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are the judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Third,** if you need to communicate with me during your deliberations, you may send a note to me through the marshal or court security officer, signed by one

51

or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

**Fourth,** your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is for you to decide.

**Finally,** the verdict form is simply the written notice of the decision that you reach. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign, and date it, and advise the marshal or court security officer that you are ready to return to the courtroom.

60994703.1
4906-5739-0934 v1

Instruction No. __

**DAMAGES WHEN THERE IS MORE THAN ONE DEFENDANT (Agreed to by the Parties)**

Each Defendant is entitled to fair, separate, and individual consideration of the case no matter your decision as to the other Defendant. If you find that only one Defendant is responsible for a particular injury, then you must impose damages for that injury only upon that Defendant.

60994703.1
4906-5739-0934 v1

Instruction No. __

## JURORS USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES
### (Agreed to by the Parties)

During your deliberations, you must not communicate with or provide
any information to anyone by any means about this case. You may not use any
electronic device or media, such as a cell phone, tablet, computer, the internet,
any internet service, any text, or instant messaging service, any internet chat
room, blog, or website (including Facebook, Instagram, Twitter, Snapchat,
TikTok, LinkedIn, or YouTube) to communicate to anyone any information
about this case or to conduct any research about this case until I accept your
verdict. You may not use any similar technology or social media, even if I have
not specifically mentioned it here. In other words, you cannot talk to anyone
on the phone, correspond with anyone, or electronically communicate with
anyone about this case. You can only discuss the case in the jury room with
your fellow jurors during deliberations. I expect you will inform me as soon as
you learn of another juror's violation of these

instructions.

You may not use these electronic means to investigate or communicate
about the case because you must decide this case based solely on the evidence
presented in this courtroom. Information on the internet or on social media
might be wrong, incomplete, or inaccurate. You are only permitted to discuss

54

the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

60994703.1
4906-5739-0934 v1

Instruction No. __
## INSTRUCTIONS AND FORM DO NOT RECOMMEND ANY VERDICT
### (Agreed to by the Parties)

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

60994703.1
4906-5739-0934 v1

Instruction No. __

**WRITTEN INSTRUCTIONS (Agreed to by the Parties)**

The written form of the instructions on the law I have just given you will be available in the jury room.

These instructions, which are contained in a three-ring binder, are placed in the charge of the foreperson you elect.

You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict. You may pass these instructions from juror to juror for individual reading and consideration.

These written instructions, which are in the same language as I have given them to you orally, represent the law applicable to the facts, as you find the facts to be.

There is a table of contents on the first page of these instructions. You may readily locate any instruction by referring to this list.

60994703.1
4906-5739-0934 v1

Instruction No. ___
**VERDICT FORM (Agreed to by the Parties)**

The Court will provide you with the verdict form which you will have with you in the jury room. I will now read this to you.

When you arrive at a verdict, you will notify the court security officer, who will inform the Court.

58

**VERDICT FORMS:**

**Plaintiff's Proposed Verdict Form:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | **PROPOSED VERDICT FORM** |
| Defendants. | |

**VERDICT FORM**

1.      On Plaintiff Meng Huang's sexual harassment claim against Defendant Ohio State University, we find for (check one)

\_\_\_\_\_ Plaintiff Meng Huang, or

\_\_\_\_\_ Defendant Ohio State University

2.      On Plaintiff Meng Huang's retaliation claim against Defendant Ohio State University under Title VII, we find for (check one)

\_\_\_\_\_ Plaintiff Meng Huang, or

60994703.1
4906-5739-0934 v1

_____ Defendant Ohio State University

3.      On Plaintiff Meng Huang's claim against Defendant Giorgio Rizzoni for violation of her Fourteenth Amendment right to bodily integrity under the United States Constitution, we find for (check one)

_____ Plaintiff Meng Huang, or

_____ Defendant Giorgio Rizzoni

**4.      Complete the following only if <u>one or more</u> of the above findings in numbers 1–2 is for Plaintiff Meng Huang.**

State the total amount of compensatory damages imposed upon Ohio State University:

$ _____

**5.      Complete the following only if the above finding in number 3 is for Plaintiff Meng Huang.**

State the total amount of compensatory damages imposed upon Defendant Giorgio Rizzoni:

$ _____

**6.      Complete the following on emotional distress damages only if <u>one or more</u> of the above findings in numbers 1-2 is for Plaintiff Meng Huang.**

60

State the total amount of emotional distress damages imposed upon Ohio State University:

$ _____

**7. *In addition to compensatory damages, complete the following on emotional distress damages only if the above finding in number 3 is for Plaintiff Meng Huang.***

State the total amount of emotional distress damages imposed upon Giorgio Rizzoni:

$ _____

All jurors must agree to the verdict.

We render our verdict upon the agreement of those members who have signed below. Each juror signing his or her name below agrees with this verdict.

_____
Foreperson's signature

_____
Juror's signature

_____
Juror's signature

_____
Juror's signature

_____
Juror's signature

_____
Juror's signature

_____
Juror's signature

60994703.1
4906-5739-0934 v1

_____
Juror's signature


Dated: _____


## OBJECTION:

**Defendants object to the verdict form proposed by Plaintiff and proposes the following alternate verdict form:**

## Defendants' Proposed Verdict Form:

### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

MENG HUANG,

           Plaintiff,            Case No: 2:19-cv-1976

v.                      Chief Judge Sarah D. Morrison

THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,      Magistrate Judge: Chelsey M. Vascura

           Defendants.

