IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | JURY TRIAL DEMANDED |
| Defendants. | |

**BRIEF IN OPPOSITION TO SECOND MOTION IN LIMINE**

Defendants' Motion in Limine No. 2 seeks the exclusion of two separate sets of evidence.[1] First, it seeks to exclude the testimony of the Ms. Huang's treating psychiatrist, Dr. Roy Lubit. Second, it seeks to exclude evidence of Ms. Huang's damages. The Court should deny the Motion as to both.

**I.   DEFENDANTS HAVE BEEN AWARE OF DR LUBIT SINCE 2021 AND HAS AMPLE TIME TO DEPOSE HIM**

First, Defendants revive their complaints regarding Dr. Roy Lubit, the Ms. Huang's treating psychiatrist. The Court previously decided that, although Plaintiff disclosed Dr. Lubit as a witness shortly after he began his treatment of Ms. Huang (ECF 176). The Court also, however, agreed that treatment after May 2023 could be the subject of Dr. Lubit's testimony, as Defendants have known about Dr. Lubit for years and could conduct discovery.

---

[1] There is no obvious connection between the two forms of relief demanded in the Motion in Limine No. 2 and it is unclear why these two have been combined into a single motion.

1

Dr. Lubit, however, has not been able to continue treatment uninterrupted due to Chinese law regarding licensing of mental health professionals while Ms. Huang has been in China, as she has for most of the period since May 2023. As soon as she is able to return to the United States, and some time in advance of trial, that treatment will resume. As Dr. Lubit is a treating physician, it is expected that the treatment will continue up through (and after) trial.

Ms. Huang will make Dr. Lubit available for deposition as close to trial as Defendants believe is necessary to be fully up to date regarding the treatment of Ms. Huang. With any treating physician who is giving continuing treatment, it is of course an issue that new information may be uncovered in treatment at some late date, and a brief deposition in advance of trial can address this issue.

Defendants elected not to take a deposition of Dr. Lubit up to this time. Ms. Huang will not second-guess that decision, but will produce Dr. Lubit at such at time as Defendants require. There is no surprise in this. There is simply the reality of when the treatment is able, as a result of Chinese law, to occur.

## II. MS. HUANG'S TESTIMONY WILL SUPPORT HER CLAIMS FOR DAMAGES, INCLUDING THE CALCULATIONS PROVIDED

Defendants label a variety of damages as "speculative" because Defendants do not believe that they have been provided sufficient "supporting evidentiary material." Indeed, Defendants underline this phrase and seem to intend to imply that testimony alone is not sufficient to support damages, and instead there is a requirement that some kind of other, non-testimonial documents support all damages claims. The phrase "supporting evidentiary material," however, does not appear in either the Rule or the case cited for this proposition. Fed. R. Civ. P. 26, *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357 (6th Cir. 2010).

To the contrary, damages claims may be supported by testimony alone. *See Travers v. Flight Servs. & Sys.*, 808 F.3d 525, 539 (1st Cir. 2015) (the jury may credit plaintiff's testimony regarding lost income even when contradicted by other documentary evidence); *Gaffney v. Riverboat Servs.*, 451 F.3d 424, 461 (7th Cir. 2006) ("In calculating lost income, the district court is free to credit the plaintiffs' testimony regarding their sources and levels of income" even when vague and inexact); *Prescod v. AMR, Inc.*, 109 Fed.App'x 155, 156 (9th Cir. 2004) (affirming an award of lost income damages based on the plaintiff's testimony alone); *EEOC v. East Columbus Host, LLC*, 2016 U.S.Dist. LEXIS 118993 at *20 (S.D.OH. Sept. 2, 2016) ("A plaintiff's own testimony may be sufficient to demonstrate emotional distress"); *Byrne v. Yeats Constr. Mgmt*, 2022 U.S.Dist. LEXIS 185847 at *7 (S.D.N.Y. Oct. 11, 2022) ("Damages for loss of past earnings may be awarded based solely on plaintiff's testimony without supporting documentation"). To the degree that Defendants regard this testimony as unreliable, their remedy is to attempt to impeach the testimony at trial. *Prescod*, 109 F. App'x at 156.

Plaintiffs have provided the documentation regarding emotional distress available to it, as well as a breakdown of the areas of damages which the Plaintiff will testify to over four years ago, prior to the deposition of Ms. Huang. That deposition continued for over eleven hours. Defendants had ample time to question Ms. Huang about her damages.

The further authorities cited by Defendants do not help them. Indeed, they cite a cases that observe that it is not necessary for a plaintiff to "precisely explain his quantification" and instead under Rule 26 only needs to provide "specific amounts of compensatory and punitive damages he seeks," and that "plaintiff should provide more than a lump sum statement of the damages allegedly sustained." *Lucas v. Transamerica Life Ins. Co.*, 2011 U.S. Dist. LEXIS 126104 at *4 (E.D.KY. Oct. 21, 2011); *Detrick v. 84 Lumber Co.*, 2008 U.S. Dist. LEXIS 142283 at *13 (N.D.OH. Jan

3

25, 2008). But Defendants ignore that they admit Ms. Huang did exactly what she was supposed to: provided a breakdown explaining what amounts were sought for specific categories of damages to the degree those were able to be precisely determined, and an explanation of which categories could not be specifically determined. And then Ms. Huang sat for a deposition during which she was examined at length and Defendants had ample opportunity to develop a response to the claims by cross examination.

In brief, the Defendants had both the information needed to understand the damages claimed and the opportunity, after receiving that information, to develop it in the deposition of Ms. Huang, not to mention in discovery with other witnesses, including Karen Kyle, an OSU employee who will offer testimony that will support the award of emotional distress damages, Dr. Lubit, who Defendants may still depose, as noted above, and two additional healthcare providers not objected to by Defendants

### III. CONCLUSION

The Defendants have had, and regarding Dr. Lubit still have, ample opportunities to develop responses at trial to Ms. Huang's damages claims. To the degree they have done so, they should avail themselves of the remedy available to them: trial procedure, including cross-examination. To the degree that they have not, their discovery failures should not be excused by refusing to admit the evidence the Defendants did not develop.

                              Respectfully Submitted,

Dated: July 22, 2025

                              */s/ Bruce C. Fox*
                              Bruce C. Fox, Esq. (*pro hac vice*)
                              Andrew J. Horowitz, Esq. (OH ID No. 0101753)
                              OBERMAYER REBMANN
                              MAXWELL & HIPPEL LLP
                              525 William Penn Place, Suite 1710
                              Pittsburgh, PA 15219

       Phone: (412) 566-1500
       Fax: (412) 281-1530
       bruce.fox@obermayer.com
       andrew.horowitz@obermayer.com

       *Counsel for Plaintiff Meng Huang*

**CERTIFICATE OF SERVICE**

      The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

                                    */s/ Bruce C. Fox, Esq.*