## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MENG HUANG,

Plaintiff,

v.

THE OHIO STATE UNIVERSITY
and GIORGIO RIZZONI,

Defendants.

Case No: 2:19-CV-1976

Hon. Chief Judge Sarah D. Morrison
Hon. Mag. Judge Chelsey M. Vascura

JURY TRIAL DEMANDED

### BRIEF IN OPPOSITION TO THIRD MOTION IN LIMINE

Defendants' Motion in Limine No. 3, like their Motion in Limine No. 2, combines two unrelated demands for relief for unknown reasons. The first demand is that testimony regarding Defendant Rizzoni's mistreatment of other young women under his supervision be excluded because it is "speculative" and "inadmissible hearsay." The testimony is neither. The second demand is that testimony regarding medical treatment in China be excluded because Ms. Huang did not produce records that do not exist. Defendants identify no authority that requires non-existent records to be produced and misunderstand the purpose of the evidence of medical treatment. Motion in Limine No. 3 should be denied in full.

I.  **TESTIMONY REGARDING RIZZONI'S TREATMENT OF OTHER STUDENTS IS OFFERED FOR A NON-HEARSAY PURPOSE AND IS ADMISSIBLE**

As a preliminary matter, Defendants claim in passing that evidence of Rizzoni's sexual harassment and other inappropriate treatment of his young, female students is "speculative." Defendants do not, however, at any point explain why Ms. Huang's testimony about what other

1

students related to her is "speculative." As Defendants have failed to make any argument or attempt to support their bald statement on this point, it can be rejected just as summarily.

The argument that does appear in this section relates instead to hearsay.[1] Under the Federal Rules of Evidence, hearsay is a statement "offered in evidence *to prove the truth of the matter asserted in the statement*." Fed. R. Evid. 801(c) (emphasis added). Therefore, a statement offered for any other purpose is not hearsay. Further, a statement "made by the party's agent or employee on a matter within the scope of that relationship while it existed" is not hearsay. Fed. R. Evid. 801 (d)(2)(D).

The statements in question here were made by OSU employees, directly supervised by Rizzoni, about the sexual harassment they suffered at work during the time they were employed by OSU. They are definitionally not hearsay. What is more, the testimony the Defendants object to refers to statements made in January, 2018, at about the time Ms. Huang went from keeping quiet to forcefully seeking redress for the harms Rizzoni did to her. Dep. of Meng Huang, 80:1-6. Defendants are expected to argue that Ms. Huang's silence before her report and her vigorous pursuit of her claims undermine her credibility, and that she was actually making up the harassment and assault she suffered as a result of her not receiving her Ph.D. The evidence that is the subject of Motion in Limine No. 1 helps the jury to understand why Ms. Huang did not report earlier. The evidence that Ms. Huang learned of after reporting explains why she pursued her complaint so vigorously: because she then understood that Rizzoni was also harming others, and that the redress she was seeking would not only be for the harms to her.

---

[1] Motion in Limine No. 3 also includes an implication, never further developed, that some part of these statements are "double hearsay" or "hearsay within hearsay." There is, however, no explanation of how a statement made by a person about that person's direct experience could constitute hearsay within hearsay.

2

Therefore, this evidence is offered not for the truth of Rizzoni's harassment of his other students, but instead to help the jury to understand why Ms. Huang first kept the harassment and assault to herself, then later pursued a remedy actively, contrary to the Defendants' expected argument that this is a switch that is only explicable by some kind of ulterior motive.

Far from double hearsay, this is double non-hearsay: non-hearsay as a statement of employees of OSU about their employment, and non-hearsay as it is not offered for the truth of the matter asserted. It should not be excluded.

## II.  MS. HUANG DOES NOT HAVE ACCESS TO ANY RECORDS FROM HER CHINESE MEDICAL TREATEMENT AND THERE IS NO BASIS TO EXCLUDE HER TESTIMONY ON THAT BASIS

Defendants argue that Ms. Huang cannot testify as to medical treatment received in China because she did not produce medical records. There are, however, no such records, and Ms. Huang is prepared to testify as to the reasons why those records do not exist.

In brief, medical records in China are not kept by medical professionals in the manner they are kept in the United States. Instead, they are kept in a book that is kept in the possession of the patient. Ms. Huang, however, while she was physically in China at the time of her treatment, was not a Chinese resident at the time, and as a result did not have a record book for her records to be entered in. There are, therefore, no records that can be produced.

Further, Defendants' claim or at least imply that the purpose of the testimony is to identify medical diagnoses. This is wrong. To the contrary, the testimony is to show the symptoms Ms. Huang was suffering at the time and that they were sufficiently severe that she felt the need to seek medical assistance as a result of those symptoms. Plaintiffs "may typically testify regarding her symptoms but not regarding the underlying medical diagnosis,"  and their testimony may include

4918-9108-6679 v1-7/21/25
4918-9108-6679 v2

the "nature, timing, and extent of their symptoms as these issues are clearly within their perceptions." *Thompson v. Orkin, LLC*, 2025 U.S. Dist. LEXIS 32591, at *32 (E.D. Mich. Feb, 24, 2025) (cleaned up). "Lay opinion testimony on a specific medical diagnosis may not be admissible without proper expert support, but lay testimony as to a plaintiff's symptoms generally is… a plaintiff may testify as to when his or her symptoms began, and may even testify regarding causation, if that causation is within a lay person's realm of knowledge." *Williams v. Hamilton Cty.*, 2018 U.S. Dist.LEXIS 55239, at *3-4 (E.D. Tenn. Mar. 31, 2018)

The *Hamilton County* distinction is important, because Defendants attempt to conflate diagnosis with causation, saying that because Ms. Huang is not qualified to make medical diagnoses, therefore she "is not qualified to opine that her medical conditions are related to any action of Dr. Rizzoni." This is a step that is not supported by the law. As long as a lay person could connect their psychological symptoms to the harassment and abuse that immediately preceded it, so can Ms. Huang.

### III.    CONCLUSION

While it is not clear why these two unrelated requests for relief were combined into a single Motion in Limine, the one thing that both have in common is that they do not stand up to scrutiny. The statements of Ms. Huang's fellow young female employees of OSU and Rizzoni are not hearsay, both as statements of employees within the scope of the relationship and because they are offered for another purpose than the truth of the matter asserted.

Meanwhile, Ms. Huang's symptoms as a result of Rizzoni's actions and the fact that they were severe enough to cause her to seek medical attention cannot be excluded simply because of the failures of the Chinese medical system.

The Motion in Limine No. 3 should be denied.

4

4918-9108-6679 v1-7/21/25
4918-9108-6679 v2

Respectfully Submitted,

Dated: July 22, 2025

/s/ Bruce C. Fox
Bruce C. Fox, Esq. (*pro hac vice*)
Andrew J. Horowitz, Esq. (OH ID No. 0101753)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Phone:       (412) 566-1500
Fax:         (412) 281-1530
bruce.fox@obermayer.com
andrew.horowitz@obermayer.com

*Counsel for Plaintiff Meng Huang*

4918-9108-6679 v1-7/21/25
4918-9108-6679 v2

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Bruce C. Fox, Esq.*

4918-9108-6679 v1-7/21/25
4918-9108-6679 v2