IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | JURY TRIAL DEMANDED |
| Defendants. | |

**BRIEF IN OPPOSITION TO FOURTH MOTION IN LIMINE**

In contrast to the Motions in Limine No. 2 and 3, Defendants' Motion in Limine No. 4 deals with only a single issue: its wish to call Dr. La'Tonia Stiner-Jones as a witness "regarding the 'factors' the Sixth Circuit has mandated that the jury/court consider for purposes of determining if Plaintiff is considered an employee under Title VII."

Defendants do not, however, identify what that testimony will be. Defendant failed to identify the witness in any of its initial or supplemental disclosures as well. If the testimony is regarding an opinion whether Ms. Huang was a Title VII employee as a matter of law, it is clearly improper. If, as seems more likely but Defendants do not say, it is factual testimony regarding Ms. Huang's position at the University, this remains significantly problematic.[1]

It is worth comparing this request to Defendants' effort to preclude the evidence of Dr. Roy Lubit. Defendants have had knowledge of Dr. Lubit since before the first trial in this case. They have had opportunity to depose him, and Plaintiff is willing to produce him for deposition prior to

---

[1] The only clue that Motion in Limine No. 4 gives as to what the testimony would be is a reference to "ECF #64-2," but there is no such document on the docket in this case.

1

trial even now. Dr. Stiner-Jones has only now been identified as a possible witness for the first time, and was not included in Defendants' initial or supplemental disclosures. Dr. Lubit, as a treating psychiatrist, has direct knowledge of facts of this case, specifically the harms suffered by Ms. Huang and their psychological and medical effects on her. Defendants have not identified what specific knowledge Dr. Stiner-Jones has of the facts of the case. Dr. Lubit will have new information to provide as his treatment will resume as soon as Ms. Huang is able to return to the United States. Whatever knowledge Dr. Stiner-Jones has presumably existed at the time that the case was remanded to this Court.

Defendants wish not only to have it both ways here, they seek to exclude a witness they have long had notice of and are still able to depose because, in their view, it is too late while also dropping in a brand new witness, whose testimony is almost completely unknown, to testify for the first time at trial on an issue Defendants have known they will need to address at trial for nearly a year.

The Court should not allow this kind of "rules for me but not for thee" gamesmanship. The Motion in Limine No. 4 should be denied.

                                        Respectfully Submitted,

Dated: July 22, 2025

                                        */s/ Bruce C. Fox*
                                        Bruce C. Fox, Esq. (*pro hac vice*)
                                        Andrew J. Horowitz, Esq. (OH ID No. 0101753)
                                        OBERMAYER REBMANN
                                        MAXWELL & HIPPEL LLP
                                        525 William Penn Place, Suite 1710
                                        Pittsburgh, PA 15219
                                        Phone:    (412) 566-1500
                                        Fax:       (412) 281-1530
                                        bruce.fox@obermayer.com
                                        andrew.horowitz@obermayer.com

                                        *Counsel for Plaintiff Meng Huang*

2

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Bruce C. Fox, Esq.*
