# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>THE OHIO STATE UNIVERSITY<br>and GIORGIO RIZZONI,<br><br>　　　Defendants. | Case No: 2:19-CV-1976<br><br>Hon. Chief Judge Sarah D. Morrison<br>Hon. Mag. Judge Chelsey M. Vascura<br><br>**JOINT FINAL PRE-TRIAL STATEMENT** |

## JOINT FINAL PRE-TRIAL STATEMENT

Pursuant to Fed. R. Civ. P. 16, the Court has scheduled a final pre-trial conference in this case for August 29, 2025.

**I.　APPEARANCES:**

　A.　For Plaintiff: Bruce C. Fox, Andrew J. Horowitz, Salena E. Moran

　B.　For Defendant: Christina L. Corl

**II.　NATURE OF ACTION:**

　A.　This case is a civil action on behalf of Plaintiff, Meng Huang for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 against Defendant The Ohio State University ("OSU") and for violation of Ms. Huang's Fourteenth Amendment Due Process right to bodily integrity pursuant to 42 U.S.C. § 1983 against her Ph.D. advisor in his individual capacity, Defendant Giorgio Rizzoni.

　B.　The jurisdiction of the Court is invoked under Title 28, United States Code, Section 1331.

1

C. The jurisdiction of the Court is not disputed.

## III. TRIAL LENGTH:

The estimated length of trial is six days.

The jury trial has been set for September 8, 2025.

## IV. AGREED STATEMENTS AND LISTS:

### A. General Nature of the Claims of the Parties

1. Plaintiff's Claims:

    a. Ms. Huang asserts a claim for sexual harassment under Title VII of the Civil Rights Act of 1964 against Defendant Ohio State University when its agent, Defendant Rizzoni, inappropriately touched, threatened, and made demeaning comments to her while she worked as his advisee in OSU's Mechanical and Aerospace Engineering Ph.D. program and OSU's Center for Automotive Research ("CAR") between 2014 and 2017.

    b. Ms. Huang asserts a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964 against Defendant OSU when she resisted Defendant Rizzoni's inappropriate touching/advances, causing him to threaten revocation of her CAR resources, manipulate her Ph.D. candidacy committee members to fail her candidacy exam and deny her the opportunity to retake the exam, interfere with her prospective employment opportunity at Ford, revoke her 10% supplemental stipend, and otherwise deprive her of the benefits and privileges of her participation in the CAR program.

      c. Ms. Huang asserts a claim under 42 U.S.C. § 1983 against Defendant Rizzoni for violation of her Fourteenth Amendment Due Process right to bodily integrity when Defendant Rizzoni, acting under the color of state law, exploited his position of authority as her Ph.D. candidacy advisor by repeatedly subjecting her to inappropriate and unwelcome touching over a period of nearly four years as a condition to allowing her access to CAR resources, completion of her Ph.D., and ability to secure employment with Ford.

          i. <u>Itemized List of Special Damages</u>:

- Declaratory and injunctive relief to protect Ms. Huang and other future students from harassment and assault by Rizzoni and others at OSU;
- Money damages for lost economic opportunity;
- Money damages for emotional distress, reputational harm, inconvenience, humiliation and embarrassment;
- Money damages for medical expenses caused by emotional distress;
- Exemplary and punitive damages;
- Reasonable attorneys' fees and costs of suit; and
- Any and all other relief the Court deems just and proper.

2. Defendants' Claims.

    a. Defendant denies engaging in harassing behavior toward Plaintiff.

**B. Uncontroverted Facts**

OMC\4936-5573-0519.v1-7/22/25

1. None.

**C. Contested Issues of Fact and Law**

1. <u>Contested Issues of Fact</u>.

   a. The parties contest the issue of Ms. Huang's employment status with Ohio State University. Ms. Huang contends that she served in a dual role as student and employee at the University while working as a Graduate Fellow and may therefore pursue claims under Title VII. Defendant Ohio State University contends that Ms. Huang was not an employee and may not seek relief under the federal statute. In its appellate decision in this case, the Sixth Circuit directed that the jury should make factual findings regarding Rizzoni's control over where and when Ms. Huang worked. See Huang v. Ohio State Univ. et al., No. 23-3469, p.21 (6th Cir. 2024) (Bloomekatz, J.).

   b. The parties agree that the contested issues of fact remaining for decision include whether Defendant Rizzoni inappropriately touched Ms. Huang and whether he retaliated against her for resisting his unwelcome advances in his role as her Ph.D. advisor at the University.

   c. The parties also contest the nature and extent of Ms. Huang's damages.

