IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, <br><br> Plaintiff, <br><br> v. <br><br> THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, <br><br> Defendants. | Case No: 2:19-cv-1976 <br><br> Chief Judge Sarah D. Morrison <br><br> Magistrate Judge: Chelsey M. Vascura |

**DEFENDANTS' MEMORANDUM CONTRA PLAINTIFF'S MOTION TO IDENTIFY PREVIOUSLY UNDISCLOSED TRIAL EXHIBITS IN VIOLATION OF THIS COURT'S PRETRIAL ORDERS**

Now come Defendants and respectfully requests this Honorable Court to deny Plaintiff's motion to add previously undisclosed trial exhibits in violation of this Court's pretrial orders.

**I.   INTRODUCTION**

This is a sexual harassment/retaliation lawsuit in which Plaintiff alleges she was subjected to mistreatment by Dr. Rizzoni, a tenured professor of mechanical and aerospace engineering at The Ohio State University's ("OSU") College of Engineering. This case was filed by Plaintiff on August 31, 2018. A jury trial is currently set to begin on September 8, 2025, 30 days from now.

The Court entered its Preliminary Pretrial Order on December 19, 2024 (ECF # 242). That order required the parties to file their Joint Final Pretrial Order with the Court on July 15, 2025, including a requirement that the parties identify all proposed

61130964.1

trial exhibits. The parties subsequently requested a 7-day extension of this deadline, which was granted by the Court. The parties filed their Joint Final Pretrial Order on July 22, 2025. (ECF # 266).

Plaintiff identified as trial exhibits 133 documents. Upon review of Plaintiff's exhibit list, Defendants notified Plaintiff that many of its exhibits were mis-marked or mis-identified, ie. . . the description of the document did not match the Bates numbered item. Defendants stipulated to join Plaintiff in requesting leave to file an amended order to correct the errors. In response to Defendants' offer, however, Plaintiff did not just propose correcting her own mistakes – Plaintiff, instead, added 10 new exhibits *which had neither been previously identified nor disclosed in discovery.*

For the reasons set forth below, this Court should prohibit Plaintiff from adding ten new exhibits on this late date and on the eve of trial.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16 further requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, *inter alia,* file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause. . . ." *Becton v. Starbucks Corp.,*

2

2007 WL 2492178, * 1 (S.D. Ohio Aug. 29, 2007)(denying plaintiff's motion to identify a new damages expert *six weeks* before trial).

Although the Court has broad discretion to modify its own pretrial orders, "[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings," and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. (Citations omitted). In evaluating whether the party seeking to identify additional experts beyond the deadline has demonstrated good cause, "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Id., citing *Deghand v. Wal-Mart Stores,* 904 F. Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Id., citing *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id., citing *Dilmer Oil Co. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959, 980 (D.S.C. 1997). Further, the presence or absence of prejudice to the other party or parties is a factor to be considered. *Inge v. Rock Financial Corp.,* 281 F. 3d 613 (6th Cir. 2002).

The Court considers multiple factors in determining whether to allow additional witness or exhibit disclosures outside of the case schedule deadlines.

*Dowling v. Cleveland Clinic Found.*, 593 F. 3d 472, 478 (6th Cir. 2010). The factors include: "(1) when the moving party learned of the issue . . . ; (2) how the discovery would affect any ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." Id. The Sixth Circuit has explained that the main inquiry is whether "the moving party was diligent in pursuing discovery." Id.; see also, *Inge v. Rock Fin. Corp.*, 281 F. 3d 613, 625 (6th Cir. 2002); Leary *v. Daeschner*, 349 F. 3d 888, 906 (6th Cir. 2003).

Here, Plaintiff meets none of the standards – whether under Rule, 16, 26 or 37 – to add 10 new and *previously-undisclosed* exhibits 30 days before trial, in a case that has been pending since 2018. Rule 26 disclosures were exchanged by the parties more than 5 years ago, in April 2020. Plaintiff has never amended or supplemented any Rule 26 disclosure. Plaintiff has not provided any explanation of any kind to demonstrate "good cause" for the failure to follow this Court's pretrial orders. As such, Plaintiff must be precluded from identifying 10 new, previously undisclosed trial exhibits only a month before trial.

### III. RELIEF REQUESTED

For the reasons set forth above, Defendants respectfully request the Court to exclude the 10 newly- identified trial exhibits of Plaintiff.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com
*Counsel for Defendant, Dr. Giorgio Rizzoni*

## CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this 14th day of August, 2025, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

Open.25577.83339.30818890-1