IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | JURY TRIAL DEMANDED |
| Defendants. | |

## **REPLY IN SUPORT OF MOTION FOR LEAVE TO FILE AMENDED EXHIBIT LIST**

On August 14, 2025, Plaintiff Meng Huang filed a Motion for Leave to File Amended Exhibit List ("Motion for Leave"). ECF # 268. Later the same day, Defendants filed a Memorandum Contra Plaintiff's Motion to Identify Previously Undisclosed Trial Exhibits In Violation of the Court's Pretrial Orders ("Memorandum Contra"). ECF # 269. Despite the title bearing no relation to the Motion for Leave, this was clearly intended to serve as an opposition to the Motion for Leave in part.

Defendants object only to the inclusion of several exhibits which were inadvertently left off of the original exhibit list, claiming that they "had never been previously identified nor disclosed in discovery." Memorandum Contra, p. 2. Strikingly, the Memorandum Contra never mentions what these exhibits are. These are ordinary, standard documents and are mostly *OSU documents*. That OSU now claims that they were not produced does not avail OSU at all, because if true, that means that *OSU failed to produce relevant documents*.[1]

---

[1] As the Court is aware, Plaintiff was represented by other counsel for a significant period and Plaintiff's present counsel has found that discovery records are sometimes less complete than they

1

Specifically, the proposed exhibits included in the Motion for Leave and, if that motion is granted, Amended Exhibit List are:

- Exhibit 133-138 – Plaintiff's tax documents and pay stubs from her employment at OSU. Obviously, these are documents which OSU has, has always had, and are unquestionably relevant.

- Exhibit 139-140 – A pay summary from TAE, which employed Plaintiff for a period of time. OSU has long been aware of this employment and its details and offers no reason that the basic details of Plaintiff's compensation would not be relevant and admissible.

- Exhibit 141 – This is a news article about OSU from Inside Higher Ed which OSU is undoubtedly aware of and in possession of. Nonetheless, while OSU does not raise any substantive objections to the exhibits, Plaintiff recognizes that this document is likely hearsay and withdraws it.

- Exhibit 142 – Department of Education Office for Civil Rights Q & A on Sexual Misconduct. This is a document covering the responsibility of universities in cases of sexual misconduct (like the type shown by Rizzoni in this case) that doubtlessly was also in the possession of OSU. Not only that, this document was an exhibit in two different depositions in this case, those of OSU employees Kristi Hoge and Jonathan Parry.

---

would prefer, and so Plaintiff takes no position at this time on whether OSU's current complaint about its documents not being produced is erroneous or instead indicative of past discovery failures by OSU.

- Exhibit 143 – Perkins Coie report of independent investigation. This report and the investigation underlying it was commissioned by OSU through its counsel, Porter Wright, according to the report itself. This is yet another OSU document.

As noted, Defendants do not offer any substantive objections to any of these exhibits. Instead, the objection is based purely on the Court's Pretrial Order. ECF # 242. Defendants state that Order includes "a requirement that the parties identify all proposed trial exhibits" as part of the Pre-Trial Statement. Memorandum Contra, pp. 1-2. In fact, that Order does direct that the Pre-Trial Statement include "all witnesses [the parties] intend to call at trial," but does not include the word "all" with regard to exhibits. ECF # 242, p. 7. The Order does not preclude amendments to correct errors or supplement an exhibit list. Indeed, it does not require that the actual exhibits be provided until three days before trial, an implicit recognition that as events develop, exhibit lists may change between the time of the Pre-Trial Order and trial.

To make their case that an amendment should not be allowed, Defendants point to Federal Rule of Civil Procedure 16(b) and a nearly twenty year-old unreported trial court case applying it (along with citations to cases cited by that case[2]). Fed. R. Civ .P. 16; *Becton v. Starbucks Corp.*, 2007 U.S.Dist.LEXIS 63834 (S.D.Ohio Aug. 29, 2007). Rule 16(b), however, applies by its own terms only to initial scheduling orders issued "within the earlier of 90 days after any defendant has been served with the complaint of 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). An Order of that type does not deal with trial exhibits under the terms of Rule 16(b) –

---

[2] Each of those cited cases are, like *Becton*, specifically about Rule 16(b) Orders. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997) (addressing amendment of a complaint after the passage of a Rule 16(b) Order's deadline); *Deghand v. Wal-Mart Stores*, 904 F.Supp. 1218, 1221 (D.Kan. 1995) (same); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D.Ind. 1995) (same).

instead, it addresses such matters as the time to join parties, amend pleadings, and conduct discovery, and is permitted to address matters like the timing of disclosures, the extent of discovery, and the date for trial. Fed R. Civ.P. 16(b)(3). The Court did indeed issue such an Order on April 21, 2020. ECF # 45. The Defendants do not, however, rely upon it.

*Becton* is consistent with this understanding: it is not about identification of individual exhibits, but instead about identification of a wholly new expert witness. 2007 U.S.Dist.LEXIS 63834 at *1. The cases cited in *Becton* and noted in the Memorandum Contra, similarly, are all about late amendment of pleadings. *See* note 2, *supra*. Additional cases pointed to by Defendants are the same: they deal with issues clearly within the ambit of those Rule 16(b) orders. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (request for time for additional discovery); *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (request to amend complaint); *Inge v. Rock Financial Corp*, 281 F.3d 613, 626 (6th Cir. 2002) (reversing a denial of motion to amend complaint).

Indeed, in *Inge*, cited by Defendants for the principle that prejudice is relevant, the Sixth Circuit *reversed* a trial court's denial of leave to amend a complaint in part because it did not find prejudice would result to the defendants in that case. 281 F.3d 613, 626 (6th Cir. 2002). Defendants cite *Inge*, but then *make no effort to establish any prejudice*. So, even if a Rule 16(b) standard were applied, which is inappropriate in this instance, Defendants did not meet it.

Even for pleadings, much less a mere exhibit list, a court considering a request to amend "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). To overcome this presumption, there must be "at least some significant showing of prejudice to the opponent." *Moore v. Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Here, there is not only no significant showing of prejudice, there is not even an effort to explain what prejudice there might be.

4

Given the liberal allowance of amendments, the Defendants would be expected to explain not only how they are prejudiced, but also what, if any, substantive objection they have to these exhibits. But they do not. No substantive objection to any exhibit appears in the Memorandum Contra. Instead, Defendants just repeat that these exhibits – which are nearly all OSU records, basic records of employment OSU has been aware of for years, or were previously an exhibit in a deposition in this case – were somehow "previously undisclosed."

The Court's Order does not prohibit amendment of exhibit lists. Rule 16(b) is inapplicable, and would in any case not suggest denying the Motion to Amend. No prejudice to Defendants from the inclusion of these exhibits has been identified. No substantive basis for exclusion of these exhibits has been identified. There is no surprise for Defendants in any of these documents.

There is simply no reason to deny the Motion to Amend.

Respectfully Submitted,

Dated: August 21, 2025

*/s/ Andrew J. Horowitz*
Bruce C. Fox, Esq. (*pro hac vice*)
Andrew J. Horowitz, Esq. (OH ID No. 0101753)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Phone:      (412) 566-1500
Fax:         (412) 281-1530
bruce.fox@obermayer.com
andrew.horowitz@obermayer.com

*Counsel for Plaintiff Meng Huang*

5

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

/s/ Andrew J. Horowitz, Esq.