## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MENG HUANG,**

             **Plaintiff,**        :

    **v.**                          **Case No. 2:19-cv-01976**
                                      **Chief Judge Sarah D. Morrison**

**OHIO STATE UNIVERSITY,** *et*                **Magistrate Judge Chelsey M.**
*al.,*                      :           **Vascura**

             **Defendants.**

### OPINION AND ORDER

Dr. Meng Huang's claims will be tried to a jury on September 8, 2025. (ECF No. 242.) The Defendants' pretrial motions *in limine* are now pending. (ECF Nos. 249–252.) The Court will address each in turn.

## I.    LEGAL STANDARDS

A motion *in limine* allows a court to make an advance ruling on the evidence that will be admissible at trial. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The motions thus "narrow the issues remaining for trial" and "minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999).

To obtain the *in limine* exclusion of evidence, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016)

(Sargus, J.). Still, a ruling on a motion *in limine* is "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court, and the district court may change its ruling where sufficient facts have developed that warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The Court will therefore hear objections to evidence as they arise at trial, even if the proffered evidence falls within the scope of a denied motion *in limine*.

## II.  DEFENDANTS' PRETRIAL MOTIONS

### A.  Motion to Preclude Testimony of Plaintiff's Expert Lauren Rikleen (ECF No. 249)

In their first Motion in Limine, Defendants ask the Court to exclude the report and testimony of Dr. Huang's expert, Ms. Rikleen, under Federal Rule of Evidence 702, arguing that 1) she is not qualified, and 2) her opinions would not aid the jury. (ECF No. 249.) Dr. Huang opposes. (ECF No. 262.)

Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The rule "imposes a special obligation upon a trial judge to ensure that scientific testimony is not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) (citing

*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)). This basic gatekeeping obligation applies to all expert testimony. *Kumho Tire Co.*, 526 U.S. at 147.

> The Sixth Circuit employs a three-pronged approach in Rule 702 analysis.
>
> First, the witness must be qualified by "knowledge, skill, experience, training, or education." Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Third, the testimony must be reliable.

*In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting Fed. R. Evid. 702). "The party offering the expert testimony has the burden of establishing its admissibility by a preponderance of the evidence." *Id.*, citing *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) and *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001).

### 1. *Knowledge and Experience*

"To qualify as an expert under Rule 702, a witness must first establish their expertise by reference to 'knowledge, skill, experience, training, or education.'" *United States v. Higgins*, No. 3:18-cr-186, 2022 U.S. Dist. LEXIS 779, at *7 (S.D. Ohio Jan. 4, 2022) (Rose, J.) (quoting Fed. R. Evid. 702). Additionally, the expert's training and qualifications must relate to the subject matter of the proposed testimony. *Smelser v. Norfolk Southern Railway Co.*, 105 F.3d 299, 303 (6th Cir. 1997). "[T]he issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994). Exclusion is proper when "the subject of the testimony lies outside

the witness' area of expertise." 4 Weinstein's Fed. Evid. § 702.06[1], at 702-52 (2000).

Defendants argue that Ms. Rikleen is not qualified as an expert to speak to any alleged pitfalls in OSU's investigation into Dr. Huang's sexual harassment complaint.  In response, Dr. Huang agrees that Ms. Rikleen is not opining on the adequacy of OSU's investigation. Rather, she asserts that Ms. Rikleen will testify regarding the power dynamics of sexual harassment and the role of those dynamics in victim silence. (ECF No. 262, PAGEID # 9081.) On this topic, she does have specialized knowledge and experience. (ECF No. 249-1, PAGEDID # 8702–8710.) She has a Bachelor of Arts from Brandeis University, and a Juris Doctorate from Boston College of Law; she practiced law for three decades. (*Id*., PAGEID # 8702.) She also has "20 years of [experience] in researching, writing, speaking about, and interviewing people" on the topic of workplace power dynamics, including sexual harassment, and retaliation. (ECF No. 249-2, PAGEDID # 8716.) The research she conducted for her book involved interviewing employees in academic settings. (*Id*.)

### 2.    *Relevance and Reliability*

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue . . . . Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (cleaned up). "Whether an opinion 'relates to an issue in the case' or helps a jury answer a

4

'specific question' depends on the claims before the court. Thus, when analyzing the relevancy of expert testimony, a court should consider the elements that a plaintiff must prove." *Madej v. Maiden*, 951 F.3d 364, 370 (6th Cir. 2020).

Ms. Rikleen's expert opinions as to power dynamics would not be helpful to the jury. Her proffered testimony addresses matters that an average juror can understand and decide without specialized knowledge. A juror is competent to understand the power imbalances between managers and subordinates and why it might be difficult for a subordinate to complain about misconduct. Because her testimony will not assist the jury in understanding the evidence, the Court need not consider whether Ms. Rikleen's expert testimony was reliable.

Accordingly, the Motion (ECF No. 249) is **GRANTED.**

**B.     Motion to Exclude Testimony of Plaintiff's Witness Dr. Roy Lubit and Certain Compensatory Damages Evidence at Trial (ECF No. 250)**

*1.     Dr. Lubit's Testimony*

In their second Motion in Limine, Defendants argue that Dr. Huang's treating physician, Dr. Lubit, should be excluded. Dr. Lubit was excluded from the first trial because he was disclosed after the discovery deadline and within one month of trial. (ECF No. 176.)

