UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MENG HUANG,  :
Plaintiff,

                                      Case No. 2:19-cv-01976

v.                                   Chief Judge Sarah D. Morrison

OHIO STATE UNIVERSITY, *et al.*,
Defendants.   :

## Defendants' Objections to Plaintiff's Demonstrative Evidence – Opening Statement PowerPoint

      Now come Defendants, by and through counsel and for their objections to Plaintiff's Opening Statement/PowerPoint state as follows:

1. Slide 2 is simply a slide which says the words, "Truth and Justice." This is not a preview of the evidence, it is impermissible argument.

2. Slide 9 is simply a slide which says the words, "Timeline of Harassment." This is not a preview of the evidence, it is impermissible argument.

3. Slide 10, Photo from China. Defendants have objected to this as a trial exhibit as irrelevant and inflammatory.

4. Slide 11 and subsequent slides which purport to be a "timeline" characterize the "events" as either "retaliation" or "harassment." This is not a preview of the evidence, it is impermissible argument. Any references to a particular event as being either retaliation or harassment must be removed.

5. Starting at Slide 12 and continuing intermittently throughout the entire document are exhibits/emails on which Plaintiff has written comments and underlined the text. The documents are presented as actual emails which makes it appear that the underlining/comments were in the original, but they were not. These documents were altered by Plaintiff.

    Further, Plaintiff pulls select statements from the documents and makes argument about them which is not appropriate for an opening statement.

61211513.1

Last, Plaintiff lists statements on the Timeline which are stated in quotation marks, implying that these are matters/allegations which have been vetted in some fashion, as opposed to simply being Plaintiff's allegations in the lawsuit.  It is misleading and inflammatory.

6. Slide 27 is simply a slide which says the words, "Crossing the Red Line. Severe Sexual Assault." This is not a preview of the evidence, it is impermissible argument.

7. Slide 51 is simply a slide which says the words, "Rizzoni Pulled the Rug out from Under Huang." This is not a preview of the evidence, it is impermissible argument.

8. Slide 56 refers to the OSU investigation and Dr. Rizzoni's suspension during the investigation. As discussed at the Final Pretrial Conference with the Court, any reference to the actions or inaction of OSU following Plaintiff's report of sexual harassment on December 17, 2017 is beyond the scope of the Sixth Circuit remand. The only Title VII issues remanded by the appellate court against OSU were: 1. Whether Dr. "Rizzoni committed quid pro quo sexual harassment (for which OSU would be vicariously liable); second that Rizzoni retaliated against her for opposing his harassment." (Appellate Opinion, ECF #46-2, Page 16).  Any action or inaction subsequent to December 17, 2017 is not relevant to any retaliation claim because Dr. Rizzoni and Plaintiff never saw each other or interacted ever again, so there can be no claim of retaliation against OSU after December 17, 2017.  The remand order referred to OSU's liability for Dr. Rizzoni's alleged retaliation, not any independent retaliation by agents or employees of the university other than Dr. Rizzoni. As a result, the remand order excludes any claims related to a "sham investigation" or Dr. Rizzoni's suspension being "the rug being pulled out" from under Plaintiff for a "second time." This also applies to Slides 57 and 90.

9. Starting at Slide 59 through slide 72, titled "Medical Issues," Plaintiff quotes from medical records, lists health care providers and includes diagnoses for alleged conditions for which Plaintiff does not have expert witness testimony. This issue was partially the topic of a motion in limine, on which the Court ruled via its Order of August 22, 2025, ECF # 274).  Plaintiff has gone very far afield from, as this Court ordered, allowing Plaintiff to testify regarding ". . . her symptoms and that she sought medical treatment."  Plaintiff's "diagnoses," including diagnoses of "anemia," "weight loss," "heart racing," "headaches," "bilateral breast pain," "dermatological concerns," "PTSD," "fatigue" are outside of the common knowledge of the jury.  In addition, listing medical providers from which Plaintiff sought treatment is misleading unless Plaintiff provides expert testimony that the visits to the doctors were proximately caused/necessitated by the action or inaction of Defendants. Plaintiff must have medical expert testimony to establish not only the diagnosis, *but also that the medical condition was proximately caused by the action/inaction of the defendants and that the treatment she received was reasonable and necessary.*  This is not an issue on which there is a stipulation and it is wholly unclear how Plaintiff will establish these issues at trial.  *Cole v. Toledo Refining Company, LLC,* 2025 WL 1693680, * 2-5 (6th Cir. June

