IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO OBJECTIONS TO JURY INSTRUCTIONS**

At the pretrial conference, five business days before the first day of trial, Defendants asserted for the first time that the Title VII retaliation claim against OSU was not remanded by the Sixth Circuit and that the jury should be instructed on the *Faragher/Ellerth* defense. Defendants, however, have forfeited these instructions by failing to timely propose them. As the Tenth Circuit explained in *U.S. v. Teerlink,* 141 F.4th 1126, 1135 (10th Cir. 2025), it is not reversible error for a district court to hold a party to its timely-requested instructions:

> What matters in this case is that Teerlink's [the party seeking to revise the jury instructions] conduct was intentional. Together with the government, he crafted and reviewed a jury instruction that defined "proof beyond a reasonable doubt." That he now regrets what he initially advocated for does not entitle him to plain-error review.

*Id.* Defendants object to the Court's Jury Instructions on Plaintiff's retaliation claim against OSU on the basis that the Sixth Circuit's opinion purportedly remanded only a Title VII retaliation claim against Defendant Rizzoni. Defendants selectively quote from the opinion to suggest that the retaliation claim is against Rizzoni rather than OSU. On the contrary, the majority opinion states: "Huang's second Title VII claim <u>against OSU</u> is for retaliation." (ECF 46-2, p. 23) (emphasis added). The Judgment of the Sixth Circuit confirms this:

> [I]t is ORDERED that the district court's grant of summary judgment to The Ohio State University is REVERSED on Meng Huang's Title VII Harassment and retaliation claims, its judgment in Giorgio Rizzoni's favor on the § 1983 claim is VACATED, and the case is REMANDED for a new trial…

(ECF 46-3).The above-quoted language reverses judgment in favor of OSU on the Title VII retaliation claim, preserving the claim. The language relied upon by OSU, from Page 16 of the opinion, is clearly not intended to hold that the Title VII retaliation claim is against Professor Rizzoni rather than OSU. Instead, it describes Plaintiff's claim as being that Rizzoni committed sexual harassment and clarifies in a parenthetical that OSU is vicariously liable.[1] Moreover, Title VII does not provide for individual liability. *Wathen v. Gen. Elec. Co.*, 115 F. 3d 400, 405 (6th Cir. 1997).The Court dismissed Plaintiff's individual Title VII claims against Rizzoni on this basis. (Dkt. 38, at p. 13). Nothing in the Sixth Circuit's opinion suggests a reversal of the District Court on this ruling. (Dkt. 46-2), nor did Plaintiff argue in her appellate brief for reversal. (Dkt. 22).[2] The Court's ruling on this issue therefore remains the law of the case.[3]

The Sixth Circuit did not remand a *Faragher/Ellerth* defense because OSU failed to preserve it on appeal. (See Dkt. 46-2, at p. 22 n. 3). Moreover, the Sixth Circuit assumed *arguendo* that OSU had asserted the defense on appeal and nonetheless found that it did not apply because OSU had taken an adverse action against Ms. Huang. *Id*. The *Faragher/Ellerth* defense "is not available when the supervisor's harassment culminates in a tangible employment action…" *Howington v. Quality Rest. Concepts, LLC*, 298 F. App'x 436, 443 (6th Cir. 2008). A tangible

---

[1] Plaintiff's allegation is that Rizzoni sexually harassed her and OSU is legally responsible for it. She has never alleged that OSU, an amorphous corporate entity, sexually harassed her—such allegations would make little sense, as corporations are incapable of sexual harassment without acting through a human being.

[2] While Plaintiff's Notice of Appeal (Dkt. 213) listed the Court's order on Defendant's motion to dismiss as an order from which Plaintiff appealed, she did not pursue this in her briefing.

[3] *See Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015) ("The doctrine of law of the case provides that the courts should not reconsider a matter once resolved in a continuing proceeding." (quoting 18B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure: § 4478 (4th ed. 2015)).

employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Ellerth*, 542 U.S., at 761. In *Howington*, the Sixth Circuit held as a matter of law that the *Faragher/Ellerth* defense was unavailable to the defendant because the supervisor's harassment of the plaintiff resulted in a tangible employment action, her suspension from work. *Howington*, 298 F. App'x, at 443 n. 7. Huang also suffered at least three tangible employment actions specifically identified by the Sixth Circuit.

(Dkt. 46-2, p. 23).

In *Abernathy v. Corinthian Colleges, Inc.*, No. 2:10-cv-131, 2013 U.S. Dist. LEXIS 398 (S.D. Ohio Jan. 2, 2013) (Watson, J.), the court ruled that the *Faragher/Ellerth* defense was unavailable because there was no dispute that the plaintiff suffered a tangible employment action. *Id.*[4] [5] This case is no different.

Respectfully Submitted,

Dated: September 3, 2025

/s/ Andrew J. Horowitz
Bruce C. Fox, Esq. (*pro hac vice*)
Andrew J. Horowitz, Esq. (OH ID No. 0101753)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Phone:     (412) 566-1500
Fax:         (412) 281-1530

---

[4] As a result, the court found evidence about the defendant's sexual harassment policy to be irrelevant and accordingly excluded it. *Id.* The court further found that even if relevant, the probative value would be substantially outweighed by the danger of creating jury confusion, as the jurors might be "sympathetic to the fact that Defendant took action to address the problem." *Id.*

[5] Similarly, instructing the jury in this case on the inapplicable *Faragher/Ellerth* defense would create a misimpression that Plaintiff had some duty to report Rizzoni's harassment of her earlier than she actually did, despite his subjecting her to multiple tangible employment actions.

4914-6420-8485 v1

bruce.fox@obermayer.com
andrew.horowitz@obermayer.com

*Counsel for Plaintiff Meng Huang*

4914-6420-8485 v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Andrew J. Horowitz, Esq.*

4914-6420-8485 v1