IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MENG HUANG,

Plaintiff,

v.

THE OHIO STATE UNIVERSITY
and GIORGIO RIZZONI,

Defendants.

Case No: 2:19-CV-1976

Hon. Chief Judge Sarah D. Morrison
Hon. Mag. Judge Chelsey M. Vascura

JURY TRIAL DEMANDED

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S ILLUSTRATIVE DIAGRAMS OF**
**DEFENDANT RIZZONI'S OFFICE AND THE CAR BUILDING LAYOUT**

Plaintiff has prepared illustrative diagrams of the layouts of the Center for Automotive Research ("CAR") building where Professor Rizzoni's office is located and of Professor Rizzoni's office.[1][2] Defendants cite a single basis for objection—purported inaccuracy.

Defendants' objection is misplaced. First, Fed R. Evid 107, added to the Rules of Evidence in 2024, permits the use of illustrative aids:

(a) Permitted Uses. The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time.

Fed R. Evid. 107(a). As explained in the Advisory Committee Notes to the Rule, illustrative aids are issued for the "narrow purpose of helping the trier of fact to understand what is being communicated to them by the witness or party presenting evidence or argument. Examples may

---

[1] Defendants misleadingly describe this as a single sketch of Rizzoni's office.
[2] Importantly, Ms. Huang prepared these diagrams herself.

1

include drawings, photos, diagrams, video depictions, charts, graphs, and computer simulations." *Id.* (Adv. Comm. Note 2024). The Advisory Committee further explained, "[i]t is possible that the illustrative aid may be prepared to distort or oversimplify the evidence presented, or stoke unfair prejudice. This rule requires the court to assess the value of the illustrative aid in assisting the trier of fact to understand the evidence or argument." *Id.*

The cases cited by Defendants are from before the enactment of Rule 107. As the Rule and its Advisory Committee Notes make clear, however, the focus of the inquiry is whether the illustrative aid is helpful to the jury's understanding and that utility is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or wasting time.

Here, Defendants raise subjective criticisms of Ms. Huang's diagrams that do not address whether they are of utility or whether that utility is substantially outweighed buy the danger of confusion of the issues or misleading the jury.

To address Defendants' specific criticisms, Plaintiff does not "admit" that the diagrams are misleading. Instead, the language cited by Defendants states, "This drawing indicates the general location and size of GR's [Giorgio Rizzoni's] office and stuff inside are not 100% precisely in proportion to their actual measurements. Moreover, Plaintiff states the limitations of her recollection—for example she states that she does not recall the direction in which the door to Rizzoni's office swings. These are not admissions that these illustrations are misleading—rather Ms. Huang is upfront about the limitations of her recollection. While there is little caselaw interpreting Rule 107, its plain language does not require perfect accuracy—rather the focus is on whether the value of the illustration is substantially outweighed by the danger of misleading the jury.

Defendants then proceed to rely on conjecture and innuendo to argue inaccuracy. Defendants state, for example, that the size of Rizzoni's office is "overestimated by a factor of 4." (Dkt. 282, at pp. 1-2). This is an unsupportable contention that Plaintiff will be prepared to address when she is examined about the chart. In *Jones v. Wiseman*, No. 18-cv-02197-SHL-dkv, 2019 U.S. Dist. LEXIS 239132, at *7 (W.D. Tenn. June 3, 2019), the court explained that the accuracy of a PowerPoint slide was a subject of cross-examination rather than exclusion. While *Jones* was decided before the enactment of Rule 107, its reasoning still applies. The same is true of the apparent factual disputes over whether certain parking spaces were "designated to" Professors Rizzoni and Canova and whether Rizzoni's office contains a sofa.

Finally, Defendants argue that Plaintiff's diagram of the layout of Rizzoni's office is not the best evidence because Plaintiff has identified actual photos of the interior of Rizzoni's office as trial exhibits. The available photos, however, do not show all elements of the interior of the office, and the birds-eye diagram offered by Plaintiff is therefore still helpful. Also, there is no available photograph that shows the layout of the CAR building and its parking lot.

Respectfully Submitted,

Dated: September 3, 2025

*/s/ Andrew J. Horowitz*
Bruce C. Fox, Esq. (*pro hac vice*)
Andrew J. Horowitz, Esq. (OH ID No. 0101753)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Phone: (412) 566-1500
Fax:    (412) 281-1530

4915-9655-8694 v1

bruce.fox@obermayer.com
andrew.horowitz@obermayer.com

*Counsel for Plaintiff Meng Huang*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.


*/s/ Andrew J. Horowitz, Esq.*

4915-9655-8694 v1