IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MENG HUANG,  Plaintiff,  v.  THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI,  Defendants. | Case No: 2:19-cv-1976  Chief Judge Sarah D. Morrison  Magistrate Judge: Chelsey M. Vascura |

**Defendant's Motion to Quash Subpoenas and to Preclude Plaintiff from Calling Trial Witnesses Not Identified in Accordance with Scheduling Orders**

Now come Defendants and respectfully request this Honorable Court to preclude Plaintiff from calling at trial previously undisclosed trial witnesses in violation of this Court's pretrial orders and to quash trial witness subpoenas served one business day before trial.

**I.    INTRODUCTION**

This is a sexual harassment/retaliation lawsuit in which Plaintiff alleges she was subjected to mistreatment by Dr. Rizzoni, a tenured professor of mechanical and aerospace engineering at The Ohio State University's ("OSU") College of Engineering. This case was filed by Plaintiff on August 31, 2018. A jury trial is currently set to begin on September 8, 2025, 30 days from now.

The Court entered its Preliminary Pretrial Order on December 19, 2024 (ECF # 242). That order required the parties to file their Joint Final Pretrial Order with the Court on July 15, 2025, including a requirement that the parties identify all trial witnesses. The parties subsequently requested a 7-day extension of this deadline,

61229887.1

which was granted by the Court.  The parties filed their Joint Final Pretrial Order on July 22, 2025. (ECF # 266).  The Preliminary Pretrial Order specifically required the parties to identify all trial witnesses *in the joint final pretrial order*, and stated, "Failure to list a witness, except upon a showing of good cause, will preclude the use of that witness at trial."  (ECF # 242, PAGEID # 8599).  Plaintiff identified multiple witnesses, <u>including identifying two defense witnesses she intended to call "on cross" during her case in chief.</u>

At the final pretrial conference in this case, Plaintiff was ordered to provide her order of witnesses to the court and parties by September 4, 2025.  On that date – ONE business day before trial – Plaintiff *for the very first time* stated her intention to call multiple additional Defendants' witnesses "on cross" during her case in chief.  Plaintiff purports to call in her case in chief witnesses Matthew Page, Yann Guezennec, David Cooke, Adithya Jayakumar, Kristi Hoge and Vishnu Sandaresan, none of whom were identified in the final pretrial order as witnesses Plaintiff intended to call at trial. Since July, Defendants have been preparing their case, case strategy and preparing witnesses to call in defense of Plaintiff's claims and now, one business day before trial, Plaintiff is attempting to upend Defendants' trial preparation by subpoenaing multiple witnesses for trial whom she has never before stated an intention to call.

For the reasons set forth below, this Court should prohibit Plaintiff from calling at trial witnesses she never previously stated an intention to call or identified as her

2

61229887.1

witnesses in the final pretrial order. Further, this Court should quash the trial witness subpoenas served one business day before trial.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16 further requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, *inter alia,* file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause. . . ." *Becton v. Starbucks Corp.,* 2007 WL 2492178, * 1 (S.D. Ohio Aug. 29, 2007)(denying plaintiff's motion to identify a new damages expert *six weeks* before trial).

Although the Court has broad discretion to modify its own pretrial orders, "[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings," and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. (Citations omitted). In evaluating whether the party seeking to identify additional experts beyond the deadline has demonstrated good cause, "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Id., citing *Deghand v. Wal-Mart Stores,* 904 F. Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of

3

61229887.1

prejudice to the opposing party is not equivalent to a showing of good cause. Id., citing *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id., citing *Dilmer Oil Co. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959, 980 (D.S.C. 1997). Further, the presence or absence of prejudice to the other party or parties is a factor to be considered. *Inge v. Rock Financial Corp.,* 281 F. 3d 613 (6th Cir. 2002).

The Court considers multiple factors in determining whether to allow additional witness disclosures outside of the case schedule deadlines. *Dowling v. Cleveland Clinic Found.*, 593 F. 3d 472, 478 (6th Cir. 2010). The factors include: "(1) when the moving party learned of the issue . . . ; (2) how the discovery would affect any ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." Id. The Sixth Circuit has explained that the main inquiry is whether "the moving party was diligent in pursuing discovery." Id.; see also, *Inge v. Rock Fin. Corp.*, 281 F. 3d 613, 625 (6th Cir. 2002); Leary *v. Daeschner*, 349 F. 3d 888, 906 (6th Cir. 2003).

Further, Courts have recognized there are due process concerns with this type of trial tactic. As stated in *Taylor v. Illinois*, 484 U.S. 400, 415 (1988):

> A trial judge may certainly insist on an explanation for a party's failure to comply with a [requirement] to identify his or her

4

>witnesses in advance of trial. If that explanation reveals that the omission was willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence, it would be entirely [proper to prohibit such conduct.]

Further, arrangements have been made months ago for defense witnesses to appear during the defense case. Now, one business day before trial, Plaintiff seeks to upend the scheduling and trial preparation for the Defendants' properly-identified witnesses by seeking to subpoena them during Plaintiff's case in chief - when Plaintiff never previously stated any intention to call these witnesses during her case and did not identify them as witnesses she intended to call in the final pretrial order.

It is anticipated the Plaintiff will claim that stock language in the final pretrial order justifies the gamesmanship in that the parties are required to identify witnesses they will call "or will have available at trial." That language does not excuse Plaintiff from giving notice of the witnesses she intends to call at trial. Defendants having their witnesses available for their case in chief in no way indicates that the witnesses will sit around the courthouse to be available for the Plaintiff. Plaintiff has not given Defendants a reasonable opportunity to schedule these witnesses and the language in the final pretrial order does not mean Defendants are obligated to produce them on a moment's notice.

Plaintiff had every opportunity to provide notice that she intended to call certain defense witnesses on cross, as she did with Defendant Rizzoni and Marcello

5

61229887.1

Canova.  In fact, Plaintiff was *required* to identify the witnesses she intended to call for her case months ago in the final pretrial order.  Waiting until one business day before trial to subpoena witnesses who Plaintiff never previously indicated an intention to call is simply gamesmanship and such tactics should be prohibited by the Court. Plaintiff may question these witnesses on cross examination when they are called in Defendants' case.

### III. RELIEF REQUESTED

For the reasons set forth above, Defendants respectfully request the Court to quash the trial witness subpoenas served by Plaintiff one business day before trial and to prohibit Plaintiff from calling at trial any witnesses she did not identify as trial witnesses in the final pretrial order.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 100
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this 5th day of September, 2025, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

61229887.1