IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING IMPROPER CHARACTER EVIDENCE**

On Saturday, September 6, 2025, Defendants provided Plaintiff with the order in which they intend to call witnesses in their case in chief. This witness order raised concern for Ms. Huang that Defendants intend to rely heavily on improper attacks on her character—namely by having witnesses testify about specific instances when Ms. Huang allegedly was untruthful or requested that others be untruthful for her and that Ms. Huang had a difficult character when working with Professor Mrinal Kumar, her academic advisor subsequent to Professor Rizzoni.

Plaintiff apologizes for any inconvenience that may be caused by the timing of this filing, however, because Defendants were not required to disclose their list of witnesses prior to the deadline for motions in limine,[1] Plaintiff was not able to address these issues in a timely motion in limine.

---

[1] Motions in limine were due July 15, 2025. The Parties filed their Joint Pre-Trial Statement (Dkt. 266) on July 22, 2025.

1

**I.     Specific act testimony by Defense witnesses about Plaintiff's truthfulness**

Fed. R. Evid. 404(a)(3) permits evidence of a witness's character as it may be admitted under Rule 608. Fed. R. Evid. 608(a) allows witnesses to testify about the reputation of another witness for untruthfulness and to give opinion testimony regarding the truthfulness of a witness. Rule 608(b) draws the line at specific instances of conduct, which (outside of certain criminal convictions) are not admissible to attack or support another witness's character for truthfulness except on cross examination when the issue of character for truthfulness has already been raised with the same witness on direct. Rule 608(b)'s bar on the use of extrinsic evidence to prove specific instances of conduct applies mainly when extrinsic evidence is obtained from witness other than one whose credibility is under attack. *Carter v. Hewitt*, 617 F.2d 961, 5 Fed. R. Evid. Serv. (CBC) 1184, 1980 U.S. App. LEXIS 20106 (3d Cir. 1980).

The Rules of Evidence therefore do not permit Defendants to introduce testimony on direct from witnesses other than Ms. Huang that she engaged in specific untruthful acts. It is anticipated that the Defendants may attempt to elicit such testimony from their witnesses, including but not limited to the following:

1. Prof. Mrinal Kumar (who is expected to testify that Plaintiff promised to publish an academic paper after graduation but failed to do so);

2. David Cooke (who is expected to testify that Plaintiff was untruthful or asked others to be untruthful for her regarding issues unrelated to the claims and defenses in this case); and

3. Prof. Adithya Jayakumar (who is expected to testify that Plaintiff was untruthful or asked others to be untruthful for her regarding issues unrelated to the claims and defenses in this case).

In addition to being impermissible character evidence, the above testimony is irrelevant under and inadmissible under Fed. R. Evid. 402 as it has nothing to do with whether or not Defendants sexually harassed Ms. Huang, retaliated against her, or violated her right to bodily integrity. Even if this testimony had some probative value, it would be substantially outweighed by the danger of unfair prejudice to Ms. Huang, confusion of the issues, and wasting the jury's time. It therefore should also be excluded under Fed. R. Evid. 403.

II.     **Testimony regarding Professor Kumar's alleged difficulties in working with Ms. Huang**

Professor Mrinal Kumar was assigned to be Ms. Huang's Ph.D. advisor after she was reinstated as a student following her complaint of sexual harassment against Professor Rizzoni. He is second in Defendants' witness order (following Prof. Rizzoni) and expected to testify that Ms. Huang was difficult to work with, disrespectful, and refused to take meetings with him. It is also anticipated that Defendants may attempt to cross-examine Ms. Huang on these issues.

As a threshold issue, all of Professor Kumar's interactions with Ms. Huang occurred after she reported Professor Rizzoni's sexual harassment and retaliation. Defendants have argued that all events occurring after she made her report to the university are irrelevant. To the extent that the Court finds for Defendants in this regard, testimony regarding Ms. Huang's alleged negative interactions with Professor Kumar should also be excluded.

More importantly, Professor Kumar can offer nothing of relevance regarding the events that occurred between Ms. Huang and Professor Rizzoni. Instead, Defendants seek to use this testimony to prove that Ms. Huang acted in conformity with certain character traits in her interactions with both Professors Rizzoni and Kumar. This is barred by Fed. R. Evid. 404(a), which provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

4907-3979-4535 v1

It is anticipated that Defendants may argue that testimony regarding Professor Kumar's alleged negative interactions with Ms. Huang is admissible as evidence of habit or routine practice under Fed. R. Evid. 406. This argument fails, as

> [Courts are] cautious in permitting the admission of habit or pattern-of-conduct evidence under Rule 406 because it necessarily engenders the very real possibility that such evidence will be used to establish a party's propensity to act in conformity with its general character, thereby thwarting Rule 404's prohibition against the use of character evidence except for narrowly prescribed purposes.

*Bell v. Consol. Rail Corp.*, 299 F. Supp. 2d 795, 800-01 (N.D. Ohio 2004) (quoting *Simplex, Inc. v. Diversified Energy Systems*, 847 F.2d 1290 (7th Cir. 1988)). Accordingly,

> [B]efore a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature.

*Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 549 (6th Cir. 2003) (quoting *Simplex*, 847 F.2d at 1293).

*Plair v. Rickert*, No. 2:21-cv-12275, 2023 U.S. Dist. LEXIS 189916, at *9 (E.D. Mich. Oct. 23, 2023) is on all fours with the scenario presented by testimony about Professor Kumar's alleged negative interactions with Ms. Huang. In *Plair*, the plaintiff contended that the defendant's two prior disciplinary actions showed a habit of violating the employer's rules and lying about it. The court found that this was not admissible as habit evidence under Rule 406, as it was far from sufficient to show that the defendant's conduct was semi-automatic in nature, and rather the proposed evidence was propensity evidence that was inadmissible under Rule 404(a).

Accordingly, Defendants should be precluded from introducing testimony about Professor Kumar's alleged negative interactions with Ms. Huang.

Respectfully Submitted,

4

Dated: September 7, 2025

*/s/ Andrew J. Horowitz*
Bruce C. Fox, Esq. (*pro hac vice*)
Andrew J. Horowitz, Esq. (OH ID No. 0101753)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Phone: (412) 566-1500
Fax:    (412) 281-1530
bruce.fox@obermayer.com
andrew.horowitz@obermayer.com

*Counsel for Plaintiff Meng Huang*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

                                                            */s/ Andrew J. Horowitz, Esq.*

4907-3979-4535 v1