IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | Hon. Chief Judge Sarah D. Morrison |
| v. | Hon. Mag. Judge Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | JURY TRIAL DEMANDED |
| Defendants. | |

## NOTICE OF FILING OF THE DEPOSITION TESTIMONY OF RUOCHEN YANG AND OBJECTION LOG

Now comes Plaintiff, by and through her undersigned counsel, and hereby submits to the

Court the deposition testimony of witness Ruochen Yang along with the objection log for the

Court's ruling.

Respectfully Submitted,

Dated: September 8, 2025

*/s/ Andrew J. Horowitz*
Bruce C. Fox, Esq. (*pro hac vice*)
Andrew J. Horowitz, Esq. (OH ID No. 0101753)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Phone: (412) 566-1500
Fax:     (412) 281-1530
bruce.fox@obermayer.com
andrew.horowitz@obermayer.com

*Counsel for Plaintiff Meng Huang*

1

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Andrew J. Horowitz, Esq.*

4904-1339-8886 v1

RUOCHEN YANG

JOB NO. 1942594

SEPTEMBER 03, 2025

Page 1

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF OHIO

---

MENG HUANG,                          :

      Plaintiff,               :

v.                                   :   Civil Action No.:

THE OHIO STATE UNIVERSITY and :   2:19-cv-01976-SDM-CMV

GIORGIO RIZZONI,                     :

      Defendants.              :

---

      REMOTE VIDEOTAPED DEPOSITION OF RUOCHEN YANG,

commencing at 10:04 A.M. EST, on WEDNESDAY, SEPTEMBER 3,

2025, before LYNETTE L. CHASE, Notary Public in and for the

State of Ohio.

STENO.COM

(310)573-8380

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

```
                                                              Page 2
     1   APPEARANCES VIA ZOOM:

     2

     3   FOR THE PLAINTIFF:

     4            OBERMAYER REBMANN MAXWELL & HIPPEL LLP

     5            BY:  BRUCE C. FOX, ESQUIRE

     6                 ANDREW J. HOROWITZ, ESQUIRE

     7            525 William Penn Place, Suite 1710

     8            Pittsburgh, PA 15219

     9            (412)288-2462

    10            bruce.fox@obermayer.com

    11

    12   FOR THE DEFENDANTS:

    13            PLUNKETT COONEY, PC

    14            BY:  CHRISTINA L. CORL, ESQUIRE

    15            716 Mt. Airyshire, Suite 150

    16            Columbus, Ohio 43235

    17            (614) 629-3018

    18            ccorl@plunkettcooney.com

    19

    20   OTHER APPEARANCES:

    21   STEPHANIE NICASIO - STENO TECH ASSISTANT

    22   ANDREA LOCKWOOD - VIDEOGRAPHER (in person with witness)

    23   BRANDON LESTER - OHIO STATE UNIVERSITY

    24                        ---oOo---

    25

     0                        STENO.COM
```

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

```
                                                        Page 3

    1                         INDEX

    2                        ---oOo---
                                                        PAGE
    3    DIRECT EXAMINATION:  ATTORNEY FOX              5
         DIRECT EXAMINATION:  ATTORNEY CORL             12
    4
         CROSS-EXAMINATION:  ATTORNEY FOX               17
    5

    6                        ---oOo---

    7                     NO EXHIBITS

    8                        ---oOo---

    9

   10

   11

   12

   13

   14

   15

   16

   17

   18

   19

   20

   21

   22

   23

   24

   25

    0                     STENO.COM
```

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

Page 4

         1          WEDNESDAY, SEPTEMBER 3, 2025, 10:04 A.M. EST

         2                      ---oOo---

10:04:10  3          THE VIDEOGRAPHER:  Good morning.  We are on the

10:04:10  4    record at 10:04 a.m. Eastern Time on September 3, 2025, to

10:04:16  5    begin the deposition of Ruochen Yang in the matter of Meng

10:04:21  6    Huang versus the United -- sorry, the Ohio State University,

10:04:25  7    et al.  This case is venued in the United States Sixth

10:04:28  8    District Circuit Court [sic] for Southern District of Ohio.

10:04:31  9    The case number is 2:19-cv-01976-SDM-CMV.  This deposition

10:04:35 10    is taking place at Regus in Bloomfield Hills, Michigan.

10:04:48 11          The legal videographer is Andrea Lockwood here on

10:04:51 12    behalf of Steno and the court reporter is Lynette Chase also

10:04:54 13    here on behalf of Steno.

10:04:54 14          Would counsel please identify yourselves and

10:04:56 15    state who you represent.

