IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-CV-1976 |
| Plaintiff, | Hon. Chief Judge Sarah D. Morrison |
| | Hon. Mag. Judge Chelsey M. Vascura |
| v. | JURY TRIAL DEMANDED |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW
ON PLAINTIFF'S STATUS AS AN EMPLOYEE**

Defendants admit that Dr. Huang was an OSU employee starting in August of 2017 but claim that prior to that date she was a student only. Defendant Rizzoni admitted on the witness stand that Dr. Huang was an employee prior to 2017 and this admission is fatal to OSU's position. Furthermore, aside from this admission, there is insufficient evidence from which a reasonable jury could conclude that Dr. Huang was not an employee prior to 2017, especially given that the law allows her to be both an employee and a student simultaneously.

I.  **Legal Standard**

Rule 50(a) allows for the entry of judgment as a matter of law:

> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a). The standard for granting summary judgment under Fed R. Civ P. 56 mirrors standard for judgment as matter of law such that inquiry under each is same. *Reeves v. Sanderson*

1

4916-3757-2713 v1

*Plumbing Prods., Inc.*, 530 U.S. 133 (2000). Judgment as a matter of law must therefore be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

## II. **Defendants are bound by Dr. Rizzoni's admission that Dr. Huang was an employee**

Dr. Rizzoni admitted that Dr. Huang was an employee in 2015, when he was shown his prior testimony where he explained that he could not have submitted the receipt for a dinner with Dr. Huang for reimbursement by the University because both he and Dr. Huang were OSU employees:

> Q. Professor Rizzoni, I'm going to read to you your testimony., if you could take a look -- starting at line 20."Had you paid -- this would have been something that you could have expensed, a dinner with a student, correct?" "You answered no, we are both employees of the Ohio State University and the university does not reimburse expenses for meals between ourselves, and then the answer continues. Did I read that correctly?
>
> A.  You did.
>
> ***
>
> Q. Thank you. You were having dinner with a student, correct?
>
> A. Correct.
>
> Q. Who was the student?
>
> A. The student was Dr. Huang.

(**Exhibit A**: Rough Draft Tr. Sept. 11, 2025, at pp. 74-76). Importantly, Dr. Rizzoni was referring to a dinner with Dr. Huang in September of 2015, during the period when Defendants claim Dr. Huang was not an employee. (**Exhibit B:** 2023 Trial Tr. Vol. III, 405:16-20). This admission is

2

dispositive of the issue. Indeed, as Dr. Huang's direct supervisor, Dr. Rizzoni would best understand her role.[1]

### III. There is insufficient evidence that Dr. Huang was not an employee

There is insufficient evidence for a reasonable jury to believe Dr. Huang was not an employee at any time during her association with OSU. Aside from how OSU reported her income for tax purposes, there are no facts suggesting that she was not an employee. Her tax treatment by OSU is irrelevant as the OSU's characterization of the relationship is to be ignored. (Dkt. 46-2, at p. 17).

The trial testimony shows that Dr. Rizzoni believed that he was entitled to control the subject matter of Dr. Huang's research work, where she physically sat during calls with Ford, and in which building she conducted her research.[2] She used OSU's equipment (including a powerful research computer with licensed mathematical modeling software) to conduct her research. Moreover, Ford's internal documents show that Dr. Huang was conducting research that was of commercial importance to Ford, as Ford intended to use her research for competitive advantage, including enabling the sale of hybrid and plug-in hybrid vehicles in California. (**Exhibit C**: Trial Ex. 89) This Ford document also states that Dr. Huang's research might also eventually be useful to predict battery warranty costs on such vehicles. *Id.* Ford further believed that Dr. Huang's research had a "high potential for a substantial body of IP to result...in the form of patents." *Id.*

---

[1] Dr. Rizzoni resisted the characterization of himself as Dr. Huang's direct supervisor. The record, however, makes it clear that he was the OSU employee responsible for directly supervising Dr. Huang in her research activities.

[2] Defendants claim that Dr. Rizzoni did not control the means and location of Dr. Huang's work because she did not follow Dr. Rizzoni's instructions regarding where and when she worked. This is of no moment. Consider this hypothetical: if an employee of a commercial enterprise refuses a directive to work in a particular time or place would this render her something other than an employee, or merely an insubordinate one? What matters is that Dr. Rizzoni believed that he had the authority to direct Dr. Huang and became angry and retaliated when she did not comply.

The bottom line is that Ford paid OSU for commercially-important research and OSU in-turn paid Dr. Huang to perform that research. Therefore, her purpose to the University was at all times <u>both</u> commercial and educational. Finally, nothing about her job duties or the conditions of her work changed when her title changed from Graduate Fellow to Graduate Research Associate in August of 2017.

## IV. <u>Conclusion</u>

In addition to Dr. Rizzoni's dispositive admission, Dr. Rizzoni had the right to control the manner and means by which Dr. Huang accomplished her work from August 2014 to August 2017, and there is no evidence from which a reasonable jury could conclude otherwise. Therefore, judgment as a matter of law should be entered on this question.

Respectfully Submitted,

Dated: September 14, 2025

*/s/ Andrew J. Horowitz*
Bruce C. Fox, Esq. (*pro hac vice*)
Andrew J. Horowitz, Esq. (OH ID No. 0101753)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Phone: (412) 566-1500
Fax:   (412) 281-1530
bruce.fox@obermayer.com
andrew.horowitz@obermayer.com

*Counsel for Plaintiff Meng Huang*

4

**CERTIFICATE OF SERVICE**

      The undersigned counsel certifies that all counsel of record are served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

                                               */s/ Andrew J. Horowitz, Esq.*