## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO - EASTERN DIVISION

| | |
|---|---|
| MENG HUANG, | Case No: 2:19-cv-1976 |
| Plaintiff, | |
| | Chief Judge Sarah D. Morrison |
| v. | |
| | Magistrate Judge: Chelsey M. Vascura |
| THE OHIO STATE UNIVERSITY and GIORGIO RIZZONI, | |
| Defendants. | |

### NOTICE OF FILING

Defendants submit their objections and proposed amendments to the Preliminary Jury Instructions proposed by the Court in this matter.

**Dave Yost**
**Ohio Attorney General**

/s/ Christina L. Corl
CHRISTINA L. CORL (0067869)
Plunkett Cooney
716 Mt. Airyshire, Suite 100
Columbus, Ohio 43235
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this 15th day of September, 2025, which will notify all parties of record via electronic mail.

/s/ Christina L. Corl
Christina L. Corl

61271939.1|25577.83339

# PRELIMINARY JURY INSTRUCTIONS

*Huang v. Ohio State University, et al.*

**2:19-cv-1976**

Formatted: Font: (Default) Times New Roman, 8 pt

[*Maria swears in the jury.*]

Ladies and gentlemen, now that you have been sworn in as jurors, I will give you some preliminary instructions to guide your participation in this trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this case, the Plaintiff is Dr. Meng Huang. The party being sued is called the defendant. In this case, the Defendants are: The Ohio State University and Dr. Giorgio Rizzoni [J-OH-RJ-OH] [ree-[ZOH-nee]. You will sometimes hear me refer to "counsel." "Counsel" is another way to say "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will

Formatted: Font: (Default) Times New Roman, 8 pt

then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not.

Let me emphasize, nothing that I say or do during the course of this trial should be taken as any indication of what your verdict should be.

## A.   Evidence

As you consider the case, you will decide the facts based only on the evidence presented. The evidence from which you will determine the facts will include the testimony of witnesses, documents or other physical objects admitted into the record as exhibits, and any facts that the lawyers may agree to or stipulate to.

Certain things are not evidence and must not be considered by you. I will list them for you now:

Formatted: Font: (Default) Times New Roman, 8 pt

- Statements, arguments, and questions by the lawyers in this case are not evidence. None of the lawyers were witnesses to any of the facts in this case. Each lawyer has the right to make an opening statement and a closing argument. This will be an opportunity for each side to outline their view of the evidence in this case. But those arguments or statements from the lawyers are not evidence.

- Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection. If the objection is sustained, I am excluding evidence from this trial for good reason. If the objection is overruled, treat the answer like any other. When I overrule an objection, I am permitting that evidence to be admitted. Admitting evidence means that particular evidence may

Formatted: Font: (Default) Times New Roman, 8 pt

be considered by you in making the decisions you must make at the end of the case. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

- Testimony that I have excluded or told you to disregard is not evidence and must not be considered by you.
- Anything you have heard or seen outside the courtroom is not evidence and must be disregarded. You are to decide this case only on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters

> **Formatted:** Font: (Default) Times New Roman, 8 pt

at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

## B.    Burden of Proof

This is a civil case involving both claims and counterclaims. The plaintiff has the burden of proving her case by the preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of a scale, the plaintiff would have to make the scales tip somewhat

Formatted: Font: (Default) Times New Roman, 8 pt

on her side. If the plaintiff fails to meet her burden, the verdict must be for the defendant for that claim.

The only exception to this rule is if the defendants are asserting what is called an affirmative defense, which they are in this case. You will be instructed on the nature of the affirmative defense later in these instructions. The defendants have the burden of proof on any affirmative defense they make in this case, the same as the burden of proof which plaintiff has related to the claims she is making.

If you served on a jury in a criminal case, you will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

## C.   Summary of Applicable Law

Dr. Huang enrolled as a student at OSU in 2014 in the College of Mechanical and Aerospace Engineering. She was a graduate

> **Formatted:** Font: (Default) Times New Roman, 8 pt

fellow and also a graduate research assistant. Her graduate advisor was Dr. Rizzoni.

Dr. Huang alleges that Dr. Rizzoni sexually assaulted her, violated her bodily integrity without her consent, and violated her constitutional rights over a period of nearly 4 years. Dr. Rizzoni denies these allegations.

Dr. Huang also alleges that OSU, through its agent Dr. Rizzoni, engaged in quid pro quo sexual harassment and retaliated against her. Both Defendants deny these allegations.