### VERDICT FORM

62

1.    On Plaintiff Meng Huang's discrimination and retaliation claim against Defendant Ohio State University under Title VII, we find for (check one)

Plaintiff Meng Huang, or

Defendant Ohio State University

2.    On Plaintiff Meng Huang's claim against Defendant Giorgio Rizzoni under the United States Constitution, we find for (check one)

Plaintiff Meng Huang, or

Defendant Giorgio Rizzoni

**3.    Complete the following only if <u>one or more</u> of the above findings in numbers 1–2 is for Plaintiff Meng Huang:**

State the total amount of compensatory damages for Plaintiff Meng Huang:

$ _____

4. **Complete the following only if <u>both</u> of the above findings in numbers 1– 2 is for Plaintiff Meng Huang.**

Of the total amount of compensatory damages awarded in number 3, state the total amount of damages imposed upon Defendant Giorgio Rizzoni:

60994703.1
4906-5739-0934 v1

$ _____

All jurors must agree to the verdict.

We render our verdict upon the agreement of those members who have signed below. Each juror signing his or her name below agrees with this verdict.


**OBJECTION:**

Plaintiff objects to Defendants' proposed verdict form. First, Defendants' proposed form incorrectly replaces Plaintiff's Title VII sexual harassment claim with a "discrimination" claim and combines with her Title VII retaliation claim. Plaintiff submits that these are two separate claims for sexual harassment and retaliation. Defendant's form also improperly sanitizes the nature of Plaintiff's Section 1983 claim, while Plaintiff accurately describes it as a "violation of her Fourteenth Amendment right to bodily integrity under the United States Constitution." Defendants' description of these claims is misleading and risks confusion. Finally, Defendants' compensatory damages interrogatories are unnecessarily complex and confusing, as they ask the jury to award a total amount of compensatory damages and then deduct a portion of the same as being attributable to Rizzoni

60994703.1
4906-5739-0934 v1

instead of OSU. By contrast, Plaintiff's interrogatories simply ask the jury what amount (if any) they award each against OSU and Rizzoni.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | |
| | Chief Judge Sarah D. Morrison |
| v. | |
| | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

## JOINT PROPOSED CLOSING JURY INSTRUCTIONS
### and
## VERDICT FORM ON PUNITIVE DAMAGES

### PHASE II

60994703.1
4906-5739-0934 v1

Punitive Instruction No. 1
## **GENERAL STATEMENT (Agreed to by the Parties)**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and arguments, the time has come  to instruct you as to the law governing this second phase of the trial.

Because you found Plaintiff Meng Huang has proven, by the preponderance of the evidence, her claim against Defendant Giorgio Rizzoni under the United States Constitution, you must now consider whether she is entitled to punitive damages in addition to any other damages.

60994703.1
4906-5739-0934 v1

Punitive Instruction No. 2
## PUNITIVE DAMAGES (Agreed to by the Parties)

Because you found for Huang on her retaliation claim against Rizzoni, you may—but are not required to—award Huang an additional amount of money as punitive damages if you find it is appropriate to punish Rizzoni for his wrongful conduct or to deter him and others from engaging in similar conduct in the future. Punitive damages may not be awarded to compensate Huang. Whether to award punitive damages and the amount of those damages are within your sound discretion.

In fixing the amount of punitive damages, you should consider the following questions: How offensive was the conduct? What amount is needed to prevent repetition in light of Defendant Ohio State University and/or Rizzoni's financial condition? And, does the amount have a reasonable relationship to the compensatory damages awarded?

4903-3648-1109 v1
60994703.1
4906-5739-0934 v1

Punitive Instruction No. 3
## PUNITIVE DAMAGES VERDICT FORM (Agreed to by the Parties)

The Court will again provide you with the verdict form which you will have with you in the jury room. I will now read this to you.

When you arrive at a verdict, you will notify the court security officer, who will inform the Court.

4903-3648-1109 v1
60994703.1
4906-5739-0934 v1

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| MENG HUANG,<br><br>             Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY and<br>GIORGIO RIZZONI,<br><br>          Defendants. | Case No: 2:19-cv-1976<br><br>Chief Judge Sarah D. Morrison<br><br>Magistrate Judge: Chelsey M. Vascura |

**JOINT PROPOSED VERDICT FORM ON PUNITIVE DAMAGES (PHASE II)**

In addition to compensatory and emotional distress damages, we, the jury,

make (check appropriate line(s)):

1. _____ An additional award of punitive damages to Plaintiff Meng Huang

of $_____ against Defendant Giorgio Rizzoni.

_____ No additional award to Plaintiff Meng Huang against Defendant

Giorgio Rizzoni.

[*Juror signatures on the following page*]

All jurors must agree to the verdict.

We render our verdict upon the agreement of those members who have signed
below. Each juror signing his or her name below agrees with this verdict.

70

4903-3648-1109 v1<br>60994703.1<br>4906-5739-0934 v1

_____
Foreperson's signature


_____
Juror's signature

_____
Juror's signature

_____
Juror's signature

_____
Juror's signature

_____
Juror's signature

_____
Juror's signature

_____
Juror's signature


Dated: _____

4903-3648-1109 v1
60994703.1
4906-5739-0934 v1

Respectfully Submitted,

/s/ *Andrew J. Horowitz*
Bruce C. Fox (*pro hac vice*)
bruce.fox@obermayer.com
Andrew J. Horowitz (OH ID No. 0101753)
Andrew.horowitz@obermayer.com
OBERMAYER REBMANN MAXWELL &
HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Tel: (412) 566-1500
Fax: (412) 281-1530

*Attorneys for Plaintiff*

/s/ *Christina L. Corl*
Christina L. Corl (0067869)
PLUNKETT COONEY
716 Mt. Airyshire Blvd., Suite 100
Columbus, OH 43235
(614) 629.3018
ccorl@plunkettcooney.com

*Attorney for Defendants*

Dated: July 17, 2025

4903-3648-1109 v1
60994703.1
4906-5739-0934 v1