2. Contested Issues of Law.

   a. Regarding the issue of Ms. Huang's employment status with OSU, the Sixth Circuit explained that, once the jury makes factual findings regarding Rizzoni's disputed control over where and when Ms. Huang worked, the district court should decide as a matter of law whether Ms.

Huang was an OSU employee. *See Huang v. Ohio State Univ. et al.*, No. 23-3469, p.21 (6th Cir. 2024) (Bloomekatz, J.).

D. **Witnesses**[1]

1. In the absence of reasonable notice to opposing counsel to the contrary, Ms. Huang will call, or will have available at trial:

    A. Meng Huang, Plaintiff.

    a. Ms. Huang will testify regarding her recruitment and initial meetings with Rizzoni about her enrollment in the MAE Ph.D. program at Ohio State University, her recollection of events surrounding Rizzoni's inappropriate touching, her experience and observations of Rizzoni's retaliation for resisting his unwelcome advances, and the impact of the inappropriate touching on her mental health, career prospects, and interactions with others. The testimony is intended to prove each of Ms. Huang's claims: sexual harassment, retaliation, and violation of bodily integrity in addition to establishing damages.

    B. Giorgio Rizzoni, Defendant.

    a. Address unknown.

    b. Under the adverse witness rule, Ms. Huang intends to call Defendant Rizzoni to testify as to his role as a Ph.D. advisor in

---

[1] Note: Only witnesses listed in the Joint Final Pre-trial Statement will be permitted to testify at trial, except witnesses called solely for the purpose of impeachment or for good cause shown.

Ohio State University's MAE program, funding for said program and his relationship with Ford Motor Company, his initial interactions and meetings with Ms. Huang, his explanation of and control over the type of work for which he advised Ms. Huang, his reactions and responses to Ms. Huang's testimony detailing the inappropriate touching and threats, and his reactions and responses to the allegations of retaliation. Rizzoni's testimony will address the major issues related to inappropriately touching, threatening, and ultimately retaliating against Ms. Huang.

C. Marcello Canova, Full-time professor in Ohio State University's MAE Department and served as a member of Ms. Huang's first Ph.D. exam committee.

    a. Address unknown.

    b. Per the adverse witness rule, Ms. Huang intends to call Mr. Canova to testify about Ms. Huang's academic performance in his battery course, his professional relationship with Defendant Rizzoni, his experience serving as a member on Ph.D. candidacy exam committees in the MAE program including Ms. Huang's first Ph.D. exam committee, his communications with Rizzoni leading up to Ms. Huang's first Ph.D. candidacy exam, and his observations and reactions following Ms. Huang's first Ph.D. candidacy exam. The purpose of Canova's

6

      testimony is demonstrate Rizzoni's retaliatory manipulation of the members of her first Ph.D. exam committee, his unusual refusal to allow her to retake the exam, and the otherwise suspicious deviation from the standard procedure for administering these exams.

D. Dyche Anderson, Ms. Huang's Supervisor while she was a Visiting Scholar over summers 2016 and 2017 at Ford Headquarters in Dearborn, Michigan.

    a. Address unknown.

    b. Dyche Anderson (by videotaped deposition with deposition designations submitted July 15, 2025) testified as to his observations of Ms. Huang while working as a visiting scholar and intern at the Ford Motor Company Headquarters in Dearborn, Michigan over Summers 2016 and 2017, his review and comments of Ms. Huang's Ph.D. topic, his invitation to participate in Ms. Huang's first Ph.D. exam committee, his removal from said committee and communications with Rizzoni regarding the same, his reaction and observations of Ms. Huang after she revealed Rizzoni's inappropriate touching to him, and his subsequent actions in response to her allegations. The purpose of Mr. Anderson's designations are to support Ms. Huang's strong work ethic and to corroborate Ms. Huang's allegations of inappropriate touching and retaliation.

7

E. Karen Kyle, former Director of the Student Advocacy Center at Ohio State University and Ms. Huang's support contact.

  a. Address unknown.

  b. Ms. Kyle will testify as to her discussions with Ms. Huang about Rizzoni's inappropriate touching, her assistance and support in helping Ms. Huang access her research and continue her Ph.D. program, her referrals of Ms. Huang to mental health and support services, her attendance at investigative meetings with Ms. Huang as support, and observations of the emotional toll of the inappropriate touching on Ms. Huang's life. The purpose of Ms. Kyle's testimony is to corroborate Ms. Huang's allegations of inappropriate touching and to support an award of emotional distress damages.