Following remand, when Dr. Huang asserted that Dr. Lubit is her current treating physician and asked to call him as a witness at the new trial, the Court ordered the parties to conduct limited discovery on Dr. Lubit's treatment of her since the May 2023 trial. But Dr. Lubit has not treated her in the two years since that trial. Dr. Huang claims that she plans to continue treatment with Dr. Lubit

when she returns to the United States at some time later this summer.[1] (ECF No. 263, PAGEID # 9089.) And it is unclear when (or if) Dr. Lubit will actually treat Dr. Huang and the trial is less than one month away. Even if Dr. Huang could squeeze in an appointment in the weeks before trial, there is not sufficient time for Defendants to conduct discovery and depose him. She has neither provided sufficient grounds for the delay nor proved it would be harmless to allow him to testify. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

To the extent that Defendants seek to exclude Dr. Lubit's testimony, the Motion (ECF No. 250) is **GRANTED**.

### 2.    *Certain Compensatory Damages*

Next, Defendants argue that Dr. Huang has failed to adequately supplement her damages calculations for certain categories of compensatory damages—namely, lost income, medical treatment, and emotional distress. But Dr. Huang timely disclosed to Defendants that she was seeking compensatory damages for these categories of loss, and she can testify to the same.

With that said, Dr. Huang is hereby **ORDERED** to provide Defendants with information regarding her current employment, her employment history since May 2023, and her compensation during this time period. This information shall be provided by close of business on Friday, August 29, 2025.

The Motion as to certain compensatory damages (ECF No. 250) is **DENIED**.

---

[1] Dr. Huang is currently living in China. (ECF No. 263, PAGEID # 9089.)

**C.**     **Motion to Exclude I) Speculative and Inadmissible Hearsay and II) Testimony Regarding Medical Conditions and Diagnoses When the Related Medical Records Were Not Produced (ECF No. 251)**

1.     *Speculative and Inadmissible Hearsay*

In their third Motion in Limine, Defendants seek to exclude evidence that Dr. Rizzoni may have sexually harassed other Chinese women while they were enrolled at OSU. Specifically, they argue that Dr. Huang's testimony stemming from her conversations with these women is inadmissible hearsay. Out-of-court statements by third-parties are generally not admissible to prove the truth of the matter asserted in the statement. *See* Fed. R. Evid. 801, 802, 803.

In opposing the Motion, Dr. Huang argues that the evidence will not be offered to prove the truth of the matter asserted; she says this is evidence to help the jury understand why she kept Dr. Rizzoni's harassment to herself and then later decided to report it.

Dr. Huang's testimony regarding statements allegedly made to her by other former Chinese students is excluded as hearsay. Thus, the third Motion (ECF No. 251) is **GRANTED** to that extent.

2.     *Evidence of Medical Conditions and Diagnoses*

Defendants contend that Dr. Huang should be precluded from offering testimony about any medical treatment that she received while she was in China because she did not produce medical records from any such treatment and she is not an expert. They are partially correct. Testifying about medical diagnoses and causation requires specialized medical knowledge or experience. However, Dr.

7

Huang may testify to facts within her personal knowledge such as her symptoms and that she sought medical treatment. Accordingly, the Motion (ECF No. 251) is **DENIED** to that extent.

### D. Motion Regarding Witness for Title VII Portion of Trial (ECF No. 252)

Finally, in their fourth Motion in Limine, Defendants ask the Court to grant them leave to call a new witness at trial (Dr. La'Tonia Stiner-Jones) to provide testimony regarding whether Dr. Huang was an OSU employee under Title VII. They argue that Dr. Stiner-Jones was not included in the first trial because Dr. Huang's claims against the University had been dismissed on summary judgment. But this is insufficient to justify adding Dr. Stiner-Jones as a witness now. Since August 2024, Defendants have been aware that Dr. Huang's claims against OSU would proceed and that the jury would make factual determinations regarding Defendants' right to control the manner and means by which Dr. Huang accomplished her research. (ECF No. 227.) Their delay in disclosing Dr. Stiner-Jones as a potential witness is not justified, and their delay is not substantially harmless. Thus, the Motion (ECF No. 252) is **DENIED**.

## III. CONCLUSION

For the reasons above, the pending pretrial motions are decided as follows:

- Defendants' Motion to Preclude Testimony of Plaintiff's Expert Lauren Rikleen (ECF No. 249) is **GRANTED**.

- Defendants' Motion to Exclude Testimony of Plaintiff's Witness Dr. Roy Lubit and Certain Compensatory Damages Evidence at Trial (ECF No. 250) is **GRANTED in part** and **DENIED in part**.

- Dr. Huang is hereby **ORDERED** to provide Defendants with information regarding her current employment, her employment history since May 2023, and her compensation during this time period by close of business on August 29, 2025.

- Defendants' Motion to Exclude I) Speculative and Inadmissible Hearsay and II) Testimony Regarding Medical Conditions and Diagnoses When the Related Medical Records Were Not Produced (ECF No. 251) is **GRANTED in part** and **DENIED in part**.

- Defendants' Motion Regarding Witness for Title VII Portion of Trial (ECF No. 252) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**