17, 2025). Further, the slides are misleading to a jury because they phrase the Plaintiff's own description of her allegations/symptoms as some sort of "finding" by a medical professional because the slides are all captioned "medical issues." Finally, the captions of the slides imply some sort of scientific findings, like "Development of Medical Issues," and "Physical Effects of Trauma," which is argument and further requires expert testimony.

10. Slide 84 identifies Plaintiff as a "child prodigy." That is clearly beyond the common knowledge of the jury and requires expert testimony, which Plaintiff does not have.

11. Starting at slide 85, all slides about the amount of money brought in by Dr. Rizzoni and photos of him with former President Obama are irrelevant and inflammatory. Defendants have already acknowledged an imbalance of power between professor and student and any fear of retaliation by a "powerful" supervisor is not a legal excuse for failing to report harassment. *Thornton v. Federal Express Co.,* 530 F.3d 451 (6th Cir. 2008).

12. Similarly starting at slide 87, statistics regarding OSU's financial and employment impact on the community are irrelevant and inflammatory.

13. Slide 90 is beyond the scope of remand because OSU's investigation is not an issue in the retrial. (See argument in paragraph 8 above).

14. Similar to this Court's ruling regarding the admissibility of the OSU report in the Strauss investigation (ruled inadmissible), starting at slide 95 through 100, statistics regarding sex crimes on campus are irrelevant and inflammatory and Plaintiff provides no dates or source information for the cited statistics.

15. Starting at Slide 101, Plaintiff addresses the age of this litigation and the 8 years it has taken from her complaint to OSU to the current trial date, somehow implying that this is an element of her damages. Lengthy litigation and the stress it causes is not compensable as a matter of law, so any mention of this fact is simply inflammatory. *Adkins v. Veech,* 2025 WL 1369366, * 2 (E.D. Ky. May 12, 2025)(citing a collection of cases on this point.)

16. Starting at slide 105 and 106, Plaintiff appears to be stating scientific attributes of "women who experience harassment," which is clearly outside the common knowledge of the jury and requires expert testimony, which Plaintiff does not have. Or, at the very least, not until such expert testimony is presented during trial. Further slides 105 and 106 contain argumentative titles.

17. Slides 110, 111, and 119 all contain documents which have been improperly altered by Plaintiff. See item number 5, above.

18. Slides 117 and 118 purport to describe and characterize a tax form which was not produced by Plaintiff in discovery.  Defendants have withdrawn their objection to the late production, but it is wholly unclear what this document is or whether it will ultimately be admissible at trial.  Plaintiff should not be allowed to show the actual document to the jury during opening statement under those circumstances.

19. Slides 121 and 122 refer to a non-contemporaneous writing authored by Plaintiff in which Plaintiff claims to describe the harassment and refers to Dr. Rizzoni as "Another Harvey Weinstein!!"  The powerpoint describes it as "The Weinstein Report" as if it was issued by an independent body as opposed to having been drafted in its entirety by Plaintiff.   This was objected to and excluded from the first trial because it is inadmissible hearsay.  It is still inadmissible hearsay.

20. The graphic of a man in Slides  84, 91, 92 and 128 has a strange protrusion in the groin area which is suggestive and inappropriate based upon the facts of this case.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 100
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
Email: ccorl@plunkettcooney.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this September 2, 2025, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

61211513.1