10:05:00 16          MR. FOX:  Yes.  Bruce Fox on behalf of the

10:05:01 17    plaintiff Meng Huang.

10:05:05 18          MS. CORL:  Christina Corl for the defendants.

10:05:11 19          THE VIDEOGRAPHER:  Thank you, counsel.

10:05:12 20          Would the reporter please swear in the witness.

10:05:25 21                      ---oOo---

11:37:20 22                      RUOCHEN YANG,

11:37:20 23          called as a witness herein, having been

11:37:20 24    administered an oath remotely, was examined and testified as

11:37:20 25    follows:

          0                      STENO.COM

RUOCHEN YANG                                         JOB NO. 1942594
SEPTEMBER 03, 2025

Page 5

| Time | Line | |
|------|------|--|
| 11:37:20 | 1 | ---oOo--- |
| 10:05:26 | 2 | THE COURT REPORTER:  Thank you. |
| 10:05:26 | 3 | You may proceed, counsel. |
| 10:05:30 | 4 | MR. FOX:  Thank you. |
| 10:05:30 | 5 | DIRECT EXAMINATION |
| 10:05:31 | 6 | BY MR. FOX: |
| 10:05:31 | 7 | Q  Good morning, Ms. Yang.  My name is Bruce Fox and |
| 10:05:33 | 8 | I represent the plaintiff in this case, Meng Huang, in her |
| 10:05:38 | 9 | case against Giorgio Rizzoni and Ohio State University. |
| 10:05:40 | 10 | I want to ask you first if you could give us your |
| 10:05:46 | 11 | age, please. |
| 10:05:49 | 12 | A  I am 33 years old. |
| 10:05:53 | 13 | Q  Okay.  Did you attend the Ph.D. program at OSU? |
| 10:05:59 | 14 | A  Yes. |
| 10:06:01 | 15 | Q  And did you obtain a Ph.D. degree there? |
| 10:06:06 | 16 | A  Yes. |
| 10:06:07 | 17 | Q  When was that? |
| 10:06:09 | 18 | A  That was May 2020. |
| 10:06:13 | 19 | Q  Okay.  And did you come from China to attend the |
| 10:06:19 | 20 | program? |
| 10:06:21 | 21 | A  Yes. |
| 10:06:23 | 22 | Q  How old were you then? |
| 10:06:27 | 23 | A  When I started the program in 2015 I was 23. |
| 10:06:37 | 24 | Q  Okay.  In connection with joining the program did |
| 10:06:43 | 25 | you interview with Professor Rizzoni? |
| | 0 | STENO.COM |

RUOCHEN YANG                                    JOB NO. 1942594
SEPTEMBER 03, 2025

Page 6

10:06:51  1        A    What do you mean by interview?  Conversation?

10:06:56  2        Q    Yes.

10:06:58  3        A    Correct.  We had prior conversation before

10:07:02  4    joining.  Yes.

10:07:04  5        Q    Did you ever meet with him before joining?

10:07:07  6        A    Yes.  I met him before joining his team.

10:07:10  7        Q    And where did you meet him?

10:07:14  8        A    At CAR in his office.

10:07:19  9        Q    Okay.  And I wanted to ask you about an incident

10:07:24 10    that occurred in his office.  First let me ask you this.

10:07:30 11             Were you often alone with him in his office?

10:07:33 12        A    Yes.

10:07:35 13        Q    Was there an incident that occurred in his office

10:07:39 14    that you distinctly remember?

10:07:42 15        A    Correct -- previous written deposition.

10:07:49 16        Q    I'm sorry.  I couldn't quite hear what you said

10:07:53 17    there.

10:07:53 18        A    Yes.  I remember stated in my previously written

10:07:57 19    deposition.

10:08:00 20        Q    You're referring to your declaration; is that

10:08:02 21    correct?

10:08:03 22        A    Correct.

10:08:04 23        Q    Okay.

10:08:05 24             MR. FOX:  And I would ask the court reporter to

10:08:07 25    mark as Exhibit 1 the document titled declaration of Ruochen

          0                         STENO.COM

RUOCHEN YANG                                    JOB NO. 1942594
SEPTEMBER 03, 2025

Page 7

10:08:13  1    Yang.

10:08:15  2              MS. CORL:  Objection.  Inadmissible hearsay.  And

10:08:23  3    object to all questions about this document.

10:08:30  4              MR. FOX:  Can we hold the document for the time

10:08:34  5    being?

10:08:36  6    BY MR. FOX:

10:08:36  7         Q    Now, could you describe for me the incident that

10:08:40  8    occurred when you were alone with Professor Rizzoni in his

10:08:44  9    office.

10:08:46  10        A    Okay.  Could you please repeat your question.