And Dr. Huang claims that she worked in a dual role as both a student and employee of OSU as a Graduate Fellow while she earned her degree between 2014 and 2017. Defendants deny this claim and maintain that Dr. Huang was a student, not an employee, during the time in question.

Formatted: Font: (Default) Times New Roman, 8 pt

I will now give you a summary of the law to aid you as you hear the evidence. Please keep in mind that I will give you detailed instructions on the law at the end of the trial, and those instructions will control your deliberations and your ultimate decision. But this summary is to help you follow the evidence.

Dr. Huang asserts three claims. Regarding these claims, you will be asked to have separate deliberations.

At the end of trial, you will first be asked to decide certain facts as to whether the Defendants had the right to control the manner and means by which Dr. Huang's university research was accomplished.

After you return a special verdict on this issue, you will then be asked to render a verdict on her claims.

In <u>Claim One</u>, Dr. Huang asserts that OSU, through its agent Dr. Rizzoni, engaged in quid pro quo sexual harassment under

Formatted: Font: (Default) Times New Roman, 8 pt

Title VII. The elements of a quid pro quo sexual harassment claim are: (i) OSU subjected the plaintiff to inappropriate touching because of her sex; (ii) Dr. Rizzoni's conduct was not welcomed by the plaintiff; (iii) the plaintiff's submission to Dr. Rizzoni's conduct was an express or implied condition for receiving a job benefit or avoiding a job detriment; (iv) OSU subjected the plaintiff to an adverse tangible employment action; and (v) the plaintiff's rejection of or failure to submit to Dr. Rizzoni's advances was a motivating factor in any adverse tangible employment action. You must determine whether Defendants engaged in quid pro quo sexual harassment of Dr. Huang and, if so, the amount of damages, if any, resulting from that harassment.

In Claim Two, Dr. Huang asserts that OSU retaliated against her in violation of Title VII. The elements of a retaliation claim are: (i) the plaintiff engaged in protected activity by rejecting or resisting Dr. Rizzoni's sexual advances and/or reporting the

Formatted: Font: (Default) Times New Roman, 8 pt

sexual harassment; (ii) OSU subjected her to an adverse action or actions that took place after the protected activity took place; and (iii) there was a causal connection between the adverse action or actions and the protected activity. You must determine whether OSU retaliated against Dr. Huang and, if so, the amount of damages, if any, resulting from that retaliation.

Defendants object to this instruction. The remand order from the Sixth Circuit, which is the controlling ruling for retrial of this matter, does not remand a retaliation claim against OSU. The only Title VII claims remanded by the appellate court are laid out in the Court's opinion as follows: "We then review Huang's two Title VII claims separately: first, that Rizzoni committed quid pro quo sexual harassment (for which OSU would be vicariously liable); second, that Rizzoni retaliated against her for opposing his harassment." (ECF # 46-2, Pg. 16)

**Formatted:** Font: (Default) Times New Roman, 8 pt

There is no direct retaliation claim against OSU which has been remanded.

Defendant also requests the following instruction regarding its affirmative defense: Defendant OSU has raised an affirmative defense to the claims of quid pro quo harassment and retaliation by Dr. Rizzoni, as follows: 1. No substantial employment action such as termination or suspension was taken by Dr. Rizzoni against Dr. Huang, 2. OSU exercised reasonable care to prevent and correct promptly any sexually harassing behavior in the workplace and 3. Either Ms. Haung unreasonably failed to take advance of preventative or corrective opportunities provided by OSU or that when she did take advantage, OSU responded by taking reasonable and prompt corrective action.

And in <u>Claim Three</u>, Dr. Huang asserts that Dr. Rizzoni sexually assaulted her, violating her right to bodily integrity

Formatted: Font: (Default) Times New Roman, 8 pt

under the Due Process Clause of the Fourteenth Amendment. This claim is brought under a federal law. The elements of this claim are: (i) Dr. Rizzoni acted under the color of state law; and (ii) Dr. Rizzoni deprived the plaintiff of a constitutional right. You must determine whether Dr. Rizzoni deprived Dr. Huang of her Due Process right to bodily integrity and, if so, the amount of damages, if any, resulting from that violation.

I have just given you a summary of the issues on which you will hear evidence throughout this trial. At the end of the trial, I will explain the law applicable to each of these claims in greater detail. You will then be asked to determine the facts related to these issues based on the evidence you hear in Court.