F. Qifa Huang, Ms. Huang's father

  a. Resident of China

  b. Mr. Huang will testify as to the emotional impact of Rizzoni's inappropriate touching, threats, and comments on his daughter, Ms. Huang, and his knowledge and observations of Ms. Huang's efforts in pursuing another career path and living at their home in China in the aftermath of this situation. Mr. Huang's testimony will provide a foundation for Ms. Huang's compensatory damages and emotional distress damages.

8

G. Songhua Wang, Ms. Huang's mother

    a. Resident of China

    b. Ms. Wang will testify as to the emotional impact of Rizzoni's inappropriate touching, threats, and comments on her daughter, Ms. Huang, and her knowledge and observations of Ms. Huang's efforts in pursuing another career path and living at their home in China in the aftermath of this situation. Ms. Wang's testimony will provide a foundation for Ms. Huang's compensatory damages and emotional distress damages.

H. Ruochen Yang, Chinese former Ph.D. advisee of Defendant Rizzoni at Ohio State University.

    a. Address unknown.

    b. Ms. Yang will testify about her experience as Rizzoni's Ph.D. advisee, her own experience with Rizzoni's inappropriate touching, her phone call with Ms. Huang in January 2018 where Ms. Huang revealed Rizzoni's inappropriate touching to her, and her observations of Rizzoni's behavior and conduct toward her while in the advisee role. Ms. Yang's testimony will outline Rizzoni's behavior toward her and lend support to Ms. Huang's similar observations and experiences of inappropriate touching.

I. Li Tang, Chinese former Ph.D. advisee of Defendant Rizzoni at Ohio State University.

9

  a. Address unknown.

  b. Ms. Tang will testify about her experience as Rizzoni's Ph.D. advisee and her observations of Rizzoni's behavior and conduct toward her. Ms. Tang's testimony will outline Rizzoni's behavior toward her while in his role at the University and lend support to Ms. Huang's similar observations and experiences.

J. Quanshen Zhang, Chinese former Ph.D. advisee of Defendant Rizzoni at Ohio State University.

  a. Address unknown.

  b. Mr. Zhang will testify about his and other advisees' experience as Rizzoni's Ph.D. advisee and his observations of Rizzoni's behavior toward him.

K. Jiyu Zhang, Chinese former Ph.D. advisee of Defendant Rizzoni at Ohio State University.

  a. Address unknown.

  b. Ms. Zhang will testify about her experience as a Ph.D. advisee of Rizzoni and her observations of Rizzoni's behavior and conduct toward her. Ms. Zhang's testimony will outline Rizzoni's behavior toward her while in his role at the University and lend support to Ms. Huang's similar observations and experiences.

L. Dr. Roy Lubit, Ms. Huang's psychiatrist.

  a. Address unknown.

10

    b. To the extent that he can testify without breaching the physician-patient privilege, Dr. Lubit will detail his counseling and treatment of Ms. Huang including the psychological impact of the inappropriate touching on her daily life and interactions as well as the extent of her emotional distress and psychological ailments stemming from years of sexual harassment and its associated trauma. He will further explain the relative costs and expenses associated with treating Ms. Huang.

  M. Lauren Rikleen, Expert assessing OSU's response to Ms. Huang's sexual harassment and the impact of a power differential on victims of sexual harassment. See description of Ms. Rikleen's testimony in Part 5 below.

  N. Medical Records Custodian(s) for Ohio State University including. The custodian(s) will testify as to medical records for Meng Huang.

  O. Sarah Phillip. Ms. Phillip will testify as to Ms. Huang's health condition caused by emotional distress.

  P. Sheila Westendorf. Ms. Westendorf will testify as to Ms. Huang's health condition caused by emotional distress.

  Q. Denise Deschenes. Ms. Deschenes will testify as to Ms. Huang's health condition caused by emotional distress.

2. In the absence of reasonable notice to opposing counsel to the contrary, Defendant will call, or will have available at trial:

a. Dr. Giorgio Rizzoni. Dr. Rizzoni will testify regarding all claims made by Plaintiff Huang in this case, his interactions with Plaintiff Huang and Plaintiff's matriculation at OSU.

b. Dr. David Cooke. Dr. Cooke will testify regarding his interactions with Plaintiff Huang and Defendant Rizzoni and Plaintiff Huang's matriculation at OSU.