10:08:52  11        Q    Sure.

10:08:55  12             Can you describe for me the incident that

10:08:56  13   occurred with Professor Rizzoni when you were alone with him

10:09:00  14   in his office that you distinctly remember?

10:09:03  15        A    Yes.  We were near his desk talking about

10:09:10  16   something displayed on his screen.  I forget the topic.  At

10:09:16  17   one point we were continuing our conversation and he turned

10:09:21  18   his chair around, I'm sitting behind his -- standing behind

10:09:24  19   his chair, and he reached out his arm and put his hand on my

10:09:30  20   waist and I was a little startled and froze there.

10:09:36  21        Q    You froze there?

10:09:38  22        A    Yeah.

10:09:39  23        Q    Okay.

10:09:41  24        A    He did remove his hand off my waist and we

10:09:44  25   continued talking.  The conversation -- which I forgot about

          0                        STENO.COM

RUOCHEN YANG                                    JOB NO. 1942594
SEPTEMBER 03, 2025

                                                        Page 8

10:09:49  1    the details, but -- and a few seconds -- or at some point

10:09:59  2    still continuing the conversation he turned around again and

10:10:02  3    started reaching out.  That's when I stepped backwards

10:10:06  4    trying to be out of reach and that's the end of the exhibit.

10:10:14  5        Q    Okay.  And did you quickly step backwards to get

10:10:15  6    out of reach?

10:10:18  7             MS. CORL:  Objection.

10:10:19  8        A    Yes.

10:10:19  9        Q    Why did you do that?

10:10:22  10       A    I would prefer not have his hand on my waist.

10:10:27  11       Q    Okay.  And when he put his hand on you initially

10:10:30  12   you said you froze; is that correct?

10:10:34  13       A    Yes.

10:10:37  14       Q    And you were startled at that point?

10:10:39  15            MS. CORL:  Objection.  Mischaracterizes her

10:10:40  16   testimony.

10:10:44  17       Q    Were you startled?

10:10:46  18       A    Yes.

10:10:51  19       Q    And after you pulled away what -- from him how

10:10:58  20   far away were you from him at that point?

10:11:05  21       A    Out of arm's reach, but still being able to

10:11:10  22   maintain conversation.  Four/five meet maybe.  I don't have

10:11:20  23   an accurate estimate of the distance.

10:11:24  24       Q    And when he reached out both times to touch you,

10:11:29  25   was he sitting down or standing up?

          0                        STENO.COM

RUOCHEN YANG                                    JOB NO. 1942594
SEPTEMBER 03, 2025

```
                                                    Page 9

10:11:32  1        A    He was sitting on his office chair.

10:11:35  2        Q    Okay.  And was that in the -- in the U-shaped

10:11:40  3   desk in his office?

10:11:42  4        A    Yes.  Yes.

10:11:44  5        Q    And how close were you standing next to him when

10:11:47  6   he reached out to touch you?

10:11:50  7        A    I was standing fairly close behind his chair

10:11:55  8   because we were reading something from his screen.

10:12:00  9        Q    And did you intend to communicate anything when

10:12:03 10   you backed away from him startled, or was it just -- just an

10:12:08 11   instinctual reaction?

10:12:10 12             MS. CORL:  Object to form of the question.

10:12:13 13        A    Do I still need to answer?

10:12:19 14        Q    Yes.

10:12:23 15        A    I would not like to have his hand on me and I'd

10:12:25 16   like to stop that action from proceeding.

10:12:30 17        Q    Okay.  And when do you think this incident

10:12:36 18   occurred?  What year?  If you know.

10:12:42 19        A    2016 or '17.  I don't remember the exact year,

10:12:47 20   but I was wearing a brown sweater at the time.  It was

10:12:53 21   wintertime-ish.

10:12:54 22        Q    Okay.  You remember what you were wearing.  Okay.

10:12:59 23        A    Yes.

10:13:02 24        Q    After you pulled -- after the incident occurred

10:13:05 25   where you pulled from him in his office did Professor

           0                     STENO.COM
```

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

---

                                                              Page 10

10:13:10  1    Rizzoni just keep talking like nothing had happened?

10:13:15  2         A    Yes.

10:13:19  3         Q    Do you know Meng Huang?

10:13:22  4         A    Yes.  I know her.

10:13:24  5         Q    Did you sometimes greet each other when you run

10:13:29  6    into each other at the CAR facility?

10:13:32  7         A    Yeah.  I sat on the first floor and she was on

10:13:35  8    second floor.

10:13:38  9         Q    Okay.  Do you recall receiving a phone call from

10:13:41 10    her in or around January 2018?