## D. Course of Trial

Please know that the parties and the lawyers are not allowed to speak with you during this case. When you see the parties

Formatted: Font: (Default) Times New Roman, 8 pt

or the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

As to the trial process: First, each side may make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, the Plaintiff will present her witnesses, and the Defendants may cross-examine them. Then the Defendants

Formatted: Font: (Default) Times New Roman, 8 pt

will present their witnesses, and the Plaintiff may cross-

examine them.

[Question from Dfts: should you explain here to the jury the

concept of calling a witness "on cross?" That situation will

occur here]

 After all the evidence is in, the parties will present their

closing arguments on whether the Defendants had the right to

control the manner and means by which Dr. Huang

accomplished her research, and the Court will give you

instructions on the factual determination you will make on

that issue. You will then retire to the jury room for your

deliberation on this issue.

After you return your verdict on this first issue, I will make a

ruling as a matter of law on whether Dr. Huang was an OSU

employee. The parties will then have the opportunity to make

closing arguments to summarize and interpret the evidence for

Formatted: Font: (Default) Times New Roman, 8 pt

you on Dr. Huang's claims for relief. I will provide you

additional instructions at that time. You will then retire to the

jury room for deliberation on Dr. Huang's claims.

## E.   Jury Conduct

Next, a few words about your conduct as jurors. You, as jurors,

must decide this case based solely on the evidence presented

here within the four walls of this courtroom. This means that

during the trial you must not conduct any independent

research about this case, the matters in the case, or the

individuals involved in the case. In other words, you should not

consult dictionaries or reference materials, search the internet,

websites, social media, news sources, or blogs, or use any other

electronic tools to obtain information about this case or to help

you decide the case. Please do not try to find out information

from any source outside the confines of this courtroom.

Formatted: Font: (Default) Times New Roman, 8 pt

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, tablets, computers, and other tools of technology. You must not talk to anyone at any time about this case or use technology to communicate electronically with anyone about the case. This includes your family and friends and includes posting about this case or your jury service on any social media sites. You may not communicate with anyone about the case on your cell phone, through email, text messaging, WhatsApp, or through any blog, application or website, including, but not limited to, Facebook, Instagram, X, Snapchat, TikTok, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. You

**Formatted:** Font: (Default) Times New Roman, 8 pt

must inform me if you learn of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you need to tell me something, please give a signed note to the Court Security Officer or to my Courtroom Deputy, Maria Rossi Cook.

## F.   Note-Taking

During this trial, I will permit you to take notes. Of course, you are not obligated to take notes. If you do not take notes, you should not be influenced by the notes of another juror but should rely upon your own recollection of the evidence.

Formatted: Font: (Default) Times New Roman, 8 pt

Because many courts do not permit note-taking by jurors, a word of caution is in order. You must not allow your note-taking to distract you from the proceedings.

There can be a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own **individual memory**, and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

Formatted: Font: (Default) Times New Roman, 8 pt

You will not have a written transcript to read; Your memory should be your greatest asset when it comes time to deciding this case.

All notes are confidential matters for the consideration of the jury only. Each notetaker will leave the notes on his or her chair during all recesses and until deliberations begin.

At that time, you will be allowed to take your notes to the jury room. All notes will be returned to the Courtroom Deputy for destruction at the time the jury is discharged.

## G.    Reminder

I will remind you of many of these instructions at each recess. Even if I do not, they still apply to your conduct throughout the trial.

Formatted: Font: (Default) Times New Roman, 8 pt

**H. Schedule**

One last matter before we begin. It is important that all of us be on time—to start court each day, to return from recesses and from lunch. We will begin sharply at 9:00 a.m. and conclude at 5:00 p.m. We will have a 15-minute break in the morning and one in the afternoon. We will also break for lunch from 12:00 p.m. until 1:15 p.m., but be back by 1 p.m. because we will start at 1:15 p.m. sharp.

Any one of us—jurors, lawyers, the parties, and myself—can hold up the trial and waste the time of everyone else. I know all of you have been and are being inconvenienced by being here— if we all are on time, we can avoid adding more days to this trial.

As I mentioned, court will begin each day at 9:00 a.m. and conclude on most days at 5:00 p.m. If you will be late for any reason, please contact Ms. Rossi as soon as possible.

Formatted: Font: (Default) Times New Roman, 8 pt

Mr. Horowitz, you may proceed with your opening statement.

Formatted: Font: (Default) Times New Roman, 8 pt