c. Dr. Adithya Jayakumar. Dr. Jayakumar will testify regarding his interactions with Plaintiff Huang and Defendant Rizzoni and Plaintiff Huang's matriculation at OSU.

d. Maryn Weimer. Maryn Weimer will testify regarding her interactions with Plaintiff Huang and Defendant Rizzoni and Plaintiff Huang's matriculation at OSU.

e. Janeen Sands. Ms. Sands will testify regarding her interactions with Plaintiff Huang and Defendant Rizzoni and Plaintiff Huang's matriculation at OSU.

f. Jennifery Humphrey. Ms. Humphrey will testify regarding her interactions with Plaintiff Huang and Defendant Rizzoni and Plaintiff Huang's matriculation at OSU.

g. Dr. Mrinal Kumar. Dr. Kumar will testify regarding his experience acting as Plaintiff Huang's PhD advisor and Plaintiff Huang's matriculation at OSU.

h. Dr. Marcello Canova. Dr. Canova will testify regarding his experience as a member of Plaintiff Huang's PhD committee and Plaintiff Huang's matriculation at OSU.

i. Dr. Vishnu Sandaresan. Dr. Sandaresan will testify regarding his his experience as a member of Plaintiff Huang's PhD committee and Plaintiff Huang's matriculation at OSU.

j. Dr. Yann Guezennec. Dr. Guezennec will testify regarding his his experience as a member of Plaintiff Huang's PhD committee and Plaintiff Huang's matriculation at OSU.

k. Dr. Jung Hyun Kim. Dr. Kim will testify regarding his his experience as a member of Plaintiff Huang's PhD committee and Plaintiff Huang's matriculation at OSU.

l. Dr. Matthew Page. Dr. Page will testify regarding Plaintiff Huang's student status, graduate programs at OSU and Plaintiff Huang's matriculation at OSU.

m. Dr. La'tonia Stiner Jones. Dr. Jones will testify regarding Plaintiff Huang's student status, graduate programs at OSU and Plaintiff Huang's matriculation at OSU.

3. In the event other witnesses are to be called at trial, a statement of their names and addresses and the general subject matter of their testimony will be served upon opposing counsel and filed with the Court at least five (5) days prior to trial.

4. There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice to the other party. Questions frequently arise as to whether a witness will offer rebuttal testimony or is more appropriately designated as part of the case-in-chief. If questions arise as to the nature of a witness's testimony, the Court will err on the side of required disclosure five (5) days prior to trial of rebuttal witnesses. If no disclosure is made, the Court shall not permit such witness to testify.

**5. Expert Witnesses**

　　A. Plaintiff:

　　　　1. Lauren Stiller Rikleen, J.D.

　　　　　　a. Ms. Rikleen will testify as to her education, training, and experience on the impact of sexual harassment and assault in the workplace including, but not limited to, interviews with thousands of women, social science research, and review of other investigations, including in higher education. She will further testify about her review and analysis of the effect upon Ms. Huang's allegations of Rizzoni's inappropriate touching, Ms. Huang's fear and silence in response to the inappropriate touching, and the impact of the power differential on Rizzoni's retaliation against Ms. Huang for her resistance to his inappropriate touching.

**6. Exhibits**

14

Exhibit C (Plaintiff's Exhibits) and Exhibit D (Defendants' Exhibits) are attached to this filing.

7. **Remaining Issues & Matters**

The following legal issues must be resolved before trial begins:

    A. Defendants' Motion in Limine 1 regarding exclusion of Expert, Lauren Rikleen (Dkt. No. 249).

    B. Defendants' Motion in Limine 2 regarding exclusion of Dr. Roy Lubit. (Dkt. No. 250).

    C. Defendants' Motion in Limine 3 excluding speculative and inadmissible hearsay and testimony regarding medical conditions and diagnoses. (Dkt. No. 251).

    D. Defendants' Motion in Limine 4 regarding Title VII witnesses. (Dkt. No. 252).

b. A jury view is not being requested.

c. Any additional matters the Court should be aware of: None.

## V. COMPLIANCE WITH THE COURT'S ORDER SETTING TRIAL DATE AND FINAL PRE-TRIAL CONFERENCE

Counsel have complied with all aspects of the Court's Order Setting Trial Date and Final Pre-Trial Conference, and, for a jury trial, the jury instructions section.

___/s/Andrew J. Horowitz_____
Andrew J. Horowitz, *Counsel for Plaintiff*


____/s/Christina Corl_____
Christina Corl, *Counsel for Defendants*

15