10:13:48 11              MS. CORL:  Objection.  Calls for hearsay.

10:13:51 12         A    Yes.  I remember a call from her.  Yes.

10:13:54 13         Q    On the call was she crying?

10:13:57 14         A    Yes.  She was.

10:13:59 15         Q    Did she sound very upset?

10:14:01 16         A    Yes.

10:14:04 17         Q    Did she tell you about the sexual harassment she

10:14:07 18    claimed to have experienced at the hands of Professor

10:14:10 19    Rizzoni?

10:14:12 20              MS. CORL:  Objection.  Calls for hearsay.

10:14:15 21         A    She did tell me about her experience.

10:14:20 22         Q    What did she say about it?

10:14:22 23              MS. CORL:  Same objection.

10:14:30 24         A    I don't remember the exact wording and it was

10:14:46 25    sexual assault.

                 0                        STENO.COM

RUOCHEN YANG
SEPTEMBER 03, 2025
JOB NO. 1942594

Page 11

10:14:50  1            MS. CORL:  Objection.  Move to strike.

10:14:53  2       Q    I'm sorry.  I couldn't quite hear you.  What did
10:14:54  3  you say?

10:14:57  4       A    I don't remember the exact wording.  She did
10:15:02  5  describe sexual harassment from Dr. Rizzoni that she
10:15:10  6  experienced.

10:15:12  7       Q    Did she describe it happened alone with him in
10:15:17  8  his office?

10:15:18  9            MS. CORL:  Objection.  Hearsay.

10:15:23 10       A    In his -- I don't remember the location if she
10:15:29 11  did.

10:15:34 12       Q    Okay.  You said she was crying/sounding very
10:15:38 13  upset?

10:15:39 14       A    Yes.

10:15:42 15       Q    Do you recall if you told her about your
10:15:50 16  interaction with Professor Rizzoni that you just described?

10:15:53 17            MS. CORL:  Objection.  Calls for hearsay.

10:15:56 18       A    I did not describe to her what I just told the
10:16:01 19  committee here.

10:16:04 20       Q    Okay.  Did -- how did -- how long did the
10:16:11 21  conversation with her last?

10:16:16 22       A    It was long, but I don't have a number to put at
10:16:22 23  it.  It was fairly long and she was crying the majority of
10:16:31 24  the time.

10:16:32 25       Q    Did you try to get her calmed down?

            0                    STENO.COM

RUOCHEN YANG                                              JOB NO. 1942594
SEPTEMBER 03, 2025

```
                                                         Page 12

10:16:36  1           MS. CORL:  Objection.  Calls for hearsay.

10:16:41  2      A    Yeah.  I don't really know what to say, but I

10:16:46  3   tried to listen to her most of the time.

10:16:56  4      Q    When she called you and told you this how did you

10:17:01  5   feel?  What was your reaction to it?

10:17:04  6           MS. CORL:  Object to relevance.

10:17:10  7      A    I feel sorry for her and I also was shocked to

10:17:18  8   hear that -- her experience.

10:17:23  9      Q    Okay.

10:17:23 10           MR. FOX:  Let me review my notes.  I may not have

10:17:25 11   any further questions.  If we can just take a short break of

10:17:28 12   ten minutes that would be great, all right?

10:17:31 13           So we'll see you in ten minutes, Ms. Yang.

10:17:35 14           THE VIDEOGRAPHER:  It is 10:17.  We are off the

10:17:36 15   record.

10:17:38 16           (Whereupon, a recess was taken.)

10:24:34 17           THE VIDEOGRAPHER:  It is 10:24.  We are on the

10:24:35 18   record.

10:24:38 19           MR. FOX:  I have no further questions.  Counsel

10:24:40 20   for OSU now may ask you some questions.  Thank you.

10:24:44 21                    DIRECT EXAMINATION

10:24:44 22   BY MS. CORL:

10:24:45 23      Q    Ms. Yang, good morning.  My name is Christina

10:24:46 24   Corl and I represent the defendants in this case, the Ohio

10:24:50 25   State University and Dr. Rizzoni.  I just have a few

          0                    STENO.COM
```

RUOCHEN YANG                                    JOB NO. 1942594
SEPTEMBER 03, 2025

                                                        Page 13

10:24:53  1   questions for you.

10:24:55  2        A    (No verbal response.)

10:24:56  3        Q    So I'm correct that you were actually a Ph.D.

10:24:59  4   advisee of Dr. Rizzoni, correct?

10:25:03  5        A    Yes.

10:25:04  6        Q    And how long were you his advisee?

10:25:09  7        A    Five years.

10:25:10  8        Q    Okay.  So you met with him and interacted with

10:25:13  9   him for a period of at least five years; is that right?

10:25:20 10        A    Yes.

10:25:21 11        Q    And during that time did you ever meet with him

10:25:23 12   at his home?

10:25:25 13        A    Yes.

10:25:27 14        Q    During that time did you ever meet with him on

10:25:29 15   weekends?

10:25:30 16        A    Yes.

10:25:32 17        Q    During that time did you ever meet with him in

10:25:34 18   the evening after 5:00 -- say after 5:00 p.m.?

10:25:44 19        A    Maybe probably.

10:25:46 20        Q    Okay.  And let's actually talk about --

10:25:51 21             So do you remember when your Ph.D. candidacy exam

10:25:56 22   was?

10:26:04 23        A    I think 2017.

10:26:12 24        Q    I have it down as December 14th of 2017.

10:26:16 25             Does that sound right?

          0                         STENO.COM

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

Page 14

10:26:17  1          A    Yes.  It sounds like -- it sounds right.  Yeah.

10:26:21  2    It was wintertime.

10:26:24  3          Q    And leading up say in the three months or so

10:26:27  4    before that exam did you frequently meet with Dr. Rizzoni to

10:26:32  5    prepare?

10:26:34  6          A    Yes.

10:26:35  7          Q    And actually it looks to me like between the

10:26:40  8    middle of September and your exam in December you met with

10:26:43  9    him about nine times.

10:26:45 10               Does that sound right?

10:26:48 11               MR. FOX:  Objection to form.  If you're referring

10:26:50 12    to a document it looks to me you should --

10:26:53 13               MS. CORL:  Not referring to a -- not referring to

10:26:54 14    a document.  Just asking a question.

10:26:57 15          Q    Do you remember if you met with him approximately

10:26:59 16    nine times in the three months prior to your exam?  If you

10:27:03 17    remember.

10:27:06 18          A    I don't remember the exact number.

10:27:08 19          Q    Well, would you be surprised if it was that many

10:27:11 20    times?

10:27:13 21          A    No.

10:27:15 22               MR. FOX:  Objection to form.

10:27:16 23          Q    Okay.  No, you wouldn't be surprised if you met

10:27:18 24    with him nine times; is that correct?

10:27:21 25          A    Yeah.  Correct.

          0                         STENO.COM

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

```
                                                         Page 15

10:27:23  1        Q    Okay.  And you actually -- well, let me -- you

10:27:26  2    actually completed -- you passed your candidacy exam, right?

10:27:31  3        A    Yes.

10:27:32  4        Q    And you obtained your Ph.D., correct?

10:27:35  5        A    Yes.

10:27:36  6        Q    Did Dr. Rizzoni ever threaten to take away your

10:27:40  7    funding?

10:27:41  8        A    No.

10:27:42  9        Q    Okay.  And as a matter of fact you keep in touch

10:27:46 10    with Dr. Rizzoni till this day, don't you?

10:27:49 11        A    Not as closely.

10:27:51 12        Q    But you still communicate with Dr. Rizzoni to

10:27:54 13    this day, right?

10:27:57 14             MR. FOX:  Objection to form.  Asked and answered.

10:28:03 15        A    It's been a while since I talked to Dr. Rizzoni.

10:28:06 16        Q    Well, you've talked to him since you graduated?

10:28:08 17        A    Yes.

10:28:09 18        Q    Okay.  So during all of the one-on-one meetings

10:28:16 19    that you had with Dr. Rizzoni alone did he ever grab your

10:28:19 20    breast?

10:28:22 21        A    No.

10:28:22 22        Q    During all of the one-on-one meetings you had

10:28:25 23    with Dr. Rizzoni alone did he ever put his hand up your

10:28:28 24    skirt?

10:28:31 25        A    No because I never wear skirt.

          0                        STENO.COM
```

RUOCHEN YANG                                      JOB NO. 1942594
SEPTEMBER 03, 2025

```
                                                          Page 16

10:28:34  1        Q    Well, did he ever put his hand on your thigh and
10:28:36  2   rub your thigh?
10:28:46  3        A    Well --
10:28:46  4        Q    I know he touched your waist, but I'm talking
10:28:46  5   about --
10:28:49  6             MR. FOX:  Please -- please don't -- please don't
10:28:49  7   interrupt the witness.  She was about to answer, Ms. Corl.
10:28:56  8        Q    I'm talking about putting his hand up your thigh?
10:28:58  9        A    Like patting on the leg, yes, he has.
10:29:02 10        Q    Did he ever rub the inside of your thigh?
10:29:05 11        A    No.
10:29:06 12        Q    Did he ever try to kiss you?
10:29:09 13        A    No.
10:29:10 14        Q    Okay.  So what you've told us today is that
10:29:15 15   during the five years that you were Dr. Rizzoni's advisee he
10:29:21 16   touched you on the waist one time, you pulled away, and he
10:29:26 17   never touched you again; isn't that correct?
10:29:29 18             MR. FOX:  Objection to form.  Mischaracterizes
10:29:30 19   the testimony.
10:29:34 20        A    Not on the waist.
10:29:36 21        Q    I thought you said he -- he put his hand on your
10:29:39 22   waist?
10:29:40 23        A    Yeah.  After that incident he never put his hand
10:29:43 24   on my waist again.
10:29:45 25        Q    Okay.  Well -- okay.  So you're telling me that
          0                        STENO.COM
```

RUOCHEN YANG                                    JOB NO. 1942594
SEPTEMBER 03, 2025

Page 17

10:29:50  1    he what?  He touched your leg one time?

10:29:57  2         A    Yes.

10:29:58  3         Q    Okay.  What happened?

10:30:02  4         A    It was in his car, we were commuting from CAR to

10:30:10  5    campus or campus back to CAR, and we were talking about

10:30:16  6    something and he just patted the -- my leg as we were

10:30:23  7    talking.

10:30:23  8         Q    So he was talking to you and he patted you on the

10:30:26  9    leg one time; is that correct?

10:30:28 10         A    Yes.

10:30:28 11         Q    Okay.  And he never touched you any other time

10:30:31 12    other than what you've described here today; is that

10:30:33 13    correct?

10:30:35 14         A    Correct.

10:30:35 15         Q    Okay.

10:30:36 16              MS. CORL:  No further questions.

10:30:39 17              MR. FOX:  I just have a few follow-up questions.

10:30:42 18                        CROSS-EXAMINATION

10:30:43 19    BY MR. FOX:

10:30:42 20         Q    How often did Professor Rizzoni request you visit

10:30:45 21    him in his home?

10:30:51 22         A    It was during when his knee was injured, I can't

10:31:01 23    recall the frequency, but during that period.  And I

10:31:10 24    happened to need his advice on revising my documents.  And I

10:31:17 25    don't remember the time of the -- or the year.  During that

          0                        STENO.COM

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

                                                              Page 18

10:31:22  1    period we did meet in his home on weekends.

10:31:27  2         Q    Okay.  Do you remember if his wife and children

10:31:29  3    were home when you visited him at his house?

10:31:35  4         A    I don't think I met any of them.

10:31:39  5         Q    Okay.  Would you also from time to time bring him

10:31:44  6    gifts?  Something like -- either something from China or

10:31:49  7    maybe homemade bakery?

10:31:54  8              MS. CORL:  Object to relevance.

10:31:56  9         A    Usually presents from China.  I don't really

10:31:59 10    bake.

10:32:03 11         Q    I'm sorry.  I couldn't quite hear that.

10:32:05 12         A    I -- I did bring him presents from China when I

10:32:10 13    went back, but not home-baked goods.

10:32:15 14         Q    Okay.  You believe that -- your actions as you

10:32:29 15    described them, pulling away from Professor Rizzoni in his

10:32:33 16    office, did you believe that you were sending a message to

10:32:37 17    him in doing that?

10:32:38 18         A    Yes.

10:32:40 19         Q    What was the message you were sending?

10:32:43 20         A    That I don't want to be touched and no

10:32:47 21    essentially.

10:32:50 22         Q    And do you think he got it that you would not

10:32:53 23    tolerate being touched by him?

10:32:57 24         A    I think so.

10:32:58 25         Q    I just have one further question about the car

          0                    STENO.COM

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

Page 19

10:33:00  1    rides.

10:33:02  2              Was it -- when you were with him in the car was

10:33:04  3    it your practice to keep your backpack on your knees in the

10:33:10  4    car?

10:33:15  5        A    Well, I definitely didn't have my backpack on my

10:33:19  6    knees that time.  I can't remember if I usually put it on my

10:33:34  7    legs or not, my backpack.

10:33:37  8        Q    Do you recall telling Ms. Huang that you would

10:33:40  9    put your backpack on your legs?

10:33:43 10              MS. CORL:  Objection.  Calls for hearsay.

10:33:46 11        A    No.  I don't recall telling -- no.  I don't think

10:33:51 12    so.

10:33:53 13        Q    Okay.  And as you described the incident, and

10:34:02 14    counsel indicated when your Ph.D. exam was on December 14,

10:34:07 15    2017, does that help you recall better the time when the

10:34:15 16    incident with Professor Rizzoni in his office occurred?

10:34:23 17        A    Pardon me?  Can you repeat your question?

10:34:25 18        Q    Yeah.

10:34:26 19              Given that you sat for you Ph.D. candidacy exam

10:34:31 20    on December 14, 2017, does that help you place a date on the

10:34:38 21    incident with Rizzoni in his office in terms of whether it

10:34:44 22    was 2016, or 2017, or any other time?

10:34:48 23        A    That would be more likely to be the 2017.

10:34:59 24        Q    Okay.

10:35:01 25        A    I don't -- I'm sorry.  It's more likely to be

             0                    STENO.COM

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

Page 20

| | | |
|---|---|---|
| 10:35:06 | 1 | 2017 to prepare for the candidacy written part of the exam. |
| 10:35:12 | 2 | Q    Okay. |
| 10:35:17 | 3 | MR. FOX:  That's all I have.  Thank you very |
| 10:35:19 | 4 | much. |
| 10:35:21 | 5 | MS. CORL:  Thank you. |
| 10:35:23 | 6 | THE VIDEOGRAPHER:  Before we go off the record |
| 10:35:25 | 7 | would anybody like video? |
| 10:35:27 | 8 | MR. FOX:  Yes. |
| 10:35:30 | 9 | THE VIDEOGRAPHER:  Standard, synced, picture in |
| 10:35:31 | 10 | picture? |
| 10:35:34 | 11 | MR. FOX:  I think we'll want it synced. |
| 10:35:37 | 12 | THE VIDEOGRAPHER:  Okay. |
| 10:35:38 | 13 | MR. FOX:  And this case is going to trial next |
| 10:35:40 | 14 | week so we'll need a hurry. |
| 10:35:43 | 15 | THE VIDEOGRAPHER:  Okay.  When do you need it? |
| 10:35:47 | 16 | MR. FOX:  If you could supply it to us this |
| 10:35:50 | 17 | weekend. |
| 10:35:53 | 18 | THE VIDEOGRAPHER:  Okay.  Ms. Corl, do you need |
| 10:35:57 | 19 | it? |
| 10:35:57 | 20 | MS. CORL:  Need video, but I do want a transcript |
| 10:36:00 | 21 | at the same time as the -- whenever you deliver the video to |
| 10:36:05 | 22 | Mr. Fox, I'd like the transcript. |
| 10:36:08 | 23 | THE VIDEOGRAPHER:  Okay. |
| 10:36:11 | 24 | MS. CORL:  All right.  Thanks everybody. |
| 10:36:13 | 25 | MR. FOX:  Thank you very much, Ruochen.  We |
| | 0 | STENO.COM |

RUOCHEN YANG                                              JOB NO. 1942594
SEPTEMBER 03, 2025

Page 21

10:36:15  1    appreciate it.  Take care.  Bye now.

10:36:19  2              THE VIDEOGRAPHER:  This concludes Volume 2 of the

10:36:21  3    deposition of Ruochen Yang for Meng Huang versus the Ohio

10:36:28  4    State University.  We are now off the record.  The time is

10:36:32  5    10:36 a.m.

10:36:45  6              (Proceeding concluded at 10:36 a.m. EST)

          7

          8

          9

         10

         11

         12

         13

         14

         15

         16

         17

         18

         19

         20

         21

         22

         23

         24

         25

          0                        STENO.COM

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

Page 22

 1

 2

 3                            ---oOo---

 4        I have read the foregoing deposition transcript

 5   and by signing hereafter, subject to any changes I have

 6   made, approve same.

 7

 8   Dated _____

 9

10

11            _____

12              RUOCHEN YANG

13

14

15

16

17

18

19

20

21

22

23

24

25

 0                           STENO.COM

RUOCHEN YANG                                    JOB NO. 1942594
SEPTEMBER 03, 2025

Page 23

1                    CERTIFICATE OF REPORTER

2                         ---oOo---

3        I, the undersigned, being empowered to administer oaths

4    and affirmations remotely, do hereby certify:

5            That the foregoing proceedings were taken remotely

6    before me at the time and place herein set forth; that any

7    witness in the foregoing proceedings, prior to testifying,

8    were placed under oath; that a verbatim record of the

9    proceedings was made by me using machine shorthand which was

10   thereafter transcribed under my direction; further, that the

11   foregoing is an accurate transcription thereof.

12           I further certify that I am neither financially

13   interested in the action nor a relative or employee of any

14   attorney or any of the parties.

15           Further, that if the foregoing pertains to the

16   original transcript of a deposition in a Federal Case,

17   before completion of the proceedings, review of the

18   transcript [ ] was [ ] was not requested.

19       IN WITNESS WHEREOF, I have this date subscribed my name.

20

21   DATED:  September 4, 2025      _____

22                                  Lynette L. Chase

23

24

25

0                         STENO.COM

RUOCHEN YANG                                          JOB NO. 1942594
SEPTEMBER 03, 2025

```
                                                       Page 24

  1                          CHANGES AND SIGNATURE

  2      WITNESS NAME:                        DATE:

  3      PAGE/LINE          CHANGE            REASON

  4      _____

  5      _____

  6      _____

  7      _____

  8      _____

  9      _____

 10      _____

 11      _____

 12      _____

 13      _____

 14      _____

 15      _____

 16      _____

 17      _____

 18      _____

 19      _____

 20      _____

 21

 22      Executed this _____ day of _____, _____.

 23

 24                      _____

                                  RUOCHEN YANG
 25
                                   STENO.COM
```

Ruochen Deposition – Objections by both parties

| Lines objected to during deposition | Defendants' Grounds for Objection | Plaintiff's Responses to Defendants' Objections |
|---|---|---|
| 6:24-7:1 | Objection at 7:2-3 – inadmissible hearsay | The witness's declaration, signed under penalty of perjury, facilitates her recollection of events and is therefore non hearsay. |
| 8:5-6 | Objection at 8:7 – no reason stated | Plaintiff's counsel asked if the witness moved back quickly to get out of Defendant Rizzoni's reach. The haste of her action reflects the witness's personal observation and experience. Defendants fail to state the grounds for their blanket objection, which should be overruled. |
| 8:14 | Objection at 8:15-16 – mischaracterizes her testimony | The witness stated she froze when Rizzoni touched her waist. Plaintiff's counsel asked if she was startled. This addresses the witness's reactions and observations and therefore does not mischaracterize her testimony. |
| 9:9-11 | Objection at 9:12 – form of the question | The question asks what the witness intended to communicate by her action of backing away from Rizzoni. The form of the question does not confuse or mislead and should be overruled. |
| 10:9-10 | Objection at 10:11 – calls for hearsay | The question asks the witness if she received a phone call in January 2018, not the substance of that call. This is not hearsay. |
| 10:17-19 | Objection at 10:20 – calls for hearsay | The question asks if Huang told the witness of the sexual harassment she experienced at the hands of Rizzoni. For context, the witness later |

1

| | | testified (with no objection) that Huang was crying and upset during this call. This is not asserted for the truth of the matter but reflects Huang's then-existing mental and emotional state under Rule 803(3) and is therefore a hearsay exception. |
|---|---|---|
| 10:22 | Objection at 10:23 – calls for hearsay | Same response as above. This is a hearsay exception under Rule 803(3). |
| 10:24-25 | Objection at 11:1 – move to strike answer stated right after prior objection | Same response as above. This is a hearsay exception under Rule 803(3). |
| 11:7-8 | Objection at 11:9 – hearsay | Same response as above. This is a hearsay exception under Rule 803(3). |
| 11:15-16 | Objection at 11:17 – calls for hearsay | Same response as above. This is a hearsay exception under Rule 803(3). |
| 11:25 | Objection at 12:1 – calls for hearsay | The question asks whether the witness tried to calm down Huang. This does not elicit an out of court statement and simply asks the witness about her actions and observations. This is not hearsay. |
| 12:4-5 | Objection at 12:6 - relevance | The witness's reactions to Plaintiff's disclosure is relevant, as the witness herself experienced an uncomfortable situation with Rizzoni. |
| **Lines Objected to During Deposition** | **Defendants' Response to Plaintiff's Objections** | **Plaintiff's Objections** |
| 14:7-10 | | Objection at 14:11-12 – form |
| 14:19-21 | | Objection at 14:22 – form |
| 15:12-13 | | Objection at 15:14 – form; asked and answered |
| 16:14-17 | | Objection at 16:18-19 – form; mischaracterizes the testimony |
| **Lines objected to during deposition** | **Defendants' Grounds for Objection** | **Plaintiff's Responses to Defendants' Objections** |

| 18:5-7 | Objection at 18:8 - relevance | The question of whether the witness would bring Rizzoni gifts is relevant to establish whether occasional gifts were common among students, particularly international students, and Rizzoni and that Plaintiff was not the sole student to do so. |
|--------|-------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 19:8-9 | Objection at 19:10 – calls for hearsay | The question asks whether the witness told Huang that she would put her backpack on her legs during car rides with Rizzoni. This reflects the witness's intent or plan to protect or cover herself from potential unwanted advances. This is not hearsay. |